IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
_____ DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

JUL - 8 2020

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

MELINDA SCOTT _____ )
_____ , )
                                )
        Plaintiff(s),           )
                                )
v.                              )     Civil Action No.: 2:20CV14
                                )     (To be assigned by Clerk of District Court)
WISE COUNTY DEPARTMENT          )
OF SOCIAL SERVICES, ET AL ,     )
                                )
        Defendant(s).           )
(Enter the full name(s) of ALL parties in this lawsuit. )
Please attach additional sheets if necessary).          )

## COMPLAINT

PARTIES

1. List all Plaintiffs.   State the full name of the Plaintiff, address and telephone number.
   Do the same for any additional Plaintiffs.

   a. Plaintiff No. 1

      Name:    MELINDA SCOTT
      Address: PO BOX 1133 - 2014PMBB7 (VA ACP/2.2-515.1)
               RICHMOND, VA 23218

      Telephone Number:  540-692-2342

   b. Plaintiff No. 2

      Name:    _____

      Address: _____

      Telephone Number:  _____

2. List all Defendants.  State the full name of the Defendant, even if that Defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each Defendant may be served.  Make sure that the Defendant(s) listed below are identical to those contained in the above caption of the complaint.

    a.  Defendant No. 1

        Name:  WISE COUNTY DEPT. OF SOCIAL SERVICES

        Address:  PO BOX 888, 1000 SYKES BLVD, WISE, VA 24293

    b.  Defendant No. 2

        Name:  JOSHUA MOON

        Address:  913 Beal Pkwy NW, Ste. A-1017 Fort Walton Beach, FL 32547

**NOTE:  IF THERE ARE ADDITIONAL PLAINTIFFS OR DEFENDANTS, PLEASE PROVIDE THEIR NAMES AND ADDRESSES ON A SEPARATE SHEET OF PAPER.**
**Check here if additional sheets of paper are attached:**  ☑
**Please label the attached sheets of paper to correspond to the appropriate numbered paragraph above (e.g. Additional Defendants 2.c., 2.d., etc.).**

JURISDICTION

Federal courts are courts of limited jurisdiction.  Generally, two types of cases can be heard in federal court:  cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount of damages is more than $75,000 is a diversity of citizenship case.  Federal courts also have jurisdiction over cases where the United States is a Defendant.

3. What is the basis for federal court jurisdiction?

☒ Federal Question      ☐ Diversity of Citizenship      ☐ Government Defendant

4. If the basis for jurisdiction is Federal Question, which Federal Constitution, statutory or treaty right is at issue?  List all that apply.

1st, 4th, 5th, 6th and 14th Amendment (U.S. Const.)

## **Additional Defendants**

Jane Doe 1, "The Jumping Dwarf"
IP: Unknown

John Doe 1, "Deadpool"
IP: Unknown

John Doe 2, "Karl_der_Grosse"
IP: Unknown

John Doe 3, "Rafal Gan Ganowicz"
IP: Unknown

5. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party? Each Plaintiff must be diverse from each Defendant for diversity jurisdiction.

Plaintiff No. 1: Melinda Scott         State of Citizenship: Virginia

Plaintiff No. 2: _____      State of Citizenship: _____

Defendant No. 1: Wise Co. DSS          State of Citizenship: Virginia

Defendant No. 2: Joshua Moon           State of Citizenship: Florida

**Attach additional sheets of paper as necessary and label this information as paragraph 5. Check here if additional sheets of paper are attached.** ☐

STATEMENT OF THE CLAIM

Describe in the space provided below the basic facts of your claim. The description of facts should include a specific explanation of how, where, and when each of the defendants named in the caption violated the law, and how you were harmed. Do not give any legal arguments or cite cases or statutes. Each paragraph must be numbered separately, beginning with number 6. Please write each single set of circumstances in a separately numbered paragraph.

6. Please see attached papers (25 pages)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional sheets of paper as necessary and label them as Additional Facts and continue to number the paragraphs consecutively.  Check here if additional sheets of paper are attached. ☑

REQUEST FOR RELIEF

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking.

(1) That this Honorable Court join in with other federal courts and declare the act of a government based child welfare agency (Wise Co. DSS) entering the Plaintiff's home without a Warrant, specifically describing the places to be searched, unconstitutional, and a violation of the Plaintiff's Fourth (4th) Amendment rights.

(2) That this honorable court declare the Wise Co. DSS policy of prohibiting the Plaintiff from video taping the Defendant Wise Co. DSS unconstitutional, and a violation of the Plaintiff's First (1st) Amendment rights

(3) That this honorable court declare the actions, practices and customs of Wise Co. DSS toward the Plaintiff unconstitutional and a violation of her First (1st), Fourth (4th), Fifth (5th), Sixth (6th) and Fourteenth (14th) Amendment rights.

(4) Damages for the Plaintiff's injuries in the amount of $500,000 for Defendant Wise Co. DSS

(5) Damages for the Plaintiff's injuries from Joshua Moon, in the amount of $50,000; from Defendant Jane Doe 1, $50,000; from Defendant John Doe 1, $25,000; from Defendant John Doe 2, $50,00; and from Defendant John Doe 3, $50,000.

(6) That this honorable court grant the Plaintiff leave for immediate discovery, to allow her to subpoena from Joshua Moon the IP addresses, names and emails of Defendants John Doe 1, John Doe 2, John Doe 3 and Jane Doe 1.

DEMAND FOR JURY TRIAL:          ☐ YES          ☒ NO

Signed this **6**th day of July, 20.

Signature of Plaintiff No. 1 _____

Signature of Plaintiff No. 2 _____

**NOTE:  All Plaintiffs named in the caption of the complaint must date and sign the complaint. Attach additional sheets of paper as necessary.**

## CAUSE OF ACTION I - Violation of Constitutional Rights by Defendant Wise County Department of Social Services

## Statements of Facts

(1) On October 21, 2017, the Plaintiff obtained an Emergency Protective Order against a neighbor. In retaliation, the neighbor made a malicious call to report the Plaintiff for *alleged* "abuse and neglect" of her children. As a result of the neighbor calling, Defendant Wise County Department of Social Services (Wise Co. DSS) made a home visit to the Plaintiff on the same day (October 21, 2017). Defendant Wise Co. DSS did not present a search Warrant to the Plaintiff before entering her home. When they came to her door for this home visit the Plaintiff did not attempt or ask if she could record the social workers with video technology because the same social worker team had previously stated in prior visits that she was not allowed to. In the report, the "anonymous" caller could not correctly identify the name of the Plaintiff's legal spouse. Other allegations were made, including that the Plaintiff allows her children to play with bows and arrows. Wise Co. DSS demanded that the Plaintiff show them her bow and arrow sets, which were away in a locked closet. During this visit, Defendant Wise Co. DSS demanded the Plaintiff show her the children's bedrooms. They stated that they "need[ed] to see" where the children slept. Defendant Wise Co. DSS did not present a Warrant to the Plaintiff before or after demanding to inspect her closet and the bedrooms in her home. Before they left they asked the Plaintiff if she was Native American or Eskimo. They stated they "need[ed]" to ask her that question.

(2) [I]n March [redacted day], 2018, within 36 hours of giving birth, the Defendant, Wise County Department of Social Services (Wise Co. DSS), came to investigate the Plaintiff for giving birth at home, for not taking her healthy newborn infant to a hospital for "medical care", and for *allegedly* not having prenatal care. No problems with the newborn infant were alleged at the time the caller reported the Plaintiff for a homebirth.

The Plaintiff's home was searched for the allegation of "medical neglect". Defendant Wise Co. DSS did not present a Warrant to the Plaintiff *before* entering her home. When they came to her door for this home visit the Plaintiff did not attempt or ask if she could record the social workers with video technology because the social worker team had previously stated in prior visits that she was not allowed to. The Defendant, Wise Co. DSS, told the Plaintiff that someone called a nearby hospital because they saw the Plaintiff pregnant and then they saw the Plaintiff not pregnant anymore. The hospital reported the Plaintiff directly to the Defendant Wise Co. DSS. After asking questions about her homebirth, the Defendant told the Plaintiff that they "need[ed]" to see where the children slept. Defendant Wise Co. DSS demanded to see the children's bedrooms but did not present a search Warrant for inspection of the children's bedrooms. Before they left they asked Plaintiff if she was Native American or Eskimo.

(3) On August 24, 2018 the Plaintiff obtained a protective order against a neighbor. In retaliation for filing a protective order, the neighbor made a malicious call against the Plaintiff. The "anonymous" call resulted in a home visit from Defendant Wise Co. DSS. Defendant Wise Co. DSS did not present a Warrant prior to entering her home. When they came to her door for this home visit the Plaintiff did not attempt or ask if she could record the social workers with video technology because the social worker team had previously stated in prior visits that she was not allowed to. The allegation brought against the Plaintiff was that she locked her children out of the house. Other allegations were made as well, including that the "children are not seen for days". After questioning the Plaintiff, the Defendant, Wise Co. DSS, told the Plaintiff that they "need[ed]" to see where the children slept. During this visit, Defendant Wise Co. DSS demanded the Plaintiff show her the children's bedrooms. During this visit Defendant Wise Co. DSS did not present a Warrant to the Plaintiff before or after demanding to inspect the bedrooms in her home. Before they left they asked the Plaintiff if she was Native American or Eskimo.

(4) Between April 1 and June 15, 2020, a website named KiwiFarms.net had several user profiles threaten to call "CPS" on the Plaintiff.

(5) On June 20, 2020 Defendant John Doe 2, "Karl_der_Grosse", posted online the following question directed at a user profile believed to be the Plaintiff: "when was your last contact with CPS?"

(6) On June 22, 2020 Defendant Wise Co. DSS made a home visit to the Plaintiff's residence in Wise County. The Plaintiff stuck her head out of the upstairs window to see who knocked, because she could not travel downstairs quickly enough to open the front door. When the Plaintiff stuck her head out of the upstairs window, she immediately recognized Department of Social Services badges and saw a new social worker. The Plaintiff decided to make another attempt to record Defendant Wise County DSS using video technology. When the Plaintiff opened the door, she had an audio-visual recording device recording the two (2) social workers at her front door. One (1) of the social workers that came stated to the Plaintiff that they did not want video recording. He stated "you can't video tape us". The Plaintiff insisted that she had a First (1st) Amendment right to record them with video recording. One (1) of the social workers retorted back that it was their policy not to be recorded other than audio recording. The Plaintiff told the two (2) social workers that she would point the camera downward so as to only record audio of the conversation. Defendant Wise Co. DSS did not communicate to the Plaintiff what the consequence of refusing an interview with them without video recording would be.

(7) The two (2) social workers that came to the Plaintiff's home on June 22, 2020 had an unfriendly demeanor when standing on her doorstep. One of them leaned on the Plaintiff's banister rail. The second social worker spoke in a stern, intimidating tone.

(8) On June 22, 2020, the Plaintiff asked both of the social workers employed by Defendant Wise Co. DSS if they brought a Warrant *before* they entered her home. They stated "no", they were "not going to search" her home.

(9) On all four occasions (October 21, 2017, March [redacted day] 2018, August 29, 2018 and June 22, 2020) Defendant Wise Co. DSS did *not* communicate to the Plaintiff what the consequences of refusal to allow them into her home without a Warrant would be.

(10) On all four occasions (October 21, 2017, March [redacted day] 2018, August 29, 2018 and June 22, 2020) the Plaintiff had a notice on her front door which included the following statement: "it is a violation of federal law for any government worker or law enforcement officer to enter this residence without a warrant". On all four occasions (October 21, 1017, March [redacted day] 2018, August 29, 2018 and June 22, 2020), the social workers employed by Wise County Department of Social Services had opportunity to read the sign.

(11) On all four occasions (October 21, 1017, March [redacted day] 2018, August 29, 2018 and June 22, 2020) the Plaintiff asked Defendant Wise Co. DSS what the allegations were against her family *prior* to their entry into her home. Before entering her home on June 22, 2020, one (1) of the social workers insisted more than once to enter the home without stating the allegations first. A social worker working for Defendant Wise Co. DSS insisted that she should come inside first and then tell the Plaintiff the allegations so that the neighbors wouldn't over hear them speaking. The Plainitiff told the social worker that she was not concerned about others eavesdropping.

(12) On June 22, 2020, after insisting she had a legal right under the Fourth (4th) Amendment to know the allegations before they came into her home, a social worker working for the Defendant named three (3) allegations to the Plaintiff before entering her home. The first (1st) allegation was that the Plaintiff owned a gun. The social worker

stated that the report was that there were "firearms in the home". The second (2nd) allegation was that a man, whose name was unknown, was not "supposed to be here due to domestic violence". The third (3rd) allegation was that the Plaintiff had *allegedly* made threats to kill her children.

(13) During the home visit of June 22, 2020 a social worker employed by Defendant Wise Co. DSS questioned the Plaintiff about her firearms. The Plaintiff was asked if she owned a gun, where she kept the gun, what type of gun she had, if she owned bullets and where the bullets were kept. The social worker interviewing the Plaintiff stated that she "had to" document the location of the Plaintiff's gun. The Plaintiff responded that her gun was in her car. After the Plaintiff stated so, the social workers continued to ask questions about the gun. The Plaintiff first asked the social workers if they had a Warrant to search her car and they stated "no". The social workers continued to question the Plaintiff about her gun after stating they did not have a Warrant to search her car.

(14) During the same home visit, the Plaintiff was asked by social workers employed by Defendant Wise Co. DSS the following questions: (1) when her legal spouse came to her home (2) if she had any problems with Domestic Violence in her home "within the last two [(2)] years" or with her legal spouse and (3) if she had any contact with user profiles online. One (1) of the social workers asked the Plaintiff if she (1) had ever been arrested, (2) if she ever had a drug or alcohol problem, (3) if she had any mental health issues and (4) if she was ever abused or neglected as a child. The social worker stated to the Plaintiff that the state required her to ask each of the latter four questions.

(15) During the same visit, a social worker employed by Defendant Wise Co. DSS asked to interview the Plaintiff's three (3) older children. Before the interviews occurred, one (1) social worker stepped outside.

(16) Before leaving the Plaintiff's residence, the one social worker that remained in her home, who is employed by Defendant Wise Co. DSS, demanded to see the Plaintiff's kitchen. The social worker stated that she need[ed] to see her food [supply]. No allegations about the Plaintiff's food were made *prior* to the entry of Defendant Wise Co. DSS into her home. The Plaintiff showed the one social worker her freezer, fridge, and cabinets.

(17) On June 22, 2020, Defendant Wise Co. DSS did *not* ask the Plaintiff if she was Native American or Eskimo.

(18) On June 25, 2020, a social worker used electronic text to communicate to the Plaintiff that she had not yet read through "posts" sent to her from the Internet about the Plaintiff.

(19) Between 2017 and 2019 the Plaintiff sought relief through courts for the removal of her name and information off of a website called KiwiFarms.net. The Plaintiff was not able to remove the content from KiwiFarms.net through court filed complaints.

(20) On June 25, 2020, a user profile on KiwiFarms.net, Defendant John Doe 1, under a profile named "Deadpool", stated that he wanted to see the Plaintiff's children put in foster care so that they would "know the love of Jesus Christ".

(21) Between June 22, and June 28, 2020 a Kiwi Farms user profile, Defendant John Doe 3, "Rafal Gan Ganowicz", posted comments talking directly to Defendant Wise Co. DSS. The same profile, "Rafal Gan Ganowicz", also stated he had seen the Sheriff at the Plaintiff's residence and that Defendant Wise Co. DSS was "literally" knocking on the Plaintiff's door.

(23) Between April 1, 2020, and June 20, 2020 two Kiwi Farms user profiles, Defendant John Doe 2, Karl_der_Grosse, and John Doe 3, "Rafal Gan Ganowicz", posted comments stating the Plaintiff was a "parasite" for using government assistance.

(24) Between February 1, 2020, and June 20, 2020 Kiwi Farms user profile, John Doe 1, "Deadpool", posted and encouraged sexist comments online against the Plaintiff because her children had different biological fathers.

**First (1st) Amendment Violation**

(25) On June 22, 2020 when Defendant Wise County Department of Social Services (Wise Co. DSS) came to the Plaintiff's home, they refused to allow the Plaintiff to record them with a camera, using visual recording. The actions of Defendant Wise Co. DSS, in refusing to allow the Plaintiff the right to record them by video recording, is a violation of the Plaintiff's First (1st) Amendment rights to record a government officer or employee in the capacity of their duties.

(26) On all other three occasions (October 21, 2017, March [redacted day] 2018, and August 29, 2018) Defendant Wise Co. DSS violated the Plaintiff's First (1st) Amendment right to record a government official in the capacity of their duties, by extension. In their prior comments in prior home visits, beginning in September 2016, they told the Plaintiff she was not allowed to record them with video recording. They did not say what the consequences of refusing to cooperate with their policy of not allowing video taping would be.

**Fourth (4th) Amendment Violation: No presentation of a Warrant**

(27) On all four home visits between October 21, 2017 and June 22, 2020, Defendant Wise Co. DSS did not present a Warrant to enter the Plaintiff's home or search her car, even when asked. The decision of Defendant Wise Co. DSS to not present a Warrant *before* entering the Plaintiff's home is a violation of the Plaintiff's Fourth (4th) Amendment right to the presentation of a Warrant, by a government agency, and it's officers, *before* having her home and car inspected and searched.

(28) On October 21 2017, March [redacted day], 2018 and August 29, 2018 the Defendant, Wise County Department of Social Services did not present a Warrant to the Plaintiff, *specifically describing the places to be searched*, to search the bedrooms of the

Plaintiff's home, or her dining room closet. The decision of Wise Co. DSS to *not* present a Warrant *specifically describing the places to be searched* in the Plaintiff's home, is a violation of the Plaintiff's Fourth (4th) Amendment rights.

(29) On June 22, 2020, the Defendant, Wise County Department of Social Services, did *not* present a Warrant to the Plaintiff to search her car or her personal property (gun). On June 22, 2020, the Defendant, Wise County Department of Social Services, did *not* present a Warrant to search other areas of her home, including her kitchen. The decision of Wise Co. DSS to *not* present a Warrant to search her car, personal property (gun), her kitchen cabinets and her refrigerator, is a violation of the Plaintiff's Fourth (4th) Amendment rights to be presented a Warrant, including specifications describing the places to be searched in her home and in her car.

**Fourth (4th) Amendment Violation: Unreasonable searches and seizures by Defendant Wise County DSS**

(30) Defendant Wise Co. DSS's search of the Plaintiff's home [i]n March [redacted day] 2018, less than 36 hours after giving birth, was unreasonable. It is not reasonable to expect a woman who is less than two (2) days postpartum after birth to get out of bed for a welfare visit from a social services agency. Postpartum women have uterine bleeding. Requiring a postpartum woman to walk to the door, juggle a newborn breastfeeding infant who is only days old, and simultaneously juggle an audio recording device, while responding to a series of questions, is completely unreasonable. A woman who is less than two (2) days postpartum should not be required to get out of bed, due to possible hemorrhaging that can occur from lack of rest and from having to carry and juggle an infant and recording equipment. The decision of Wise Co. DSS to search the Plaintiff's home and to seize her in an interview on March [redacted day] 2018, was a violation of the Plaintiff's Fourth (4th) Amendment right to be free of unreasonable searches and seizures by a government agency, and its officers.

(31) The Defendant Wise Co. DSS searched the Plaintiff's home because the Plaintiff is a gun owner. The Plaintiff's gun is legally registered in the state of Virginia. The Defendant Wise Co. DSS's decision to search the Plaintiff's home simply because she is a gun owner is completely unreasonable and a violation of the Plaintiff's Fourth (4th) Amendment rights to no unreasonable searches of her home or car.

**Fourth (4th) Amendment Violation: Coercion**

(31) The Plaintiff did not waive her Fourth (4th) Amendment rights when letting Wise Co. DSS into her home on October 21 2017, March [redacted day], 2018, August 29, 2018 and June 22, 2020. The Plaintiff allowed the Defendant, Wise County Department of Social Services, into her home without a Warrant because of covert coercion. The Wise County Department of Social Services had previously stated to her in September 2016 that if she didn't let them in, they could "take [her] children away". This set a precedent for the Plaintiff's point of view of Wise County Department of Social Services. This statement conveys the mindset of social workers and the reality that any social worker can remove a child for lack of cooperation by any particular parent. Under current practices, the process of investigation is shrouded in mystery for a parent being investigated. On all four occassions that Defendant Wise Co. DSS visited her home, the Plaintiff did not feel free to just shut the door and dismiss the Defendant for their decision to not bring a Warrant.

(32) On all four occasions, when Defendant Wise Co. DSS came to the Plaintiff's home, she did not feel free to leave, nor free to dismiss the Defendants for their decision (1) to not present a Warrant, (2) to come for unreasonable reasons, and (3) to request an investigation of her home. On all four occasions the Plaintiff felt seized by Defendant Wise Co. DSS, without freedom to dismiss their requests for entry into her home. The Defendant never communicated to the Plaintiff the consequences for refusal to participate in the investigation. The Plaintiff knows that the consequences for her refusal

to participate in their investigations could have been detrimental to the well being of the Plaintiff and her children.

(33) On October 21, 2017, March [redacted day], 2018, August 29, 2018 and June 22, 2020, the Plaintiff was seized, without the freedom to leave, for fear of the consequences of telling the Defendant to not come back without a Warrant. Child welfare agencies have a presence that illicits fear in the Plaintiff, because their processes subject a parent to the biases of a particular case worker who may not be informed of the laws and who may act from "color of law", making an illegal decision that the Plaintiff is left to remedy. The Plaintiff cooperates with the Defendant because of fear and the desire to protect her children.

(34) On all four occasions the Plaintiff was not given the assistance of counsel while being investigated for an *alleged* crime (*alleged* abuse and neglect of children). Being without a lawyer, in not having one provided to her under her 6th Amendment rights, the Defendant exercises the power of covert coercion over the Plaintiff in each home investigation.

(35) With Virginia law giving the Defendant the power to remove children based on the Plaintiff's unwillingness or willingness to cooperate, the Defendant exercises the power of covert coercion on the Plaintiff.

**Fourth (4th) Amendment Violation: No probable cause**

(36) The allegations brought against the Plaintiff on October 21, 2017 were: (1) that she locked her children out of the house (2) that the children were not seen for days (3) that the home was dirty and (4) that there was an odor in the home. These allegations are too vague to rise to the level of probable cause. The caller did not elaborate or specify any details to make the allegations seem like anything other than fabricated allegations. The

caller did not state any other pertinent details like whether or not the children were with the Plaintiff outside of the house with her when she locked the door or whether or not the front door was locked because the Plaintiff and the children were entering a car to travel.

(37) [I]n March [redacted day], 2018 the Wise County Department of Social Services investigated the Plaintiff for having a home birth, for not seeking medical care for her *healthy* newborn baby, and for not having prenatal care with a licensed MD. None of these allegations, for which the Plaintiff home's was searched, and for which the Plaintiff was seized, are sufficient to rise to level of probable cause. Homebirth, without the assistance of medical personnel, is not illegal in the State of Virginia. Homebirth, without the assistance of medical personnel, does not fall under the definition of "medical neglect" under Virginia state law. Providing one's own prenatal care is not illegal in the State of Virginia. A fetus does not have legal personhood under any federal or Virginia state law, and therefore, lack of prenatal care with an MD, or otherwise, cannot be "medical neglect" of a child. On March [redacted day], 2018, the Defendant, Wise Co. DSS, violated the Plaintiff's Fourth (4th) Amendment rights to not have her home searched or be seized without probable cause.

(38) The allegations brought against the Plaintiff on August 29, 2018 did not rise to the level of probable cause. The allegations brought against the Plaintiff on August 29, 2018 were: (1) too vague and unspecific to be considered plausible and (2) were not matters of "abuse and neglect" of a child, as defined by Virginia law. The caller even reported that "*she* [was] not that close to the family", in effect, undermining the validity of the statements in her phone call. On August 29, 2018 the Defendant, Wise Co. DSS, violated the Plaintiff's Fourth (4th) Amendment rights to not have her home searched without probable cause.

(39) On June 22, 2020, Defendant Wise County came to the Plaintiff's home to question her about the presence of a firearm in her home, about an *allegedly* unknown man being

barred from her residence due to domestic violence and about her *allegedly* threatening to kill her children. None of these allegations were made with specific details like whether or not the children had access to the gun, what the *alleged* man looked like, his name, details about when he came, or what the Plaintiff *allegedly* said regarding threats against her children. An individual can only be barred from a home due to a court order from a domestic relations court or a protective order, neither of which were in existence at the time the allegation was made. The person making the allegation did not provide specific details of the existence of any court order. These allegations did not rise to level of probable cause. On JUne 22, 2020 the Defendant, Wise Co. DSS, violated the Plaintiff's Fourth (4th) Amendment rights to not have her home searched without probable cause

(40) On or around June 22, 2020 Defendant Wise Co. DSS had to obtain the Plaintiff's residential house number address from another third party who was not the "anonymous" caller of the report. The callers reporting the Plaintiff did not know the Plaintiff's house number. The mere fact that the callers did not know the Plaintiff's house number is indication enough that they did not have enough connection to the Plaintiff to know anything about the nature of her relationship with the unnamed unknown man that was *allegedly* banned and reported by the caller. This lack of familiarity with the Plaintiff's home demonstrates that Defendant Wise Co. DSS had no probable cause to enter her home to investigate her. On June 22, 2020 the Defendant, Wise Co. DSS, violated the Plaintiff's Fourth (4th) Amendment rights to not have her home searched without probable cause

(41) On June 22, 2020, the Defendant, Wise County Department of Social Services, investigated the Plaintiff for matters that were unrelated to the allegations stated before they entered her home. After they entered her home, the social worker asked the Plaintiff if she had ever been arrested, if she had ever been a foster child, if she ever abused drugs or alcohol or if she had any mental health issues. The social worker stated to the

Defendant that she had to ask these questions because of policy. The social worker asked the Plaintiff how often her legal spouse came to her residence, what type of gun she owned, where her bullets were, and who she spoke with online. All of these questions had nothing to do with the allegations made against the Plaintiff that were stated *before* they entered her home. The social worker asked questions of the Plaintiff with no probable cause, therefore violating the Plaintiff's Fourth (4th) Amendment rights.

(42) On June 25, 2020, a social worker used electronic text to communicate to the Plaintiff that she had not yet read through "posts" sent to her from the Internet. The case worker entered the Plaintiff's home prior to determining whether or not the information sent to her rose to the level of probable cause. The continued search of online "posts" was a violation of the Plaintiff's Fourth (4th) Amendment rights to no searches of her home without probable cause. The social worker continued to look for probable cause *after* she entered the Plaintiff's home.

(43) The "posts" the Defendant, Wise Co. DSS, was referring to are posts on KiwiFarms.net. The "posts" the Defendant, Wise Co. DSS, viewed were made under a profile named "Tamar Yael BatYah". The Defendant, Wise Co. DSS, had no proof that the Plaintiff owned a profile named "Tamar Yael BatYah" on a website *prior* to entering her residence. The Defendant, Wise Co. DSS, searched the Plaintiff's home for accusations against her, attributed to statements made to "Tamar Yael BatYah", without probable cause. This action of Wise Co. DSS violated the Plaintiff's Fourth (4th) Amendment rights to no searches of her home or seizures of her as a citizen without probable cause.

(44) None of the online posts attributed to the account "Tamar Yael BatYah" had any posts that would indicate that the Plaintiff needed her home investigated for the legal definition of "abuse and neglect". The Defendant Wise Co. DSS searched the Plaintiff's home due to online posts *allegedly* attributed to her under the user profile "Tamar Yael

BatYah" without probable cause. This action of Wise Co. DSS violated the Plaintiff's Fourth (4th) Amendment rights to no searches of her home or seizures of her as a citizen without probable cause.

(45) On all four home visits between October 21, 2017 and June 22, 2020 Defendant Wise Co. DSS violated the Plaintiff's Fourth (4th) Amendment rights by searching and investigating her home, and seizing her, without probable cause.

## Fifth (5th) Amendment Violation

(46) Defendants Wise Co. DSS, Joshua Moon, John Doe 1, and John Doe 2 conspired together to deprive the Plaintiff of her constitutional rights. Defendants Joshua Moon, John Doe 1 and John Doe 2 gave a social worker *alleged* information about the Plaintiff using the social worker's employee email address. This was a violation of the Plaintiff's Fifth (5th) Amendment rights which bar a third party to introduce exhibits as evidence against a person in a criminal investigation outside a court of law.

(47) During the home visit of June 22, 2020 the Plaintiff was questioned about the presence of her legal spouse in her home. The same questioning, about the presence of her legal spouse in the home had occurred on the home visit of October 21, 2017, when Defendant Wise Co. DSS questioned the Plaintiff about the presence of her legal spouse in the home. Defendant Wise Co. DSS questioned the Plaintiff *twice* about the same allegations. The Defendant's actions, in questioning her *twice* about the same allegations regarding an *alleged* crime, is a violation of the Plaintiff's Fifth (5th) Amendment rights

(48) During the home visit of June 22, 2020 the Plaintiff was questioned about her communications with posters of KiwiFarms.net. The social worker also questioned the Plaintiff about (1) whether or not there was domestic violence in her home in the last two

(2) years (2) if she had any domestic violence problems with her legal spouse (3) if she had abused drugs or alcohol and (4) if she had ever been arrested. The investigating social worker questioned the Plaintiff in order to solicit information that could potentially lead to criminal investigation or supply leads for evidence. This action of the employee of Wise Co. DSS was a violation of the Plaintiff's Fifth (5th) Amendment rights.

## Sixth (6th) Amendment Violation

(49) An investigation for the abuse and neglect of a child is a *criminal* investigation that can lead to a criminal charge. Between October 21, 2017 and June 22, 2020, the Plaintiff was investigated by Defendant Wise Co. DSS on all four occasions for allegations of committing a crime.

(50) On all occasions between October 21, 2017 and June 22, 2020 that Defendant Wise Co. DSS entered the Plaintiff's home, they investigated her for an *alleged* crime, namely the *alleged* crime of abuse and neglect of child. During all of the investigations by Defendant Wise Co. DSS for an *alleged* crime, the Plaintiff, Melinda Scott, was *not* provided the assistance of counsel.

(51) On all four occasions between October 21, 2017 and June 22, 2020 that they visited her home, Defendant Wise Co. DSS asked questions of the Plaintiff that had nothing to do with the allegations made against the Plaintiff stated to her *prior* to their entry into her home. Their actions in questioning the Plaintiff about matters unrelated to the allegations are a violation of her Sixth (6th) Amendment right to know the nature of accusations against her *prior* to their entry into her home.

**Fourteenth (14th) Amendment violation**

(52) Defendants Wise Co. DSS, Joshua Moon, John Doe 1, and John Doe 2 conspired together to deprive the Plaintiff of her constitutional rights. Defendants Joshua Moon, John Doe 1 and John Doe 2 gave a social worker *alleged* information about the Plaintiff using the social worker's employee email address. It is a violation of the Plaintiff's Fourteenth (14th) Amendment rights for a third party to introduce exhibits as evidence against the Plaintiff without the due process of law.

**Actions of Defendant Wise Co. DSS unconstitutional due to policies, customs and practices**

(53) Defendant Wise County Department of Social Services is bound to the Constitution of the United States of America and must respect the rights of those living under the Constitution of the United States of America. However, their actions toward the Plaintiff have been unconstitutional. Wise County Department of Social Services' actions toward the Plaintiff, during all four home visits between October 21, 2017 and June 22, 2020, and in actions described by their communications on June 25, 2020, demonstrates a blatant indifference for the constitutional rights of the Plaintiff. Their indifference for the constitutional rights of the Plaintiff is because of a mixture of their poilices, practices and customs.

(54) It is the policy of Wise County DSS to not allow the Plaintiff to record them by video technology means. This policy is a violation of the Plaintiff's First (1st) Amendment rights.

(55) It is the official custom of Wise County DSS to *not* provide a Warrant *before* entering the Plaintiff's home to conduct an investigation. It is a practice *so persistent and widespread*, that it is accepted as legal, although it is unconstitutional. It is so accepted

by Defendant Wise Co. DSS that they can just come to someone's house without a Warrant that they just come without one when they come to the Plaintiff's home. They came to the Plaintiff's home *without* a Warrant on all four occasions between October 21, 2017 and June 22, 2020. Their custom of not obtaining and providing a Warrant *prior* to their entry into the Plaintiff's home, on all four occasions, is a violation of the Plaintiff's Fourth (4th) Amendment rights.

(56) It is the practice of Wise County DSS to *not* provide a Warrant *after* entering the Plaintiff's home to search other areas of her home. On all four occasions between October 21, 2017 and June 22, 2020 the Plaintiff was told by a social worker that they "need[ed]" to see other areas of her home for which no allegations were made *prior* to their entry into her home. The use of the word "need" implies that someone in a Supervisor capacity, who has final decision making power, told the social workers visiting her home to search other areas of their home or other effects of the Plaintiff. Their practice of not obtaining and providing a Warrant *prior* to their entry into the Plaintiff's home to search areas of her home, like her Kitchen and Bedrooms, or her effects, like a firearm, is a violation of the Plaintiff's Fourth (4th) Amendment rights.

(57) Defendant Wise Co. DSS does not train their employees and officers to not ask questions that violate the Plaintiff's Fifth (5th) Amendment rights.

(58) The practice of not providing the assistance of counsel to the Plaintiff during the investigation of an *alleged* crime was done on all four occasions between October 21, 2017 and June 22, 2020 because it is a practice so widespread and common, although unconstitutional, as to have the force of law. Their practice of not providing the assistance of counsel to the Plaintiff during a criminal investigation is a violation of the Plaintiff's Sixth (6th) Amendment rights.

(59) Due to their written policies, Wise County Department of Social Services does not properly screen calls for probable cause before entering the Plaintiff's home. They investigated the Plaintiff without probable cause, coming to her home for allegations that lacked any specific or substantial details. This policy is a violation of the Fourth (4th) Amendment rights of the Plaintiff.

(60) Due to their written policies, Wise Co. Dept. of Social Services, investigates the Plaintiff's home without probable cause based upon "DSS history". This policy, to investigate the Plaintiff's home, based upon prior calls, rather than Fourth (4th) Amendment rights, is unconstitutional. Their decision to continuously enter the Plaintiff's home based on prior "DSS history" instead of constitutional rights is a violation of the Plaintiff's Fourth (4th) Amendment rights.

(61) It is the written policy of Wise County Department of Social Services to "validate" calls based on a written "risk assessment", ranking the Plaintiff as "medium" or "high risk", and making written notes about whether or not the Plaintiff has a "long DSS history". This policy is unconstitutional because prior calls from neighbors, the opinions of social workers and the decisions of supervisors cannot widdle away the Plaintiff's Fourth (4th) Amendment rights. Prior "DSS history", and especially those of "unfounded" reports, cannot undermine the Plaintiff's Fourth (4th) Amendment rights.

(62) Defendant Wise County DSS does not have a consistent written policy for asking whether or not someone is Native American or Eskmo. On some home visits the Plaintiff was asked whether or not she was Native American or Eskimo. On June 22, 2020, the Plaintiff was not asked. The policy of Wise County DSS, to only concern themselves with the Fourth (4th) Amendment rights of a person of Native American and Eskimo heritage, demonstrates that Wise Co. DSS, and its Supervisors, does not have an adequate or complete policy to respect the Fourth (4th) Amendment rights of the Plaintiff.

**Injuries and damages caused by Defendant Wise County Dept. of Social Services**

(63) Defendant Wise County Department of Social Services (Wise Co. DSS) has deprived the Plaintiff of her constitutional rights during all four home visits, and in actions taken regarding those home visits, between October 21, 2017 and June 25, 2020.

(64) Defendant Wise Co. DSS has caused the Plaintiff grief and distress. They have put the Plaintiff in a hypervigilant state of wondering for what unmerited reason they may appear at her door. They have made the Plaintiff live in constant worry over the illegal and unconstitutional decisions they make or could make when a case is opened. They have deprived the Plaintiff of the peaceful enjoyment of her residence in Wise County.

**CAUSE OF ACTION II - Tort of I.I.E.D (Defendant's Joshua Moon (FL), Jane Doe 1, John Doe 1, John Doe 2, John Doe 3)**

**Intentional Infliction of Emotional Distress**

(65) On March 13, 2017 Defendant Jane Doe 1 wrote an online post containing the name of and personal information about the Plaintiff. The article was written with malicious intent. The article was intentionally written for the purpose of causing social harm and emotional distress to the Plaintiff.

(66) Defendant Joshua Moon is the website owner of KiwiFarms.net, the website that hosts the article and threads written about the Plaintiff.

(67) Over a span of a little more than three (3) years, the aforementioned online article mentioning the Plaintiff, attracted the attention of other website users of KiwiFarms.net. The article evolved into a series of online "threads" which contained information about lawsuits the Plaintiff had been involved in, including a former lawsuit with Wise Co. DSS. Copies of the pleadings the Plaintiff filed for lawsuits were posted on the threads. When the pleadings were posted the Plaintiff's county of residence was displayed online on KiwiFarms.net. Andrew Carlson of Schenectady, NY also posted information about the Plaintiff's county of residence on the same website.

(68) The online threads about the Plaintiff evolved into a planned malicious action which had the intent of harming the Plaintiff through child welfare agency phone calls.

(69) Defendant John Doe 2, Karl_der_Grosse called Wise County Department of Social Services on or around June 22, 2020 with malicious intent. This defendant had the intent of harming the Plaintiff emotionally through a child welfare agency call about the

Plaintiff. He believed this action would cause the Plaintiff emotional distress because of statements the Plaintiff made in a pleading which concerned a prior lawsuit against Wise Co. DSS the Plaintiff had filed. Defendant John Doe 2 had access to this pleading through postings on KiwiFarms.net.

(70) John Doe 1, "Deadpool", and John Doe 3, "Rafal" also tried to cause distress to the Plaintiff through online posts aimed at the Plaintiff. The Plaintiff read the threads from time to time in order to mitigate and understand the intentions and plans of a third party who was stalking her, as well as the online posters supporting the stalking. The Plaintiff believed that the posters on KiwiFarms.net had bad intentions toward her family. This belief led her to read the threads from time to time.

(71) The conduct of Defendant Jane Doe 1 toward the Plaintiff is extreme and outrageous. Jane Doe 1 posted the name and personal information of the Plaintiff for an international audience in order to have far reaching negative consequences for the Plaintiff. Defendant Jane Doe 1 was so desperate to cause the Plaintiff an injury that she made a public spectacle out of the Plaintiff being the victim of stalking, fabricated details to put the Plaintiff in a negative light publicly and fabricated information about the Plaintiff's romantic partners.

(72) The conduct of Defendants Joshua Moon, John Doe 1, John Doe 2 and John Doe 3 are extreme and outrageous. Their plan was to use a child welfare agency to avenge bruised egos, unleash discriminatory bias against the Plaintiff, and attack the Plaintiff for her religious beliefs and political ideologies. Their conduct is uncivil and indecent. These defendants are sexist and hostile about the Plaintiff's family composition. They seek to socially abuse and injure the Plaintiff because she has a blended family with matriarchal elements. On the week of June 22, 2020, after they suspected Wise Co. DSS had visited the Plaintiff's home, they were looking for signs of distress in the Plaintiff using online posts.

(73) Defendants Joshua Moon, Jane Doe 1, and John Doe 2 are each are responsible for contributing to the malicious phone call made to Wise Co. DSS that resulted in a home visit to the Plaintiff's house on June 22, 2020.

(74) The actions of Defendant John Doe 2 were intentional. Defendant John Doe 2 deliberately planned to call Wise Co. DSS starting about a month before the call was made. His calling the child welfare agency was *not* done in good faith, but was rather an attempt at vindicating his own religious prejudices, political biases and sexism against the Plaintiff.

(75) John Doe 2, "Karl_der_Grosse" and John Doe 3, "Rafal Gan Ganowicz" are people that know the Plaintiff and have sought to retaliate against her maliciously because the Plaintiff brought legal action against that person. However, they hide their profiles anonymously on KiwiFarms.net to avoid further legal action.

(76) Joshua Moon, the website owner of KiwiFarms.net, does not qualify for immunity because he acts as a distributor of information, content editor and content developer of the online threads on his website that have content and information about the Plaintiff. Joshua Moon has the ability to interact with user profiles. He has interacted with other users on the threads containing information about the Plaintiff. He posted the Plaintiff's residential information between March 13, 2017 and January 4, 2020. He has participated in posting the Plaintiff's residential information within threads on the article. He also has the ability to edit and modify content. Joshua Moon edits content on the threads about the Plaintiff. Joshua Moon, using a profile named "Null", has participated by posting comments and information within the threads about the Plaintiff. Joshua Moon has also encouraged malicious behavior toward the Plaintiff from other KiwiFarms.net users.

(77) As a result of the actions of Defendants Joshua Moon, Jane Doe 1, John Doe 1, John Doe 2 and John Doe 3 the Plaintiff experienced extreme emotional distress, including anger and rage.

(78) Defendants Joshua Moon, Jane Doe 1, John Doe 1, John Doe 2 and John Doe 3 have a common interest in causing emotional distress and social harm to the people they harass and scapegoat on KiwiFarms.net. Defendants Jane Doe 1, John Doe 1 and John Doe 2 have online accounts that are "true and honest fans" of KiwiFarms.net.

(79) The Plaintiff is not responsible for the actions of profile users on KiwiFarms.net. The Plaintiff reserves the right to participate in society through online mediums, including her right to express her political ideologies and religious beliefs free of the interference of other's malicious intent. The Plaintiff exhausted all legal means of removing content from KiwiFarms.net to remove her county of residence online.

(80) Joshua Moon holds information in a database that can identify Defendant Jane Doe 1, John Doe 1, and John Doe 2, John Doe 3. Outside of a court order the Plaintiff cannot access the IP addresses of said Defendants.