IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| MELINDA SCOTT, ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | Case No. 2:20cv14 |
| ) | |
| WISE COUNTY DEPT. of ) | |
| SOCIAL SERVICES ) | |
| ) | |
| and ) | |
| ) | |
| JOSHUA MOON ) | |
| ) | |
|     Defendants. ) | |

## **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant Wise County Department of Social Services ("Wise DSS"), by counsel, submits this memorandum in support of its motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## **STATEMENT OF FACTS**

Melinda Scott ("Plaintiff") has filed an over 20-page single-spaced complaint in this matter. However, for the purposes of this motion, Plaintiff's Complaint can be summarized into the following main factual allegations. On October 21, 2017, March 2018, August 24, 2018, and June 22, 2020, Wise DSS employees conducted "home visits" at Plaintiff's residence to investigate potential child neglect or endangerment. (Compl. ¶¶ 1, 2, 3, 5, ECF No. 1.) Plaintiff alleges that during those visits the Wise DSS employees did not "present a warrant to enter the Plaintiff's home or search her car" nor did they present a warrant "specifically describing the places to be searched." (Compl. ¶ 27.)  She further alleges that she was not allowed to video record the Wise DSS employees during these visits. (Compl. ¶¶ 25-26.) She claims that these

visits were coerced and without probable cause. (Compl. ¶¶ 36-45.) She claims that Wise DSS employees conspired with co-defendants in receiving "alleged information" regarding Plaintiff from co-defendants. (Compl. ¶ 46.) Plaintiff also alleges that Wise DSS employees were conducting a criminal investigation and did not advise her of the allegations prior to entering her residence. (Compl. ¶¶ 50-51.) Plaintiff claims that these actions were policies, customs, and practices of Wise DSS. (Compl. ¶¶ 53-62.)

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a dismissal when a plaintiff fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555.

A court should construe factual allegations in the nonmoving party's favor and will treat them as true, but is "not so bound with respect to (the complaint's) legal conclusions." *Dist. 28, United Mine Workers, Inc. v. Wellmore Coal Corp*., 609 F.2d 1083, 1085 (4th Cir.1979). Indeed, a court will accept neither "legal conclusions drawn from the facts" nor unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Only after a claim is stated adequately may it then "be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

In order for Plaintiff's claims to survive dismissal, the Plaintiff must "allege facts sufficient to state all the elements of her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).  The Supreme Court requires that the Plaintiff provide the grounds of her entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## ARGUMENT

### I. DEFENDANT WISE DSS IS ENTITLED TO SOVEREIGN IMMUNITY PURSUANT THE ELEVENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

This is not the Plaintiff's first lawsuit against Wise DSS.[1] Back in March 2017, Plaintiff filed suit against Wise DSS pursuant to § 1983 for violations of her First and Fourth Amendment Rights. (March 2017 Compl., Civ. Action No. 2:17-cv-6, Ex. 1.) Similarly to this action, Plaintiff complained that Wise DSS entered her home without a search warrant. (*Id.*) In that case, Wise DSS timely filed a motion to dismiss and the Court granted the motion on the basis that Wise DSS is entitled to sovereign immunity pursuant to the Eleventh Amendment. *Scott v. Wise Cty. Dep't of Soc. Servs.*, 2017 U.S. Dist. LEXIS 128448 (W.D. Va. Aug. 11, 2017.) This Court has consistently held that Wise DSS is entitled to such sovereign immunity. *Id.*; *see also Kincaid v. Anderson*, No. 1:14CV00027, 2015 U.S. Dist. LEXIS 73510, 2015 WL 3546066, at *3 (W.D. Va. June 8, 2015) (holding local DSS entitled to sovereign immunity); *Doe v. Mullins*, No. 2:10CV00017, 2010 U.S. Dist. LEXIS 74080, 2010 WL 2950385, at *1 (W.D. Va. July 22, 2010) (holding that the "high degree of control exercised by the Commonwealth and

---

[1] In fact, Plaintiff is a frequent filer in this court, with apparently over 10 lawsuits to date all of which have been summarily dismissed.

corresponding lack of autonomy by the local departments, support the determination that [Wise DSS] is properly characterized as an arm of the state, at least in its role of protecting children.")

The Plaintiff's Complaint must be dismissed with prejudice because Wise DSS is entitled to sovereign immunity pursuant to the Eleventh Amendment.

## II. ALTERNATIVELY DEFENDANT WISE DSS IS *NON SUI JURIS* AND CANNOT BE SUED IN ITS OWN CAPACITY

In the alternative should sovereign immunity under the Eleventh Amendment not apply, Wise DSS is *non sui juris*. If Wise DSS is not an arm of the state entitled to sovereign immunity under the Eleventh Amendment, it must be an operating department governed by the county. An operating division of a governmental entity cannot be sued unless the legislature has vested the operating division with the capacity to be sued. *Harrison v. Prince William County Police Dep't*, 640 F. Supp. 2d 688 (E.D. Va. 2009); *Whitlock v. Street*, 2012 U.S. Dist. LEXIS 120795, at *14 (E.D. Va. Aug. 24, 2012) (holding that the Chesterfield Department of Mental Health, as an operating division of a governmental entity, could not be sued unless the legislature vested the operating division with the capacity to be sued); *see also Davis v. City of Portsmouth*, 579 F. Supp. 1205, 1210 (E.D. Va. 1983), *aff'd* 742 F.2d 1448 (4th Cir. 1984).

If Wise DSS is simply an operating department of the county, it cannot be sued in its own name. The Plaintiff's claim against Wise DSS fails as a matter of law. Accordingly, the Plaintiff's claims against Wise DSS must be dismissed with prejudice

### CONCLUSION

For the foregoing reasons, Wise County Department of Social Services, by counsel, respectfully requests that this Court grant its motion to dismiss, dismiss Plaintiff's complaint with prejudice, grant its attorney's fees and costs incurred in this matter, and grant it any other relief the Court may deem necessary and appropriate.

Respectfully submitted,

WISE COUNTY DEPARTMENT OF SOCIAL SERVICES

/s/ Christopher S. Dadak
Christopher S. Dadak (VSB # 83789)
GUYNN, WADDELL, CARROLL & LOCKABY, P.C.
415 S. College Avenue
Salem, Virginia 24153
Phone: 540-387-2320
Fax:    540-389-2350
christopherd@guynnwaddell.com
*Counsel for Wise Co. Dept. of Social Services*

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document the Plaintiff appearing *pro se*:

>Melinda Scott
>2014PMB87
>PO Box 1133
>Richmond, Virginia 23218

>/s/ Christopher S. Dadak
>Christopher S. Dadak (VSB # 83789)
>GUYNN, WADDELL, CARROLL & LOCKABY, P.C.
>415 S. College Avenue
>Salem, Virginia 24153
>Phone: 540-387-2320
>Fax:    540-389-2350
>christopherd@guynnwaddell.com
>*Counsel for Wise Co. Dept. of Social Services*