IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| MELINDA SCOTT, | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. 2:20cv14 |
| | ) | |
| WISE COUNTY DEPT. | ) | |
| of SOCIAL SERVICES, | ) | |
| and | ) | |
| JOSHUA MOON, | ) | |
| Defendants. | ) | |

CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

SEP 21 2020

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

## RESPONSE and MOTION TO STRIKE

COMES NOW, the Plaintiff in response to Defendant's Motion to Dismiss and states as follows in response:

I. REQUEST FOR LEGAL FEES BY DEFENDANT

(A) Contributory Negligence of Defendant Wise County Department of Social Services

Defendant, by counsel, admits that Defendant Wise County Department of Social Services has been previously sued for constitutional violations in prior years. After being sued, it was the duty and obligation of Defendant Wise County Department of Social Services to obtain proper legal counsel to prevent being sued again for constitutional violations. Their failure to obtain proper legal counsel about the constitutional rights of the Plaintiff, as it relates to their practice, is purely

their own doing. They were apprised by prior lawsuits to reconsider their practices, policies and customs more carefully. They chose not to.

Defendant, by counsel, does not deny the allegations of constitutional violations in the Plaintiff's complaint. According to Rule (8)(b)(6), any allegations not denied are deemed admitted where a responsive pleading is required. The Defendant therefore admits to being the reason the Plaintiff sued for violation of her constitutional rights. It is the actions of Defendant Wise County Department of Social Services that gave rise to the current 2020 suit.

Due to the decision of Defendant Wise County Department of Social Services to not create policies and training to respect the constitutional rights of the Plaintiff, they have brought the lawsuit upon themselves. The Plaintiff owes no legal fees whatsoever to the Defendant Wise County Dept. of Social Services for their failure to devise policies and practices that respect the constitutional rights of the Plaintiff.

(B) Other pro-se lawsuits filed by Plaintiff irrelevant when assessing attorney fees

Defendant, by counsel, makes a statement in his footnotes about the Plaintiff's other former lawsuits to insinuate she should be financially liable for Defendant's attorney fees due to her experience in filing. The Plaintiff formerly filed in this court for the recovery of child support, to protect alleged Copyright violations, against the VA DMAS to protect her First Amendment rights, for Cyber-Stalking, Defamation, other Torts and for violations of Fair Housing laws, all because of *the actions of third parties*. Prior to her Copyright case, the Fourth District had no existing case law regarding video copyright violations involving logos on social media. That lawsuit contributed

positively to the Fourth District by contributing to foundational case law for other cases[1]. Some of her other lawsuits have been cited as cases of interest in online legal news[2]. It is fair to say that although Plaintiff Scott has had a number of dismissals, her lawsuits have made positive contributions to society.

Outside of the Copyright lawsuit, the other lawsuits filed by the Plaintiff were each filed in different subject matters, each with its own nuances and vast body of case law. The dismissals in these other cases each involved a *different* subject matter and were each dismissed for *different* technical pleading issues. These dismissals do not equate to an obligation by the Plaintiff to ignore *new* constitutional violations, injuries and damages in this specific case. The Plaintiff has a legal right to sue for *new* causes of actions without absorbing the attorney fees of the Defendant for *their actions* that gave rise to the lawsuit, especially when the Plaintiff has *not repeated* any prior technical pleading errors in this new filing.

II.     DEFENDANT WISE COUNTY DSS CAN BE SUED DIRECTLY

(A) Defendant Wise County Dept. of Social Services is a "local governing body"

Defendant, by counsel, acknowledges that the Plaintiff formerly sued Defendant Wise County Department of Social Services. However, counsel for the Defendant Wise Co. Dept. of

---

[1] Plaintiff Scott's case was cited in another Fourth District case on alleged Copyright violations
[2] The Plaintiff's cases have been cited as cases of interest in the following online legal news sources:
   1. http://religionclause.blogspot.com/2018/10/11th-amendment-dismissal-avoids-ruling.html
   2. https://casetext.com/analysis/rhetorical-hyperbole-is-not-defamation
   3. https://blog.ericgoldman.org/archives/2018/12/two-pro-se-section-230-rulings-scott-v-carlson-watkins-v-carr.htm

Soc. Services omits relevant case law brought up in prior pleadings of the former lawsuit which demonstrates that Defendant Wise Co. Dept. of Soc. Services is liable for their conduct as a local governing body.

Wise Co. Dept. of Social Services has its own director and supervisors with decision making authority. The power to control decision making within the department is granted to their director and supervisors by Virginia law Title 15.2 and subsequent sections. Therefore, they are their own local governing body, ultimately ruled by the decisions made by their director(s) and supervisors.

The standard for the Fourth Federal District is that "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Scott v. Wise Cnty. Dept. of Soc. Servs.*, Case No. 2:17CV00006, 4 (W.D. Va. Aug. 11, 2017) citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

The second legal standard in the Fourth District is that "Only in cases where the municipality causes the deprivation "through an official policy or custom" will liability attach" *Lytle v. Doyle,* 326 F. 3d 463 (4th 2003) citing *Carter v. Morris,* 164 F.3d 215, 218 (4th Cir.1999). "A policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest [s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

*Lytle v. Doyle, 326 F. 3d 463 (4th 2003)*. "Municipality" is defined as a "local government entity" in the Fourth District (*Love-Lane v Martin 355 F. 3d 766 Court of Appeals (4th District 2004))*.

Plaintiff has adequately alleged and stated in her current 2020 Complaint that Defendant Wise Co. Dept. of Social Services' unconstitutional actions were the result of policies, omissions such as failure to properly train employees, and "practices with the custom or usage with the force of law".

In *Scott v. Wise Cty. Dep't of Soc. Servs.*, 2017 U.S. Dist. LEXIS 128448 (W.D. Va. Aug. 11, 2017.) this court dismissed the suit *because* Plaintiff did not allege their actions were due to an "*official policy or custom*" in her 2017 Complaint pleading. The court stated in *Scott v Wise County Dept of Social Services* (W.D. Va. Aug. 11, 2017) that "the Plaintiff has alleged no facts tending to show that the actions of unidentified employees of…Wise County DSS were carried out pursuant to an *official policy. Therefore*, I will grant the Defendants' motions to dismiss" (emphasis added). This court dismissed the prior lawsuit *because* of the lack of connection between their actions and the mention of "official policy or custom" in the Plaintiff's complaint. This is not the case in the current Complaint filed by the Plaintiff in the year 2020. In the current suit the Plaintiff has adequately plead facts regarding official policies and customs that resulted in constitutional violations by Defendant Wise Co. DSS.

(B) Virginia law makes a local department of social services its own governing body

Defendant Wise County Department of Social Services is its own governing body. Under Virginia Code Section 15.2-1500(A), the State of Virginia recognizes a local Department of Social Services as its own component of the *local* government. Virginia Code Section 15.2-412 further acknowledges the structure of an *independent* Social Services, guided by a Director, as Wise County has structured their Social Services. Wise Co. DSS is not listed on the "organizational chart" published by Wise County under the general Wise County Board of Supervisors. A local Department of Social Services is not an "arm of the state". Hence the reason Virginia Code Section 15.2-1520 makes provision for local department of social services to obtain counsel if they are sued.

(C) Necessity of naming solely Wise County Department of Social Services as a Defendant

As of the date of the filing of her Complaint, Plaintiff cannot justifiably sue individual board members, the director or specific employees of the Department of Social Services because (1) their individual and collective contributions to policy making cannot be determined without entering the discovery phase to subpoena documents which are *not* public and (2) Supervisors are fluid over time and the Plaintiff would need to subpoena documents which are not public to ascertain who contributed to policy making at any particular time. After moving to the discovery phase, the Plaintiff should be granted leave to add and join additional Defendants under Rule 19 or otherwise when and if she discovers any particular person or persons responsible for policy

making within *or* in addition to the governing body named "Wise County Department of Social Services". As of the date of filing her Complaint, the Plaintiff had no reason to believe that the Wise County Department of Social Services received their policies for initial home investigations from any other governing body. No other party can be added as Defendants without discovery that would lead to the Plaintiff joining in Defendants who may also be liable.

(D) Practices and Customs adopted by Defendant Wise County Department make it its own governing body and municipality

Plaintiff has already adequately stated in her 2020 Complaint that Defendant Wise County Department of Social Services has exercised its own individual governing powers by engaging in practices that are so "persistent and widespread that they constitute a custom or usage with the force of law". This rises to the threshold of defining them as their own municipality and governing body. Their decision, as "Wise County Department of Social Services" to (a) come to someone's home without a warrant and to (b) not provide the assistance of counsel while they conduct criminal investigations are all done because they, as their own governing body, adopted these practices into their routines. No other governing body told them to adopt these practices. They adopted them collectively as Directors, Supervisors and employees who make up the governing body and municipality of "Wise County Department of Social Services".

### III. ELEVENTH AMENDMENT IMMUNITY

(A) *Doe v Mullins* insufficient to support Defendant's Eleventh Amendment Immunity claims

In support of Defendant's request for Eleventh Amendment Immunity, Defendant, by counsel, cites *Doe v Mullins*. This case law is insufficient to prove they qualify for Eleventh Amendment Immunity because *Doe v Mullins* is about "child welfare *services*", not a *home investigation*. A home investigation of someone's home for *alleged* abuse and neglect of a child does not fall under the definition of "child welfare services" as defined by Va Code § 63.2-319. The 6 listed "child welfare services" defined in Va Code § 63.2-319 are *after* a determination is made that a child, or children, are in need of services, *not* including the initial home investigation. A home investigation and family assessment are not a "child welfare service" under the definition of Virginia law.

On all four occasions that Wise County Department of Social Services visited the Plaintiff's home, it was determined that *services* were not needed. Therefore, none of the definitions in Va Code § 63.2-319 apply. Va Code § 63.2-319 is a distinguishing factor of *Doe v Mullins*. Consequently, the use of this state law within that case *and* the "child welfare services" circumstances of *Doe v Mullins* are too different to make it applicable in this current suit.

(B) Wise County Department of Social Services

accepts Federal Funding for Home Investigations

Virginia has waived its immunity for *home investigation* liability by accepting federal funds for local Department of Social Services through the state which it then disperses to individual counties. The Wise County Department of Social Services accepts federal funding for conducting home investigations. According to Virginia Code 63.2-400 and 63.2-410 these funds come from federal programs, with conditions stipulated by the federal government. As a county receiving funds under the Child Abuse Prevention and Treatment Act (CAPTA), which is received in part to conduct home investigations, they are bound to follow the Constitution of the United States and cannot qualify for Eleventh Amendment immunity with regard to home investigations.

(C) *Kincaid v Anderson* does not apply in this case

In *Scott v Wise Co Dept of Social Services* (W.D. Va. Aug. 11, 2017), this court ruled that *Kincaid v Anderson* applied "for *the reasons* stated in *Kincaid*" (emphasis added). *The reasons* for sovereign immunity in *Kincaid* were that "the defense of sovereign immunity disposes of the plaintiff's state law claims, and the plaintiff's *failure to allege adequate facts* disposes of her federal law claims" (emphasis added). However, *Kincaid v Anderson* does not apply here in the current suit because here in the current 2020 suit the Plaintiff has adequately plead and alleged facts. A distinguishing factor between *Scott v Wise Co Dept of Social Services* (W.D. Va. Aug. 11, 2017)

and this case is that, here, in the 2020 suit, the Plaintiff has adequately plead facts as they relate to federal law claims. Subsequently, *Kincaid v Anderson* does not apply in this current suit.

### (D) Supremacy Clause outweighs Eleventh Amendment Immunity when Declaratory Relief is requested

In this current 2020 suit the Plaintiff has specifically asked for Declaratory Relief. This is a distinguishing factor between *Scott v Wise Co Dept of Social Services* (W.D. Va. Aug. 11, 2017) and this 2020 current case. Eleventh Amendment immunity standards do not completely dissolve the ability of this court to grant Declaratory Relief to the Plaintiff and to declare the actions of Defendant Wise County Dept. of Social Services as unconstitutional. In *Green v. Mansour, Director, Michigan Dept. of Social Services* the Supreme Court ruled that "If relief is sought against *continuing violations*, the Court finds that the Supremacy Clause outweighs the Eleventh Amendment. Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law" (emphasis added) (*Green v Mansour, Director, Michigan Dept. of Social Services 47 US 64 (1985)*).

### CONCLUSION

For the reasons stated above the Plaintiff respectfully requests that this court deny the Defendant's Motion to Dismiss and allow the case to proceed to the next stage. Further, she respectfully requests that, in the interest and advancement of the standard of Rule 8(e), and to

vindicate the federal interest in assuring the supremacy of the Constitution of the United States, that this court: (1) declare the actions of Defendant Wise County Department of Social Services' unconstitutional on all counts described within her Complaint and (2) prevent further violations by Declaratory Relief. Specifically, that this court declare their decisions to (a) coercively enter and search the Plaintiff's home, car and effects without a warrant, specifically describing the places to be searched, and (b) not provide the assistance of counsel in a criminal investigation, and (c) engage in unreasonable seizures of the Plaintiff and; (d) conduct unreasonable searches of the Plaintiff's home, car and effect and; (e) twice subject her to questioning for the same criminal allegations and; (f) further violate her fifth and fourteenth amendment rights and; (g) prohibit the video filming of their employees in the capacity of their duties, as violations of the Plaintiff's constitutional rights.

Respectfully submitted,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
Richmond, VA 23218
mscottw@gmu.edu
540-692-2342

CERTIFICATE OF SERVICE

I hereby certify that I have both mailed a copy of this RESPONE and MOTION TO STRIKE to the Defendant, by counsel, to Christopher Dadak, Esquire, GUYNN, WADDELL, CARROLL & LOCKABY, P.C. 415 S. College Avenue, Salem, Virginia 24153 and by electronic delivery to christopherd@guynnwaddell.com on this __17th__ day of Sept., 2020.

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
Richmond, VA 23218
mscottw@gmu.edu
540-692-2342