IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| MELINDA SCOTT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 2:20cv14 |
| | ) | |
| WISE COUNTY DEPT. of | ) | |
| SOCIAL SERVICES | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOSHUA MOON | ) | |
| | ) | |
| Defendants. | ) | |

## WISE COUNTY DEPARTMENT OF SOCIAL SERVICES' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant Wise County Department of Social Services ("Wise DSS"), by counsel, submits this memorandum in support of its motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### A. Wise DSS is not a "local governing body"

Plaintiff appears to confuse having a local board or local director as equivalent to being a "local governing body." Plaintiff's argument that Wise DSS is a local governing body runs contrary to Virginia law and this Court's prior rulings. "Overall, the court believes that the Department does not have a legal existence that is separate and apart from [the] County or the Commonwealth of Virginia. *Ross v. Franklin Cty. Dep't*, 186 F. Supp. 3d 526, 535 (W.D. Va. 2016) (citations omitted).

### B. Plaintiff is seeking retrospective and compensatory relief

While Plaintiff now argues that her claim is a declaratory judgment action where Eleventh Amendment immunity does not apply, her Complaint contradicts this argument. Plaintiff specifically requests "Damages for the Plaintiff's injuries in the amount of $500,000 for Defendant Wise Co. DSS." (Compl. p. 12.) Plaintiff cannot disguise the true retrospective nature of her claim, which bars her from relief. "Federal courts may not award retrospective relief, for instance money damages or its equivalent, if the State invokes its immunity." *Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citations omitted); *see also Idaho v. Coeur D'Alene Tribe*, 521 U.S. 261 (1997) (O'Connor, J. concurring) ("A federal court cannot award retrospective relief, designed to remedy past violations of federal law.") (citations omitted). This court has correctly concluded in the past that Wise DSS is entitled to sovereign immunity pursuant to the Eleventh Amendment and should make the same ruling here.[1]

### C. Plaintiff's conclusory allegations of a policy insufficient to state a claim

Plaintiff attempts to impose liability on Wise DSS for four visits to her residence. Plaintiff can show an official policy or custom through an express written policy, through decisions by a policymaker, through an omission, such as a failure to train, that manifests deliberate indifference to the rights of citizens, or through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law. *See Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003). Plaintiff then must demonstrate a "direct causal link" between the policy or custom and the deprivation of the plaintiff's rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-86 (1989); *see also Brown v. Mitchell*, 308 F. Supp. 2d 682, 694 (W.D. Va. 2004)

---

[1] Plaintiff also argued that Virginia Code Sections 63.2-400 and 63.-410 demonstrated that Wise DSS accepted federal funding and thus waived immunity. The cited statutes do not support the argument.

(stating that a "plaintiff seeking to establish municipal liability also must [show] that the municipality's custom or policy actually caused the constitutional deprivation.") (citations omitted). Four visits over the course of three years is insufficient to establish "a practice that is so persistent and widespread as to constitute a custom or usage with the force of law." Plaintiff's conclusory allegations that this case involves a "policy or practice" are insufficient as a matter of law.

Furthermore, Plaintiff's claims do not involve Constitutional violations and therefore there is no proximate cause. Plaintiff concedes that during these four visits she consented to Wise DSS employees entering her home.[2] Probable cause is not required for Wise DSS's voluntary interviews with Plaintiff or her children, or at a minimum a failure to have probable cause does not violate Plaintiff's constitutional rights in the context of a voluntary interview.[3] *See United States v. Drayton*, 536 U.S. 194, 201 (2002). Plaintiff's conclusory statements that her Sixth[4] and Fourteenth Amendment[5] rights were violated are similarly without merit.

## CONCLUSION

For the reasons discussed here and in Wise DSS's original memorandum in support of its motion to dismiss, the Plaintiff's complaint fails to state a claim upon which relief may be granted. As a matter of law, the action against Wise DSS should be dismissed with prejudice.

---

[2] Plaintiff contends that an encounter in September 2016 "coerced" her into her consenting to the visits between 2017 and 2020. Notably, any acts in 2016 and 2017 are well outside the statute of limitations and cannot support Plaintiff's claims.
[3] Notably, Virginia law explicitly allows DSS employees in certain instances to interview a minor without the presence or consent of a parent. Va. Code Ann. § 63.2-1518.
[4] Plaintiff's Sixth Amendment right to know the evidence and charges are not implicated in a voluntary interview during a DSS investigation and absent any criminal proceedings.
[5] There was no trial therefore Plaintiff's argument that DSS cannot admit exhibits from third parties is legally immaterial (and frankly difficult to construe).

Respectfully submitted,

WISE COUNTY DEPARTMENT OF SOCIAL SERVICES

/s/ Christopher S. Dadak
Christopher S. Dadak (VSB # 83789)
GUYNN, WADDELL, CARROLL & LOCKABY, P.C.
415 S. College Avenue
Salem, Virginia 24153
Phone: 540-387-2320
Fax:    540-389-2350
christopherd@guynnwaddell.com
*Counsel for Wise Co. Dept. of Social Services*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document the Plaintiff appearing *pro se*:

> Melinda Scott
> 2014PMB87
> PO Box 1133
> Richmond, Virginia 23218

/s/ Christopher S. Dadak
Christopher S. Dadak (VSB # 83789)
GUYNN, WADDELL, CARROLL & LOCKABY, P.C.
415 S. College Avenue
Salem, Virginia 24153
Phone: 540-387-2320
Fax:    540-389-2350
christopherd@guynnwaddell.com
*Counsel for Wise Co. Dept. of Social Services*