# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **MELINDA SCOTT,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:20CV00014 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **WISE COUNTY DEPARTMENT OF** ) | By: James P. Jones |
| **SOCIAL SERVICES, ET AL.,** ) | United States District Judge |
| ) | |
| Defendants. ) | |

*Melinda Scott, Pro Se Plaintiff; Christopher S. Dadak, Guynn, Waddell, Carroll, & Lockaby, P.C., Salem, Virginia, for Defendant Wise County Department of Social Services.*

The plaintiff, proceeding pro se, asserts claims against the Wise County Department of Social Services (WCDSS), an individual named Joshua Moon, and four unknown defendants. Plaintiff bases her claims against WCDSS on its alleged violation of the plaintiff's constitutional rights. WCDSS has moved to dismiss for failure to state a claim. Because I find that the Complaint fails to state a viable claim against this defendant, I will grant the Motion to Dismiss.[1]

---

[1] This is not the plaintiff's first suit against WCDSS. Most recently, in 2017, I dismissed the plaintiff's action against WCDSS for failing to state a claim against it. *Scott v. Wise Cnty. Dep't of Soc. Servs.*, No. 2:17CV00006, 2017 WL 3476976 (W.D. Va. Aug. 11, 2017).

I.

The Complaint alleges the following facts, which I must accept as true for the purpose of deciding this motion. On June 22, 2020, two WCDSS social workers visited the plaintiff's Wise County residence. The plaintiff, upon opening the door for the social workers, attempted to use an audio-visual recording device to record the interaction. The plaintiff was then told that video recording was against WCDSS policy. The plaintiff contends that this refusal violated her First Amendment rights. The plaintiff further alleges that the social workers, who had "an unfriendly demeanor," Compl. ¶ 7, ECF No. 2, entered her home, and questioned her about her firearms, her legal spouse, and her contact with online user profiles. They asked to interview her older children. One social worker also asked to see the plaintiff's food supply, which prompted the plaintiff to show the social worker the freezer, refrigerator, and cabinets. The plaintiff contends that this visit, along with three other visits in October 2017, March 2018, and August 2018, violated her Fourth, Fifth, Sixth, and Fourteenth Amendment rights, and therefore WCDSS maintains policies, practices, and/or customs that have violated her constitutional rights. The plaintiff specifically contends that WCDSS failed to present a warrant or present a warrant describing the places to be "searched" during the visits, that WCDSS lacked probable cause to conduct the visits and the plaintiff felt coerced into allowing the WCDSS employees into her home, that WCDSS unreasonably searched and seized

her, that WCDSS conspired with the other defendants to deprive her of her rights, and that WCDSS was investigating an alleged crime and the plaintiff was not provided counsel or informed of all of the accusations against her prior to the WCDSS employees entering her home. Plaintiff seeks damages from this defendant in the amount of $500,000.

The defendant has moved to dismiss the Complaint, arguing that it is entitled to sovereign immunity and alternatively, that it is not an entity subject to suit in Virginia. The Motion to Dismiss is ripe for decision.

II.

The defendant first argues that the plaintiff's Complaint must be dismissed because the defendant is entitled to Eleventh Amendment immunity. I agree.[2]

The Eleventh Amendment bars suits for money damages against a state unless Congress has expressly abrogated that immunity, or the state has consented to suit. U.S. Const. amend. XI; *see, e.g.*, *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996). The Supreme Court has construed the Eleventh Amendment to also grant

---

[2] Accordingly, there is no need to reach the defendant's capacity argument. Moreover, the court notes that it may be more appropriate to consider the motion under Rule 12(b)(1), *see, e.g.*, *Zemedagegehu v. Arthur*, No. 1:15cv57 (JCC/MSN), 2015 WL 1930539, at *3 (E.D. Va. Apr. 28, 2015) (highlighting the recent trend to treat Eleventh Amendment immunity motions under 12(b)(1), but noting that the Fourth Circuit has not resolved the issue). However, because subject matter jurisdiction may be raised sua sponte, *Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 227 (4th Cir. 1997) ("We believe that, because of its jurisdictional nature, a court ought to consider the issue of Eleventh Amendment immunity at any time, even sua sponte."), the defendant's reference only to Rule 12(b)(6) in its motion is inconsequential to this ruling.

immunity to an unconsenting state in suits brought by the state's own citizens in federal courts. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). "It has long been settled that the reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Regents of the Univ. of Cal. v. Does*, 519 U.S. 425, 429 (1997) (citation omitted). This includes so called "arm[s] of the [s]tate." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). However, "as distinct from states or arms of the state," local governing bodies, such as municipalities, are considered "persons" under 42 U.S.C. § 1983 and therefore can be sued for monetary, declaratory, or injunctive relief if it is plausibly alleged that the body's policy or custom is responsible for the deprivation of constitutional rights. *Nelson v. Herrick*, No. 3:11–cv–00014, 2011 WL 5075649, at *8 (W.D. Va. Oct. 26, 2011) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)).

Thus, the threshold question here is whether the WCDSS is an arm of the Commonwealth of Virginia or a person subject to suit under § 1983.[3] "In this inquiry, the court must determine whether, under state law, the entity functions more

---

[3] While the plaintiff does not specifically refer to § 1983 in her Complaint, I construe plaintiff's claims regarding the alleged constitutional violations as claims brought under § 1983. The plaintiff does discuss the statute in her Response. Pl.'s Resp. 4–5, ECF No. 12.

like a county or municipality than like an arm of the State itself." *Kincaid v. Anderson*, No. 1:14CV00027, 2015 WL 3546066, at *3 (W.D. Va. June 8, 2015) (internal quotation marks and citations omitted).  As explained in *Kincaid v. Anderson*, the Commonwealth maintains a high degree of control over local departments of social services in their role of protecting children. *Id.*; *see also Nelson*, 2011 WL 5075649, at *9–10.  For example, "[s]tate law requires local departments of social services to perform their child welfare services subject to the direction of the State Commissioner of Social Services and in accord with regulations adopted by the State Board of Social Services." *Doe v. Mullins*, No. 2:10CV00017, 2010 WL 2950385, at *1 (W.D. Va. July 22, 2010) (citing Va. Code Ann. § 63.2–319 (2007)); *see also Fields v. Prater*, 566 F.3d 381, 383 (4th Cir. 2009).  Because of this control, it has been determined that local social services departments are "arms of the state" when it comes to child welfare services thus entitling them to sovereign immunity. *See, e.g.*, *Kincaid*, 2015 WL 3546066, at *3.

Therefore, although local governing bodies are not immune from claims brought pursuant to § 1983, *Monell*, 436 U.S. at 690, WCDSS, as an arm of the Commonwealth, is not a local governing body or any other "person" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding "that neither a State nor its officials acting in their official capacities are "persons" under § 1983."); *Doe*, 2010 WL 2950385, at *1 ("Doe's federal claims

against the Commonwealth of Virginia and the WCDSS must also be dismissed because these defendants are not "persons" for the purpose of seeking damages under § 1983."). Accordingly, I find that WCDSS is immune from this suit. Because amendment of the Complaint would be futile, I will dismiss the Complaint against WCDSS with prejudice.

### III.

For the reasons set forth above, it is **ORDERED** that the Motion to Dismiss, ECF No. 8, is GRANTED and Wise County Department of Social Services is DISMISSED with prejudice as a party to this action.

ENTER: October 15, 2020

/s/  JAMES P. JONES
United States District Judge