IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

NOV 20 2020

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

| | | |
|---|---|---|
| MELINDA SCOTT, | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. 2:20cv14 |
| | ) | |
| WISE COUNTY DEPT. | ) | |
| of SOCIAL SERVICES, | ) | |
| et al | ) | |

MOTION TO JOIN IN DEFENDANTS

COMES NOW, the Plaintiff, in accordance with Rule 19, and requests that this honorable court grant the Plaintiff leave to join in the following parties as Defendants *and* for the reasons that follow:

    (1) Wise County Board of Supervisors

    (2) Wise County Social Services Board of Supervisors

    (3) Virginia Department of Social Services Commissioner, S. Duke Storen, in his official capacity

    (4) Virginia State Board of Social Services

The reasons for joining in the above mentioned four (4) additional Defendants is as follows:

    (a) In order to prevent the undue burden upon the Plaintiff, and upon this court, of the Plaintiff re-filing a similarly duplicate case for constitutional violations, it is more reasonable to join in Defendants instead of distributing more paperwork and;

(b) Prior to arguments the Plaintiff presented in her previous pleadings in *this case*, there was not a single case law in the Fourth District to address to matter of constitutional violations with respect to *initial home investigations* conducted by local departments of social services and;

(c) Now that this court has ruled upon the status of a local social services being its own "governing body" when guided by a director, with regard to *initial home investigations*, the Plaintiff has only *recently* obtained available case law which provides clarification of the law, and because of its only recent availability should be granted leave to add in Defendants now that this court has clarified the law in some regard as to *initial home investigations* and local department of social services and;

(d) Plaintiff previously argued before this court that Wise County Department of Social Services is it's own "governing board" because it is *not* listed under the publicly published organizational chart under Wise County Board of Supervisors however, this court declined to uphold that argument and;

(e) Plaintiff previously argued before this court that "services" under Virginia Code 63.2-319 did *not* include *initial home investigations* however, this court declined to address or uphold that argument and;

(f) Plaintiff previously argued before this court that Wise County Department of Social Services, including their Supervisors and Directors, were unilaterally making their own decisions regarding *initial home investigations* however, this court declined to uphold that argument and;

(g) This court has determined that for the purpose of *initial home investigations*, including *unfounded* visits, Wise County Department of Social Services is being

      directed, controlled and governed by other governmental officers and bodies beyond itself and;

(h) If this court has now only *recently* issued a new ruling determining that Wise County Department of Social Services is being directed, controlled and governed by other governmental bodies for the purpose of *initial home investigations*, then the aforementioned four (4) Defendants are additionally responsible for the conduct of case workers that come to residential homes for *initial home investigations* and;

(i) Therefore, now that this court has ruled on these arguments and matters, where there lacked guidance previously by the lack of availability of any other case law in the Fourth District addressing *initial home investigations* by local department of social services, and;

(j) in order for the Plaintiff to request and obtain Declaratory Relief and damages for constitutional violations, both past and future, there must be additional Defendants named as the responsible parties controlling the decisions of Wise County Department of Social Services who conducts *initial home investigations*.

RESPECTFULLY SUBMITTED,

*/s/ signature/*
Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
Richmond, VA 23218
mscottw@gmu.edu
540-692-2342