UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Big Stone Gap Division)

| | |
|---|---|
| MELINDA SCOTT,<br><br>       Plaintiff,<br><br>v.<br><br>WISE COUNTY DEPARTMENT OF SOCIAL SERVICES, *et al.*,<br><br>       Defendants. | Case No. 2:20-cv-00014-JPJ-PMS<br><br>**MEMORANDUM IN SUPPORT<br>OF MOTION TO SET ASIDE DEFAULT** |

NOW COMES Joshua Moon, and submits this Memorandum in Support of his Motion to Set Aside the Default Judgment against him in this matter.

**I. Introduction**

As set forth in the Motion to Set Aside the Default Judgment, the Motion to Dismiss, and the Memoranum in Support of the Motion to Dismiss, the Plaintiff is a frequent litigant in this and other courts in Southwest Virginia.[1] In fact, this represents her third suit in this Court against Mr. Moon.[2] Yet both previous suits in this Court were dismissed for failure to state a claim, even though Mr. Moon was never served in those matters and never entered his appearance to defend those matters. And two matters which Mr. Moon and undersigned counsel became aware of only in recent days were also dismissed by the state courts in Wise County.[3] Against this backdrop, this Court should carefully examine the circumstances of the default in this matter. The Court

---

[1] See Motion to Dismiss at fn. 1 and Memorandum in Support of Motion to Dismiss at fn. 1-4 for a detailed catalogue of Ms. Scott's claims in this Court and in the area's state courts.
[2] *Scott v. Carlson et al.* (Case No. 2:18-cv-00047-JPJ-PMS) (Dismissed Dec. 12, 2018 for failure to state a claim), *Scott v. Moon et al.* (Case No. 2:19-cv-00005-JPJ-PMS) (Dismissed Jan. 24, 2019 for failure to state a claim), and the instant matter.
[3] *Scott v. Moon* (Circuit Court Case No. CL17000827-00; General District Court Case No. GV17000529-00).

should review the deficiencies in process and service of process which are noted in the Motion to Dismiss and its accompanying memorandum, evaluate the factors from *Payne v. Brake*, 439 F.3d 198 (4th Cir. 2006), and relieve Mr. Moon from his current default status.

## II.     *Payne v. Brake*, 439 F.3d 198 (4th Cir. 2006) Compels Relief

The Fourth Circuit has set forth the standard for a District Court to follow when evaluating a Motion to Set Aside an entry of default. "When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne*, 439 F.3d at 204-05 (4th Cir. 2006).

Whether the defendant has a meritorious defense is the first factor set forth in *Payne*. Here, the defendant has filed a detailed Motion to Dismiss, which sets forth numerous grounds to for dismissal of this matter under Rule 12. This Court need only look to that Motion to see the numerous viable defenses Mr. Moon has available to him. This Court may also consider, for purposes of that analysis, the exceedingly few allegations that are made against Mr. Moon in the complaint, and Ms. Scott's status as a frequent litigant whose claims against Mr. Moon and others have historically been dismissed by this Court for failure to state a claim.

This Court must also consider Mr. Moon's alacrity in seeking relief from default. Here, there were numerous deficiencies in service, which are detailed at length in the Motion to Dismiss. Although Mr. Moon will not repeat the deficiencies cited in that motion, it is nevertheless worth noting that Mr. Moon became aware of the entry of default on November 23, 2020, and that he has managed to retain counsel and file various pleadings in a matter of two

weeks. This only illustrates Mr. Moon's diligence in defending this matter once he became aware that such a defense was necessary.

This Court should also find that Mr. Moon is without fault for his default status. As detailed in the Motion to Dismiss and elsewhere herein, Mr. Moon entered default because he was not properly served. The face of the summons itself indicates that the service of process was not reasonably calculated to reach him. See Dkt. No. 5. Even if the summons had reached him, it did not contain the name of the Court in which he would have been required to file a response. Under such circumstances, it seems extraordinarily unlikely that Mr. Moon could have done anything more than he has done to date to properly defend this matter.

There is no reason to believe that relieving Mr. Moon from default will in any way prejudice Ms. Scott. The record in this case reveals that her claims against the Wise County Department of Social Services have already been dismissed without a trial. No effort has been expended in preparation for a damages hearing, and no damages hearing is currently scheduled on the docket. To the extent Ms. Scott feels she has a meritorious claim against Mr. Moon, she will remain fully able to litigate the merits of her case if Mr. Moon is relieved from default and allowed to defend himself on the merits.

Mr. Moon has not behaved in a dilatory fashion in this matter. As set forth above and in the other contemporaneously-filed pleadings, he has managed to retain counsel and assist counsel with these filings in the very short time that has elapsed since November 23, 2020, which is the date on which he became aware of the default. There is no evidence Mr. Moon evaded process or otherwise delayed the adjudication of this matter. Instead, all available evidence points to the simple reality that Mr. Moon is an American who resides overseas and

moved as quickly to defend this matter as soon as he became aware that there was a matter to defend.

There is no need apparent on the record before this Court to sanction Mr. Moon in any manner at all. Yet even if there were reason for some sanction, default is the ultimate sanction. The Fourth Circuit has held that there are "due-process-based limits on a court's power to sanction through default judgment." *RDLG, LLC v. Leonard*, 649 F. App'x 343, 347 (4th Cir. 2016). The Fourth Circuit has further made clear that it "requir[es] explicit and clear notice to parties when their failure to meet the . . . conditions [of a court order] will preclude their right to adjudication on the merits." *Id*., quoting *Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 471 n.2 (4th Cir. 1993)*. Here, there is nothing to indicate that Mr. Moon received any warning at all that he was about to be held in default by this Court. He was not warned because he did not receive the summons, because the summons was facially deficient (failing to identify the court that issued it), and because he received no indication that the Plaintiff intended to seek default. Under such circumstances, Mr. Moon is entitled to relief from the default.

### III.     Conclusion

This Court should grant Mr. Moon's Motion to Set Aside the Default Judgment and proceed to adjudicate his Motion to Dismiss.

Respectfully submitted this the 7th day of December, 2020,

JOSHUA MOON

**By Counsel:**

/s/Matthew D. Hardin
Matthew D. Hardin, VSB #87482
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (434) 202-4224
Email: MatthewDHardin@protonmail.com
*Counsel for Mr. Moon*