UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Big Stone Gap Division)

MELINDA SCOTT,

                      Plaintiff,

v.

                                      Case No. 2:20-cv-00014-JPJ-PMS

WISE COUNTY DEPARTMENT OF
SOCIAL SERVICES, *et al*.,

                      Defendants.

## **MOTION TO DISMISS**

NOW COMES Joshua Moon, and moves to dismiss the complaint in this matter pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5), and 12(b)(6). In support of this Motion, Mr. Moon states as follows:

1) He is not an employee or officer of any federal, state, or local government or government agency.

2) He does not reside in the Western District of Virginia or the United States of America. He has not resided in the United States since July 9th, 2018 and has not visited the United States since July 9th, 2018. He has never, to the best of his knowledge, set foot in the Western District of Virginia. He has not visited Virginia at all since childhood.

3) The Complaint is devoid of allegations that Mr. Moon undertook any acts which could lead to proper venue in the Western District of Virginia. Because Mr. Moon is not a government actor, does not reside in this district, does not reside in the United

States, and has not even set foot in the Western District of Virginia, this Court lacks personal jurisdiction over him.

4) Process was itself defective in this matter. The Summons does not contain the name of the Court as required by Fed. R. Civ. P. 4 (a)(1)(A). See Dkt. No. 5 (which lists the "U.S. District Court for the" but contains no information regarding the district in question."). Such defects in process must be remedied under Fed. R. Civ. P. 12(b)(4). See *Shong Ching Lau v. Change*, 415 F. Supp. 627, 630 fn. 3. (E.D. Pa. 1976), citing 5 Wright & Miller, Federal Practice and Procedure: Civil § 1353 at p. 577-580 (1969).

5) Service of Process in this matter was also defective under Fed. R. Civ. P. 4 for several reasons:

    a. The Summons was not served timely as required by Fed. R. Civ. P. 4(c)(1) and 4(m).

    b. Service of process has not been waived pursuant to Fed. R. Civ. P. 4(d). Nor could any penalty be imposed on Mr. Moon for failure to waive service pursuant to Rule 4(d)(2) because he is not located within the United States and has not at any point since this action was filed entered the United States.

    c. Fed. R Civ. P. 4(e) either does not apply or was not complied with. Specifically, Mr. Moon is not "within a Judicial District of the United States" as contemplated by the Rule and has not been within such a judicial district since this action was filed. Alternatively, assuming *arguendo* that Rule 4(e) does apply, neither Rule 4(e)(1) or 4(e)(2) were complied with.

      i. Fed. R. Civ. P. 4(e)(1) allows service in compliance with either the law of the state courts where the judicial district is located or the state courts where service was made. Here, the plaintiff's service neither complied with the laws of Virginia or Florida. Va. Code § 8.01-296 requires that service upon a natural person be perfected either by serving such person physically, or by leaving the summons and complaint at the individual's place of abode. Similarly, Florida. Stat. 48.031(1)(a) requires service either *in personam* or by leaving process at a "place of abode." However, Dkt. No. 5 reflects that service in this matter was made upon an "electronic mailbox," and that Mr. Moon would have to pay a third party in order to receive service. There is no indicia that the recipient of the summons guaranteed to send it to anyone other than an unnamed third party, whom Mr. Moon would have the "option" to pay in order to receive it. Such "service" neither comports with the requirements of the Federal Rules of Civil Procedure nor with principles of Due Process.

     ii. Fed. R. Civ. P. 4(e)(2) permits service *in personam*, via leaving the summons and complaint at a "place of abode," or by leaving service with an agent authorized by law to accept service of process. Service in this matter was not undertaken consistent with any of those provisions.

d. Pursuant to Fed. R. Civ. P. 4(f), Mr. Moon is an "individual in a foreign country." However, service in this matter was not undertaken in any of the

internationally-recognized modes contemplated by or authorized in to Fed. R. Civ. P. 4(f).

    e. Mr. Moon is not a corporation or association subject to service under Fed. R. Civ. P. 4(h), nor were the provisions of that rule complied with.

    f. Fed. R. Civ. P. 4(k)(1)(a) establishes that a summons can only establish personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." In Virginia, Va. Code § 8.01-328.1 limits the jurisdiction of state courts over non-residents such as Mr. Moon. Indeed, under Va. Code § 8.01-328.1 (A)(4), Mr. Moon would only be liable for tortious injury in the Commonwealth based on his conduct outside the Commonwealth if "he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth." But Mr. Moon has no such regular and systematic contact with the Commonwealth, nor does he solicit business or derive revenue from activity in the Commonwealth.

6) The Complaint Fails to State a Cause of Action upon which relief can be granted.

7) On information and belief, the Complaint may be barred by the doctrines of *res adjudicata* or collateral estoppel.[1]

---

[1] This Court previously dismissed similar claims brought by Ms. Scott in *Scott v. Carlson et al.* (Case No. 2:18-cv-00047-JPJ-PMS) (Dismissed Dec. 12, 2018 for failure to state a claim) and *Scott v. Moon et al.* (Case No. 2:19-cv-00005-JPJ-PMS) (Dismissed Jan. 24, 2019 for failure to state a claim). Only while researching the instant motion did undersigned counsel for Mr. Moon become aware that Ms. Scott also filed suit against the defendant in the General District Court for Wise County. See *Scott v. Moon*, (Wise Co. General District Court Case No. GV17000529-00). That Court appears to have entered judgment for the defendant, which was upheld by the

WHEREFORE, defendant Joshua Moon respectfully requests that this Court dismiss this action against him with prejudice, and refers to the contemporaneously-filed Memorandum of Law in further support of his Motion. Alternatively, defendant respectfully submits that dismissal on the grounds of *forum non conveniens* would be appropriate. Lastly, in the event that the Court declines to dismiss on any or all of the grounds set forth herein, the Defendant requests that this Motion to Dismiss be construed as a Motion for a More Definite Statement pursuant to Rule 12(e).

Respectfully submitted this the 7th day of December, 2020,

JOSHUA MOON

**By Counsel:**

/s/Matthew D. Hardin
Matthew D. Hardin, VSB #87482
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (434) 202-4224
Email: MatthewDHardin@protonmail.com
*Counsel for Mr. Moon*

---

Wise County Circuit Court on appeal (*Scott v. Moon*, Wise Co. Circuit Court Case No. CL17000827-00). Undersigned counsel has not yet been able to obtain the state court judgments, but will update the Court if those judgments appear to bar the claims at issue in this matter.