## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### (Big Stone Gap Division)

MELINDA SCOTT,

                              Plaintiff,

v.                                                          **Case No. 2:20-cv-00014-JPJ-PMS**

WISE COUNTY DEPARTMENT OF
SOCIAL SERVICES, *et al*.,

                              Defendants.

## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

NOW COMES Joshua Moon, by counsel, and submits this memorandum of law in support of

his Motion to Dismiss.

### I.    Introduction

This complaint was filed on July 8, 2020 *in forma pauperis*. It represents the third time

Ms. Scott has sued Mr. Moon in this Court since 2018.[1] A cursory search of the Pacer system

reveals Ms. Scott has also sued numerous individuals and entities in federal court in the past

---

[1] *Scott v. Carlson et al*. (Case No. 2:18-cv-00047-JPJ-PMS) (Dismissed Dec. 12, 2018 for failure
to state a claim), *Scott v. Moon et al*. (Case No. 2:19-cv-00005-JPJ-PMS) (Dismissed Jan. 24,
2019 for failure to state a claim), and the instant matter.

few years,[2] and her name also frequently appears on the online dockets for the state courts in

Buchanan County[3] and Wise County,[4] Virginia.[5]

This Court should dismiss this suit for the same reasons it dismissed Ms. Scott's previous

two suits about Mr. Moon: she has failed to state a claim against him. Additionally, this

Court should dismiss the suit because of numerous procedural and substantive defects

identified in the accompanying motion and more fully set forth below.

## II.    Argument

This Case should be dismissed with prejudice on any or all of several grounds set forth in

Fed. R. Civ. P. 12. Alternatively, it should also be dismissed based on doctrines of *forum non*

*conveniens*.

### a.  Lack of Subject Matter Jurisdiction

In Ms. Scott's complaint, she identified two possible grounds for this Court to exercise

subject-matter jurisdiction. First, she alleges that this suit implicates federal question jurisdiction.

---

[2] *Scott v. Carlson* (Case No. 1:16-cv-00027-JPJ-PMS), *Scott v. Twelve Tribes* (Case No. 1:17-cv-00010-JPJ-PMS), *Scott v. Wise Co. Dept. of Social Services et al.* (Case No. 2:17-cv-00006-JPJ-PMS), *Scott v. Wise Co. Commonwealth's Attorney et al.* (Case No. 2:17-cv-00023-JPJ), *Scott v. Lyall et al.* (Case No. 2:17-cv-00050-JPJ-PMS), *Scott v. Va. Department of Medical Assistance Services et al.* (2:18-cv-00012-JPJ-PMS), *Scott et al. v. Wise Co. Housing Authority et al.* (Case No. 2:18-cv-00045-JPJ-PMS), *Scott v. Moon et al.* (Case No. 2:19-cv-00005-JPJ-PMS) and the current matter: *Scott v. Wise Co. Dept. of Social Services et al.* (Case No. 2:20-cv00014-JPJ-PMS).

[3] *Scott v. Appalachian Rental Solutions* (General District Court Case No. GV17000781-00), *Scott v. Appalachian Rental Solutions* (Circuit Court Case No. CL18000750-00).

[4] *Scott v. Norton Cty. DSS* (Circuit Court Case No. CL17000152-00), *Scott v. Moon* (Circuit Court Case No. CL17000827-00; General District Court Case No. GV17000529-00), *Scott v. Wise Co. Housing Authority* (General District Court Case No. GV18001649-00)

[5] This Court is permitted to "take judicial notice of court records." *United States v. Judd*, 807 F. App'x 242, 245 (4th Cir. 2020), citing *United States v. Townsend,* 886 F.3d 441, 444 (4th Cir. 2018).

Second, she identifies diversity jurisdiction. Neither argument is correct, however, and this Court is therefore without jurisdiction to hear her claims against Mr. Moon.

First, the basis in the complaint which asserts "federal question" jurisdiction is set forth as the "1st, 4th, 5th, 6th, and 14th Amendments" to the U.S. Constitution. See Dkt. No. 2 at p. 2. A possible second basis for "federal question" jurisdiction is set forth in Dkt. No. 2 at p. 38, where the plaintiff identifies 42 U.S. Code 1983. However, it appears from a review of the remainder of the complaint that "Cause of Action I," which contains all allegations regarding Constitutional rights, is against the "Wise County Department of Social Services." See Dkt. No. 2 at p. 8. Only "Cause of Action II – Tort of I.I.E.D." appears to allege actions undertaken by Mr. Moon. Further, only that second cause of action appears to seek relief as against Mr. Moon.

All claims against the Wise County Department of Social Services were dismissed by this Court by order dated October 15, 2020. See Dkt. No 15. Thus, the only claims that remain before this Court are the claims against Mr. Moon. Mr. Moon, however, is not named as a defendant in any Constitutional Claim or 42 U.S.C. 1983 Claim. Even if he were, this Court would be compelled to dismiss those claims because the Fourth Circuit has held that "private actors are not liable under 42 U.S.C. § 1983, because the statute only provides relief for deprivations of constitutional rights by state actors." *Barrett v. PAE Gov't Servs.*, 975 F.3d 416, 434 (4th Cir. 2020). And, "§ 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S. Ct. 977, 985 (1999), citing *Blum v. Yaretsky*, 457 U.S. 99, 1002 (1982). Simply put, Mr. Moon is not a governmental actor and is, therefore, incapable of violating Ms. Scott's Constitutional rights. The government actors who were parties to this lawsuit have already been dismissed.

The remaining claims in this case are found in Count II and appear to be rooted in state law. Intentional Infliction of Emotional Distress is a creature of the common law in Virginia. See *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015) (applying Virginia state law to determine whether conduct rose to the level of the Intentional Infliction of Emotional Distress). State law claims, however, ought only to be entertained where there is diversity jurisdiction. The Complaint alleges that Ms. Scott is a citizen of Virginia and Mr. Moon is a citizen of Florida. See Dkt. No. 2 at p. 4. While the defense does not concede Mr. Scott's Florida citizenship for purposes of federal diversity jurisdiction, the issue is not because this case also does not meet the "amount in controversy" requirement.

Although the Plaintiff seeks an aggregate total of $675,000 in her complaint, she seeks the vast majority of this amount from the Wise County Department of Social Services, See Dkt, No. 2 at p. 6. In fact, Ms. Scott only seeks $50,000 in damages from Mr. Moon, with similar or smaller sums sought from various "Doe" defendants. *Id*. But the fact that Ms. Scott seeks an aggregate total in excess of the "amount in controversy" minimum is not dispositive. Instead, the amount of her claim against any particular defendant is dispositive.

"Even if the requirements for diversity jurisdiction are met for a claim against one defendant, the district courts may not exercise supplemental jurisdiction as to claims against different defendants, when such claims do not meet the requisite amount in controversy." *State Farm Mut. Auto. Ins. Co. v. Greater Chiropractic Ctr. Corp.*, 393 F. Supp. 2d 1317, 1323 (M.D. Fla. 2005), citing *Exxon Mobil Corp. v. Allapattah Servs*., 545 U.S. 546, 556 *et seq*. (2005). Because Ms. Scott is seeking to bring state law tort claims against Mr. Moon, the only conceivable basis for this Court's jurisdiction would be diversity of citizenship. Unfortunately,

Ms. Moon's complaint makes clear that such diversity jurisdiction does not lie for her claims against Mr. Moon or any of the "Doe" defendants.

### b. Lack of Personal Jurisdiction

The Fourth Circuit has already ruled, in great detail, about the scope of Virginia's long-arm statute and how it applies to bring individuals within the jurisdictional orbit of the federal Courts that sit in Virginia. *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273 (2009). Specifically, the Fourth Circuit has held that:

> The relevant portion of Virginia's long-arm statute provides, "A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's . . . [t]ransacting any business in this Commonwealth." Va. Code Ann. § 8.01-328.1(A)(1). The exercise of personal jurisdiction is proper, then, only if the asserted cause of action "aris[es] from" the non-resident defendant's "[t]ransacting business" in Virginia. § 8.01-328.1(A)(1); *see also DeSantis v. Hafner Creations, Inc.*, 949 F. Supp. 419, 423-24 (E.D. Va. 1996); *Chedid v. Boardwalk Regency Corp.*, 756 F. Supp. 941, 943-44 (E.D. Va. 1991). Because Virginia's long-arm statute is intended to extend personal jurisdiction to the extent permissible under the due process clause, the statutory inquiry merges with the constitutional inquiry. *Young v. New Haven Advocate*, 315 F.3d 256, 261 (4th Cir. 2002).

*Id. at 277.* Even in the context of business activities, the Fourth Circuit held that the long-arm statute must be applied in a manner that comports with due process protections, to include an analysis of various factors, such as:

- whether the defendant maintains offices or agents in the forum state, *see McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 221, 78 S. Ct. 199, 2 L. Ed. 2d 223 (1957);

- whether the defendant owns property  [**10] in the forum state, *see Base Metal Trading, Ltd. v. OJSC*, 283 F.3d 208, 213 (4th Cir. 2002);

- whether the defendant reached into the forum state to solicit or initiate business, *see McGee*, 355 U.S. at 221; *Burger King*, 471 U.S. at 475-76;

- whether the defendant deliberately engaged in significant or long-term business activities in the forum state, *see Burger King*, 471 U.S. at 475-76, 481;

- whether the parties contractually agreed that the law of the forum state would govern disputes, *see Burger King*, 471 U.S. at 481-82;

- whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship, *see Hirschkop & Grad, P. C. v. Robinson*, 757 F.2d 1499, 1503 (4th Cir 1985);

- the nature, quality and extent of the parties' communications about the business being transacted, *see English & Smith*, 901 F.2d at 39; and

- whether the performance of contractual duties was to occur within the forum, *see Peanut Corp. of Am. v. Hollywood Brands, Inc*., 696 F.2d 311, 314 (4th Cir. 1982).

*Id*. at 278.

Here, Mr. Moon is engaged in no business activities at all of any kind in the Commonwealth of Virginia. Nor does the complaint contain any allegations that Mr. Moon is engaged in business activities or that business activities give rise to Ms. Scott's claims.

Moreover, even if this Court were to treat Mr. Moon as a business, he meets none of the factors the Fourth Circuit has previously considered when finding that a Court has personal jurisdiction over a non-resident defendant. He signed no contract in Virginia. He made no in-person contact with Virginia. He did not agree with anyone that Virginia law would govern his conduct. He maintains no office and owns no property in Virginia. He has not set foot in Virginia since he moved from Maryland, where he was born, to Florida in 1999 as a child.

### c.  Improper Venue

Venue is governed by 28 U.S. Code § 1391(b). Specifically, venue is proper where:

(1) the defendant resides; or

(2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

(3) any judicial district in which any defendant is subject to the court's personal jurisdiction.

Here, venue is plainly improper for any claims against Mr. Moon. As the complaint alleges, Ms. Scott is a resident of Wise County, Virginia. See Dkt. No. 5 at p. 4. While this Court no doubt provides Ms. Scott a convenient forum to air her claims against Mr. Moon, he is a resident of the European Union and was "served" at an "electronic mailbox" in Florida. See Dkt. No. 5 at p.4 and Dkt. No. 5.

Nor did a substantial part of the errors or omissions "giving rise to the claim" against Mr. Moon occur in Wise County. It appears that Ms. Scott alleges Wise County's Department of Social Services engaged in all sorts of actions within Wise County. See Dkt. No. 2 at pp. 8-17 (although the complaint does not provide any detail regarding the location of the various alleged Constitutional violations, except to state that the violations apparently occurred at the plaintiff's home with an undisclosed address, undersigned counsel assumes for the sake of this motion that the Wise County Department of Social Services does not undertake any actions outside the geographic boundaries of Wise County). The allegations against Mr. Moon, however, do not appear to be tied to his actions or omissions in Wise County or in the Western District of Virginia.

Specifically, the plaintiff alleges that Mr. Moon:

(1) Owns a website, which "hosts" certain content (See Dkt. No. 2 at p. 34);

(2) engaged in unspecified "extreme and outrageous" conduct together with various Doe defendants (*Id*.),

(3) somehow "contributed" to a malicious phone call (*Id*.)

(4) posted the plaintiff's home address and "encouraged malicious behavior" (*Id*. at p. 30)

(5) holds information in a database (*Id*. at p. 37)

It is the Plaintiff's burden to make at least a "prima facia" showing that venue is proper in this District. *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir 2004), citing *Delong Equipment Co. v. Washington Mills Abrasive Co*., 840 F.2d 843, 845 (11th Cir. 1988). None of Ms. Scott's allegations suffice to make such a *prima facia* showing. Her allegations against Mr. Moon are extraordinarily threadbare, because most of her allegations appear directed either at the Wise County Department of Social Services or at the various "Doe" defendants. To the extent Ms. Moon alleges Mr. Moon did anything at all, her allegations do not indicate venue is proper in the Western District of Virginia: Ms. Scott alleges that he owns a website, but does not specific that he somehow owns it "in Virginia" or that it is hosted on servers located in the Western District. She alleges that together with others he engaged in "extreme and outrageous" behavior, but doesn't specify Mr. Moon's involvement or what actions he took, or in what location. Ms. Scott alleges that Mr. Moon "contributed" to a phone call, but doesn't specify what his contribution was, where Mr. Moon may have contributed from, or how that phone call might have brought Mr. Moon into the personal jurisdiction of the courts in the Western District. Ms. Scott alleges that Ms. Moon holds information in a database, but doesn't specify the location of that database or whether it is subject to the jurisdiction of this Court.

In short, even assuming Ms. Scott's allegations were true as the Court must at the Motion to Dismiss stage of proceedings, there is no prima facia evidence for why this Court should find Mr. Moon (a resident of either Florida or the European Union) is subject to venue in the Western District of Virginia.

### d. Insufficient Process

Process was itself improper in this matter because the summons does not contain the judicial district in which this matter is pending or the Court's seal. See Dkt. No. 5. Such defects in process must be remedied under Fed. R. Civ. P. 12(b)(4). See *Shong Ching Lau v. Change*, 415 F. Supp. 627, 630 fn. 3. (E.D. Pa. 1976), citing 5 Wright & Miller, Federal Practice and Procedure: Civil § 1353 at p. 577-580 (1969). See also *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1256 (D. Kan. 2004) (holding that the lack of the Court's seal vitiated process and that the Court therefore lacked personal jurisdiction over one of the defendants).

This Court must take judicial notice of the deficiencies of service that are apparent from the summons that was returned and filed at Dkt. No. 5.

### e. Insufficient Service of Process

Defendant Moon notes that the Service of Process in this case was deficient in at least six different ways, as set forth in the Motion that accompanies this memorandum. Without repeating such deficiencies, defendant Moon incorporates them by reference here and notes that this Court has already held in *Banks v. Leon,* 975 F. Supp. 815 (1997) that service of process which is not calculated to reach the served party would raise due process concerns. Defendant Moon further refers the Court to the notes contained on the "executed" summons, which indicate that Mr. Moon would have the "option" to pay to receive the document and that his receipt of the document was not expected or guaranteed. See Dkt. No. 5 at p. 2.

###### f.   Failure to State a Claim

This Court has previously dismissed two of Ms. Scott's claims against Mr. Moon for failure to state a claim.[6] This case should be dismissed as well.

As set forth above, Ms. Scott's allegations appear largely not to relate to Mr. Moon. To the extent that Ms. Scott sets forth allegations that the Wise County Department of Social Services has harmed her, this Court has already dismissed those claims. To the extent that Ms. Scott alleges various "Does" harmed her in various ways, Mr. Moon cannot be held responsible for the actions of the "Does" and Ms. Scott has not alleged any specific actions Mr. Moon undertook in concert with the "Does." Nor has Ms. Scott properly pleaded any information which would give rise to liability under the doctrines of *respondeat superior* or joint and several liability. Although Ms. Scott does seem to allege Mr. Moon somehow "encouraged" various activity, there is no clear allegation what activity was encouraged or how that activity was encouraged, much less an allegation that Mr. Moon was somehow a conspirator acting in concert with others.

To the extent Ms. Scott attempts to hold Mr. Moon liable for various content posted by others on his website, Mr. Moon is immune from suit pursuant to 47 U.S.C. § 230. To the extent Ms. Scott attempts to hold Mr. Moon liable for content he posted himself, her allegations do not give rise to liability. The only allegation in Ms. Scott's complaint that appears to relate to internet content posted by Mr. Moon rather than by various of the "Doe" defendants is an allegation that Mr. Moon posted her residential address on two occasions: March 13, 2017 and January 4, 2020. Any complaint relating to the 2017 content would appear to be barred by

---

[6] *Scott v. Carlson et al*. (Case No. 2:18-cv-00047-JPJ-PMS) (Dismissed Dec. 12, 2018 for failure to state a claim) and *Scott v. Moon et al*. (Case No. 2:19-cv-00005-JPJ-PMS) (Dismissed Jan. 24, 2019 for failure to state a claim)

Virginia's statute of limitations. See Va. Code § 8.01-247.1 or Va. Code § 8.01-248. Moreover, to the extent that publishing a residential address is true speech, such speech would be Constitutionally protected. "Only communications which convey 'true threats' (as opposed to, for example, inadvertent statements, mistakes, jests, hyperbole, innocuous talk, or political commentary not objectively intended to express a real threat) are "threats" outside the embrace of the First Amendment's guarantees." *United States v. Alkhabaz*, 104 F.3d 1492, 1505 (6th Cir. 1997), citing *Watts v. United States*, 394 U.S. 705 (1969).

Because so few of the allegations in the complaint appear to relate to Defendant Moon as opposed to others, and because the complaint contains only the vaguest of allegations about how Mr. Moon (as opposed to the "Doe" defendants) may have harmed Ms. Scott or acted in concert with others who were engaged in harming Ms. Scott, Mr. Moon should be dismissed from this matter. In the alternative, and if the Court does not grant dismissal under any other theory set forth herein, the Court should construe Mr. Moon's Motion to Dismiss as a Motion for a More Definite Statement under Fed. R. Civ. P. 12(e), and order Ms. Scott to set forth her allegations in a way that will enable Mr. Moon to defend himself against more specific and concrete allegations than those that he is presently faced with.

### g. *Forum Non Conveniens*

"A federal court may dismiss a case on the ground of *forum non conveniens* 'when an alternative forum has jurisdiction to hear [the] case, and . . . trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or . . . the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems.'" *SAS Inst., Inc. v. World Programming Ltd.*, 468 F. App'x 264, 265 (4th Cir. 2012), citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549

U.S. 422, 429, 127 S. Ct. 1184, 167 L. Ed. 2d 15 (2007) In order to determine whether this matter should be dismissed under the *forum non conveniens* doctrine, "must determine whether the alternative forum is: 1) available; 2) adequate; and 3) more convenient in light of the public and private interests involved." SAS Inst., 468 Fed. App'x 264 at 265, citing *Jiali Tang v. Synutra Int'l, Inc.*, 656 F.3d 242, 248 (4th Cir. 2011).

Here, the Plaintiff alleges that Mr. Moon is a resident of Florida. In actuality, Mr. Moon is a resident of the European Union. Regardless, however, this Court is not the ideal forum for this matter. Given the amount in controversy discussed elsewhere herein and Mr. Moon's residence, Ms. Scott might be better served seeking to address her claims in the courts of the European Union. To the extent Ms. Scott feels that Mr. Moon has sufficient ties to Florida, she might prefer to try her hand with the state courts of the Sunshine State. The courts of both the European Union and Florida are available to her, have wonderful track records of judicial efficiency and fairness, and would be more convenient than forcing Mr. Moon to come to Virginia to litigate this matter, despite his complete lack of Virginia ties.

III.   **Conclusion**

This Court should dismiss Ms. Scott's claims against Mr. Moon with prejudice. Alternatively, the Court should dismiss the claims under the doctrine of *forum non conveniens* or construe the Motion to Dismiss as a Motion for a More Definite Statement pursuant to Fed. R. Civ. P. 12(e).

Respectfully submitted this the 7th day of December, 2020,

JOSHUA MOON

**By Counsel:**

/s/Matthew D. Hardin
Matthew D. Hardin, VSB #87482
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com