IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

DEC 10 2020

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

MELINDA SCOTT,     )

Plaintiff           )

v.                  )          Case No. 2:20cv14

                 )

WISE COUNTY DEPT. )

 of SOCIAL SERVICES,)

et al              )

## MOTION TO STRIKE

## DEFENDANT MOON'S MOTION TO SET ASIDE DEFAULT

COMES NOW, the Plaintiff, in response to Defendant Moon's Motion to Set Aside Default and presents the following in support of her Motion to Strike.

**(A)**      **Defendant's Claims about prior lawsuits against Defendant Moon**

(1) Plaintiff denies that Defendant Moon was not properly served in two former lawsuits. He was properly served by a court appointed Marshal at an address that his business was publicly registered at in Florida since 2016.

(2) Defendant, by counsel, makes a sweeping generalization about prior lawsuits Plaintiff Scott has filed against Defendant Moon. Counsel, Mr. Hardin, failed to mention *distinguishing factors* in those cases. He failed to identify

the types of cases they were (Appropriation, Torts of "False and Negative Light", and Defamation) as well as the *reasons* they were dismissed. Plaintiff Scott presents below a more detailed, accurate and factual outline of litigation between Plaintiff Scott and Defendant Moon:

a. May 2017: Plaintiff Scott files in Wise County General District Court an Appropriation claim against Moon under Va Code. 8.01-40. The case is dismissed on the grounds that the Plaintiff needs to demonstrate that Defendant Moon is making money from using her name and photo (although the judge presented no case law to support this ruling).

b. June 2017-December 2017: Plaintiff Scott appeals to the Wise Co. Circuit Court. Ms. Scott's appeal to the Wise Circuit Court is dismissed *because* she did not plead *every* fact in her original pleading filed at the GDC level. The case was *not* dismissed because she did not have an actual claim[1].

c. 2018: Instead of re-filing the Appropriation claim in State Court Plaintiff Scott *transfers* the claim to a federal suit against Moon, due to the changing and growing content on KiwiFarms.net between 2017

---

[1] Ms. Scott still has a legal option of re-filing an Appropriation case against Defendant Moon upon correcting the error of omitting *every* fact upon which she relies. The Virginia statute of limitations is 20 years after the death of a person for filing.

and 2018. The case is dismissed *because* Plaintiff Scott did not

(a) mention in the body[2] of the Complaint that Moon wrote some of

the articles himself and (b) describe the reasons that Defendant Moon

does not qualify for immunity under CDA Section 230. The Western

District of Virginia grants Defendant Moon immunity under CDA

Section 230.

    d. 2018: Plaintiff Scott brings a separate claim against Defendant Moon

for Defamation. The Western District of Virginia ruled that Moon's

statements were only "rhetoric hyperbole" and for the remainder of

the Complaint, grants Defendant Moon immunity under CDA Section

230. In this Complaint, Plaintiff Scott did not describe the reasons that

Defendant Moon does not qualify for immunity under CDA Section

230.

(3) Distinguishing factors of this lawsuit in 2020

The *distinguishing factors* in this case are:

    (i) here Plaintiff Scott clearly stated all the reasons that Moon does not
    qualify for immunity under CDA Section 230 in her Complaint (¶76)

---

[2] Plaintiff Scott included this information in a footnote in the Complaint but this court did not find that sufficient to demonstrate that Defendant Moon wrote the articles himself using his own user account

(ii) here Plaintiff Scott stated that Joshua Moon, and not a third party, has created content about Plaintiff Scott on his website  (¶76)

(iii) this is an IIED case, not Appropriation, Defamation or other Torts. Plaintiff Scott has not previously filed an IIED case against Defendant Moon

### (B)　　Defendant's claims about Plaintiff's prior lawsuits (in general)

Defendant, by counsel, seeks to bring attention to Plaintiff Scott's filing history in federal and state court. Counsel, Mr. Hardin, calls this a "backdrop". Counsel's choice of words leave some ambiguity as to his intent but the motive of Mr. Hardin seems to be aimed at creating bias against the Plaintiff as a pro-se litigant who has had some prior dismissals.

However, Defendant, by counsel, errs in only selectively choosing cases in which the Plaintiff has been involved in order to create a false narrative about the Plaintiff's legal history, legal successes, and legal challenges. Counsel for Defendant Moon, Mr. Hardin, seeks to reach a simplistic conclusion that prior dismissals somehow should influence the outcome of *new* causes of action. There is no legal precedent for this attempt to create a blanket correlation of past cases with *new* causes of action presenting *new* facts.

Counsel for Defendant Moon, Mr. Hardin, shows a lack of insight and knowledge about the socio-economic challenges of disadvantaged populations and

how that affects their access to legal resources. Counsel for Defendant Moon, Mr. Hardin, overlooks that Plaintiff Scott belongs to the following listed economically disadvantaged population groups that have limited legal resources and are also prime for discrimination in society at large, which generally creates more legal conflicts for them: (a) former foster children (b) women (c) breastfeeding mothers (d) people living in Southwest Virginia (e) female households with children[3] (f) households living around or near the FPL  (g) households with a disabled child and (h) homeschooling families. Counsel Mr. Hardin was born to the privilege of parents with generational resources. He is also a male living within a patriarchal culture inside of a capitalistic system which does not create barriers for men the same way it does for women. He lives in an affluent area where pro-bono lawyers are plenty. He lacks insight and first-hand knowledge of what it is to function in society while existing within an economically disadvantaged population group.

Counsel for Defendant Moon also fails to acknowledge *others'* roles in prompting Plaintiff Scott to file cases. He makes no mention of what others did to cause the Plaintiff to file the cases. In fact, Plaintiff Scott should be commended for her willingness to resolve conflicts with others using non-violent means. Another victim of Defendant Moon was caused so much emotional distress by Mr.

---

[3] Statistically women do more *unpaid* labor than men in the household, including cooking, cleaning and childcare (UN Report 2018)

Moon that he held Mr. Moon up at knife point. There are many people who attempt to solve attacks on their public honor using violence, gun violence, rioting and gang fights. Counsel errs in seeking to jest at Plaintiff Scott because of her prior legal dismissals. Everyone goes through periods of learning and growth and the Plaintiff is a human being who is not an exception to this universal principle.

Counsel for Defendant Moon misquotes dismissals as "failure to state a claim" where in fact it is more accurately called "failure to state a claim *for which relief can be granted"*. The removal of these 6 final words falsely conveys the idea that Plaintiff Scott has misidentified causes of action. Rather, these italicized words are essential in distinguishing that cases may involve actual injuries and problems for which the law simply does not have a remedy for. The majority of Plaintiff's Scott's cases have been filed correctly with clerks, have properly identified legal causes of actions and outlined the factual content well. Sometimes there simply is no legal remedy for the unethical behavior of others. This is something the Trump administration has brought to public attention about CDA Section 230.

If Counsel for Defendant Moon, Mr. Hardin, wants to put before this court Plaintiff Scott's prior legal history, he needs to present *all* the facts to create an accurate portrayal of Plaintiff Scott's litigation history, *including distinguishing*

*factors* between them, if it can even be argued that this is at all relevant to this current case.

Plaintiff Scott here lists her litigation history in state and federal court so that this court can have a more accurate and factual list to demonstrate that the Plaintiff is by no means a litigant filing spurious cases[4]:

(i)   *State Cases in which Plaintiff proceeded pro-se and received a judgment and/or ruling in her favor*

*Scott v Carcamo (2011 Prince William Co.)*

*Scott v George Mason University (2014) (Fauquier Co.)*

*Scott v Austin (2015)(Franklin Co.)*

*Scott v Woznik (2016 Bedford Co.)*

*Woznik v Scott (2016 Bedford Co.)*

*Scott v Hometown Inn (2016) (Franklin Co.)*

*Scott v Carlson (2017 Wise Co. Circuit Court)*

*Scott v Carcamo (2018 Wise Co. Circuit Court)*

*Scott v Terry (2017) (Wise Co. GDC)*

*Milligan v Scott (2018) (Wise Co. GDC)*

*Scott v Pacheco (2018) (Wise Co. GDC)*

*Comm of Va. v Scott (2019)(Wise Co. GDC)*

---

[4] The Plaintiff's cases have been cited as cases of interest in the following online legal news sources: 1. http://religionclause.blogspot.com/2018/10/11th-amendment-dismissal-avoids-ruling.html 2. https://casetext.com/analysis/rhetorical-hyperbole-is-not-defamation 3. https://blog.ericgoldman.org/archives/2018/12/two-pro-se-section-230-rulings-scott-v-carlson-watkins-vcarr.htm

(ii)   *State and Federal Cases in which the Plaintiff proceeded pro-se and presented a legal question that had never been asked before by any other litigant in that district/area (no existing case law in the 4th district)*

*Scott v Carlson (2018)[5]*

*Scott v VA DMAS (2018)*

*Scott v Wise Co. DSS (2017 & 2020)*

*Scott v Moon (injunction) (2017)*

*Scott v WCRHA (Wise Co. GDC, 2018)*

(iii) *State Cases in which lack of time barred the Plaintiff from keeping up with the case:*

*Scott v Norton DSS/Wise DSS (Wise Co. Circuit Court, 2017)*

*Scott v ARS (Buch. Co. Circuit Court, 2017)[6]*

## (C)   **"Personal Responsibility"**
## **Standard of Rule 55 set forth in *Payne v. Brake***

(1) Defendant Moon knew about the above named lawsuit beginning in July

2020 because several of his users on KiwiFarms.net alerted him to the

---

[5] Scott's case was cited in a subsequent ruling in another case
[6] This case also involved a *Writ of Mandamus*

lawsuit on public online website threads. Although this is not considered legal "service" it certainly alerted him to look in his mailbox.

(2) Mr. Moon was served according to instructions that he publicly publishes on KiwiFarms.net, under a "Contact Us" tab, for "legal inquiries". He has full knowledge that legal documents will come to the address that he publishes publicly and requests others to use to serve him. It is his duty to keep up with his mail, as everyone else must also do, in order to meet deadlines.

(3) In the *Payne* standard one factor the court must consider is the "personal responsibility" of the party in Default.

(4) It is Mr. Moon's responsibility to check his mail. His response, by counsel, *offers no explanation whatsoever* for why he did not retrieve his mail and how it may have potentially been lost.

(5) In *Park Corp.* v. *Lexington Ins. Co.* the Defendant who did not provide any explanation for why his mail was lost was denied his motion to set aside the Default order. (*Park Corp. v. Lexington Ins. Co.*, 812 F. 2d 894, 897 (4ᵗʰ Cir. 1987)).

(6) In *Colleton Preparatory Academy v Hoover Universal Inc.* the court ruled that the Defendant was only freed of the default status because he had a valid explanation for how his mail got lost; something which Defendant Moon does not have. The 4ᵗʰ district court stated that "The situation in *Park*

*Corp.* is clearly distinguishable from the situation here and the district court's heavy reliance on that case is misplaced. In *Park Corp.,* unlike here, the defaulting party offered *no explanation* for the disappearance of the summons and complaint, and made no showing that its internal procedures were designed to avoid such occurrences. Here, TCC admitted to its mishandling of process, and offered some explanation of why the suit papers were forwarded to Beazer rather than to Hoover Universal." (*Colleton Preparatory Academy v Hoover Universal Inc.616 F 3d. 413 Court of Appeals (2010)).*

### (D)    <u>Prejudice to the Nonmoving Party</u>

a. The legal standard for a motion to set aside default not being prejudicial is not only litigation prejudice but also non-litigation prejudices.

b. Setting aside the default prejudices the Plaintiff with the continued stress and inconvenience of setting back the progression of the case.

c. Defendant Moon, by counsel, claims that "no effort has been expended in preparation for a damages hearing" while not actually conferring with Plaintiff Scott to see if this is actually true.

Defendant's claim here is not factually accurate. In addition to already making preparations for a damage hearing, Plaintiff Scott has had to file a Motion for Breastfeeding Accommodation, as well as Motions to request entry of the Default. This takes up work time, travel time, travel expenses and use of resources like office supplies and postage.

d.  Plaintiff Scott, a busy homeschooling and breastfeeding mother who manages primary custody of six children, and with limited financial resources, and an ACP mailbox, has met several deadlines with no problem in this case. She has managed to meet every deadline imposed on her by this court. The same standard should be equally applied to both parties.

## (E)      Defendant Moon has a history of Dilatory Action

(a) Mr. Moon was served a First Request for Production of Documents on November 4th and did not respond to Plaintiff Scott.

## (F)<u>Meritorious Defense standard is Subjective</u>

(a) Defendant Moon, by counsel, claims he has a "meritorious defense",
however this is only their *claim* and the time allowed for the Plaintiff to
respond to their Motion to Dismiss has not lapsed. Plaintiff intends to
respond to Defendant Moon's Motion to Dismiss to address the inaccuracies
presented therein.

RESPECTFULLY SUBMITTED,

Melinda Scott, *pro-se*

PO BOX 1133-2014PMB87

Richmond, VA 23218

mscottw@gmu.edu

540-692-2342

CERTIFICATE OF SERVICE

I hereby certify that I have both mailed a copy of this MOTION TO STRIKE to the Defendant, by counsel, Matthew D. Hardin, VSB #87482 1725 I Street NW, Suite 300 Washington, DC 20006 and at matthewdhardin@gmail.com on this _8th_ day of DEC., 2020.

Melinda Scott, *pro-se*

PO BOX 1133-2014PMB87

Richmond, VA 23218

mscottw@gmu.edu

540-692-2342