# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# (Big Stone Gap Division)

| | |
|---|---|
| MELINDA SCOTT,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>WISE COUNTY DEPARTMENT OF<br>SOCIAL SERVICES, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 2:20-cv-00014-JPJ-PMS<br><br>**Motion to Extend Deadline**<br>**Pursuant to Local Civ. R. 11(c)(2)** |

　　NOW COMES Joshua Moon, and moves that this Court extend the applicable deadline for him to respond to the Motion to Compel filed at Dkt. No. 31. In support of this Motion, Defendant Moon states as follows:

1. Local Civ. R. 11 (c)(1) would ordinarily require the defendant to respond to the motion filed at Dkt. No. 31 within 14 days. However, Local Civ. R. 11(c)(2) permits this court to enlarge the deadline and permits this Motion to be filed without an accompanying brief.

2. The Motion to Compel appears to be dated December 7, 2020. Dkt. No 31 at p. 2.  It appears to have been served on the defendant at a Florida address, rather than upon counsel. *Id*. The Florida address has been the subject of much dispute in recent filings. See generally Dkt. Nos. 25, 26 and 30.

3. The Plaintiff has not attempted to meet and/or confer with undersigned counsel regarding the discovery request at issue or the Motion to Compel as required by Fed. R. Civ. P. 37(a)(1). Indeed, undersigned counsel first became aware of the Motion to Compel when he received the ECF notice indicating it had been filed with the Court.

4. The pending Motion to Set Aside Default (Dkt. No. 25) and Motion to Dismiss (Dkt. No. 26) raise several issues that ought to be adjudicated before this Court can entertain the

question of whether discovery ought to be compelled. Specifically, those filings raise, among others, the following issues:

    a. Whether this Court has jurisdiction; and/or

    b. Whether Defendant Moon has ever been properly served, such that the discovery request at issue is not premature as defined by Fed. R. Civ. P. 34 (b)(2)(A); and/or

    c. Whether the Plaintiff has stated a claim.

5. A resolution of some or all of the aforementioned issues will help undersigned counsel and this Court evaluate the propriety of any discovery request. For example: If this Court lacks either subject matter jurisdiction over this case or personal jurisdiction over Mr. Moon, it also lacks jurisdiction to compel him to produce documents to the Plaintiff. If Mr. Moon has not been properly served, then his deadline to respond to discovery requests has not elapsed. If the Plaintiff has not stated a claim, then adducing proof in support of a non-cognizable claim will be a futile endeavor that will only burden the parties and this Court.

6. This Court entered an order at Dkt. No. 28 which requires the pending motion to Dismiss to be fully briefed no later than January 7, 2020. Allowing undersigned counsel to respond to the Motion to Compel only after that briefing has concluded would be in the interests of judicial economy.

WHEREFORE, Mr. Moon moves that his deadline to respond to the Plaintiff's Motion to Compel be extended generally until further order of this Court. Alternatively, Mr. Moon moves that his deadline to respond be extended until January 15, 2020.

                Respectfully submitted this the 14th day of December, 2020,

                            JOSHUA MOON

**By Counsel:**

/s/ Matthew D. Hardin
Matthew D. Hardin, VSB #87482
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com

## Certificate of Service

 I hereby certify that on the 14th day of December, 2020, I served true and correct copies of the foregoing document upon the plaintiff, by depositing the same into the U.S. Mail, with first class postage prepaid, directed to:

> Melinda Scott
> 2014PMB87
> Post Office Box 1133
> Richmond, VA 23218

 The aforementioned documents were served via U.S. Mail pursuant to Fed. R. Civ. P. 5(b)(2)(C) and Local Civ. R. 11 (a) because the plaintiff is proceeding *pro se* and there appears to be no request for electronic service on the docket.

 Dated: December 14, 2020

> /s/Matthew D. Hardin
> Matthew D. Hardin