**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**(Big Stone Gap Division)**

MELINDA SCOTT,

                                    Plaintiff,

v.                                                          **Case No. 2:20-cv-00014-JPJ-PMS**

WISE COUNTY DEPARTMENT OF                **Motion for a Partial Stay,**
SOCIAL SERVICES, *et al*.,                      **Protective Order,**
                                                            **and Other Relief**
                                    Defendants.

        NOW COMES Joshua Moon, and moves that this Court vacate the portion of the order

filed at Dkt. No. 17, p.2, which discusses the Plaintiff's ability to engage in "immediate

discovery." Defendant Moon further moves for a partial stay in this case so that no motions or

other filings by the Plaintiff will be entertained until after the pending Motion to Set Aside

Default and Motion to Dismiss are ruled upon. Alternatively, Defendant Moon moves for a

protective order to be entered in this matter, which will hold discovery and any further motions

filed by the Plaintiff in abeyance until further order of the Court. In support of this Motion,

Defendant Moon states as follows:

1. Undersigned counsel entered his appearance in this matter and filed a Motion to Set

    Aside Default and Motion to Dismiss on behalf of Mr. Moon on December 7, 2020. Dkt.

    Nos. 24-26. Those motions are set to be fully briefed on or before January 7, 2021. See

    Dkt. No. 28.[1]

2. Ms. Scott filed what purports to be a Request for Production of documents at Dkt. No.

    18-1. She later filed a Motion to Compel at Dkt. No. 31. Defendant Moon requested an

_____

[1] Indeed, the Motion to Set Aside Default is already fully-briefed. See Dkt. Nos. 25, 29, 30.

indeterminate extension of time to reply at Dkt. No. 32, which was granted by Judge

Jones at Dkt. No. 33. Judge Sargent later dismissed without prejudice Ms. Scott's Motion

to Compel (for unrelated reasons) at Dkt. No. 34.

3.   The Plaintiff has also either filed or served upon counsel numerous documents in this

matter, including motions which appear to have no proper purpose or which contain

unsupported and scandalous allegations. At least one document appears to violate Local

Civ. R. 11(c). When those documents appear on the court's ECF system, undersigned

counsel will be required to separately respond.[2]

4.   Despite the extension of time to respond to Plaintiff's previous Motion to Compel

granted at Dkt. No. 33, Plaintiff has indicated that she intends to re-file her Motion to

Compel and seek an immediate ruling. See Exhibit A-1. Such a course of action would be

unjustifiable at any time of the year, but is especially so during the holiday season when

travel and vacations frequently disrupt the schedules of litigants, their attorneys, and the

Court.

5.   Undersigned counsel has engaged in correspondence with Plaintiff in which he set forth

the numerous objections Defendant Moon would raise to her proposed renewed Motion

to Compel and the costs such a motion would needlessly impose upon him. Additionally,

counsel noted the burden such a motion would impose upon all parties and the court,

especially in the holiday season. Undersigned counsel requested Plaintiff wait until mid-

---

[2] Plaintiff has electronically served on undersigned counsel a Motion for Authorization to File Electronically which contains unsupported and scandalous allegations about the defendant (Exhibit C), an unauthorized sur-reply to the Motion to Set Aside Default (Dkt. No. 25) which the Plaintiff has captioned as a "reply" to the combined memorandum (see Exhibit B), and a Request for Production of Documents (the same document filed at Dkt. No. 18-1). Various of the documents do not appear to have been signed in conformance with the applicable rules.

January to file additional motions in order to allow the schedule of proceeding set forth at Dkt. No. 33 to be carried out. See generally Exhibit A-2.

6. Plaintiff Scott replied to undersigned counsel indicating that she is judgment proof and has no fear of sanctions under Rule 11 or an award of attorney's fees under Fed R. Civ. P. 37. See Exhibit A-3. Thus, Defendant Moon's only remedy to contain his costs and forestall the needless expenditure of resources by counsel and the court that will assuredly follow if Ms. Scott continues her pattern of filing motions in this matter is to request the relief set forth herein.

WHEREFORE, Defendant Moon moves that this Court vacate the portion of the order filed at Dkt. No. 17, p.2, which the Plaintiff reads as a special dispensation for "immediate discovery" against Mr. Moon. Defendant Moon further moves that a protective order be entered in this matter which will hold discovery and any further motions filed by the Plaintiff in this matter in abeyance until further order of the Court. Defendant Moon further incorporates by reference and refers the Court to the accompanying memorandum of law.

Respectfully submitted this the 19th day of December, 2020.

JOSHUA MOON

By Counsel:

/s/Matthew D. Hardin
Matthew D. Hardin, VSB # 87482
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com

**<u>Certificate of Service</u>**

I hereby certify that I will file a true and correct copy of the foregoing document with the Court's CM/ECF system, which will electronically serve counsel of record. I have also deposited a true and correct copy of the foregoing document into the U.S. Mail, with First Class postage prepaid, directed to:

Melinda Scott
2014PMB87
Post Office Box 1133
Richmond, VA 23218

Dated: Dec. 19, 2020

<u>/s/Matthew D. Hardin</u>
Matthew D. Hardin
*Counsel for Joshua Moon*