EXHIBIT
A-2



**From:** Matthew D. Hardin  MatthewDHardin@protonmail.com
**Subject:** Re: Requests for Production
**Date:** December 18, 2020 at 2:15 PM
**To:** mscottw  mscottw@masonlive.gmu.edu
**Cc:** matthewdhardin@gmail.com

Good afternoon, Ms. Scott,

Thank you for writing. I'll make a few points, below. Before I do so, I am again reminding you pursuant to Rule 4.3 that I represent Mr. Moon and his interests, which are adverse to yours.

1) I think you're conflating the difference between invalid *service* of process, and invalid process. Although we do in fact argue that Mr. Moon was never served, we also argue that even if he was served, the summons itself was defective because it did not put him on notice of what court was involved. Nor can a defective summons put a court in a position to exercise jurisdiction over him.

2) Leaving the process and service of process issues aside, it is our position that the Court has already expressed its preference to adjudicate the pending motions before entertaining new motions. Judge Jones entered an order to that effect at Dkt. No. 33, which was entered before Judge Sargent's order at Dkt. No. 34. As an aside, Judge Sargent assuredly read your opposition, because you emailed it to her directly at 7:49 a.m. on December 15, 2020 and she replied to your email. I thus do not believe that there was any oversight on the Court's part which led to the recent orders and think that the Court has made it quite clear that it prefers to address the dispositive motions first.

3) Leaving aside the issues raised in the two paragraphs above, it seems incredibly inefficient to address discovery in the current posture. It appears most of the requests for production of documents do not seek documents at all, but are attempts to ascertain information generally. Even assuming that the information you seek is subject to discovery in some form (i.e., is relevant and calculated to lead to admissible evidence), it isn't the proper subject of a request for production of documents because it is not documents that you are seeking. And the assumption in that last sentence may not be sound at all: the question of what is relevant and calculated to lead to admissible evidence is likely to be answered differently depending on whether the case stays in a posture of default (with relevance limited to the issue of damages) or whether relief from default is granted.

4) Federal Rule of Civil Procedure 37(a)(5)(B) provides that if your motion is denied, the court *may* issue a protective order prohibiting you from seeking discovery and *must* award Mr. Moon his attorney's fees and costs. Be advised that should you file a Motion to Compel, and should I be required to brief that motion and defend Mr. Moon against it, I will seek an award of attorney's fees. Such fees have been awarded against *pro se* and *in forma pauperis* litigants before. See, e.g., *Guerrero v. Weeks*, Civil Action No. 1:13cv0837 (JCC/JFA), 2014 U.S. Dist. LEXIS 24803 (E.D. Va. Jan. 10, 2014); *Abbott v. Suntrust Mortg., Inc.*, Civil Action No. 3:08cv865, 2009 U.S. Dist. LEXIS 29265 (E.D. Va. Apr. 8, 2009); *Payman v. Lee Cnty. Cmty. Hosp.*, No. 2:04CV00017, 2005 U.S. Dist. LEXIS 5215 (W.D. Va. Mar. 31, 2005).

5) As a pro se litigant, you are the beneficiary of considerable leeway and the Court will construe your pleadings liberally. However, it appears at this point that we are witnessing an incredibly aggressive use of motions on your part, which will only drive up litigation costs for Mr. Moon and burden the Court. This follows on the heels of express signals from the Court about its preferred schedule for resolving the instant litigation, and following no less than four dismissals in other litigation you've brought against the same defendant (two in state court, and two in federal court). At some point, if you continue to escalate your use of the court's lawful powers for purposes that are improper or seem aimed at driving up Mr. Moon's costs, we will have no alternative but to seek relief under Rule 11. Alternatively, I may be forced to advise my client about the options that are available to him in counterclaims or separate actions for abuse of process or related causes of action.

In light of all of the above, I would suggest that you holster the Motion to Compel until mid-January. If the claim is still pending before the court at that point, we can easily address it then (and filing motions during the holidays seems unlikely to facilitate a swifter resolution anyway). Alternatively, if you do file the Motion, I would suggest that you consent to another extension of time for us to respond, as we recently requested at Dkt. No. 32 and received at Dkt. No. 33. Such a consent would keep costs down and burden the court less than charging ahead the week before Christmas and attempting to get a resolution during the holidays.

Best,

**Matthew D. Hardin**
(434) 202-4224
MatthewDHardin@protonmail.com

Sent with ProtonMail Secure Email.

------- Original Message -------
On Friday, December 18, 2020 1:25 PM, mscottw <mscottw@masonlive.gmu.edu> wrote:

> Mr. Hardin, Esq.,
>
> I previously sent you copies of the Request for Production that I sent to your client. It is my position that these were properly served according to Rule 5(b)(2)(C) at Mr. Moon's business address which is posted publicly. It is also my position that the Summons will not be invalidated despite lacking the court name because the 4th district has ruled that "[w]hen there is *actual notice*, every technical violation of the rule or failure of strict compliance may *not invalidate* the service of process" (emphasis added) (*Wade v. ALAMANCE*

> *COUNTY DEPARTMENT OF SOCIAL SERVICES, Dist. Court, MD North Carolina 2020 citing Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984))"*
>
> I'm not saying all that to invoke a legal discussion. It is with that position that I am asking you, before I file a revised Motion to Compel, if you would like to confer regarding the Request for Production that I sent to your client Mr. Moon.
>
> Thank you,
>
>
> Melinda Scott
> PO BOX 1133-2014PMB87
> Richmond, VA 23218
> mscottw@gmu.edu
> 540-692-2342