UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Big Stone Gap Division)

| | |
|---|---|
| MELINDA SCOTT,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>WISE COUNTY DEPARTMENT OF<br>SOCIAL SERVICES, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 2:20-cv-00014-JPJ-PMS<br><br>**Memorandum in Support of<br>Motion for Partial Stay,<br>Protective Order, and Other Relief** |

　　　　NOW COMES Joshua Moon, and submits this Memorandum of Law in Support of his Motion to for a Partial Stay, Protective Order, and other Relief.

**I.　　Introduction**

　　　　The Plaintiff has a history of filing meritless litigation against Mr. Moon, an individual whom she has never met in person and whom she acknowledges she had never heard of prior to 2017. See Exhibit B at p. 7.[1] This is at least her third suit against him in this Court, and at least her fifth lawsuit against him in the past few years. See generally Dkt. Nos. 25, 26, 29, 30. All of the Plaintiff's previous suits against Mr. Moon have been dismissed. A Motion to Dismiss is pending in this case as well, but the Plaintiff is attempting to escalate the burdens of litigation and Mr. Moon's costs with a series of intervening filings before this Court can rule on that Motion.

　　　　This matter was filed July 8, 2020. See Dkt, No. 1. Mr. Moon was purportedly served at an "electronic mailbox" in Florida on August 21, 2020. Dkt. No. 5. He did not become aware of

---

[1] This document appears to have been mailed to the Court but not yet filed through ECF.

the lawsuit until much later, however, and subsequently filed motions to set aside the default and to dismiss this case. See Dkt. Nos. 25 and 26.

This Court entered an order requiring the Plaintiff to address Mr. Moon's motions at Dkt. No. 28. Rather than doing so directly, Ms. Scott has elected to engage in dilatory and oppressive motions practice. See Dkt. Nos. 29, 31, and exhibits hereto. Such motions practice does nothing to facilitate a speedy and efficient resolution of this case, but does much to drive up the costs for Mr. Moon to defend himself against a serial litigant. And, Ms. Scott recently confessed that because she is proceeding *in forma pauperis* and is likely judgment-proof, she has no fear of traditional monetary sanctions or post-hoc remedies which ordinarily discourage abuse of this Court's discovery procedures or other processes. See Exhibit A-3. Thus, Mr. Moon is forced to seek pre-emptive relief against a motion-happy litigant who would prefer to needlessly drive up his litigation costs without any risk of bearing costs herself.

**II.    Argument**

This Court has the power under Rule 11 to impose monetary or other sanctions. It also has the power (and indeed, the duty) to award monetary recompense under Rule 37 for victorious parties in discovery disputes. The question presented by Mr. Moon's Motion is what this Court can do to protect him from a litigant who does not fear monetary or other sanctions which this Court might ultimately award, and has made plain her inability or unwillingness to pay any judgment this Court could impose in the future. Defendant Moon respectfully submits that the appropriate relief is a general order that he need not reply to any future filing or discovery request in this matter until after the pending Motion to Set Aside Default and Motion to Dismiss are adjudicated (or unless ordered to do so by the Court).

Virginia's federal jurists are no strangers to the difficult task of how to dissuade *pro se* and/or *in forma pauperis* litigants from abusive discovery or dilatory motions practice. In *Payman v. Lee Cnty. Cmty. Hosp.*, No. 2:04CV00017, 2005 U.S. Dist. LEXIS 5215 (W.D. Va. Mar. 31, 2005), this Court imposed both monetary sanctions and a pre-filing injunction against a *pro se* litigant who brought baseless claims. Undersigned counsel cited the *Payman* case to the Plaintiff in this matter, and she responded by asking "What are you gaining by holding a piece of paper that will seek money from a litigant proceeding *in forma pauperis*? How long do you think it would be before you ever saw that money, if ever?" Exhibit A-3.

In *Guerrero v. Weeks*, 2014 U.S. Dist. LEXIS 24803, *14 (E.D. Va. January 10, 2014), the Eastern District had to fashion an appropriate sanction for a "plaintiff [who] filed these [discovery] motions for the improper purpose of delaying the litigation and increasing defendant's costs." That Court recognized that the defendant had borne a cost of $5,157.50 to respond to frivolous motions, but determined that the *pro se* Plaintiff was only capable of paying a $650 sanction. Similarly, in *Abbott v. Suntrust Mortg., Inc.*, Civil Action No. 3:08cv665, 2009 U.S. Dist. LEXIS 29265 (E.D. Va. Apr. 8, 2009), the Eastern District imposed a $1,000 award in favor of SunTrust as partial recompense for responding to numerous facially deficient *pro se* motions. Thus, even where a Rule 11 Motion is well-founded and ultimately granted by the Court, the party that has been victimized is often made only partially whole.

In an ordinary case, sanctions under Rule 11 are not the only mechanism to reimburse a litigant for needless motions practice or discovery costs. Among other avenues for relief, 28 U.S.C. § 1927 provides recompense to an injured party where an attorney unreasonably multiplies proceedings and their costs. Unfortunately, the statute provides no relief as against an unreasonable *pro se* litigant. The rules of procedure also provide means to make litigants whole

after they incur unreasonable costs in the context of discovery; Fed. R. Civ. P. 37 provides that a court "must" award attorney's fees in certain circumstances. In *Sines v. Kessler*, Civil Action No. 3:17-cv-00072, 2020 U.S. Dist. LEXIS 91016 (W.D. Va. May 26, 2020), this Court awarded $41,300 in attorney's fees to the prevailing party in a discovery dispute under Fed. R. Civ. P. 37. In *Holmes v. Gen. Dynamics Ordnance & Tactical Sys.*, Civil Action No. 1:18cv00019, 2019 U.S. Dist. LEXIS 100417 (W.D. Va. June 17, 2019), this Court awarded $1,035.16 to the prevailing party. Again, however, when a Plaintiff proceeding *in forma pauperis* openly flouts her inability to satisfy a judgment for attorney's fees, the potential for a monetary award after the fact under Rule 37 will not do justice to an aggrieved litigant.

Because of the unique procedural posture of this case and the open statements of the Plaintiff that she is either unable or unwilling to satisfy any judgment that this Court might award Defendant Moon if he is forced to defend himself against unfounded, inefficient, or dilatory motions, this Court cannot stay its hand and wait for a later motion under Rule 11 or Rule 37 to make Mr. Moon whole. To provide relief to Defendant Moon in this case, the Court should use its sound discretion and inherent authority to schedule and control the proceedings before it. This Court has recognized its inherent authority to stay an entire case. *Mt. Valley Pipeline, LLC v. 0.15 Acres of Land*, Civil Action No. 7:19-cv-00181, 2020 U.S. Dist. LEXIS 10580, at *4 (W.D. Va. Jan. 22, 2020), citing *Landis v. North American Co.,* 299 U.S. 248, 57 S. Ct. 163, 81 L. Ed. 153 (1936). The authority to only *partially* stay proceedings, such as by staying all filings except certain identified and dispositive motions, surely follows from the larger ability to stay an entire case. This Court also has the "inherent authority to control and preserve the integrity of its judicial proceedings," including the inherent power to issue protective orders. *United States ex rel. Rector v. Bon Secours Richmond Health Corp.*, Civil Action No. 3:11-CV-38, 2014 U.S.

Dist. LEXIS 1031, at *10 (E.D. Va. Jan. 6, 2014), citing *In re Shell Oil Refinery,* 143 F.R.D. 105, 108-09 (E.D. La. 1992).

This case cries out for the exercise of this Court's inherent powers. A *pro se* plaintiff has filed repeated litigation against Mr. Moon, who managed to prevail in every prior suit *despite never being served or entering an appearance*. In the case at bar, the Plaintiff managed to obtain entry of default through very dubious means and without being required to prove either the existence of a cognizable claim or the basis for this Court to exercise its jurisdiction. And now that default has been entered, Ms. Scott has determined to force the defense to respond to repeated and meritless motions in order to escalate Mr. Moon's costs, rather than waiting for this Court to adjudicate the pending dispositive motions or requesting any sort of scheduling or Rule 26 conference. Indeed, when challenged Ms. Scott has openly stated that she has no need to fear an award of fees against her if Mr. Moon successfully defends himself. Accordingly, this Court should act now to prevent the needless escalation of litigation costs rather than waiting until such costs have been incurred and attempting to make Mr. Moon whole at a later date.

### III.   Conclusion

Because traditional remedies under Rule 11, Rule 37, or 28 U.S.C. 1927 will not protect Defendant Moon from the escalating campaign of a *pro se* Plaintiff who has openly acknowledged her inability to satisfy any judgment that may be entered against her, this Court should grant the Motion for a Partial Stay, Protective Order, and Other Relief.

Respectfully submitted this the 19th day of December, 2020,

JOSHUA MOON

By Counsel:

/s/Matthew D. Hardin
Matthew D. Hardin, VSB # 87482
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com

## Certificate of Service

      I hereby certify that I will file a true and correct copy of the foregoing document with the Court's CM/ECF system, which will electronically serve counsel of record. I have also deposited a true and correct copy of the foregoing document into the U.S. Mail, with First Class postage prepaid, directed to:

        Melinda Scott
        2014PMB87
        Post Office Box 1133
        Richmond, VA 23218

Dated: Dec. 19, 2020

        /s/Matthew D. Hardin
        Matthew D. Hardin
        *Counsel for Joshua Moon*