IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

DEC 17 2020

JULIA C. DUDLEY, CLERK
BY: DEPUTY CLERK

MELINDA SCOTT, )
Plaintiff )
v. ) Case No. 2:20cv14
)
WISE COUNTY DEPT. )
of SOCIAL SERVICES, )
et al )

MOTION TO DISMISS

DEFENDANT'S MOTION TO EXTEND DEADLINE

COMES NOW, the Plaintiff, in reply, and states the reasons that Defendant's Motion to Extend Deadline is improperly filed before this court and should be dismissed:

(a) This court ordered that the Plaintiff could proceed with discovery on November 3, 2020 (docket no. 17)

(b) Plaintiff was well within her legal rights to serve Joshua Moon a Request for Production of Documents on November 4, 2020.

(c) The Plaintiff served the Requests for Production of documents upon Joshua Moon according to the Rules of Civil Procedure *before* he retained an attorney.

(d) Defendant, by counsel, takes objection to the fact that the Plaintiff served the "Motion to Compel" upon Joshua Moon. Plaintiff mailed the Motion to Compel *before* she was served a Notice of Appearance in the case. Plaintiff put the Motion to Compel in the mail on the 7th of December[1]. As of that date, the Plaintiff was not served the Defendant's Notice of Appearance by postal mail. Plaintiff happened to see the Defendant's Notice of Appearance when she checked the Pacer system on December 8th, 2020.

(e) Joshua Moon was properly served the Request for Production of Documents *and* the Motion to Compel at his physical business office in accordance with Virginia Code §8.01-299(1)[2]

(f) Plaintiff attempted to confer with Joshua Moon via email regarding discovery prior to December 7th, 2020 but he did not respond. It was his responsibility, and not the responsibility of the Plaintiff, to forward all relevant items to his attorney once he retained him.

(g) Plaintiff can confer with counsel Matthew Hardin regarding the Request for Production of Documents and the Motion to Compel and she never stated any objections to doing so.

(h) Plaintiff denies that this court needs to adjudicate the Motion to Dismiss in order for the Motion to Compel to be addressed. This court already ordered that the time for the Defendant to defend had already expired. The Motion to Dismiss is improperly filed before this court because it is a defense to the Complaint, while this court has already ruled that the time for the Defendant to defend had expired (docket no. 19).

---

[1] The postmark on the envelope from the post office appears as December 6, 2020, which is Sunday. This was an error on the part of the post office, which is clearly closed on Sundays.
[2] This was previously established as a fact before this court by Affidavit (docket no. 18) and described in a pleading entitled "Plaintiff's Reply to Defendant's Combined Memorandum" which was mailed to this court on 12/14/20

(i) Defendant's Motion to Set Aside Default in an insufficient defense as a matter of law[3]. . The Motion to Compel does not need to wait for that Motion to be ruled upon.

(j) Plaintiff does not need to defend whether or not she has stated a claim because this court already ordered that after a "review of the record" the Complaint qualified for a Default judgment (docket no. 19).

(k) Local Rule 11(c)(2) requires that an extension of time request "must state a good cause justifying the relief requested". A request for an extension of time should be for meritorious reasons like scheduled surgery, uncontrollable COVID-19 delays, and other factors beyond the Defendant's control like childcare issues, health issues and the like. Defendant's request for an extension of time is prejudicial to the Plaintiff. The Plaintiff has repeatedly been required to meet every deadline this court has imposed upon her. The Plaintiff has been held to a strict standard for both her pleadings and motions, with regard to content and deadlines, and the same stringent standards should be applied equally to the Defendant.

**WHEREFORE**, in consideration of the above stated reasons, this court should dismiss the Defendant's motion for an extension of time and vacate any order previously granting Defendant an extension of time on the Motion to Compel.

---

[3] Upon testing the sufficiency of the Motion to Set Aside Default, even if the Plaintiff would later respond to the "meritorious defenses" component of the Motion to Dismiss, the Defendant has not met the other components necessary to relieve him of the Default entered. The Defendant has to demonstrate ***all*** **5** of the requirements to set aside the Default: (1) a possible meritorious defense (2) promptness of the defaulting party (3) the personal responsibility of the defaulting party (4) the prejudice to the other party and (5) whether there is a history of dilatory action. Defendant cannot demonstrate he had a valid reason of "excusable neglect" for not responding. This component alone is enough to deny the Motion to Set Aside Default. As of this date, Defendant Moon has given no justifiable reason his employees did not hand over the Summons and Complaint to him.

I ASK FOR THIS,

Melinda Scott, pro-se
PO BOX 1133-2014PMB87
Richmond, VA 23218
mscottw@gmu.edu
540-692-2342

CERTIFICATE OF SERVICE

I hereby certify that I have both mailed a copy of this MOTION TO DISMISS DEFENDANT's MOTION FOR EXTENSION OF TIME to the Defendant, by counsel, Matthew D. Hardin, VSB #87482 1725 I Street NW, Suite 300 Washington, DC 20006 and at matthewdhardin@gmail.com on this __15th_____ day of DEC., 2020.

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
Richmond, VA 23218
mscottw@gmu.edu
540-692-2342

Melinda Scott
PO Box 1133-2014PMB87
Richmond, VA 23218

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
CERTIFIED MAIL®
7019 2280 0002 1508 7112

U.S. POSTAGE P
FCM LETTER
COEBURN, VA
24230
DEC 15, 20
AMOUNT
$4.10
R2305K143155-0

1000

24210

Western District of VA
ATTN: Clerk
180 W. Main St., Rm. 104
Abingdon, VA 24210

24210-285129