IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| MELINDA SCOTT, )  | |
| PLAINTIFF ) | |
| v. ) | Case No. 2:20cv14 |
| ) | |
| WISE COUNTY DEPT. ) | |
| of SOCIAL SERVICES, ) | |
| et al, ) | |
| ) | |
| DEFENDANTS ) | |

MEMORANDUM OF LAW

IN SUPPORT OF PLAINTIFF'S RULE 4(m) MOTION

This Memorandum presented in support of Plaintiff's Rule 4(m) Motion.

I. **Legal standard of the 4th district for Extension of Timeline for Service of Process**

Where there is an evasive defendant, and where the Plaintiff has been diligent in locating an address and effectuating service of the Summons and Complaint, the legal standard in the 4th district is to permit the Plaintiff more time in filing the service of process under Rule 4(m). Here, the Plaintiff requested for leave for immediate discovery in her Complaint to obtain identifying information from Defendant Moon in order to serve Jane Doe 1 and John Does 1-3 (¶"Request for Relief", ¶80). When this court permitted her by court order to proceed with discovery on November 3, 2020 she immediately acted and served upon Defendant Moon a

Request for Production of Documents on November 4, 2020. Plaintiff Scott has had to file motions to compel discovery. Defendant Moon did not respond by the 14 day deadline set in local rules. The 4th district has ruled that: "Rule 4(m) of the Federal Rules of Civil Procedure requires extension ...only when the plaintiff can show good cause for his failure to serve. Fed. R. Civ. P. 4(m); *Scott v. Maryland State Dep't of Labor,* 673 F. App'x 299, 306 (4th Cir. 2016)[1] (unpublished).

Factors used to determine if there was good cause include whether: "1) the delay in service was outside the plaintiff's control, 2) the defendant was evasive, 3) the plaintiff acted diligently or made reasonable efforts, 4) the plaintiff is *pro se* or *in forma pauperis,* 5) the defendant will be prejudiced, or 6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A)." *Id.* (*Coley v. Golkeinllice, Dist. Court, MD North Carolina 2018*). Here the Plaintiff meets all of those requirements. "Examples of cases where plaintiffs untimely service has been excused under this narrower standard include obstructions to service such as the lack of an address or an evasive defendant" (*Londeree v. Crutchfield Corp., 68 F. Supp. 2d 718 - Dist. Court, WD Virginia 1999*). The Defendants here have been evasive, the Plaintiff has acted diligently and made reasonable efforts, the Plaintiff is pro-se and proceeding *in forma pauperis*. The Plaintiff meets the conditions for an extension for time on numerous accounts.

---

[1] This "Scott" is not the same as the Plaintiff. The last name is only coincidental.

**WHEREFORE**, Plaintiff submits this Memorandum to accompany her Rule 4(m) motion for an extension of time. Her request for relief is included in the accompanying motion.

CERTIFICATE OF SERVICE

I hereby certify that I have both mailed a copy of this MEMORANDUM (WITH PLAINTIFF'S Rule 4(m) MOTION) to the Defendant, by counsel, Matthew D. Hardin, VSB #87482 1725 I Street NW, Suite 300 Washington, DC 20006 and at matthewdhardin@gmail.com on this 21st day of DEC., 2020.

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
Richmond, VA 23218
mscottw@gmu.edu
540-692-2342