· IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

DEC 2 1 2020

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

MELINDA SCOTT,                    )

PLAINTIFF,                       )

v.                               )                    Case No. 2:20cv14

                                 )

WISE COUNTY DEPT.                )

of SOCIAL SERVICES,              )

et al                            )

DEFENDANTS.                      )

## (SECOND) MOTION TO COMPEL

## PRODUCTION FROM DEFENDANT JOSHUA MOON

**WHEREAS**, this court previously granted the Plaintiff leave to re-file a Motion to Compel[1]. This court ruled to deny Plaintiff's first Motion to Compel on the grounds that she did not "identify the discovery requests to which the defendant has failed to respond" (docket no. 34). The Plaintiff brings this revised Motion to Compel with accompanying Memorandum before the court for ruling.

---

[1] Plaintiff's first Motion to Compel was mailed on December 7, 2020 and filed December 14, 2020 (docket no. 31). Defendant responded by requesting an extension of time and submitting a pre-prepared Order (docket no. 32 & 33). Plaintiff subsequently sent, pursuant to Local rule 11(c)(3), an objection to the extension of time and a request to vacate the Order (Motion to dismiss the request for extension of time). This court then ruled upon the Motion to Compel (docket no. 34).

## I.  BACKGROUND

(a) Plaintiff, proceeding *pro-se*, filed a Complaint on July 8, 2020. In her Complaint Plaintiff asked for leave to send immediate discovery requests to Defendant Moon for the purpose of serving to other Defendants[2](¶"Request for Relief"). The Summons[3] and Complaint were served in accordance with Rule4(e)(1)[4]. This court then granted her permission to proceed with discovery, *by court Order*, on November 3, 2020 (docket no. 17). Accordingly, Plaintiff served Defendant Moon a First Request for Production for Documents on November 4, 2020. Defendant Moon was served the Request for Production of Documents *before* Plaintiff was served a "Notice of Appearance" by Defendant's counsel[5].

(b) Plaintiff served Defendant Moon the Request for Production of Documents according to Federal Rule 5(b)(2)(C) at his publicly published business address. Defendant was properly served the Request for Production of Documents. After the 14 day response period had expired, Plaintiff mailed a Motion to Compel to the court by postal mail on December 7, 2020[6]. Plaintiff

---

[2] Defendant Moon has had the information stored electronically since before the filing of the Complaint

[3] Defendant has challenged the service of the Summons because it did not have the court name in accordance with rule 4(a)(1)(A). However, the legal standard in the 4th district is to *not* invalidate service of the Summons for technicalities. "When there is *actual notice*, every technical violation of the rule or failure of strict compliance may *not invalidate* the service of process" (emphasis added) (*Wade v. Alamance County Department of Social Services, Dist. Court, MD North Carolina 2020 citing Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984)*)

[4] Va. Code §8.01-299(1); also Florida statute (FL Statute 48-062). Service of the Summons and Complaint was not defective under Rule4(e)(1).

[5] Defendant's counsel filed the Notice of Appearance on December 7, 2020

[6] The Motion to Compel was also sent to Defendant Moon on December 7, 2020. The postmark on the envelope from the post office appears as December 6, 2020, which is Sunday. This was technical error on the part of the post office, which is clearly closed on Sundays.

mailed the Motion to Compel in the postal mail *before* she was served Defendant counsel's "Notice of Appearance" by postal mail[7].

## II.    CONTENTS OF REQUEST FOR PRODUCTION FOR DOCUMENTS

(c) In her Complaint Plaintiff named Defendant Moon not only as a Defendant, but also as someone who had relevant information regarding other Defendants(¶80). Plaintiff described in her Complaint that Joshua Moon is the business owner of a website called "KiwiFarms.net"[8]. In the Request for Production of Documents Plaintiff defined pertinent terms under a section labeled "Definitions" and also gave delivery instructions to Defendant Moon under a section labeled "Instructions". In the "Instructions" component Plaintiff requested tangible *paper copy documents* of electronically stored information. Plaintiff Scott requested that Defendant Moon send her tangible pieces of paper with the information through postal mail and document styled files through email[9].

(d) Plaintiff Scott requested the following from Defendant Moon, pursuant and permissible according to Rule 26(b)(1):

(1) Relevant information about Jane Doe 1, John Doe 1, John Doe 2, and John Doe 3, that is (a) pertinent to the claims of Plaintiff Scott and (b) necessary to serve those same

---

[7] The Plaintiff did not see the Pacer docket until December 8, 2020

[8] The name of Defendant Moon's business is "Lolcow, LLC", which owns KiwiFarms.net

[9] "PDF, copies of originals, JPG images, screenshots and typed lists" (¶"Instructions")

Defendants[10]. The discovery request included the following relevant requests for all previously listed[11] Defendants:

    a.  Their date of sign up to "KiwiFarms.net"

    b.  Their email addresses used for log in

    c.  Any and all email addresses used by these profiles since the date of their sign up

    d.  Any and all IP addresses used by these profiles since their date of sign up

    e.  Any and all alternate KiwiFarms.net profiles created with their emails

    f.  Any fictional names or aliases used by their profiles

    g.  Any telephone numbers associated with their profiles

    h.  Any of their records of volunteer service or employment by KiwiFarms.net

    i.  Their city, state, and country of residence information

    j.  Their date of birth[12]

    k.  Any communications Defendant Moon has had with these profiles

---

[10] Plaintiff qualifies for an extension of time under Rule 4(m) to serve Jane Doe 1, John Doe 1, John Doe 2, and John Doe 3 the Summons and Complaint because they have acted as evasive defendants with no address. "Examples of cases where plaintiffs untimely service has been excused under this narrower standard include obstructions to service such as the lack of an address or an evasive defendant" (*Londeree v. Crutchfield Corp., 68 F. Supp. 2d 718 - Dist. Court, WD Virginia 1999*)

[11] Jane Doe 1, John Doe 1, John Doe 2, and John Doe 3

[12] Necessary to determine if any of the profiles are minors

## III.   NO EXCUSABLE REASON FOR DELAY

(e) These items requested are important to discovery in order to resolve the issues surrounding the case and to serve Defendants. Defendant has withheld all of this information to prevent the Plaintiff from serving other Defendants. Defendant Moon has each of these items in his possession. It is easy for him to access to the information. The financial cost of supplying these requested documents will not be burdensome to Defendant Moon[13]. He needs only access to a computer with a keyboard (which he has), some printer paper and postage. Even if he has some expense, it is the risk he took when he refused to remove Plaintiff Scott's name and photo down after she informed him he did not have her consent to use her name and photo for his business[14].

(f) Plaintiff asserts that this court does not need to adjudicate the Motion to Dismiss[15] in order for the revised (second) Motion to Compel to be addressed. There is a standing Order for entry of Default and a standing entry of Default. Plaintiff does not need to defend whether or not

---

[13] Mr. Moon is running a fundraising campaign on his website to pay for his legal fees. An article published on KiwiFarms.net entitled "Regarding a lawsuit from an insane woman", with "woman", referring to the Plaintiff, in which Defendant is running a fund raising campaign for his legal fees: https://kiwifarms.net/threads/2020-12-07-scott-v-moon-mk-vi.80988/; and also [https://kiwifarms.net/threads/biting-the-hand-that-feeds.80828/] where Joshua Moon says "There are now civil court problems, but they will be dealt with, and *the community will help*." (emphasis added). There is reason to believe many of his users are paying for his legal fees.
[14] Plaintiff Scott sent Defendant Moon notice on April 2, 2017 that he did not have her permission to use her name and photo for his business. From this issue alone (Appropriation) stems the case at hand (I.I.E.D). Had Mr. Moon respected Ms. Scott's request to remove her name and photo, the resulting case against him would not have ensued.
[15] Plaintiff Scott has until December 31, 2020 to respond to the Motion to Dismiss and her response is forthcoming in the following week

she has stated a claim at this point in time because this court already ordered that after a "review of the record" the Complaint qualified for a Default judgment (docket no. 19).

Even if Defendant would present a meritorious defense in the Motion to Dismiss[16] the Defendant has no explanation for losing the Summons and Complaint[17]. Defendant's Motion to Set Aside Default in an insufficient defense as a matter of law[18]. The Defendant has been properly served the First Request for Production of Documents at his business address according to Rule 5(b)(2)(C). Defendant was served the Summons and Complaint. The Summons cannot be invalidated solely upon the omission of a court name[19]. Service was done in accordance with Rule 4(e)(2), relevant Virginia statute[20] and Florida statutes[21]. As of the date of this (second) Motion to Compel, there is a standing court Order permitting the Plaintiff to engage in discovery (docket no. 17). Defendant Moon's attempt to delay discovery by challenging service

---

[16] Plaintiff's full response to the Motion to Dismiss will be mailed by postal mail next week.
[17] Under the standard of the 4th District outlined in *Payne Corp.* and *Colleton Preparatory Academy*, a Defendant who cannot explain how they lost a Summon and Complaint does not qualify to set aside an entry of Default (*Park Corp. v. Lexington Ins. Co.*, 812 F. 2d 894, 897 (4th Cir. 1987) and (*Colleton Preparatory Academy v Hoover Universal Inc.*616 F 3d. 413 Court of Appeals (2010))

[18] Upon testing the sufficiency of the Motion to Set Aside Default, even if and when the Plaintiff would later respond to the "meritorious defenses" component of the Motion to Dismiss, the Defendant has not met the other components necessary to relieve him of the Default entered. The Defendant has to demonstrate *all 5* of the requirements to set aside the Default: (1) a possible meritorious defense (2) promptness of the defaulting party (3) the personal responsibility of the defaulting party (4) the prejudice to the other party and (5) whether there is a history of dilatory action. As of this date, Defendant Moon has given no justifiable reason his employees did not hand over the Summons and Complaint to him. This component alone is enough to deny the Motion to Set Aside Default. Defendant cannot demonstrate he had a valid reason or "excusable neglect" under Rule 60(b) for being relived of the entry of Default order.
[19] See footnote 3
[20] Va. Code 8.01-299(1)
[21] FL Statute 48-062

undermines this Order. Defendant's attempt to create a controversy regarding service is simply a dilatory action. If he had some objection to discovery he could have brought that objection back in November when the Order was issued.

(g) Local Rule 11(c)(2) requires that an extension of time request from an opposing party "must state a good cause justifying the relief requested". A request for an extension of time should be for meritorious reasons like scheduled surgery, uncontrollable COVID-19 delays, and other factors beyond the Defendant's control like childcare issues, health issues and the like. Defendant's request for an extension of time is prejudicial to the Plaintiff. The Plaintiff has repeatedly been required to meet every deadline this court has imposed upon her. The Plaintiff has been held to a strict standard for both her pleadings and motions, with regard to content and deadlines, and the same stringent standards should be applied equally to the Defendant. The Rules impose a 14 day deadline to respond to discovery requests and the Defendant chose not responded.

## IV.    LACK OF RESPONSE BY DEFENDANT MOON

## AND COMMUNICATIONS WITH DEFENDANT'S COUNSEL

(h) After the 14 day period allowed by local rules of the Western District of Virginia, Defendant Moon did not respond in any manner to Plaintiff Scott as of December 7, 2020. Plaintiff

Scott attempted to confer with Defendant Moon via email[22] regarding the Requests for Production of Documents prior to December 7, 2020 to avoid court action.

(i) Plaintiff Scott has also attempted to confer with Defendant's counsel regarding the Requests for Production, the first Motion to Compel and Plaintiff's revised second Motion to Compel[23]. Counsel for Defendant and Plaintiff Scott exchanged emails on December 18, 2020 but could not come to a resolution. As of the date of this filing, Defendant Moon has not produced any of the above mentioned items Plaintiff Scott requested.

---

[22] Plaintiff Scott does not have a direct telephone number for Defendant Moon. After diligent inquiry, she has not been able to find a direct phone number for Joshua Moon. Plaintiff Scott received a confirmation notice via email that her emails were relayed to Defendant Moon's email. Plaintiff Scott has always received a response from Defendant Moon's email when she sent him legal requests to remove content and a notice not to put legally protected information about her minor children on KiwiFarms.net. Joshua Moon has normally always responded to Plaintiff Scott's emails.

[23] Counsel for the Defendant and Plaintiff Scott exchanged emails regarding the First Request for Production and Motion to Compel on December 15, 2020 and December 16, 2020. Counsel for Defendant replied from matthewdhardin@gmail.com, the email that appears on his Notice of Appearance

## REQUEST FOR DISCOVERY UPON COURT ACTION

WHEREAS, this court previously *ordered* that Plaintiff could proceed with discovery; and

WHEREAS, this court granted Plaintiff Scott leave to re-file this Motion to Compel; and

WHEREAS, Plaintiff Melinda Scott has made a good faith attempt to avoid court action in filing this (second) Motion to compel; and

WHEREAS, Plaintiff Scott has made a good faith attempt to confer with Defendant Joshua Moon and his counsel regarding the Request for Production of Documents and both Motions to Compel; and;

WHEREAS Defendant Moon refuses to produce the requested documents asked of him in the First Request for Production of Documents;

Plaintiff Scott now PETITIONS this court to order Defendant Joshua Moon to produce the documents requested in Plaintiff Scott's First Request for Production of Documents for the reasons stated above.


RESPECTFULLY SUBMITTED,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
Richmond, VA 23218
mscottw@gmu.edu
540-692-2342

## CERTIFICATE OF SERVICE

I hereby certify that I have both mailed a copy of this (SECOND) MOTION TO COMPEL to the Defendant, to the Defendant, by counsel, Matthew D. Hardin, VSB #87482 1725 I Street NW, Suite 300 Washington, DC 20006 and at matthewdhardin@gmail.com on this $\underline{21^{st}}$ day of DEC., 2020.

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
Richmond, VA 23218
mscottw@gmu.edu
540-692-2342