IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

DEC 21 2020

JULIA C. DUDLEY, CLERK
BY
DEPUTY CLERK

| | |
|---|---|
| MELINDA SCOTT, | ) |
| PLAINTIFF | ) |
| v. | ) Case No. 2:20cv14 |
| | ) |
| WISE COUNTY DEPT. | ) |
| of SOCIAL SERVICES, | ) |
| et al, | ) |
| | ) |
| DEFENDANTS | ) |

## MEMORANDUM OF LAW
## IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

This Memorandum presented in support of Plaintiff's Motion to Compel.

### I. Legal Standard of 4th District for Invalidating Service of a Summons and Complaint

The Defendant was served the Summons and Complaint on August 18, 2020. The Summons and Complaint was served within the time limit allowed[1]. Defendant has tried to challenge the delivery of the Summons on the grounds that the Summons served upon Defendant Moon omits the name of the courthouse ("Western District of Virginia). However, a minor technicality like the omission of "Western District of Virginia" in insufficient to

---

[1] The Complaint was filed on July 8, 2020 and the Summons and Complaint was served August 18, 2020

invalidate a summons. The Fourth District has determined that ""When there is actual notice, every technical violation of the rule or failure of strict compliance may *not invalidate* the service of process" (emphasis added) (*Wade v. Alamance County Department of Social Services,* Dist. Court, MD North Carolina 2020 citing *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.,* 733 F.2d 1087, 1089 (4th Cir. 1984)). Here, Defendant Moon received actual notice of the lawsuit at his business address. His Summons cannot be invalidated simply by the omission of "Western District of Virginia" at the header. The Summons and Complaint were served properly and Defendant Moon was responsible to act.

## II.  Legal Standard of 4th District for "Constructive Notice"

Even before the Defendant received the notice of Default in the mail, Defendant Moon already knew a lawsuit had been filed in which he was named a Defendant[2]. The Fourth District has stated that actual *or constructive notice* that a lawsuit is forthcoming is a factor that makes a Defendant personally responsible to act (*Kramer v. Jotun Paints, Inc.,* 183 F. Supp. 2d 795 - Dist. Court, D. Maryland 2002; *Wilkins v. Montgomery,* 751 F. 3d 214 - Court of Appeals, 4th Circuit 2014). Joshua Moon even stated online that he intended to reply to the lawsuit on July 10, 2020[3]. Joshua Moon had constructive notice that the lawsuit was forthcoming to be served upon him.

---

[2] Posts from Kiwi Farms users alerting Joshua Moon that a lawsuit had been filed: https://kiwifarms.net/threads/melinda-leigh-scott-marshall-castersen.32118/post-6886434; https://kiwifarms.net/threads/melinda-leigh-scott-marshall-castersen.32118/post-6886456; and Posts where Joshua Moon is involved in the threads acknowledging receipt of lawsuit: https://kiwifarms.net/threads/melinda-leigh-scott-marshall-castersen.32118/post-6887335; https://kiwifarms.net/threads/melinda-leigh-scott-marshall-castersen.32118/post-6888288

[3] https://kiwifarms.net/threads/melinda-leigh-scott-marshall-castersen.32118/post-6888288

## III. Legal standard of the 4th district for Extension of Timeline for Service of Process

All of the requested discovery items Plaintiff Scott requested from Joshua Moon are necessary for serving Defendants Jane Doe 1, John Doe 1, John Doe 2, and John Doe 3. Here, Plaintiff asked in her Complaint for immediate leave from this court to engage in discovery in order to serve Jane Doe 1, John Doe 1, John Doe 2, John Doe 3 (¶"Request for Relief") because these Defendants have no public address and have been evasive about providing any. Where there is an evasive defendant, and where the Plaintiff has been diligent in locating an address and effectuating service of process, the legal standard in the 4th district is to permit the Plaintiff more time in filing the service of process under Rule 4(m). The 4th district has ruled that: "Rule 4(m) of the Federal Rules of Civil Procedure requires extension of the ... service period only when the plaintiff can show good cause for his failure to serve. Fed. R. Civ. P. 4(m); *Scott v. Maryland State Dep't of Labor*, 673 F. App'x 299, 306 (4th Cir. 2016)[4] (unpublished).

Factors used to determine if there was good cause include whether: "1) the delay in service was outside the plaintiff's control, 2) the defendant was evasive, 3) the plaintiff acted diligently or made reasonable efforts, 4) the plaintiff is *pro se* or *in forma pauperis,* 5) the defendant will be prejudiced, or 6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A)." *Id.* (*Coley v. Golkeinllice, Dist. Court, MD North Carolina 2018*). Here the Plaintiff meets all of those requirements. "Examples of cases where plaintiffs untimely service has been excused under this narrower standard include obstructions to service such as the lack of an address or an evasive defendant" (*Londeree v. Crutchfield Corp., 68 F. Supp. 2d 718 - Dist. Court, WD Virginia 1999*). The Defendants here have been evasive, the Plaintiff has acted diligently and

---

[4] This "Scott" is not the same as the Plaintiff. The last name is only coincidental.

made reasonable efforts, the Plaintiff is pro-se and proceeding *in forma pauperis*. The Plaintiff meets the conditions for an extension for time on numerous accounts. "Where, however, the initial attempt at service is unsuccessful, certain procedures are required to be followed in order for the plaintiff to retain the benefits accruing from the original timely filing.... " (*Kramer v. Jotun Paints, Inc., 183 F. Supp. 2d 795 - Dist. Court, D. Maryland 2002*).

### IV. Legal Standard in the 4th District for requesting IP Addresses

The Fourth District has allowed the request of IP addresses in discovery for the purposes of identifying Defendants and serving them summons, complaint and other pertinent documents. In *Third Degree Films, Inc.* the court permitted a request for discovery of IP addresses "so that Plaintiff can discover the identity of the defendants and serve them with process" (*Third Degree Films, Inc. V. Does 1-118, Dist. Court, D. Maryland 2011*). The same standard has been applied in other cases: *K-BEECH, Inc. v. DOES 1-22, Dist. Court, D. Maryland 2011* and *Patrick, Inc. V. DOES 1-11, Dist. Court, D. Maryland 2011*. Here, Plaintiff Scott also has requested IP addresses from Defendant Moon for the purposes of serving Defendants Jane Doe 1, John Doe 1, John Doe 2, and John Doe 3.

### V. Legal Standard in 4th District for requesting other identifying information

The information Plaintiff Scott has requested from Defendant Moon is relevant to her claims and case. "[A] plaintiff sets the scope of discovery with his or her complaint." (*Simpson v. Ocwen Loan Servicing*, LLC, Dist. Court, ND West Virginia 2020). Each of the items are relevant in establishing the identities of Defendants Jane Doe 1, John Doe 1, John Doe 2, and John Doe 3, as well as claims regarding them. "Under Federal Rule of Civil Procedure 26(b), parties may obtain discovery "regarding any non-privileged matter that is relevant to any party's

claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance, rather than admissibility, governs whether information is discoverable. See id.; *Herchenroeder v. Johns Hopkins Univ. Applied Physics Lab*, 171 F.R.D. 179, 181 (D. Md. 1997). Information sought need only "appear[] [to be] reasonably calculated to lead to the discovery of admissible evidence" to pass muster. *See Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 377 (D. Md. 2014)" (*Prusin V. Canton's Pearls, Llc, Dist. Court, D. Maryland 2016*).

### V. Legal standard in 4th District for "burden" litmus test of producing discovery

Each item Plaintiff Scott has asked for is relevant to the case and her claims. Nothing Plaintiff Scott has asked Defendant Moon for is irrelevant or a burden to produce. "This undue burden category encompasses situations where [a party] seeks information irrelevant to the case." U.S. Home Corp. v. Settlers Crossing, LLC, No. DKC-08-1863, 2013 WL 553282, at *7 (D. Md. Oct. 3, 2013) (internal citations and quotation marks omitted). "Thus, if the discovery sought has no bearing on an issue of material fact—i.e., if it is not relevant— a protective order is proper." Id. (citations and quotation marks omitted)." (*Prusin V. Canton's Pearls, Llc, Dist. Court, D. Maryland 2016*). According to this legal standard, Defendant Moon will not be burdened to produce the discovery requested.

**WHEREFORE**, Plaintiff submits this memorandum of law in support of her Motion to Compel. Her request for relief is contained within the Motion to Compel.

## CERTIFICATE OF SERVICE

I hereby certify that I have both mailed a copy of this MEMORANDUM (WITH PLAINTIFF'S MOTION TO COMPEL) to the Defendant, by counsel, Matthew D. Hardin, VSB #87482 1725 I Street NW, Suite 300 Washington, DC 20006 and at matthewdhardin@gmail.com on this _21st_ day of DEC., 2020.

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
Richmond, VA 23218
mscottw@gmu.edu
540-692-2342