IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

DEC 23 2020

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

MELINDA SCOTT, )
Plaintiff )
v. ) Case No. 2:20cv14
)
WISE COUNTY DEPT. )
of SOCIAL SERVICES, )
et al )

PLAINTIFF'S REPLY TO DEFENDANT'S "COMBINED MEMORANDUM"

Defendant, by counsel, presents additional allegations, defenses and claims in response to Plaintiff's Motion to Strike. Additionally, Defendant's "Combined Memorandum" asserts that Plaintiff has not specified in her Motion to Strike which parts of her Motion to Strike address specifically the "insufficient defenses", which parts are "impertinent", which parts are "immaterial" content, and which parts are "scandalous" matters. Plaintiff replies to Defendant's "Combined Memorandum" as follows:

I. **Utilizing a "Motion to Strike" in efforts to strike another Motion under the standard of Rule12(f)**

Plaintiff asserts that a Motion with accompanying Memorandum can be addressed with a Motion to Strike under Rule12(f) for the following reasons:

### (A) A Motion is also a pleading *generally*

(1) Black's law dictionary defines a "pleading" as: *"a formal document in which a party to a legal proceeding (esp. a civil lawsuit) sets forth or responds to allegations, claims, denials or defenses"*. Mr. Moon's "Memorandum" that accompanies his "Motion to Set Aside Default" *and* the "Motion to Set Aside Default" qualify as pleadings under this definition. In both of these documents Defendant Moon *sets forth* allegations, claims, denials and defenses.

(2) When a Motion begins to set forth allegations, claims, denials, or defenses, rather than just highlighting technical content and rules, it is no longer just a Motion, it is also a pleading, *generally speaking*.

### (B) Rule 7(b)(2) and Rule 10 treats Motions as Pleadings

(1) Rule 7(b)(2) states that motions are included under Rule 10 "form of pleadings" styling rules. Rule 7(b)(2) states that "the rules governing captions and other matters of form in pleadings apply to motions and other papers". Rule 10 sets forth "form of pleadings" and makes no separate mention of "Motions" separately.

### (C) Court granted discretion on Motion to Strike

### for several different types of documents not listed under Rule7(a)

(1) The legal standard in the Fourth District for ruling on a Motion to Strike under Rule12(f) for documents that are not listed under Rule 7(a) definition of "pleadings" is demonstrated in *McLaughlin v Copeland* and *Adolphe v Option One Mortgage Corp.*. The Fourth District has created a breadth of opportunity for Rule12(f) to be exercised on other forms of writing that may contain insufficient defenses, impertinent, immaterial, or scandalous statements.

(2) In *McLaughlin v Copeland* the court decided that "Although affidavits technically do not constitute pleadings, courts have permitted affidavits to be challenged by motions to strike because the *Federal Rules provide no other means to contest their sufficiency*" (*McLaughlin v Copeland*, 435 F Supp. 513 – Dist. Court. D. Maryland 1977)(emphasis added). In the same way, if *the Federal Rules provide no other means to contest the sufficiency* of a Motion to Set Aside Default which contains content that is immaterial, impertinent or scandalous, or insufficient defenses, the court is granted the same discretion here. In *McLaughlin* the court ruled on a Motion to Strike against an (a) Appendix, (b) Affidavit, (c) Exhibit and (d) Attachments.

*(3)* In *Adolphe v Option One Mortgage Corp.* the court ruled on a Motion to Strike against a "Notice of Interest" (*Adolphe v Option One Mortgage Corp., WD North Carolina 2012*).

These rulings give this court plenty of flexibility to test the sufficiency of a Motion to Set Aside Default under Rule12(f).

## II. Impertinent Content in Defendant's Motion to Set Aside Default and accompanying Memorandum

### (A) Casting Plaintiff in "derogatory light"

(1) Defendant Moon's Motion to Set Aside Default attempts to cast Plaintiff in a derogatory light for being a pro-se litigant with some dismissals with the undertone that Plaintiff is incompetent and wasting judicial resources. In *Asher & Simons, PA v. j2 Global Canada, Inc.* the court stated that ""the disfavored character of Rule 12(f) is relaxed in the context of scandalous allegations," i.e., those that "improperly cast a derogatory light on someone." (*Asher & Simons, PA v. j2 Global Canada, Inc.* 965 F. Supp. 2d 701-Dist. Court, D. MD 2013).

(2) This court should relax the definition of "pleading" in order to prevent the Plaintiff from being cast in a derogatory light in Defendant's Motion to Set Aside Default and Memorandum.

### (B) Defendant's goal of casting the Plaintiff in a "derogatory light" is to create prejudice against the Plaintiff

(1) The former cases the Plaintiff has filed that were dismissed against Defendant Moon, when taken out of context and void of fuller details, are immaterial to this case. Defendant, by counsel, raises them as what he calls the "backdrop" in order to prejudice the opinion of this court against her with an illogical correlation argument: "If those were dismissed, so

should this be". Of course, those are not the exact words that Defendant, by counsel, chose. Defendant, by counsel, stated that this court should look at this case "against this backdrop", these words being chosen, although devoid of factual context and fuller details, to create a false narrative about the Plaintiff. This was done to create a prejudicial bias against the Plaintiff and should not have been included in the Motion to Set Aside Default.

### (C) Combined Memorandum similar

(1) Defendant, by Counsel, makes another attempt to insert impertinent material into his Combined Memorandum in order to cast Plaintiff in a "derogatory light". In Defendant's "Combined Memorandum", Defendant Moon, by counsel, falsely states that Plaintiff Scott said that the Fourth Circuit's rulings were "subjective". Defendant's counsel is creating a false narrative against the Plaintiff in order to try to create bias against the Plaintiff by attempting to pit her against the court as someone allegedly disrespectful and hostile to judges.

(2) More accurately, what the Plaintiff said in her Motion to Strike was that *the Defendant's claims* of having a meritorious defense were subjective.

(3) Defendant, by counsel, claims that Plaintiff Scott "castigated" a judge for dismissing a case for not pleading "every fact"(IV, ¶2). Plaintiff Scott did not castigate any judge for that decision. She simply described what happened. Again, Defendant, by counsel, is attempting to create a false narrative that the Plaintiff is overly critical toward judges in order to prejudice her in the eyes of the court.

### III. Prejudicial Content and Actions against Plaintiff

(1) In addition to the Defendant's counsel attempting to bias the court against the Plaintiff by casting her into a derogatory light, Defendant then denies any prejudice that the Plaintiff may incur as a result of the Motion to Set Aside Default being granted.

(2) Firstly, the Defendant writes that the Plaintiff has to state every single possible outcome that could possibly ever happen in the future should impertinent content be allowed to remain within documents on the docket. There is no legal precedent for this and the Defendant cites no case law for their claim that Plaintiff must show an outline of every possible scenario that could possibly unfold from prejudicial content within the Motions and Memorandums. Prejudice, on its face, should be stricken and discouraged. It's obvious at face value that it is inherently incorrect to allow prejudicial content to be in a legal document.

(3) Secondly, the Defendant again makes the assumption that the Plaintiff has to "prove the Defendant's liability"(¶I(b)). Plaintiff denies this. The Defendant was properly served and failed to respond. The Default has already been entered. Defendant's defenses in the Motion to Set Aside Default are insufficient as a matter of law[1] and the Plaintiff should not have to expend any more time or resources, nor incur any further stress or inconvenience, through the reversal of the Default entered by the Clerk.

---

[1] Upon testing the sufficiency of the Motion to Set Aside Default, even if the Plaintiff would later respond to the "meritorious defenses" component of the Motion to Dismiss, the Defendant has not met the other components necessary to relieve him of the Default entered. The Defendant has to demonstrate *all* 5 of the requirements to set aside the Default: (1) a possible meritorious defense (2) promptness of the defaulting party (3) the personal responsibility of the defaulting party (4) the prejudice to the other party and (5) whether there is a history of dilatory action. Defendant cannot demonstrate he had a valid reason of "excusable neglect" for not responding. This component alone is enough to deny the Motion to Set Aside Default.

## IV. Insufficient Defenses in Defendant's Motion to Set Aside Default and "Combined Memorandum"

### (A) Defendant's allegations of being victimized by Plaintiff Scott

(1) There is no vexatious or malicious legal campaign against Mr. Moon. Mr. Moon is not a victim. He *chose* to use the Plaintiff's name and photo for his business without the Plaintiff's permission since March 2017. That is the tort of Appropriation and a cause of Action under Va Code 8.01-40. Prior to March 2017 Ms. Scott never heard of Joshua Moon. She had no prior interactions with Mr. Moon that would prompt him to use her name and photo for his business.

(2) In fact, it is Defendant Moon who has had a hostile pattern of behavior toward Plaintiff Scott. On April 2, 2017 Mr. Moon was sent an email by Ms. Scott requesting the removal of her name and photo from his website. He responded to the email and refused with cussing and ill-mannered words[1]. This is a pattern of behavior for Mr. Moon toward several members of society. He responded to New Zealand elected official's requests to remove video footage of a terrorist shooting from his website with cussing and hostile words[2].

---

[1] In the email reply Defendant Moon told the Plaintiff: "It's amazing how if you had taken thirty seconds to not be a [redacted curse word] banshee you'd have all the sympathy and help you'd need, but now I am not doing [redacted curse word] for you and nor am I obligated to".

[2] This story was published in a British newspaper, "Daily Mail". The title of the article is "Founder of American website publishes scathing email sent to New Zealand police". In this article they state: "Moon went on to sign off his email saying: 'I don't give a single solitary f**k what section 50 of your f****t law say about sharing your email. F**k you and f**k your s***hole country.' " (Link: https://www.dailymail.co.uk/)

(3) Plaintiff Scott has filed *valid* causes of action against Defendant Moon. They were not dismissed because Plaintiff Scott didn't have a cause of action. They were dismissed because (a) Plaintiff Scott did not have the legal knowledge at those times to convey her legal injuries correctly on paper and (b) Plaintiff Scott did not clearly express to the court's satisfaction the reason Defendant Moon did not qualify for immunity under CDA Section 230 in prior lawsuits. If Plaintiff Scott would re-file her Appropriation case against Joshua Moon with the former pleading errors corrected, she could easily get a judgment in her favor. If there was no valid cause of action *here in this case* Mr. Moon would have been able to file a Demurrer. The cause of action here is apparent.

### (B) Motion to Strike is not a dilatory action

(1) Defendant, by counsel, claims that Plaintiff Scott has filed a Motion to Strike as a "dilatory action". Plaintiff denies this. The legal standard in the Fourth Circuit is that "A motion to strike is timely if made by a party before responding to the pleading" (*Adolphe v Option One Mortgage Corp., WD North Carolina 2012*). Here Plaintiff Scott has filed her Motion to Strike prior to her full Response[3].

---

[3] Plaintiff Scott also clearly stated in her Motion to Strike that a response was to follow

## (C)Defendant Moon was served properly under Virginia *and* Florida State law for businesses

(1) Plaintiff Scott clearly stated in her complaint that Defendant Moon is a business owner of the website "KiwiFarms.net" (¶66, 76). He runs "KiwiFarms.net" as a business owner. Mr. Moon is the sole owner of the business. As a sole proprietor he is one and the same as "Lolcow, LLC". Defendant Joshua Moon can be served as an LLC[5].

(2) Under Virginia law, an LLC business can be served according to Va Code §8.01-299. The address Defendant Moon publishes on his website is a business address. As noted in the delivery of summons by the Marshal, it is his "electronic mailbox" with a "third party" officer whom Mr. Moon has designated to receive his mail for him and bring it to him as a business owner. Under Va Code §8.01-299(1) this is valid service.

(3) This is also valid service under Florida law. Under Florida law, an LLC is required to have a registered agent. Defendant Moon does not have a registered agent. Florida law provides that:

> "If service cannot be made on a registered agent of the limited liability company because of failure to comply with chapter 605 or because the limited liability

---

[5] Defendant Moon has always held himself out to be an LLC. On his website he labels his business "Lolcow, LLC". He was formerly registered in Florida as "Lolcow, LLC". On March 17, 2019 Joshua Moon published on Kiwi Farms the following statement: "My company is contained within a Florida company. If you need an address to send physical documents to this works. Lolcow LLC 913 Beal Pkwy NW, Suite A-1017, Fort Walton Beach, FL 32547." (https://kiwifarms.net/threads/2019-03-17-new-zealand-police-we-would-like-to-preserve-any-posts-and-technical-data-including-ip-addresses-email-addresses-etc.54376/)

company does not have a registered agent, or if its registered agent cannot with reasonable diligence be served, process against the limited liability company, domestic or foreign, may be served:"...

> ...(b) On a manager of a manager-managed limited liability company; or
>
> (c) *If a member or manager is not available during regular business hours to accept service on behalf of the limited liability company, he, she, or it may designate an employee of the limited liability company to accept such service.* After one attempt to serve a member, manager, or designated employee has been made, process may be served on the person in charge of the limited liability company during regular business hours. (FL Statute 48-062) (emphasis added)

(4) By creating a business address in the manner that Defendant Moon has created it, both the employee of the "Qwik Pack and Ship" *and* the unnamed "third party" qualify as "an employee of the limited liability company to accept such service" under FL Statute 48-062.

### (C) Defendant Moon is at fault

(1) As of this date Defendant Moon still has provided *no* explanation at all for how the Summons and Complaint that was received by his employees did not get into his hands as well. He has shown *no valid "excusable neglect"*. In order to be consistent and enforce the standards of the Fourth District in *Colleton Preparatory Academy* and *Park Corp.*, this court should deny Defendant's Motion to Set Aside Default.

### V.    Other matters before this court

### (A) Plaintiff did not attack Counsel's character in her Motion to Strike

(1) Defendant's counsel states in the "Combined Memorandum" that Plaintiff makes "a few pages of allegations... *at* counsel, rather than the substantive or syntactical merits or demerits of the motions that have been filed" (IV, ¶3) (emphasis added). Plaintiff denies that she has responded to the Motion to Dismiss. She also denies that she made allegations *at* counsel. Rule 9(b) allows a litigant to plead "malice, intent, knowledge and other conditions of a person's mind" generally. Plaintiff's words in describing the motive of Defendant's narrative about her pro-se capabilities are relevant in testing the sufficiency of the Motion to Set Aside[5].

---

[5] Counsel also contends that Plaintiff Scott made a comment online demonstrating the intent to report him to the BAR association. On Friday, September 11, 2020, Plaintiff Scott conferred with Defendant's counsel through email to communicate that she had no plans at any time to do so.

### (B) Online Internet Comments attributed to Plaintiff

(1) In the "Combined Memorandum" Defendant attributes comments on KiwiFarms.net to the Plaintiff in footnote 2. Since no discovery has been served upon the Plaintiff yet in this case Defendant cannot properly attribute this comment by pointing to any set of facts established before this court. The "Combined Memorandum" is not the appropriate place for "Requests for Admissions".

### (C) Defendant's request to adjudicate the Motion to Dismiss Premature

(1) Defendant, by counsel, has requested for this court to rule on his Motion to Dismiss before the deadline of December 31, 2020 granted by this court to the Plaintiff for response has arrived.

(2) Plaintiff Scott clearly stated in her Motion to Strike that she intended to respond to the Motion to Dismiss separately and is well within her legal rights to do so. "A motion to strike is timely if made by a party before responding to the pleading" (*Adolphe v Option One Mortgage Corp., WD North Carolina 2012*). A Motion to Strike can come before a fuller Response filed separately.

(3) Plaintiff Scott never presented her Motion to Strike as her full response.

(4) Defendant, by counsel, claims in his "Combined Memorandum" that Plaintiff Scott has already responded to his Motion to Dismiss. Plaintiff denies this claim.

12 of 14
2:20CV14
Plaintiff's Reply to Combined Memorandum

### (D) Plaintiff's motions, replies and responses

(1) As stated in Plaintiff's Motion to Strike, Plaintiff intends to respond to Defendant's Motion to Dismiss separately before the December 31, 2020 deadline. Her response will be mailed to the courthouse before the December 31 deadline.

**WHEREFORE**, Plaintiff requests this honorable court completely strike Defendant's Motion to Set Aside Default for the aforementioned reasons and proceed with scheduling a hearing as previously ordered.

*Alternatively*, if this court should allow or grant any part or all of the Defendant's Motion to Set Aside Default, Plaintiff respectfully moves this court to rule on her Motion to Strike so that she may prepare a response to Defendant's Motion to Dismiss with only pertinent sections included, and with enough time to respond before the December 31, 2020 deadline.

RESPECTFULLY SUBMITTED,

Melinda Scott, pro-se
PO BOX 1133-2014PMB87
Richmond, VA 23218
mscottw@gmu.edu
540-692-2342

CERTIFICATE OF SERVICE

I hereby certify that I have both mailed a copy of this MOTION TO STRIKE to the Defendant, by counsel, Matthew D. Hardin, VSB #87482 1725 I Street NW, Suite 300 Washington, DC 20006 and at matthewdhardin@gmail.com on this ___14th___ day of DEC., 2020.

*[signature]*

Melinda Scott, *pro-se*

PO BOX 1133-2014PMB87

Richmond, VA 23218

mscottw@gmu.edu

540-692-2342

Melinda Scott
PO BOX 1133-2014 PMB87
Richmond, VA 23218





Western District of VA
ATTN: Clerk
180 W Main St., Rm. 104
Abingdon, VA 24210