UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Big Stone Gap Division)

| | |
|---|---|
| MELINDA SCOTT,<br><br>                    Plaintiff,<br><br>v.<br><br>WISE COUNTY DEPARTMENT OF SOCIAL SERVICES, *et al.*,<br><br>                    Defendants. | Case No. 2:20-cv-00014-JPJ-PMS<br><br>**Defendant Joshua Moon's<br>Second Motion to Extend Deadline<br>Pursuant to Local Civ. R. 11(c)(2)** |

NOW COMES Joshua Moon, and moves that this Court extend the applicable deadline for him to respond to the Motion to Compel filed at Dkt. No. 41, as well as all other motions which appeared in the ECF system on December 23, 2020 (at present, this list comprises Dkt. Nos. 38, 39, and 43). In support of this Motion, Defendant Moon states as follows:

1. Local Civ. R. 11 (c)(1) would ordinarily require the defendant to respond to the motion filed at Dkt. No. 41 within 14 days. However, Local Civ. R. 11(c)(2) permits this court to enlarge the deadline and permits this Motion to be filed without an accompanying brief.

2. Undersigned counsel is currently in transit, returning from pre-planned holiday travel to Florida. Responding to the Plaintiff's motions is thus made more difficult than it would be if he had the full resources of his office available to him.

3. This is the second Motion to Compel which Plaintiff has filed relating to the same purported Request for Production of Documents. The first is filed at Dkt No. 31. An extension of time to respond was granted at Dkt. No. 33, and that extension was expressly granted because dispositive motions remain pending in this matter. The same circumstances that led this Court to grant an extension of time to reply to the previous Motion to Compel apply with equal or greater force to the current Motion to Compel.

4. As Defendant Moon previously pointed out in his Motion for a Partial Stay, Protective Order, and Other Relief (Dkt. No. 35), the Plaintiff appears to be filing numerous motions during the holiday season in an attempt to drive up litigation costs in this matter rather than in an attempt to resolve this case efficiently. The Plaintiff's recent slew of filings, delivered in person to the courthouse on December 21, 2020 at approximately 8:30 a.m. and later uploaded to the ECF system, appear to be further proof of the improper motives for this litigation and the profuse filings herein.

5. Indeed, Ms. Scott states at fn. 14 of her Motion to Compel (Dkt. No. 41, p. 5) that she decided to sue Mr. Moon in federal court for Intentional Infliction of Emotional Distress because he did not accede to her desires in previous claims that were filed in state court for "Appropriation."[1] Undersigned counsel can only surmise that Ms. Scott, an individual who has repeatedly sued the same defendant in this and other courts, who admits to filing new litigation only because previous claims were dismissed, and who has filed numerous new motions in this matter after the defense was previously granted an extension of time to respond to previous motions, is not filing the new motions days before Christmas out of some newly-discovered or urgent emergency. Therefore, it appears a delayed response will not be prejudicial, but will be in the interests of judicial economy.

6. Defendant Moon specifically requested that the Plaintiff hold her Motion to Compel until mid-January to allow the dispositive motions briefing to be completed and to allow the holiday season to come to an end before undersigned counsel and the court are required

---

[1] The "Appropriation" claims, of course, are among the 100% of previous claims that Ms. Scott has filed against Mr. Moon in this and other courts which have been dismissed. See Dkt. No. 25 at p. 2. See also Rules of the Virginia Supreme Court 1:6 (defining *res judicata* and claim preclusion to encompass a "claim for relief arising from identified conduct, a transaction, or an occurrence" as was previously litigated).

to address her motions. See Dkt. No. 35-2. The Plaintiff has clearly rejected any overture to address her motions at a more efficient juncture in the litigation or a more convenient time on the calendar.

WHEREFORE, Mr. Moon again moves that his deadline to respond to the Plaintiff's Motion to Compel and other motions be extended generally until further order of this Court and for this Court to reiterate its order at Dkt. No. 32.

Respectfully submitted this the 23rd day of December, 2020,

JOSHUA MOON

**By Counsel:**

/s/ Matthew D. Hardin
Matthew D. Hardin, VSB #87482
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com

**Certificate of Service**

    I hereby certify that on the 23rd day of December, 2020, I served true and correct copies of the foregoing document upon the plaintiff, by depositing the same into the U.S. Mail, with first class postage prepaid, directed to:

        Melinda Scott
        2014PMB87
        Post Office Box 1133
        Richmond, VA 23218

    The aforementioned documents were served via U.S. Mail pursuant to Fed. R. Civ. P. 5(b)(2)(C) and Local Civ. R. 11 (a) because the plaintiff is proceeding *pro se* and there appears to be no request for electronic service on the docket.

    Dated: December 23rd, 2020

                /s/Matthew D. Hardin
                Matthew D. Hardin