IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| MELINDA SCOTT, | ) | |
| PLAINTIFF | ) | |
| v. | ) | Case No. 2:20cv14 |
| | ) | |
| WISE COUNTY DEPT. | ) | |
| of SOCIAL SERVICES, | ) | |
| et al | ) | |
| DEFENDANTS | ) | |

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

COMES NOW, the Plaintiff, in Response to Defendant's Motion to Dismiss and states as follows:

I. ENTRY OF DEFAULT'S AFFECT ON MOTION TO DISMISS

**(A) Defendant's Rule 12 Motion to Dismiss barred by entry of Default and Court Order**

(a) This court issued an order stating that the Defendant was not able to bring a defense (docket no. 19). In the Order it was stated that the Defendant's time to respond had "expired". Defendant, by counsel, bring his Motion to Dismiss under Rule 12. Defendant's Motion to Dismiss is improperly filed before this court because it is a defense to the Complaint after the 21 day time period allowed for a response. Rule 12 permits a Rule 12

defense to be brought when a responsive pleading is allowed. Rule 12 states that "a motion asserting any of these defenses must be made before pleading *if a responsive pleading is allowed*". This court already ordered that a responsive pleading was not allowed. Defendant, by counsel, does not present his potentially meritorious defenses under Rule 55(c).

**(B) Defendant's Motion to Dismiss irrelevant**

**without a valid reason for lapsing into Default**

(a) Defendant Moon was properly served the Summons and Complaint, pursuant to Rule4(e)(1), at his business address in Florida[1]; according to Va Code §8.01-299(1) and Florida Statue 48-062

(b) Defendant requests relief from the entry of Default under Rule 55c within his Motion to Set Aside Default[2], alongside the Motion to Dismiss. However, Defendant is lacking the other *required* components to qualify for granting a Motion to Set Aside Default. The standards set by the legal standards of the 4th Circuit require a valid reason explaining why

---

[1] Defendant Moon has always held himself out to be an LLC. He was formerly registered in 2016 in Florida as the business "Lolcow, LLC". Florida statute requires any LLC to have a registered agent (Florida Chapter 605). He did not renew his registration after the Plaintiff filed a suit against him in 2018 in order to avoid service and act as an evasive Defendant. However, on his website he labels his business "Lolcow, LLC". On March 17, 2019 Joshua Moon published on Kiwi Farms the following statement: "My company is contained within a Florida company. If you need an address to send physical documents to this works. Lolcow LLC 913 Beal Pkwy NW, Suite A-1017, Fort Walton Beach, FL 32547." (https://kiwifarms.net/threads/2019-03-17-new-zealand-police-we-would-like-to-preserve-any-posts-and-technical-data-including-ip-addresses-email-addresses-etc.54376/). As a sole proprietor (business owner) he is one and the same as Lolcow, LLC.

[2] In Defendant's Motion to Set Aside Default (¶1), Defendant claims surprise as a reason for requesting the Default be set aside. Defendant, by counsel, claims to have receive first notice of the lawsuit within the Default order on November 23, 2020.

the party fell into default. Namely, the Defendant must show an acceptable excuse for lapsing into default, which is the standard set forth in case law the Plaintiff presents here in her accompanying memorandum.

(c) Defendant *claims*, contrary to the Marshal's "Proof of Service" that he did not receive the Summons and Complaint *yet has provided no storyline whatsoever about how the Summons and Complaint disappeared into thin air.*

(d) Without an acceptable excuse for how Defendant did not get the Summons and Complaint from his designated staff and employees[3], the "meritorious defense" components within Defendant's Motion to Dismiss is *irrelevant*. Under the legal standards of the 4th Circuit, presented by Plaintiff in her accompanying Memorandum, meritorious defense is not sufficient in and of itself to set aside a Default entry[4].

---

[3] The "Qwik Pack and Ship" employee designated by Defendant Moon to receive his mail *as well as* the unnamed "third party" in the Proof of Service.

[4] Upon testing the sufficiency of the Motion to Set Aside Default, the Defendant has not met *all* of the other components necessary to relieve him of the Default entered. The Defendant has to demonstrate ***all* 5** of the requirements to set aside the Default: (1) a possible meritorious defense (2) promptness of the defaulting party (3) the personal responsibility of the defaulting party (4) the prejudice to the other party and (5) whether there is a history of dilatory action. As of this date, Defendant Moon has given no justifiable reason the people designated to receive and hold his mail (the employee of the "Qwik Pack n Ship" and the unnamed third party) did not hand over the Summons and Complaint to him. This component alone is enough to deny the Motion to Set Aside Default. In addition, Defendant cannot demonstrate he had a valid reason or "excusable neglect" under Rule 60(b) for being relived of the entry of Default order

## II. DEFENDANT'S MOTION TO DISMISS INADEQUATE TO DISMISS PLAINTIFF'S COMPLAINT

*Notwithstanding*, even if this court would set aside the entry of Default and allow the Motion to Dismiss to be ruled upon[5], the following are the reasons the Defendant's Motion to Dismiss should be denied:

### (A) SERVICE OF THE SUMMONS AND COMPLAINT WAS VALID

Plaintiff properly served the Defendant according to the reasons that follow:

1. The Summons and Complaint were served within the time limit allowed. The Complaint was filed July 8, 2020. Defendant was served by a US Marshal on August 18, 2020.
2. Rule 4(e) was followed. The state laws and statutes of Virginia and Florida were followed.
3. Plaintiff Scott stated in her complaint that Defendant Moon is a business owner of the website "KiwiFarms.net" (¶66, 76). He runs "KiwiFarms.net" under the name "Lolcow, LLC" as a business owner. Mr. Moon is the sole owner of the business and no other

[5]Defendant presents the Motion to Dismiss as a "meritorious defense" component seeking to set aside the entry of Default, simultaneously with Defendant's Motion to Set Aside Default.

business owner was named in the Complaint. As a sole proprietor he is one and the same as "Lolcow, LLC". Defendant Joshua Moon can be served as an LLC[6].

4. Under Virginia law, an LLC business can be served according to Va Code §8.01-299. The address Defendant Moon publishes on his website is a business address. As noted in the delivery of summons by the Marshal, it is his "electronic mailbox" with a "third party" officer *whom Mr. Moon has designated to receive his mail for him and bring it to him as a business owner*. Under Va Code §8.01-299(1) this is valid service.

5. This is also valid service under Florida law. Under Florida law (Chapter 605), an LLC is *required* to have a registered agent. Defendant Moon does not have a registered agent. Florida law provides that:

> "If service cannot be made on a registered agent of the limited liability company because of failure to comply with chapter 605 or because the limited liability company does not have a

---

[6] Defendant Moon has always held himself out to be an LLC. He was formerly registered in 2016 in Florida as the business "Lolcow, LLC". Florida statute requires any LLC to have a registered agent (Florida Chapter 605). He did not renew his registration after the Plaintiff filed a suit against him in 2018 in order to avoid service and act as an evasive Defendant. However, on his website he labels his business "Lolcow, LLC". On March 17, 2019 Joshua Moon published on Kiwi Farms the following statement: "My company is contained within a Florida company. If you need an address to send physical documents to this works. Lolcow LLC 913 Beal Pkwy NW, Suite A-1017, Fort Walton Beach, FL 32547." (https://kiwifarms.net/threads/2019-03-17-new-zealand-police-we-would-like-to-preserve-any-posts-and-technical-data-including-ip-addresses-email-addresses-etc.54376/). As a sole proprietor (business owner) he is one and the same as Lolcow, LLC.

registered agent, or if its registered agent cannot with reasonable diligence be served, process against the limited liability company, domestic or foreign, may be served:"...

...(b) On a manager of a manager-managed limited liability company; or

(c) *If a member or manager is not available during regular business hours to accept service on behalf of the limited liability company, he, she, or it may designate an employee of the limited liability company to accept such service.* After one attempt to serve a member, manager, or designated employee has been made, process may be served on the person in charge of the limited liability company during regular business hours. (FL Statute 48-062) (emphasis added)

6. Defendant Moon was not only on active notice that he had been served a Summons and Complaint, he was also on constructive notice through his own website "KiwiFarms.net" that the lawsuit was forthcoming[7]. The accompanying case law presented in the

[7] **(A)** Joshua Moon stated online that he intended to reply to the lawsuit on July 10, 2020. Joshua Moon had constructive notice that the lawsuit was forthcoming to be served upon him. https://kiwifarms.net/threads/melinda-leigh-scott-marshall-castersen.32118/post-6888288 **(B)** Other online users alerting him he had a lawsuit forthcoming: (1) https://kiwifarms.net/threads/melinda-leigh-scott-marshall-castersen.32118/post-6886434; (2) https://kiwifarms.net/threads/melinda-leigh-scott-marshall-castersen.32118/post-6886456; and Posts where Joshua Moon is involved in the threads acknowledging receipt of lawsuit: (1) https://kiwifarms.net/threads/melinda-leigh-scott-marshall-castersen.32118/post-6887335; (2) https://kiwifarms.net/threads/melinda-leigh-scott-marshall-castersen.32118/post-6888288

memorandum demonstrates why constructive notice is enough to require a Defendant to respond to a lawsuit.

7. The Rules of Civil Procedure allow a Summons to be amended through Rule (4)(a)(2). A minor technical oversight of omitting the exact district court name on the Summons[8] is insufficient to dismiss a case with prejudice[9].

(B) JURISDICTION, VENUE AND AGGREGATED CLAIMS

This case being filed in this court meets all the requirements for proper venue and jurisdiction. The aggregated claims requirements set by law have also been met.

1. **Aggregated Amounts**

a. Jane Doe, John Doe 1, John Doe 2, and John Doe 3 are still Defendants in the case, as Plaintiff has made diligent efforts to locate IP addresses to serve them. They have not been dismissed as defendants[10].

---

[8] In addition, the Summons was marked with the Marshal's stamp of "Roanoke" and the Civil Case Docket Number. The Complaint had "Western District of Virginia" and a stamp of "Abingdon Division". Defendant Moon could have conferred with Plaintiff regarding the name of the courthouse. It is not true that he wouldn't know where to file. For obvious reasons and with some inquiry, he could have found out where to respond.

[9] "When there is *actual notice*, every technical violation of the rule or failure of strict compliance may *not invalidate* the service of process" (emphasis added) (*Wade v. Alamance County Department Of Social Services, Dist. Court, MD North Carolina 2020 citing Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984))*

[10] Plaintiff has also made diligent attempts to garner their addresses for Service of a Summons and Complaint. Under the legal standards of the 4th Circuit, as briefed in the accompanying Memorandum, Plaintiff qualifies for an extension of time due to her diligent efforts, pro-se status, and her status as a litigant proceeding *in forma pauperis*

      b. The combined totals of similar claims against similar Defendants of all John Does 1-3 and Jane Doe 1, combined with the claims against Joshua Moon, meets the amount in controversy standards required by law.

2. **Jurisdiction (Subject matter and Personal)**

a. This court has jurisdiction over Joshua Moon pursuant to Virginia state law, Va. Code § 8.01-328.1. The Plaintiff is a resident who has resided in Southwest Virginia since 2016 and Defendant Moon caused her a tortious injury by a willful act, which started in 2017 and has continued to the present time.

b. Joshua Moon has significant ties to Florida; namely, he is a registered Republican, with a reported "active" status, which requires a domicile in the state of Florida (USA).

c. Joshua Moon's mother's residence is in Pensacola, Florida. His mother's home is Defendant Moon's residence as well.

d. Joshua Moon has a significant business presence in Florida

e. Joshua Moon's claim to be a resident of the European Union has not been supported by any evidence. As stated in the accompanying memorandum of law, the standard of the 4th Circuit is to provide more than just denials and conclusionary statements.

f. The constitutional violations alleged in the Complaint against Joshua Moon, in which he acted as a State Actor (5th and 14th Amendment violations) are included in the Complaint (¶46 and ¶52)

3. **Venue**

a. Joshua Moon forwarded and distributed content from his business website to the employee emails of Wise County Dept. of Social Services. This action reached into Wise County, VA to contribute to Ms. Scott's claim of constitutional violations and IIED against multiple Defendants, including Defendant Moon.

b. The constitutional violations alleged in the Complaint against Joshua Moon (5th and 14th Amendment violations) were a course of conduct through intentional acts done by Defendant Moon while engaging with Wise County Department of Social Services. Joshua Moon's actions reached into Wise County, VA to contribute to Ms. Scott's claim of constitutional violations and IIED.

c. This court has venue over Joshua Moon because he targeted the social harm and social abuse alleged in the Complaint (¶72, 78) toward the Plaintiff in her neighborhood, local area, local county and state of residence as well (Wise County, Virginia).

d. This court has venue here because Joshua Moon targeted an audience to inflict social harm on the Plaintiff within bordering states that compromise the 4th Circuit.

e. Plaintiff has more than adequately stated in her complaint the series of events that led to the Joshua Moon contributing to a malicious phone call were made to a child welfare agency in Wise County, VA (¶65-79)

(C) CONSTITUTIONAL VIOLATIONS AS A STATE ACTOR BY DEFENDANT MOON

4. **Joshua Moon as a state actor for constitutional violations**

   a. Joshua Moon acted as a state actor in funneling information from his website directly to Wise County Social Services *employee emails*. This is outside the normal standard of communication using *telephone phone calls* from anonymous reporters who *call* to report alleged child abuse and neglect.

   b. Constitutional violation claims against Joshua Moon are listed under 5th and 14th Amendment sections of "Cause of Action I" (¶46, 52)

   c. Plaintiff also adequately stated that Joshua Moon's website distributes court documents (¶67), a function normally reserved for government agencies.

   d. The accompanying memorandum sets forth the ways in which Defendant Moon has acted as a state actor

(D) PLAINTIFF HAS STATED A CLAIM FOR WHICH RELIEF CAN BE GRANTED

5. **Defendant's Rule 12(b)(6) claims**

   a. Plaintiff has properly plead a claim for which relief can be granted. This court ruled that after a "review of the record" she qualified for a Default (docket no. 19). She has adequately plead all the facts and elements required for the Tort of I.I.E.D under "Cause of Action II" in her Complaint

b. Plaintiff Scott adequately described Mr. Moon's involvement as a Defendant in paragraphs 66 through 80 of the Complaint.

c. Plaintiff Scott stated that Joshua Moon's conduct was over the course of 3 years (¶67)

d. Plaintiff Scott stated that Joshua Moon's behavior was *extreme, outrageous and indecent* (¶72)

e. Plaintiff adequately stated in her Complaint that Joshua Moon was responsible for intentionally inflicting emotional distress through orchestrating and encouraging *social abuse* aimed at the Plaintiff (¶72)

f. Plaintiff adequately stated that Defendant Moon's course of conduct against Plaintiff Scott was to *injure* her (¶72)

g. Plaintiff adequately stated that Defendant Moon encourages other KiwiFarms.net users and "true and honest fans" of his website to be *malicious* toward the Plaintiff (¶76)

h. Plaintiff adequately stated in her Complaint that Joshua Moon was responsible for causing the Plaintiff emotional distress through orchestrating and encouraging *social harm* through the content of his website (¶76, 78)

i. Plaintiff adequately stated that Joshua Moon, as a result of his actions described between paragraphs 66 through 80, *caused her extreme emotional distress, including anger and rage* (¶77)

j. The chronological and interwoven connection between Defendant Moon, his website, his website users and his "true and honest fans" was adequately

described in the Plaintiff's Complaint in paragraphs 66 through 80 of the Complaint. Joshua Moon is responsible in part for the conduct of others who are his website users and "true and honest fans" of his site because he is creating, developing, editing, encouraging and orchestrating the entire operation as the business owner and because he encourages other users to scapegoat and injure the Plaintiff. This was all stated in the Plaintiff's Complaint (¶76)

k. This court already ordered that after a "review of the record", including the Complaint, the Plaintiff was entitled to entry of a Default (docket no. 19).

6. **Cyber bullying as a true threat**

a. Posting someone's residential address for an international audience, in order to put someone under surveillance, with the purpose to intimidate, harass or threaten is in fact *a real threat* to a person's body and their personal property.

b. Although the online users of KiwiFarms.net pulled the Plaintiff's county of residence from government databases (e.g. Pacer), these databases are not available to the general public. In order to access the information on Pacer users must create a profile that is screened and authorized to use the database. Users must input their name, address, and social security number in order to have access to the documents.

c. The purpose of the documents available in the Pacer system is to inform the public. Taking those documents and re-distributing them online for an

international audience in order to intimidate, harass and threaten the Plaintiff is an indecent use of court information.

(E) CDA SECTION 230 IMMUNITY DOES NOT APPLY TO DEFENDANT MOON

7. **CDA Section 230 Immunity**

a. Plaintiff adequately stated the reasons in the Complaint why Joshua Moon does not qualify for immunity under CDA Section 230 (¶76)

b. Plaintiff has attached a memorandum with relevant case law demonstrating why Defendant Moon does not qualify for immunity under CDA Section 230

(F) OTHER MATTERS PRESETNED BY DEFENDANT MOON'S MOTION

1. **Tort of IIED is a Federal claim**

c. The Tort of IIED is also a federal claim in 2nd *Restatments Section 46.* Plaintiff has brought this Tort of IIED on a federal level in federal court.

d. State law determines the statute of limitations and Plaintiff Scott's claim of I.I.E.D falls within the time frame addressing Defendant Moon's course of action (2018 to the date of filing the Complaint, July 8, 2020).

2. **Doctrines of *res ajudicata* and *collateral estoppel***

e. This case is not prohibited by the doctrine of *res ajudicata* because Plaintiff has included *new* facts and *new* details in her 2020 Complaint. Even if

elements of prior cases were incorporated into this case the prior cases were dismissed *without prejudice*.

f. This case is not prohibited by the doctrine of *collateral estoppel* because this is the *first* I.I.E.D claim that the Plaintiff has ever brought against Joshua Moon. Plaintiff Scott previously filed Appropriation claims, Torts of Defamation, Invasion of Privacy and False light against Joshua Moon. . Even if elements of prior cases were incorporated into this case the prior cases were dismissed *without prejudice*.

g. This suit was filed on July 8, 2020 under an I.I.E.D claim, which has a 2 year statute of limitations, back dated to July 9, 2018. The other cases against Defendant Moon were filed in 2018 for actions prior.

**3. <u>Information regarding Plaintiff's other lawsuits in Defendant's Motion to Dismiss</u>**

h. Defendant, by counsel, also includes information regarding Plaintiff's other lawsuits within his Motion to Dismiss. Defendant, by counsel, failed to include all facts regarding lawsuits Plaintiff has filed against Defendant Moon and other third parties. Defendant's counsel seeks to create a false narrative about Plaintiff Scott's filing history[11].

i. Defendant, by counsel, makes a sweeping generalization about prior lawsuits Plaintiff Scott has filed against Defendant Moon. Counsel, Mr. Hardin, failed to mention *distinguishing factors* in those cases. He failed

[11] Plaintiff's defense to these allegations attempting to put Plaintiff in a derogatory light are responded to in Plaintiff's Motion to Strike (docket no. 29) and Plaintiff's reply to Second Memorandum (docket no. 44)

to identify the types of cases they were (Appropriation, Torts of "False and Negative Light", and Defamation) as well as the *reasons* they were dismissed. Plaintiff Scott presents below a more detailed, accurate and factual outline of litigation between Plaintiff Scott and Defendant Moon[12]:

1. May 2017: Plaintiff Scott files in Wise County General District Court an Appropriation claim against Moon under Va Code. 8.01-40. The case is dismissed on the grounds that the Plaintiff needs to demonstrate that Defendant Moon is making money from using her name and photo (although the judge presented no case law to support this ruling).

2. June 2017-December 2017: Plaintiff Scott appeals to the Wise Co. Circuit Court. Ms. Scott's appeal to the Wise Circuit Court is dismissed *because* she did not plead *every* fact in her original pleading filed at the GDC level. The case was *not* dismissed because she did not have an actual claim[13].

3. 2018: Instead of re-filing the Appropriation claim in State Court Plaintiff Scott *transfers* the claim to a federal suit against Moon,

---

[12] Although Plaintiff Scott also presented this information in her Motion to Strike, she does not present it again here to be redundant. Defendant Moon, by counsel, brings allegations alluding to Plaintiff Scott being a vexatious or malicious litigant in both his Motion to Set Aside Default *and* Motion to Dismiss; his Motion for a Protective Order as well. These false allegations are an attempt to silence the Plaintiff from seeking relief before the court and an attempt to conceal the identities of Jane Doe 1 and John Does 1-3. Plaintiff Scott's additional defenses to Defendant Moon's false allegations of victimizing Defendant Moon are in Plaintiff's Reply to Combined Memorandum (Docket No. 44) and Plaintiff's Motion to Quash and Dismiss (Docket. No. 43)
[13] Ms. Scott still has a legal option of re-filing an Appropriation case against Defendant Moon upon correcting the error of omitting *every* fact upon which she relies. The Virginia statute of limitations is 20 years after the death of a person for filing.

due to the changing and growing content on KiwiFarms.net between 2017 and 2018. The case is dismissed *because* Plaintiff Scott did not (a) mention in the body[14] of the Complaint that Moon wrote some of the articles himself and (b) describe the reasons that Defendant Moon does not qualify for immunity under CDA Section 230. The Western District of Virginia grants Defendant Moon immunity under CDA Section 230.

4. 2018: Plaintiff Scott brings a separate claim against Defendant Moon for Defamation. The Western District of Virginia ruled that Moon's statements were only "rhetoric hyperbole" and for the remainder of the Complaint, grants Defendant Moon immunity under CDA Section 230. In this Complaint, Plaintiff Scott did not describe the reasons that Defendant Moon does not qualify for immunity under CDA Section 230.

**j. <u>Distinguishing factors of this lawsuit in 2020</u>**

The *distinguishing factors* in this case are:

1. Here Plaintiff Scott clearly stated all the reasons that Moon does not qualify for immunity under CDA Section 230 in her Complaint (¶76)
2. Here Plaintiff Scott stated that Joshua Moon, and not a third party, has created content about Plaintiff Scott on his website (¶76)
3. This is an IIED case, not Appropriation, Defamation or other Torts. Plaintiff Scott has *not* previously filed an IIED case against Defendant Moon

[14] Plaintiff Scott included this information in a *footnote* in the Complaint but this court did not find that sufficient to demonstrate that Defendant Moon wrote the articles himself using his own user account

**WHEREFORE**, because Defendant Moon's Motion to Set Aside Default has (a) *not* presented any valid reason to explain the disappearance of the Summons and Complaint, and because (b) Defendant Moon was served properly as a business, and (c) for the other reasons stated above challenging the Defendant's claims in their Motion to Dismiss, Plaintiff asks that this court deny the Defendant's Motion to Dismiss, keep in place the entry of Default as previously ordered, and schedule the subsequent hearing, as previously ordered.

I RESPECTFULLY ASK FOR THIS,

Melinda Scott, pro-se
PO BOX 1133-2014PMB87
Richmond, VA 23218
mscottw@gmu.edu
540-692-2342

CERTIFICATE OF SERVICE

I hereby certify that I have both mailed a copy of this PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS to the Defendant, by counsel, Matthew D. Hardin, VSB #87482 1725 I Street NW, Suite 300 Washington, DC 20006 and at matthewdhardin@gmail.com on this 29th day of DEC., 2020.

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
Richmond, VA 23218
mscottw@gmu.edu
540-692-2342