IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA


MELINDA SCOTT,                    )

PLAINTIFF                         )

v.                                )                    Case No. 2:20cv14

                                  )

WISE COUNTY DEPT.                 )

 of SOCIAL SERVICES,              )

et al,                            )

                                  )

DEFENDANTS                        )


<u>MEMORANDUM OF LAW</u>

<u>IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS</u>


This Memorandum presented in support of Plaintiff's Response to Defendant's Motion to Dismiss.


**I.      Legal Standard in the 4th Circuit to overturn an entry of Default Order**

Defendant has filed a Motion to Dismiss[1]. However, the Motion to Dismiss is inadequately positioned before this court because they have not met one of the other major requirements for setting aside an entry of Default. "The Fourth Circuit has provided six factors to be considered when ruling on a motion to set aside an entry of default" (*Baucom v. DoALL COMPANY, Dist. Court, WD North Carolina 2017*).  The Fourth Circuit maintains the legal standard that, in order

---

[1] The Motion to Dismiss was filed in conjunction with a Motion to Set Aside Default

to overturn an entry of Default, the defaulting party has to show to what degree they were *personally responsible for the default*. A meritorious defense, in an of itself, is not sufficient.

The standard in the 4th Circuit to overturn a Default is not only that a litigant brings a *potential* "meritorious defense" that might allow a court to find in their favor, but also a valid reason for lapsing into default. The Fourth Circuit has ruled that "where a party bears personal responsibility for a delay in responsive pleadings such that default is entered against it, the party "must adequately defend its conduct in order to show excusable neglect." (*Fifth Third Bank v. REVELATION ENERGY, LLC, Dist. Court, SD West Virginia 2018 citing Augusta Fiberglass Coatings, Inc., 843 F.2d at 811*). Here Defendant shows no excusable neglect for not responding to the Summons and Complaint that was delivered at his business address.

The US Marshal certified under penalty of perjury that he delivered to Defendant Moon's business address the Summons and Complaint. Defendant Moon has not presented any storyline or asserted any reason explaining how the Summons and Complaint disappeared into thin air. In *Broadcast Music, Inc.* the court determined that the Defendant had no personal responsibility because "he did not receive service of process" *(Broadcast Music, Inc. v. CARRIE BELL, INC., Dist. Court, D. Maryland 2019)*. Here Defendant Moon *did* receive service of process at his business address, and therefore is responsible for the whereabouts of the Summons and Complaint. "A party's neglect is inexcusable when that party…inexplicably loses the summons and complaint after service, (*Fifth Third Bank v. REVELATION ENERGY, LLC, Dist. Court, SD West Virginia 2018 citing Park Corp. v. Lexington Ins. Co., 812 F.2d 894 (4th Cir. 1987*). Here Defendant Moon's lack of record keeping of the Summons and Complaint is inexcusable as well.

## II.    Legal Standard of 4th Circuit for Invalidating Service of Process

The Plaintiff properly served the Defendant, as a business, according to Virginia and Florida statutes. Service of Process was not defective under Ru4(e)(1). The Summons and Complaint was served within the time limit allowed. Even before the Defendant received the notice of Default in the mail, Defendant Moon already knew a lawsuit had been filed in which he was named a Defendant[2]. The Fourth Circuit has stated that actual or constructive notice that a lawsuit is forthcoming is a factor that makes a Defendant personally responsible to act[3]. Joshua Moon even stated online that he intended to reply to the lawsuit on July 10, 2020[4]. Joshua Moon had constructive notice that the lawsuit was forthcoming to be served upon him.

A minor technicality like the omission of "Western Circuit of Virginia" in insufficient to dismiss a complaint or even overturn a summons. The Fourth Circuit has determined that ""When there is actual notice, every technical violation of the rule or failure of strict compliance may *not invalidate* the service of process" (emphasis added) (*Wade v. Alamance County Dept. Of Social Services, Dist. Court, MD North Carolina 2020 citing Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984)*)

---

[2] (A) Posts from Kiwi Farms users alerting Joshua Moon that a lawsuit had been filed:
https://kiwifarms.net/threads/melinda-leigh-scott-marshall-castersen.32118/post-6886434;
https://kiwifarms.net/threads/melinda-leigh-scott-marshall-castersen.32118/post-6886456; and (B) Posts where Joshua Moon is involved in the threads acknowledging receipt of lawsuit: https://kiwifarms.net/threads/melinda-leigh-scott-marshall-castersen.32118/post-6887335; https://kiwifarms.net/threads/melinda-leigh-scott-marshall-castersen.32118/post-6888288
[3] Kramer v. Jotun Paints, Inc., 183 F. Supp. 2d 795 - Dist. Court, D. Maryland 2002; Wilkins v. Montgomery, 751 F. 3d 214 - Court of Appeals, 4th Circuit 2014;
[4] https://kiwifarms.net/threads/melinda-leigh-scott-marshall-castersen.32118/post-6888288

### III.    Legal Standard of 4th Circuit for Amending a Summons

Should this court determine that the Summons was defective under 4(a)(1)(A), Plaintiff also qualifies for an amendment to the Summons under 4(a)(2). "[I]n cases of a misnomer, leave to amend the summons is the appropriate remedy. " *Fields v. Norfolk and Southern Ry. Co., 924 F. Supp. 2d 702 - Dist. Court, SD West Virginia 2012 citing United States v. A.H. Fischer Lumber Co., 162 F.2d 872, 873-74 (4th Cir.1947).*

### IV.    Legal Standard for what constitutes "meritorious defense"

Here Defendant claims that he has a residence in the European Union. However, Defendant fails to give any evidence whatsoever that that claim is true. The Fourth Circuit has stated that simple denials are not enough to rise to the level of "meritorious defense". In *Pinpoint IT Services, LLC* the court stated that "[t]he burden for proffering a meritorious defense is not onerous, but the defenses must "allege specific facts beyond simple denials or conclusionary statements." *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 195 (3d Cir. 1984). (*Pinpoint IT Services LLC v Atlas IT Export, 812 F. Supp, 2 710, 2011 citing United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 195 (3d Cir. 1984). Here the Defendant does not allege specific facts proving that he actually has a residence in the European Union. In actuality, Joshua Moon has significant ties to Florida, including a residence which is what allows him to be an active registered Republican. The claim that he lives in the European Union is another dilatory tactic to evade service. Here, Joshua Moon has engaged in several evasive behaviors to avoid service. He did not renew his business license for Lolcow, LLC after Plaintiff Scott sued him in 2017, although Florida statutes require him to register and have a registered agent (FL Chapter 605).

## V.    Legal standard for Stating a claim

Plaintiff Scott has adequately pled facts to state a claim for the Intentional Infliction of Emotional Distress against Defendant Moon. Her Complaint contains sufficient facts and elements of the tort of IIED in this case. Even after a "review of the record"[5], including the Complaint, this court determined her complaint qualified for an entry of Default. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556)). Plaintiff Scott has pled adequate facts in her Complaint and Defendant's 12(b)(6) defense fails as a matter of law.

## VI.    Legal Standards of the 4th Circuit Standard for "State Actors"

The Fourth Circuit has determined that "[a]n actor is a state actor in any of the following three situations: (1) when "a sufficiently close nexus" between the actor and the state exists; (2) when the state "exercise[s] coercive power over" the actor "through extensive regulation . . . or . . . significant encouragement"; or (3) the actor is performing a traditionally "exclusive public function." (Grayson v. Metropolitan Washington Airports Authority, Dist. Court, ED Virginia 2014 citing S.P. v. City of Takoma Park, Md., 134 F.3d 260, 269 (4th Cir. 1998)). Here a few of those conditions apply to Defendant Moon. On one count, Defendant Moon was significantly encouraged by Wise County Department of Social Services to forward the information from his website. On a second count, Defendant Moon acted to supply exhibits as evidence to Wise County Department of Social Services, which is a function left to a Commonwealth's Attorney who represents a government agency and collects exhibits for

---

[5] Contained within the Order for the clerk to enter Default (Docket NO. 19)

government agencies. The Supreme Court has stated that "the required nexus may be present if the private entity has exercised powers that are "traditionally the exclusive prerogative of the State." (*Blum v Yaretsky*, 457 US 991 (1982)). Evidence collection for trials are the prerogative of the State, and a Commonwealth Attorney's, not of private entities, such as is owned, controlled, operated or involved as Defendant Moon was.

Plaintiff Scott clearly stated in her complaint that content from Defendant Moon's website was forwarded and distributed to *employee emails* of the Wise County Department of Social Services. Defendant Moon was orchestrating the use of government employee emails to act on the level of a state employee. This action to send information to child welfare *employee emails* in order to report alleged child abuse and neglect has no foundation in state or federal law. There is no legal precedent for allowing citizen reporters to use government employee emails to privately communicate. Virginia Social Services administrative procedure governs that "anonymous", mandatory and other reporters *call* Departments of Social Services to report child abuse and neglect. Documents are not presented unless there is a hearing in a courthouse, so as not to deprive an accused individual of their right to due process under the 5th and 14th amendment.

This involvement of Defendant Moon using government employee emails to communicate with a child welfare agency makes him a "state actor", acting in concert with, and on behalf of the government agency to collect exhibits that would otherwise be used in employee files and for court hearings. Defendant Moon acted under color of law by orchestrating a situation in which exhibits from his website would be forwarded to Wise County Department of Social Services employee emails. "One final consideration, often arising in the resolution of state action questions, is whether there must be a nexus between the

indicia of state action and the specific acts comprising the alleged constitutional [] violation. That is, under some of the circumstances set forth above, we have required that the plaintiff establish a connection between the color of law and the alleged violation of the Constitution." (*Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F. 3d 337 - Court of Appeals, 4th Circuit 2000*).

Here Defendant Moon's action, done under color of law, violated the Plaintiff's 5th and 14th Amendment rights. "A person acting under color of state law "must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions" (*Nexus Services Inc. v. Vance, Dist. Court, WD Virginia 2018 citing DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999)*). *Nexus Services Inc.* is a case in which a §1983 complaint was brought against a defendant. Defendant Moon can be held to the standard of *Nexus Services Inc*, whether he is a state actor or simply acting under color of law. Even if he is not determined a state actor, his involvement together with John Doe 2 and John Doe 3 create a "sufficiently close relationship" that makes him liable under §1983.

Defendant Moon's unwillingness to give information leading to the identities of Jane Doe 1 and John Does 1-3 also can be construed as an admission of being further involved with Wise County Department of Social Services as a state actor in a conspiracy to deprive the Plaintiff of her constitutional rights. Under Rule 37, refusal to engage in discovery can be construed as an admission to claims in the Complaint. This court should consider *why* Defendant Moon wants to conceal the identities of Jane Doe 1 and John Does 1-3. It is not unreasonable to believe that Jane Doe 1 or John Does 1-3 may be government employees of Wise County.

**VII.    Legal standard in the 4th district for CDA Section 230 Immunity**

### and Exceptions to Fourth Amendment Immunity

Plaintiff Scott adequately pled in her Complaint sufficient facts stating why Joshua Moon did not qualify for immunity under CDA Section 230. The Fourth Circuit has named several reasons an internet service provider might not qualify for immunity under CDA Section 230. In *Nemet* the court stated that in order to have immunity the website owner could not be in the act of encouraging illegal content. Building upon the ninth circuit, it said "a website owner who does not '*encourage illegal content*' or '*design' it's website to require users to input illegal content* ' is 'immune' under §230 of the CDA" (*Nemet Chevrolet, Ltd. v. Consumeraffairs. com, Inc., 591 F. 3d 250 - Court of Appeals, 4th Circuit 2009 citing Roommates.com, 521 F.3d at 1175*)(emphasis added). Plaintiff Scott adequately alleged in the Complaint in this case that Defendant Moon permitted illegal defamation on his website from other users. He also is responsible for creating an environment where he encouraged cyber stalking, libel, social harm, social abuse, and injury to the Plaintiff.

Plaintiff Scott also stated in her Complaint that Defendant Moon did not qualify for immunity because he interacts on threads, develops content, distributes information, and has the ability to edit content on threads. In *Zeran* the 4th Circuit ruled that an internet service provider did not have immunity when they acted more like a *distributor* and *editor of content*. The court ruled that "the strict liability standard normally applied to original publishers of defamatory statements, rejecting Prodigy's claims that it should be held only to the lower "knowledge" standard usually reserved for distributors. The court reasoned that Prodigy acted more like an original publisher than a distributor both because it advertised its *practice of controlling content* on its service and because it *actively screened and edited messages posted on its bulletin boards*." (*Zeran v. America Online, Inc., 129 F. 3d 327 -*

*Court of Appeals, 4th Circuit 1997*) (emphasis added). Here the facts are the same for Defendant Moon. His actions in developing, editing and controlling content on threads make him not qualify for immunity under CDA Section 230. This was all adequately stated in the Plaintiff's Complaint.

**WHEREFORE**, Plaintiff submits this Memorandum of law in support of her Response to Defendant's Motion to Dismiss. Plaintiff's request for relief is contained with her accompanying Response.

### CERTIFICATE OF SERVICE

I hereby certify that I have both mailed a copy of this MEMORANDUM (WITH PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS) to the Defendant, by counsel, Matthew D. Hardin, VSB #87482 1725 I Street NW, Suite 300 Washington, DC 20006 and at matthewdhardin@gmail.com on this _____ day of DEC., 2020.

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
Richmond, VA 23218
mscottw@gmu.edu
540-692-2342