**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**(Big Stone Gap Division)**

MELINDA SCOTT,
Plaintiff,

v.

WISE COUNTY DEPARTMENT OF SOCIAL SERVICES, *et al.*,

Defendants.

**Case No. 2:20-cv-00014-JPJ-PMS**

**Defendant Joshua Moon's**
**Opposition to Second Motion to Compel**

NOW COMES Joshua Moon, and opposes the Plaintiff's Second Motion to Compel, which is filed at Dkt. No. 41. In opposition, the defendant states as follows:

1. Defendant Moon previously moved for an extension of time to respond to a substantially similar first Motion to Compel. See Dkt. Nos. 31 and 32. That Motion was granted. Dkt. No. 33.
2. Defendant Moon has also moved for a partial stay, protective order, and other relief. See Dkt. No. 35. Rather than re-state the arguments set forth in that filing and its accompanying memorandum and exhibits, Defendant Moon incorporates that filing by reference here in its entirety.
3. Defendant Moon previously moved for an extension of time to reply to the instant (Second) Motion to Compel. Dkt. No. 45. As of the date of this filing, the Defendant's motion has not been ruled upon. As such and given the imminent expiration of the 14 day period to respond, Defendant Moon feels obligated by Local Civ. R. 11 (c)(1) to respond to the Plaintiff's Second Motion.
4. The Plaintiff's purported Request for Production of Documents is premature because the defendant was not served with the summons and complaint. See generally Dkt. Nos. 25-

26, 30, and 35-2. Pursuant to Fed. R. Civ. P. 34 (b)(2)(A), Mr. Moon is only obligated to respond to discovery requests 30 days after he is served with a copy of the summons and complaint. As of the date of this filing, the summons and complaint have yet to be served on Mr. Moon. Although it is understandable that Ms. Scott may have made a premature discovery attempt in light of the order entered at Dkt. No. 17, p. 2, Mr. Moon's failure to reply does not constitute a breach of any discovery obligation imposed by the rules of civil procedure.

5. Items 1 through 11 of the Plaintiff's purported Request for Production of Documents do not seek the production of any discrete or identifiable document. It appears that the Plaintiff is seeking information in a general sense, rather than seeking identified or identifiable *documents* in the possession of Defendant Moon. Fed. R. Civ. P. 34(a)(1)(A) requires a party to produce only "any designated documents or electronically stored information." Because the Plaintiff has not designated which documents or electronically stored information she wishes to be produced, she is not entitled to relief in the form of a Motion to Compel. To the extent the Plaintiff wishes to pose general queries to the defense, interrogatories are governed by Rule 33. That rule, in turn, limits the scope and volume of questions that the Plaintiff can pose and provides the defendant with various procedural protections. The Plaintiff cannot be permitted to evade Rule 33 by disguising interrogatories as requests for production of documents.

6. Item 12 of the Plaintiff's purported Request for the Production of Documents possibly seeks the production of identifiable documents, although the term "communications" is defined by the Plaintiff in an extraordinarily broad manner that includes telephonic communications that generate no documentary record. To the extent that the Plaintiff

does seek documents, however, she seeks all documents exchanged between certain individuals. Such a broad request runs afoul of Fed. R. Civ. P. 26(b), which states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant … and proportional to the needs of the case… and whether the burden or expense of the proposed discovery outweighs its likely benefit." The Plaintiff has not established that *all* correspondence or communications between various individuals is relevant to the case at bar without respect to the topic of such correspondence or the date it was generated. The Plaintiff has made no attempt to limit her request to relevant communications or communications which might be produced without the imposition of excessive burdens or invasions of privacy.

7. The Plaintiff has not requested a Rule 26 (f) conference in this case, and no Rule 26 (f) conference has been held in this matter. The Plaintiff has not identified the role of discovery in this case (especially in its current posture), has not set forth any discovery plan, and has not identified which issues she believes are relevant to which of her claims. Defendant Moon respectfully submits that attempting to adjudicate the Motion to Compel while dispositive motions remain pending and in the absence of a discovery plan would be inefficient and burdensome for the parties and the Court.

8. Fed. R. Civ. P. 37 (a)(5)(B) provides that if the Plaintiff's Motion to Compel is denied, this Court "must, after giving an opportunity to be heard, require the movant… to pay the party… who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Under the totality of the circumstances in this matter, including the arguments set forth herein and in the filings incorporated by reference in

this filing, Defendant Moon respectfully submits that this Court should order an award of attorney's fees.

WHEREFORE, Defendant Moon respectfully requests that the Plaintiff's Second Motion to Compel should be denied and the Court should further order the Plaintiff to show cause why she should not be held liable for Defendant Moon's attorney's fees.

Respectfully submitted this the 4th day of January, 2021,

JOSHUA MOON

By Counsel:

/s/Matthew D. Hardin
Matthew D. Hardin, VSB # 87482
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com

**Certificate of Service**

I hereby certify that I will file a true and correct copy of the foregoing document with the Court's CM/ECF system, which will electronically serve counsel of record. I have also deposited a true and correct copy of the foregoing document into the U.S. Mail, with First Class postage prepaid, directed to:

Melinda Scott
2014PMB87
Post Office Box 1133
Richmond, VA 23218

Dated: January 4, 2021

/s/Matthew D. Hardin
Matthew D. Hardin
*Counsel for Joshua Moon*