UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Big Stone Gap Division)

| | |
|---|---|
| MELINDA SCOTT,<br><br>                    Plaintiff,<br><br>v.<br><br>WISE COUNTY DEPARTMENT OF SOCIAL SERVICES, *et al*.,<br><br>                    Defendants. | Case No. 2:20-cv-00014-JPJ-PMS<br><br>**Defendant Joshua Moon's Opposition to Motion filed at Dkt. No. 43** |

NOW COMES Joshua Moon, and opposes the Plaintiff's "Motion to Quash and Dismiss Defendant's Request to Vacate Previous Orders and for the Issuance of a Protective Order/Stay/Other Relief," which is filed at Dkt. No. 43. In opposition, Defendant Moon states as follows:

1. The Plaintiff has a curious habit of filing cross-motions, rather than simple oppositions to Motions. See, e.g., Dkt. Nos. 29, 36, and 43. Undersigned counsel originally understood the Plaintiff's cross-motions to be mis-captioned oppositions to defense motions and simply filed a reply brief. See Dkt. No. 30.

2. However, it now appears that the Plaintiff intends for her cross-motions to stand on their own rather than for them to serve as simple opposition briefs. Ms. Scott has filed at least one reply in support of her cross-motions which would otherwise constitute an unauthorized sur-rebuttal. See Dkt. No. 44 (addressing both the merits of setting aside default and the merits of a purported "Motion to Strike").

3. Defendant Moon moved for an extension of time to respond to the Plaintiff's Motion filed at Dkt. No. 43. See Dkt. No. 45. Because the Court has not yet ruled on that Motion

and because undersigned counsel does not wish to violate the timelines imposed by Local Rule 11(c)(1), Defendant Moon feels obligated to respond to the Plaintiff's Motion.

4. The Plaintiff cites no authority for the proposition that a court can "dismiss" or "quash" a defense motion, and the defense is aware of no such authority. The Plaintiff has not filed an opposition to the defense motion filed at Dkt. No. 35, and has not requested that the Court *deny* any defense motion. Instead, Plaintiff only requests that this Court "grant Plaintiff her 14th Amendment right to equal access to the courts," among other relief. Dkt. No. 43, p. 13. Defendant Moon respectfully submits that the Constitutional protections of the 14th amendment apply to Ms. Scott by their own force and that this Court has neither the power to grant those right nor the power to abrogate them.

5. To the extent that Ms. Scott may have intended her motion filed at Dkt. No. 43 to serve as an opposition to the defense motion filed at Dkt. No. 35, Defendant Moon rests on his earlier filing and respectfully submits that Ms. Scott's latest filings only underscore the importance of ensuring this case is adjudicated in an orderly and expeditious manner, despite the Plaintiff's proclivity for motions practice.

WHEREFORE, Defendant Moon requests that this Court deny the Plaintiff's Motion filed at Dkt. No. 43 and either grant the defense motion filed at Dkt. No. 35 or order the Plaintiff to file an opposition to that Motion which will permit the defense to respond appropriately.

Respectfully submitted this the 4th day of January, 2021,

JOSHUA MOON

By Counsel:

/s/Matthew D. Hardin
Matthew D. Hardin, VSB # 87482
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com

## Certificate of Service

      I hereby certify that I will file a true and correct copy of the foregoing document with the Court's CM/ECF system, which will electronically serve counsel of record. I have also deposited a true and correct copy of the foregoing document into the U.S. Mail, with First Class postage prepaid, directed to:

      Melinda Scott
      2014PMB87
      Post Office Box 1133
      Richmond, VA 23218

Dated: January 4, 2021

      /s/Matthew D. Hardin
      Matthew D. Hardin
      *Counsel for Joshua Moon*