IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| MELINDA SCOTT, | ) |
| PLAINTIFF, | ) |
| v. | ) Case No. 2:20cv14 |
| | ) |
| WISE COUNTY DEPT. | ) |
| of SOCIAL SERVICES, | ) |
| et al | ) |
| DEFENDANTS. | ) |

## PLAINTIFF'S REPLY

## TO DEFENDANT'S OPPOSITION TO (SECOND) MOTION TO COMPEL

*COMES NOW*, the Plaintiff, pursuant to Local Rule 11(C)(1), and replies to Defendant's opposition to her (Second) Motion to Compel within the 7 day deadline permitted by local rules.

The Plaintiff's Motion to Compel is not a request for interrogatories. Defendant Moon's inference to interrogatories is a dilatory action. Plaintiff already knows the scope of information that is in Defendant Moon's possession because of her own independent research. There would be no need for the Plaintiff to send Defendant Moon a request for interrogatories to narrow the scope of requested documents. Plaintiff knows that Defendant Moon has in his possession and control each item requested in her First Request for Production of Documents because of her interactions with Defendant Moon and her independent research of the nature and content exchanged between users and employees of KiwiFarms.net.

Defendant Moon is able to see the dates of sign up, alias names, email addresses, IPs, geographic location, and employment records of each of the users of KiwiFarms.net. Based on her independent research, Plaintiff Scott has reason to believe that: (a) Defendant Moon knows the legal names of Jane Doe 1 and John Doe 1-3 and (b) he has spoken personally with each of the John Does. His personal communications with each of the John Does, as well as Jane Doe 1, is relevant to the claims of the Complaint. Plaintiff Scott is not seeking "general information". Each of the requested items is relevant to the Plaintiff's claims, as well as identifying information to identify each Jane Doe 1 and John Does 1-3 to serve upon them the Summons and Complaint.

Plaintiff defined the term "communication" in her First Request for Production of Documents under a section called "Definitions". Telephone conversations do in fact leave a *paper trail of documents*. This would require the Defendant to produce *a document* listing a *call history*. All telephone companies produce call logs and offer those to their subscribers. These call logs are within the reach of Defendant Moon. Additionally, the Defendant could have conferred with Plaintiff regarding this issue instead of invoking court action.

It is not financially burdensome for Defendant Moon to compile the information. Defendant Moon operates KiwiFarms.net as a *for profit business*, not a charity. He is generating additional income from his users to pay for his litigation expenses. Much of the information in his possession is stored electronically within his privately owned electronic databases. Additionally, as a business, he is very likely to have paper documents of several of the items requested. Transferring the electronically stored information to printable *documents* and mailing it to the Plaintiff is not financially burdensome for Defendant Moon.

Plaintiff is not responsible for Defendant Moon's attorney fees which were prompted by her filing her Motion to Compel. This court permitted Plaintiff Scott to proceed with discovery (docket no. 19). Rule 37(a)(5)(B) states "the court *must not* order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." (emphasis added). Plaintiff Scott's Motion to Compel was substantially justified. It was based upon following the rules and court orders. It was briefed adequately with substantial facts and case law to support the Motion (to Compel). Additionally, an award of attorney fees would be unjust, on several counts. On one count, the Plaintiff made efforts to obtain the information without court action. On a second count, the Plaintiff has followed every rule and order of this court.

*WHEREFORE*, Plaintiff reaffirms her (Second) Motion to Compel and respectfully moves this court to grant her (Second) Motion to Compel.

RESPECTFULLY SUBMITTED,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
Richmond, VA 23218
mscottw@gmu.edu
540-692-2342

## CERTIFICATE OF SERVICE

I hereby certify that I have both mailed a copy of this PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION to the Defendant, by counsel, to Matthew D. Hardin, VSB #87482 1725 I Street NW, Suite 300 Washington, DC 20006 and at matthewdhardin@gmail.com on this __6th___ day of JAN., 2020.

*[signature]*

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
Richmond, VA 23218
mscottw@gmu.edu
540-692-2342