# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# (Big Stone Gap Division)

| | |
|---|---|
| MELINDA SCOTT,<br><br>                           Plaintiff,<br><br>v.<br><br>WISE COUNTY DEPARTMENT OF<br>SOCIAL SERVICES, *et al*.,<br><br>                         Defendants. | Case No. 2:20-cv-00014-JPJ-PMS<br><br>JOSHUA MOON'S<br>MOTION FOR AN ORDER<br>TO SHOW CAUSE |

    NOW COMES Joshua Moon, and moves for this Court to issue an order requiring the Plaintiff to show cause that she has a good faith basis for the factual assertions and legal arguments which she has made against him in the instant matter. In support of this Motion, Defendant Moon states as follows:

1) As noted in Defendant Moon's Reply Brief, Dkt. No. 51, p. 23, fn. 2, undersigned counsel has now served a Motion for Sanctions upon the Plaintiff, and a request that she withdraw various of her filings in this matter. That Motion is not yet filed and will not be filed until 21 days following service have elapsed. Fed. R. Civ. P. 11 (c)(2).

2) This Motion, however, is not a Motion for Sanctions, and is not filed pursuant to Fed. R. Civ. P. 11 (c)(2). Instead, this is a Motion for an Order to Show Cause, in which Mr. Moon asks this Court to require the Plaintiff to produce any evidence or *indicia* of her good faith so that Defendant Moon and the Court itself can determine whether to proceed under Fed. R. Civ. P. 11(c)(2) or 11(c)(3).

3) Upon receipt of Mr. Moon's proposed Motion for Sanctions and correspondence from undersigned counsel in which he requested that Ms. Scott withdraw various of her

filings, the Plaintiff replied by declining to state any good faith basis for various factual allegations in her complaint or other filings. Specifically, Ms. Scott stated: "You claim that I did not make inquiry into Mr. Moon's involvement into the affairs I describe in my Complaint. That is not correct. I also am aware that I am not legally obligated to disclose my exhibits to you at this time. I do not have to participate in interrogatories, requests for admission and discovery requests from you unless the Default is overturned… Whatever your motive is for expecting me to not speak up for or defend myself is irrelevant, but I will not sit down in silence. I am not a doormat and I will exhaust every legal option I have for holding Mr. Moon accountable for his actions."[1]

4) Fed. R. Civ. P. 11 (b) states, *inter alia*, that "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances… the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

5) On information and belief, it appears that the Plaintiff had no good faith basis, formed after reasonable investigation, for various factual allegations and legal claims. To prove the Plaintiff's good faith basis or lack of a good faith basis for her various

---

[1] Defendant Moon has sent Plaintiff no discovery requests in this matter. Assuming, *arguendo*, that Defendant Moon had sent such requests, it remains unclear to undersigned counsel why Ms. Scott believes Mr. Moon is not entitled to discovery even in the current default posture of this case, in which the Court has indicated it will hear evidence regarding the issue of damages.

assertions, however, it will become necessary for the Plaintiff to produce evidence which she declines to provide voluntarily.

6) Among other problematic claims, the Plaintiff fails to identify any reasonable and good faith basis for believing that the factual allegations against Mr. Moon which are set forth in her complaint at paragraphs 46, 52, 72, 73, and 78 are true. Nor does Plaintiff identify any reasonable or good faith basis for believing that the employees of a Florida Kwik Pack & Ship are either employees or registered agents of Mr. Moon. See Dkt. No. 47, p. 3 et seq.

7) Fed. R. Civ. P. 11 (b)(2) further states that a party filing a pleading certifies that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."

8) It appears likely based upon the Plaintiff's history of extensive litigation in this Court and others, including five suits against Mr. Moon, that Ms. Scott is "on notice" regarding the nature of her claims against Mr. Moon, all of which she admits arise from one continuous course of conduct. It seems equally likely that Ms. Scott is aware of the lack of support for her claims in existing law, or at least that she has been made aware by at least three separate judges in three separate courts. It further appears, including from her response when presented with a proposed Motion for Sanctions, that Ms. Scott is likely suing Mr. Moon in an attempt to stifle speech on a website which she dislikes.

9) Ms. Scott alleges at Dkt. No. 47, p. 8 that she has verified Mr. Moon's domicile address, and that it is identical to Defendant Moon's mother's address in Pensacola,

Florida. Although Defendant Moon contests the accuracy of such an assertion, Ms. Scott's new allegation itself casts serious doubt on what good faith basis the Plaintiff could possibly have had in either fact or law to request that this Court issue a summons directed to an individual in Fort Walton Beach, what basis she could have had to request that the U.S. Marshal's Office attempt service in Fort Walton Beach, and what basis she could have had to subsequently seek a default judgment based upon purported service in Fort Walton Beach. Because the Plaintiff now seeks to claim that Mr. Moon lives in Pensacola, her earlier decision to serve him at an "electronic mailbox" in another city — and to obtain entry of default based on such purported service — raises serious concerns of whether she may have attempted to use this Court's powers in an attempt to defraud an unserved party.

WHEREFORE, Mr. Moon moves that this Court enter an Order requiring Ms. Scott to show cause:

a) What reasonable or good faith basis she had for the factual allegations she has made against Mr. Moon in paragraphs 46, 52, 72, 73, and 78 of her Complaint; and

b) What reasonable or good faith basis she had for believing that the employees of a Florida Kwik Pack & Ship are either employees or registered agents of Mr. Moon as alleged at Dkt. No. 47, p. 3 *et seq.*; and

c) What basis she had for any belief that her "legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," as set forth in Fed. R. Civ. P. 11 (b)(2); and

d) What basis she had for asserting that she was entitled to entry of default in this matter based on service in Fort Walton Beach.

Respectfully submitted this the 8th day of January 2021,

JOSHUA MOON

By Counsel:

/s/Matthew D. Hardin
Matthew D. Hardin, VSB # 87482
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com

### Certificate of Service

I hereby certify that I will file a true and correct copy of the foregoing document with the Court's CM/ECF system, which will electronically serve counsel of record.

I have also deposited a true and correct copy of the foregoing document into the U.S. Mail, with First Class postage prepaid, directed to:

> Melinda Scott
> 2014PMB87
> Post Office Box 1133
> Richmond, VA 23218

Dated: January 8, 2021

/s/Matthew D. Hardin
Matthew D. Hardin
*Counsel for Joshua Moon*