IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

JAN 19 2021

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

MELINDA SCOTT, )

PLAINTIFF, )

v. ) Case No. 2:20cv14

)

WISE COUNTY DEPT. )

of SOCIAL SERVICES, )

et al )

DEFENDANTS. )

PLAINTIFF'S REPLY

TO DEFENDANT'S MOTION TO SHOW CAUSE

COMES NOW, the Plaintiff, and responds to Defendant's Motion to Show Cause.

(a) **Motion to Show Cause improper**. Defendant Moon has filed a Motion to Show Cause in reference to Plaintiff's Complaint. The Motion for Show Cause is improperly filed before this court because the Plaintiff has not violated any court order for which she would need to explain herself. There is no legal basis for asking for a Plaintiff to explain the merits of their Complaint using a Motion to Show Cause. A complaint that makes allegations in good faith need not explain itself until the time for presenting exhibits in a hearing or trial, and even then, only *after* the opportunity for discovery. This court ordered that the Plaintiff would be given an opportunity to present her evidence in a hearing (Docket No.19 ). The hearing is the proper place to present exhibits. Defendant Moon, by counsel, is attempting to proceed by color of law, demanding things from the Plaintiff that have no legal basis.

(b) **Defendant's counsel lacks standing.** Further, the Defendant's counsel is not a judge of the court. Defendant seeks to demand information that the Plaintiff would otherwise present before a judge at a hearing. Defendant Moon's counsel lacks standing to demand this information from the Plaintiff in the manner that he has.

(c) **Motion to Show Cause an Improper request.** Defendant's Motion to Show Cause is a disguised request for production of documents. There is a standing entry of Default before this court. The Plaintiff is not required to produce documents, answer interrogatories, or requests for admissions from the Defendant. This court particularly stated that "[] the defendant Joshua Moon is not entitled to present any defense in the case nor is he entitled to any further notice." (docket no. 19).

(d) **Entrapment.** Ironically, Defendant Moon has refused to engage in discovery up until this point (docket no. 41) yet Defendant Moon now states in this present motion that the Plaintiff should produce "evidence" (¶2). Defendant Moon, by counsel, undermines his own argument by quoting the fact that Rule 11 states that the Plaintiff *first* must be given an "reasonable opportunity for further investigation or discovery" (¶4). Defendant Moon, by counsel, is trying to go around the rules under color of law to demand from the Plaintiff exhibits and documents whilst refusing to participate in discovery first.

(e) **Pro-se form signed with certification.** A pro-se litigant signs a Complaint with the following understanding: "I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely

2 of 4
Plaintiff's Reply to Defendant's Motion to Show Cause

have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11." If the Plaintiff signed the pro-se form, all elements of this certification were already attested to upon her signing of the form.

(f) **Defendant's redundant claims about the merit of Plaintiff's filings**. The Plaintiff has given ample case law to support her legal arguments in each of her responses, replies and motions (docket no. 29, 40, 42, 43, 47). Defendant Moon's continued assertions that the Plaintiff's case is frivolous or without merit is false.

(g) **Issues of service**. The Plaintiff has adequately stated multiple times in her responses, replies and Motions why she served Defendant Moon at his business address (docket no. 41 & 47). Additionally, Defendant's Moon transient nature, as well as his mother's involvement in KiwiFarms.net, makes serving him at this Florida residence problematic. It would be unlikely that his mother would hand over the Summons and Complaint to Defendant Moon, due to a conflict of interest on her part. In order to meet the time deadlines required by the rules, the Plaintiff elected to serve Defendant Moon at his publicly published business address. In doing so Plaintiff met the time deadline imposed by the rules for serving the Summons and Complaint. This prevented having to re-file the case and use up more of everybody's time.

(h) **Defendant's Motion to Show Cause a challenge on this court's competency and authority**. Defendant, by counsel, seeks to question the competency of this court's ability to read and assess her Complaint. The judges of this court have already reviewed the Plaintiff's Complaint and deemed an entry of Default was justified after a "review of the record" (docket no. 19).

*WHEREFORE*, this court should deny Defendant's Motion to Show Cause and allocate these matters to a hearing where the Plaintiff can present her evidence, as originally ordered on November 16, 2020,.

RESPECTFULLY SUBMITTED,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
Richmond, VA 23218
mscottw@gmu.edu
540-692-2342

## CERTIFICATE OF SERVICE

I hereby certify that I have both mailed a copy of this PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO SHOW CAUSE to the Defendant, by counsel, to Matthew D. Hardin, VSB #87482 1725 I Street NW, Suite 300 Washington, DC 20006 and at matthewdhardin@gmail.com on this __14th___ day of JAN., 2021.

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
Richmond, VA 23218
mscottw@gmu.edu
540-692-2342