# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **MELINDA SCOTT,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:20CV00014 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **WISE COUNTY DEPTMENT OF** | ) | By: James P. Jones |
| **SOCIAL SERVICES, ET AL.,** | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Melinda Scott, Pro Se Plaintiff; Matthew D. Hardin, Washington, D.C., for Defendant Joshua Moon.*

Defendant Joshua Moon has moved to set aside entry of a default pursuant to Rule 55(c). The motion has been fully briefed and for the reasons set forth it will be granted. I will also dispose of other motions filed by the parties.

I.

The plaintiff brought this diversity action against Joshua Moon and others. She contends that Moon owns a website on which other defendants have posted "personal information about the plaintiff . . . for the purpose of causing social harm and emotional distress to the Plaintiff." Compl. ¶ 65, ECF No. 2. The plaintiff was allowed to procced in forma pauperis by the magistrate judge and supplied the U.S. Marshals Service with an address to serve Moon with the Summons and Complaint. That address turned out to be the business address of a company called "Kwik Pack

& Ship," located in Fort Walton Beach, Florida, offering an "electronic mailbox" service by which it will accept documents for clients who in turn have the option to pay a fee to have the documents sent electronically to them. Proof of Service, ECF No. 5. A Deputy U.S. Marshall delivered the Summons to an employee of this company on August 21, 2020. *Id.* On November 16, 2020, Moon having not appeared, answered, or otherwise defended, the Clerk entered a default of record pursuant to Federal Rule of Civil Procedure 55(a), sending a copy thereof to Moon's address. Clerk's Entry of Default, ECF No. 20.

On December 7, 2020, Moon, by counsel, filed a Motion to Set Aside Default Judgment, alleging that he had not received the Summons delivered on August 18, and requesting that the default be set aside, pursuant to Federal Rule of Civil Procedure 55(c).[1] Mot. Set Aside, ECF No. 25. He contemporaneously filed a Motion to Dismiss the Complaint. Mot. to Dismiss, ECF No. 26.

II.

If a party does not plead or otherwise defend as provided by the rules, the clerk is required to enter a default. Fed. R. Civ. P. 55(a). The court may set aside entry of default upon a showing of good cause. *Id.* at 55(c). This standard is to be liberally construed because of the institutional preference that controversies be

---

[1] Defendant's motion refers to a *default judgment*, but no judgment has been entered, simply a default, although the defendant correctly cites Rule 55(c) as the proper remedy.

decided on their merits. *See Lolatchy v. Arthur Murray, Inc.,* 816 F.2d 951, 954 (4th Cir. 1987). Among the factors to be considered in deciding whether good cause has been shown by the defaulted party are (1) whether the party has a meritorious defense; (2) the personal responsibility of the party for the default; and (3) any prejudice to the opposing parties. *Id.* at 953. Other factors include whether the party acted with reasonable diligence to set aside the default, whether there is a history of dilatoriness in the case, and the availability of other sanctions. *Id.* "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

I find that these factors weight in favor of granting the defendant's motion. In the first place, as contended, there is an argument that service of process on the defendant was defective. Mot. to Dismiss ¶ 5, ECF No. 26; *See Reading v. United States*, 506 F. Supp. 2d 13, 17 (D.D.C. 2007) ("[G]ood cause exists for vacatur when the defendant pleads a failure to effect service by the plaintiffs.).

Under the federal rules there are three available procedures to follow in affecting proper serve of the initial suit papers on an individual defendant, such as Moon. The plaintiff may follow the federal rules, see Fed. R. Civ. P. 4(e)(2); the rules of the state in which the court sits, see Va. Code Ann. § 8.01-296, or the rules of the state where service is made, see Fla. Stat. Ann. § 48.031. Neither the federal rules nor the Virginia rules permit service by way of a mailbox service. Florida does

have a statutory provision that permits such service under certain limited conditions. One of those conditions is that the private mailbox must be the only address discoverable for the defendant. *Id.* at § 48.031(6)(a); 41A Lisa A. Zakolski, *Florida Juris.* § 23 (2d ed. Dec. 2020 update), Westlaw FLJUR PROCESS §23. The plaintiff has admitted in a subsequent pleading her understanding that Moon's residence is with his mother in Pensacola, Florida. Pl.'s Resp. 8, ECF No. 47. If true, service could have been made there for Moon on any person also residing in that home who is at least 15 years old. Fla. Stat. Ann. § 48.031(1)(a).

It is also contended that there is a lack of proper venue, that the court lacks personal jurisdiction over Moon, that the Complaint fails to state a claim upon which relief can be granted, and that the action is barred by res adjudicata or collateral estoppel. Mot. to Dismiss ¶¶ 2, 3, 5(f), 6, 7, ECF No. 26. Moreover, there is no evidence that the private mailbox service performed its duty or that Moon actually received the Summons and Complaint. There is no evidence that the plaintiff has been subject to legal prejudice or that any of the other factors point to fault on Moon's part.

For these reasons, the defendant's motion will be granted. Other pending motions will be resolved in this Opinion and Order. The defendant's Motion to Dismiss will be resolved in a future Opinion.

III.

Accordingly, it is **ORDERED** as follows:

1. The Motion to Set Aside Default, ECF No. 25, is GRANTED and the default entered against the defendant, ECF No. 20, is VACATED;

2. The Motion to Strike by Plaintiff, ECF No. 29, is DENIED;

3. The Motion to Dismiss Defendant's Motion to Extend Deadline, ECF No. 36, is DENIED;

4. The Second Motion to Compel Production from Defendant Joshua Moon, ECF No. 41, is DENIED;

5. The Motion for Extension of Time to Serve Summons on Jane Doe 1 and John Does 1-3, ECF No. 39, is TAKEN UNDER ADVISEMENT;

6. The Motion to Quash and Dismiss Defendant's Request to Vacate Previous Orders and for Issuance of a Protective Order/Stay/Other Relief, ECF No. 43, is DENIED.

7. Defendant Joshua Moon's Second Motion to Extend Deadline Pursuant to Local Civ. R. 11(c)(2), ECF No. 45 is DENIED as moot as to the motions docketed as ECF Nos. 38, 41, and 43 and TAKEN UNDER ADVISEMENT as to the motion docketed as ECF No. 39;

8. The Motion to Dismiss by Defendant Moon, ECF No. 26, is TAKEN UNDER ADVISEMENT. Plaintiff is allowed another opportunity to respond to the Motion to Dismiss, provided it is filed within 14 days of the

date of this Order. No "motions to strike" or other like motions will interrupt the running of the deadline for a response;

9. Defendant's Motion for Partial Stay, Protective Order, and Other Relief, ECF No. 35, is GRANTED IN PART, in that all discovery in the case by the parties is STAYED pending the resolution of the pending Motion to Dismiss; and

10. Joshua Moon's Motion for an Order to Show Cause, ECF No. 53, is DENIED.

The Clerk shall provide a copy of this Opinion and Order to the plaintiff.

ENTER: February 16, 2021

/s/ JAMES P. JONES
United States District Judge