CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

MAR - 1 2021

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| MELINDA SCOTT, | ) |
| PLAINTIFF | ) |
| v. | ) Case No. 2:20cv14 |
| | ) |
| WISE COUNTY DEPT. | ) |
| of SOCIAL SERVICES, | ) |
| et al | ) |
| DEFENDANTS | ) |

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

COMES NOW, the Plaintiff, by Order of this court on February 16, 2021 and elects to file a Response to Defendant's Motion to Dismiss (docket no. 51), and states as follows:

**Argument**. Firstly, the Plaintiff denies that there is any bad faith behavior on her part. Defendant Moon actually did the things Plaintiff described in all of her Complaints between 2017 and 2020. However, the Plaintiff denies that she stated in her Complaint of 2020 or subsequent filings in this case that she is suing Defendant Moon for anything other than conduct between July 9, 2018 and July 8. 2020. This is her legal right for a tort with a statute of limitations of 2 years. In fact, that is what she stated in her response: that it was for conduct between July 9, 2018 and July 8, 2020 (docket no. 47).

These accusations of "bad faith" against the Plaintiff are a repeated attempt by the Defendant to minimize and deny his outrageous, extreme, uncivil, and abusive behavior toward

the Plaintiff. Clearly, the Plaintiff would seek damages. Clearly, the value and importance of the United States constitution requires a high amount of damages for constitutional violations. Although one could make the case that a price cannot be put on the "priceless" existence of constitutional rights and the right to be free of psychological attack (I.I.E.D), the United States of America has created laws by which one person may hold another accountable for uncivil and outrageous behavior perpetuated on one citizen by another.

Plaintiff Scott also denies that she has suffered any embarrassment for holding Defendant Moon accountable, even if it resulted in prior dismissals. It is this very thing – accountability – that Defendant Moon does not want. He believes he is the one that is invincible. He has run to and fro from residences and hides the information of others who do his dirty work. They hide from legal accountability behind IP addresses. Defendant Moon has tried to manipulate the court system to publicly advertise a business address and then claim it is improper service. He has repeatedly tried to shame the Plaintiff for her challenges in using the legal system to hold him accountable. He has even gone so far as trying to strip the Plaintiff of her constitutional rights to equal access to the courts. All of these tactics are tactics done to avoid service and not be accountable for his actions. The very language of his website and his counsel's pleadings are proof enough that neither of them want to see Defendant Moon accountable for his actions.

Defendant's counsel has repeatedly given a narrative of legal action between Plaintiff Scott and Defendant Moon that is inaccurate. Although his superfluous, wordy and flippant narrative is actually missing many facts, it can be condensed very easily into one major fact: those cases were dismissed *without prejudice*. The Complaint of 2020 is not barred by *collateral estoppel* nor *res adjudicata*. This court could see that there was a claim, even if it was dismissed upon immunity. This court demonstrated that if the Plaintiff was be able to bring forth facts that demonstrate that

Defendant Moon is not immune under CDA Section 230, she should do so. That is exactly what Plaintiff Scott has done here, and with just cause.

Plaintiff's statement about Defendant Moon having a residence in Pensacola, Florida is not a "confession" (as counsel Hardin aims to portray it). It simply is a statement. Just because someone has a residence in one place does not mean they cannot be served at their business address. There is no legal precedent for favoring a residence over a business address when the person has proceeded in a course of conduct as a business owner. That is why Defendant Moon's response is devoid of any case law that says knowledge of a residence eliminates the possibility of being served at a business address. Further, Defendant's objections to being served at a Florida residence are only further proof that the Plaintiff did well in serving him at a business private mailbox, pursuant to Florida Statute 48.031(6)(a), because of the residence controversy.

Defendant Moon insists that he is some sort of residence of the European Union, but does not clarify whether or not that is a dual-resident arrangement, or he is a fugitive from service. One has to seriously question why Mr. Moon might be in the European Union at all, and why he chose to go there after Plaintiff Scott began to take legal action against him for his outrageous internet conduct. Even still, Defendant Moon has provided absolutely no evidence whatsoever that he is actually a resident of the European Union. He repeatedly has made this claim but offers no exhibits or evidence whatsoever to support that claim. The Plaintiff on the other hand has notated in many of her footnotes evidence that Defendant Moon publicly advertised that all legal service should go to his private mailbox (Docket No. 47). It is in good faith that Plaintiff Scott has acted, and on that regard, presents further the reasons her case should not be dismissed.

**Diversity of citizenship**. Defendant Moon, by counsel, takes issue with the Plaintiff not providing citizenship information for the Doe defendants. This argument is not sufficient to dismiss the case because the Plaintiff is entitled under Rule 26 to discovery *first* in order to obtain the IP addresses of the Doe defendants before a determination can be made.

**Evidence vs factual claim**. In a number of places Defendant Moon, by counsel, seeks to fault the Plaintiff's Complaint and responses for lacking evidence. Asking for evidence in a Complaint is not a legal standard of any federal district. Plaintiff Scott has properly plead facts and elements to sustain an I.I.E.D claim.

**I.I.E.D as a federal tort**. Defendant, by counsel, claims that the Plaintiff needs to cite a federal statute to bring an action in federal court for a tort. There is not legal basis for this argument. Tort claims based on the *Restatements* can be filed in federal courts.

**Elements of I.I.E.D**. Defendant, by counsel, has stated that the Plaintiff did not allege in her Complaint that she suffered emotional distress, but only anger and rage. Firstly, anger and rage are not barred as elements of emotional distress claims. Secondly, the Plaintiff stated "emotional distress" in the Complaint (¶77). What the Plaintiff stated was "extreme emotional distress, *including* anger and rage" (emphasis added). Plaintiff Scott did not say that anger and rage were the only forms of emotional distress that she suffered (keyword: "including"). All of the specific evidentiary facts describing the types of emotional distress are for a hearing. Again, counsel Hardin is demanding evidentiary facts at the Complaint stage when that is not the legal standard. As long as the Plaintiff pleads facts which make it plausible that the Defendant is liable for the conduct alleged, it is sufficient to proceed to the discovery phase.

**Defendant's Counsel lacks standing**. Defendant's counsel repeatedly makes arguments in defense of other litigants that he has not filed an appearance for. He names them as "Wise County Department of social services" and "others". This court should strike from his response any statement that aims to defend parties for which he has not filed a "Notice of Appearance".

***Forum non conveniens***. Defendant's counsel makes an argument over changing the court of filing. It's obvious that the reason for this argument is to convenience his client. This is an argument made for his client's personal benefit, it provides no benefit to anyone else, public or private.

**Personal jurisdiction**. Defendant Moon, by counsel, takes issue with the Plaintiff not providing a social worker's name and location to establish personal jurisdiction. The Plaintiff does not need to provide either of these to establish personal jurisdiction because she made clear in her Complaint, and subsequent responses, that the social worker worked for Wise County Department of Social Services. Wherefore, Plaintiff reaffirms each and every statement she has made defending jurisdiction over Defendant Moon in her prior response (Docket No. 47).

**$75,000 threshold requirement**. Defendant Moon's claims about aggregation fail as a matter of law. The Plaintiff has brought similar claims *jointly* against multiple Defendants. This is sufficient to meet the $75,000 requirement. Further the Plaintiff denies that she has not made joint claims and claims of conspiracy against multiple Defendants which impart liability together.

**Summon and Service**. Defendant Moon, by counsel, also takes issue with the Summons and Service again. He repeats the same arguments which have already been addressed in the Plaintiff's prior pleadings. The answer is the same: an omission of the court's name is not sufficient to invalidate the Summons. Case law for the 4th district says otherwise.

Florida Statue 48.031(6)(a) does <u>not</u> say that the private mailbox or virtual office must be the *only* discoverable address (emphasis added). Florida Statue 48.031(6)(a) says: "If the *only address for a person to be served which is discoverable* through public records is a private mailbox, virtual office…" (emphasis added). It does not say "only discoverable address". It says "only address for a person to be served…" followed by "which is discoverable…". There is a difference between "only discoverable address" and "only address for a person to be served".

Even if Defendant Moon would have a residence in Pensacola, Florida that does not mean this was the best route for Plaintiff Scott to serve him. Defendant Moon, as evidenced by his own pleadings, could have made multiple objections to being served at his Pensacola, Florida address. By serving him as a business, at his business private mailbox, this eliminates controversary and arguments around his residency. The Judge's own Order of February 16, 2021 says "if true" (docket no. 56). Therefore, Jones' Order acknowledges a debate and controversy around residency, The Plaintiff's duty to serve the Summons and Complaint in a timely manner necessitates service at a place not involving residency controversy. As noted in several of Plaintiff Scott's pleadings, Defendant Moon advertised online that he *should* be served at that private mailbox (Docket No. 47) and even told New Zealand law enforcement that that is where he is to be served, as noted in the Plaintiff's pleadings (Docket No. 47). Defendant Moon, by counsel, provides no explanation in his replies why he would try to mislead anyone about where to be served.

**Section 230 immunity.** CDA Section 230 was written for the purpose of protecting minors from obscene content on the internet. Courts expanded this protection to internet service providers who were *passive* hosts of information, lest they be sued into oblivion for what others posted. The Fourth District removed this protection in *Nemet* and *Zeran* for internet service providers who were highly involved and an integral part of their own websites. This criterion applies to Joshua

Moon, who is highly involved and an integral part of the daily content that is posted on KiwiFarms.net. Therefore, immunity does not apply to him, and the Plaintiff reasserts her prior arguments in her response and Memorandum of Law citing *Nemet* and *Zeran* (docket no 47).

**Use *or* abuse of private information in government databases**. Defendant, by counsel, seeks to make the argument that the copying of public records is constitutionally protected. However, Defendant, by counsel fails to see that Defendant Moon's behavior is not simply "copying" of public documents. Here again, Defendant, by counsel, seeks to minimize the extent and true nature of Defendant Moon's conduct. Defendant Moon has not simply "copied" public documents. He has <u>distributed</u> them as well. He has used public documents for sadistic and unethical journalistic purposes in an effort to socially abuse the Plaintiff. He has demonstrated a relentless, sadistic, and malicious course of action against the Plaintiff (described in her Complaint). He has done this in order to attempt to sabotage the Plaintiff's finances, ostracize her in society, cause her injury and intentionally cause emotional distress to the Plaintiff. The Supreme Court's rulings on the copying of public documents certainly did not extend to using the copying and distribution of public documents to exact a psychological attack (I.I.E.D) attack on another person. Nothing Defendant Moon has copied, distributed, or posted about the Plaintiff online was done with concern for constitutional rights, "freedom of the press", ethical journalism and civilized norms of society.

**Argument.** Here before the court is a case that can determine whether or not it is legal to use the internet to conspire against and bring a psychological attack against another citizen of the United States. This court has the opportunity to use this case and set a precedent to stop social abuse by means of the internet. Defendant Moon has stated that this case cries out for the attention of the court to stop the Plaintiff from filing. The opposite is true: this case cries out for the attention

of the courts to stop a social injustice against the Plaintiff. The Plaintiff is prepared to present evidence, subpoena documents and call witnesses that demonstrate to any reasonable person that Mr. Moon's actions rise to level of insensitivity to a civilized society. Mr. Moon's course of conduct toward the Plaintiff is glaringly uncivil and it takes only a hearing to demonstrate that.

The federal rules and case law of the United States of America are for the purpose of one goal: justice. A case should not be resolved on how Defendants can skirt their way out of accountability by evading service and harping on pro-se litigants legal weaknesses. Cases should be decided upon what is the best route to justice. This case should not be dismissed for any of the reasons Defendant Moon, by counsel, states. The Plaintiff is not asking this court to be an advocate for pro-se litigants. The Plaintiff urges that this court should look closely at the case law and pleadings before it which largely support this case moving forward to discovery and a hearing.

I RESPECTFULLY ASK FOR THIS,

*/s/ Melinda Scott*

Melinda Scott, pro-se
PO BOX 1133-2014PMB87
Richmond, VA 23218
mscottw@gmu.edu
540-692-2342

## CERTIFICATE OF SERVICE

I hereby certify that I have both mailed a copy of this PLAINTIFF'S FINAL RESPONSE TO DEFENDANT'S MOTION TO DISMISS to the Defendant, by counsel, Matthew D. Hardin, VSB #87482 1725 I Street NW, Suite 300 Washington, DC 20006 and at matthewdhardin@gmail.com on this _____26_____ day of FEB., 2020.

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
Richmond, VA 23218
mscottw@gmu.edu
540-692-2342