IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

MAR - 1 2021

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

MELINDA SCOTT, )
Plaintiff )
v. )  Case No. 2:20cv14
)
WISE COUNTY DEPT. )
of SOCIAL SERVICES, )
et al )
)

MOTION TO RECUSE

COMES NOW, the Plaintiff, and files this Motion to Recuse. Plaintiff motions that Judge Jones, who has been assigned to the above case, should be recused from the case because he is gender biased against the Plaintiff which makes him unable to render an impartial and fair judgment in the case.

In his most recent Order dated February 16, 2021, he cites a number of things that shows he is not applying the federal rules and legal standards of the 4th district with equal weight toward the Plaintiff and Defendant Moon. The statements which reveal this are listed as follows:

(a) "One of those conditions is that the private mailbox must be the only address discoverable for the Defendant" and; "If true, service could have been made upon Moon on any person also residing in that home who is at least 15 years old"

Florida Statue 48.031(6)(a) does not say that the private mailbox or virtual office must be the *only* discoverable address (emphasis added). Florida Statue 48.031(6)(a) says: "If the *only address for a person to be served which is discoverable* through public records is a private mailbox, virtual office…" (emphasis added). It does not say "only discoverable address". It says "only address for a person to be served…" followed by "which is discoverable…". There is a difference between "only discoverable address" and "only address for a person to be served".

Even if Defendant Moon would have a residence in Pensacola, Florida that does not mean this was the best route for Plaintiff Scott to serve him. Defendant Moon, as evidenced by his own pleadings, could have made multiple objections to being served at his Pensacola, Florida address. By serving him at his business private mailbox, this eliminates controversy and arguments around his residency. The Judge's own Order says "if true". Therefore, while Jones' Order acknowledges a debate and controversy around residency, he denies that treating Defendant Moon as a business and serving him at his business address is the best form of service to avoid wasting judicial resources and everyone's time arguing about residency.

Additionally, he fails to acknowledge the Plaintiff's duty to serve the Summons and Complaint in a timely manner, thus necessitating service at a place not involving residency controversy. As noted in several of Plaintiff Scott's pleadings, which Judge Jones elected to overlook, Defendant Moon advertised online that he *should* be served at that private mailbox (Docket No. 47) and even told New Zealand law enforcement that that is where he is to be served, as noted in the Plaintiff's pleadings (Docket No. 47).

The legal standards of the 4th District are not being applied equally to the Plaintiff. Instead, Defendant Moon's advertising publicly of his private mailbox for service is being permitted as a form of avoiding service. When a Defendant has avoided service by manipulative means, the legal standard in the 4th District is to permit a Plaintiff service "by any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice" (*Binks v. Collier, Fourth District, Maryland, 2019*). This is not a standard being applied or extended to the Plaintiff.

(b) "Moreover, there is no evidence that the private mailbox did its duty or that Moon actually received the Summons and Complaint"

This statement is so absurdly prejudicial to the Plaintiff. The US Marshal's own signature is the evidence that the private mailbox did its duty to receive the mail.

The legal standard of the 4th District, after being served by a US Marshal is not that the Plaintiff should prove Defendant Moon received the Summons and Complaint. The legal standard for the 4th district is that the Defendant must prove that he didn't get the Summons and Complaint. This legal standard was outlined in several of the Plaintiff's Motions and Memorandum of Law(s) (Docket No. 29, 47). When there is service based upon Rule 4(c)(3) the burden of proof is on the Defendant, not on the Plaintiff. The Plaintiff has already provided this court with a statement from a US Marshal's own signature that service was effectuated pursuant to Rule 4(c)(3).

(c) "There is no evidence that the Plaintiff has been subjected to legal prejudice or that any other factors point to fault on Moon's part"

The legal standard in the Fourth District is that when a Defendant has *constructive* notice of the lawsuit, they are required to act. This legal standard was outlined in the Plaintiff's Memorandum of Law (Docket No.47). The Plaintiff notated several places in her pleadings that the Defendant had notice of the lawsuit even before he was served (Docket No. 43, 47).

It is absolutely legal prejudice against the Plaintiff to tell her that "she does not need the courts permission to engage in discovery" (docket no. 17) and then flip the script to deny her Motion to Compel upon a Defendant who has information about John Does 1-3 and Jane Doe 1 in order to serve them. It's glaringly obvious that these contradictory approaches with double standards between the female Plaintiff Scott and male Defendant Moon are due to gender bias in favor of the Defendant and Defendant's counsel on the basis of their gender.

WHEREFORE, Judge Jones should recuse himself from this case if he cannot render an impartial and fair judgment based upon the rules and legal standards of the Fourth District instead of ruling upon gender bias in favor of a male attorney (Hardin) and male Defendant (Moon).

I MOTION FOR THIS

*/s/ Melinda Scott*

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
Richmond, VA 23218
mscottw@gmu.edu
540-692-2342

CERTIFICATE OF SERVICE

I hereby certify that I have both mailed a copy of this MOTION TO RECUSE to the Defendant, by counsel, to Matthew D. Hardin, VSB #87482 1725 I Street NW, Suite 300 Washington, DC 20006 and at matthewdhardin@gmail.com on this ___26th____ day of FEB., 2020.

Melinda Scott, *pro-se*

PO BOX 1133-2014PMB87

Richmond, VA 23218

mscottw@gmu.edu

540-692-2342