# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# (Big Stone Gap Division)

| | |
|---|---|
| MELINDA SCOTT,<br><br>       Plaintiff,<br><br>v.<br><br>WISE COUNTY DEPARTMENT OF SOCIAL SERVICES, *et al.*,<br><br>       Defendants. | Case No. 2:20-cv-00014-JPJ-PMS<br><br>**Joshua Moon's<br>Opposition to Plaintiff's<br>Motion to Recuse** |

NOW COMES Joshua Moon, by counsel, and opposes the Plaintiff's (Second) Motion to Recuse. Dkt. No. 58. In opposition, Defendant Moon states as follows:

1)  Ms. Scott cites only a series of unfavorable rulings as grounds for recusal. She makes no showing that such unfavorable rulings flow from bias rather than from the meritless nature of her legal claims and arguments. As the U.S. Supreme Court has made clear, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994).

2)  Binding precedent from the Fourth Circuit also forecloses Ms. Scott's arguments. "If we were to 'encourage strategic moves by a disgruntled party to remove a judge whose rulings the party dislikes,' we would make litigation even more time-consuming and costly than it is and do lasting damage to the independence and impartiality of the judiciary. In other words, recusal decisions 'reflect not only the need to secure public confidence through proceedings that appear impartial, but also the need to prevent parties from too easily obtaining the disqualification of a judge,

    thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking.'" *Belue v. Leventhal*, 640 F.3d 567, 574 (4th Cir. 2011) (internal citations omitted).[1]

3) Indeed, unsupported and meritless attempts by a litigant to seek recusal "not only threaten[] limitless gamesmanship but the fearless administration of justice itself." *Id.*

4) The Plaintiff's latest filing containing cavalier accusations of bias and sexual discrimination is but the most recent display of her escalating pattern of abuse of this Court's processes. *See, e.g.,* Ms. Scott's filings at Dkt. Nos. 15, 18, 29, and 41. *See also* defense filings illustrating the Plaintiff's improper behavior at Dkt. Nos. 30, 35, 45, 53, and 55.

5) Ms. Scott first levied accusations of sexism and misogyny against the Defendants in this case in her Complaint. See Dkt. No. 2, p. 29, ¶ 72 *et seq*. Plaintiff then levied such accusations against the presiding judge. Motion to Recuse, Dkt. No. 15. She next accused undersigned counsel and Defendant Moon of sexism and misogyny in correspondence dated January 8, 2021. *See* Exhibit A, p. 7 *et seq*. (including allegations that the Plaintiff is a victim of sexism due to her handwriting style and the size of her forehead). In light of the Plaintiff's behavior in this case to date, "[t]he fable of the boy who cried wolf comes to mind," and this Court might wonder if it is dealing with a *pro se* Plaintiff acting in good faith or is instead dealing with an

---

[1] Defendant Moon has pointed out in previous filings that Ms. Scott appears to be needlessly escalating the cost and duration of this litigation. *See, e.g.,* Dkt. No. 30 at p. 15, and Dkt. Nos. 35, 45, 53, and 55. Mr. Moon's concerns in this regard largely echo those of the Fourth Circuit in *Belue*, 640 F.3d at 574, because Ms. Scott's meritless motions "make litigation even more time consuming and costly than it is."

"unruly child[] not used to not getting [her] way." *CareFirst of Md., Inc. v. First Care, P.C.*, 422 F. Supp. 2d 592, 610 (E.D. Va. 2006).

6) In light of the Plaintiff's pattern of behavior throughout this litigation, it is disappointing but unsurprising that she has renewed her earlier accusations of impropriety directed at the Court. Because Ms. Scott cannot demonstrate bias within the meaning of Canon 3 of the Code of Conduct for U.S. Judges, however, or bias within the framework set forth in *Consolidation Coal Co. v. Williams*, 453 F.3d 609, 618-620 (4th Cir. 2006), her latest motion must be denied.

WHEREFORE, Defendant Moon respectfully submits that this Court should deny the Plaintiff's most recent Motion to Recuse.

Respectfully submitted this the 7th day of March, 2021,

JOSHUA MOON

**By Counsel:**

/s/Matthew D. Hardin
Matthew D. Hardin, VSB #87482
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com

**Certificate of Service**

      I hereby certify that I will file a true and correct copy of the foregoing document with the Court's CM/ECF system, which will electronically serve counsel of record. I have also deposited a true and correct copy of the foregoing document into the U.S. Mail, with First Class postage prepaid, directed to:

      Melinda Scott
      2014PMB87
      Post Office Box 1133
      Richmond, VA 23218

Dated: March 7, 2021

      /s/Matthew D. Hardin
      Matthew D. Hardin
      *Counsel for Joshua Moon*