EXHIBIT
A

**Date:** Jan 8, 2021 at 9:33 AM
**From:** mscottw <mscottw@masonlive.gmu.edu>
**To:** Matt Hardin <matthewdhardin@gmail.com>
**Cc:** Matthew D. Hardin <MatthewDHardin@protonmail.com> , The Law Office of Matthew D. Hardin, PLLC <hardinlawpllc@icloud.com>
**Subject:** Sanctions Letter

Mr. Hardin,

Find enclosed my response to your sanctions letter, with electronic signature.

Sincerely,

Melinda Scott
PO BOX 1133-2014PMB87
Richmond, VA 23218
mscottw@gmu.edu
540-692-2342

Melinda Scott
PO BOX 1133-2014PMB87
Richmond, VA 23218
January 8, 2021

Matthew Hardin, Esq.
1725 I Street NW, Suite 300
Washington, DC 20006

      RE: Sanctions Letter

Mr. Hardin, Esq.,

      As stated in my email on 1/6/21, I am in receipt of your sanctions letter and will respond here in writing. I will use this letter to highlight the inaccuracies in your letter regarding your asserted "facts". I will go into detail regarding this case and others to demonstrate the factual basis for and merits of my filings. I will also use this letter to highlight the actual and real facts surrounding my filings. The actual and real facts show the situation here does not warrant the use of pre-filing injunctions and sanctions against me.

      Virginia Code has no "vexatious litigant" clause in its laws. Virginia Code §8.01-271.1 mirrors Federal Rule 11 and gives courts discretion to declare someone a "vexatious litigant" under section "D" of the code, as a form of "sanction". The sanction of declaring someone "vexatious" has been used very sparingly in the history of Virginia. It has also been used sparingly in the Supreme Court of the U.S. and in the Fourth Circuit. It is used most often in extreme cases, such as one person who filed 750 cases in 14 years[1]. Or another, who re-filed a case that was dismissed with prejudice several times[2]. Or one individual who filed more than 100 motions and requests for relief in one case that the judges described as "imaginative"[3]. Or a woman who filed 200 civil complaints in 3 years[4]. The circumstances in cases were people have been declared a "vexatious litigant" do not match mine. The idea that I should be declared a

---

[1] Judd v Sec. of State of WV, et al (2011) (4th Circuit)
[2] Kim v. PROGRESSIVE NORTHERN INSURANCE COMPANY, Dist. Court, D. South Carolina 2017
[3] Whitehead v. Paramount Pictures Corp., Dist. Court, ED Virginia 2009
[4] Levy v. EXTENDED STAY AMERICA, Dist. Court, WD North Carolina 2013

"vexatious litigant" is simply your opinion. Either way, the court cannot ultimately ban me from filing, as my 14th Amendment right to due process and access to the courts cannot be barred. An " [] injunction must not, however, effectively deny access to the courts..." (*Whitehead v. Paramount Pictures Corp.*, Dist. Court, ED Virginia 2009). Make no mistake, I am fully aware of my rights.

Several of your motions and communications have been an attempt to try to intimidate and scare me out of asserting my rights. On their face, they appear like legal "gaslighting": an attempt to make me think one thing is going on, when in reality there is another truth. You want me to believe that I cannot bring a separate claim for a new cause of action, when in reality, I can. You seem to be trying to see just how knowledgeable I am and if I am brave enough to assert my rights. I notice these aggressive attempts at silencing me often come after my push for discovery. This makes it appear to me that your client and others are desperate to hide information and have something to gain from hiding it. Your Motions have also been used to harass me with derogatory insults, but the purpose of this letter is not to discuss that aspect.

My former cases against Joshua Moon were for Appropriation, the Tort of Defamation, the Torts of Publication of Private Facts and False/Negative Light, and a 4th Amendment violation as a state actor. The state Appropriation case (§8.01-40) was filed in May 2017 in a state court. My only concern at that time was the effect my name and photo being on KiwiFarms.net would have upon my small business. In fact, that is how I discovered KiwiFarms.net: I did a Google search to check up on my small business. At that time I had a website running to try to make sales on retail products I sold.

In April 2017 I sent an email to your client Mr. Moon advising him that he did not have permission to use my name and photo for his business. If he had removed my name and photo from his for profit business website, there would be 0% chance of any litigation against him. When *he chose* to keep my name and photo up on his website, he took the risk of being sued. He assumed that risk himself. If someone sent me a letter telling me I didn't have permission to use their photo and name on my website, I would have removed it out of common decency, laws or not. I would also remove it so I would incur a 0% chance of being sued.

The first case, a state case for Appropriation, was for actions done by Mr. Moon in 2017. It was appealed in a state court in 2017 and ruled on in December 2017. The judge dismissed the

case *without prejudice*. The judge only dismissed the case because everything I told him in the hearing did not actually appear in the Complaint. As a side note, when I finished the case, I overheard the clerk tell the judge "she did a really good job". I heard the judge reply "yes, she did." He dismissed the case *without prejudice* to give me an opportunity to fix my Complaint and re-file. There is ample case law in Virginia to make Mr. Moon liable for using my name and photo, without my permission, as a for profit business. The statute of limitations for that would be for 20 years after me being deceased.

While I contemplated re-filing the case for Appropriation in state court, the volume of content on KiwiFarms.net about me grew and changed (between May 2017 and Fall 2018). I largely ignored the immature, vulgar, crass, and indecent comments made about me and my family for awhile, until my child and I were physically assaulted by a neighbor, and my personal property destroyed because of what neighbors read about me on KiwiFarms.net. Because the volume of content on KiwiFarms.net grew and changed, and the increasing negative effects of the content manifested, I then filed 2 cases against Mr. Moon in Federal court in 2018 for actions done in 2017 and 2018. Instead of re-filing in state court, the Appropriation case from state court was merged/transferred into a case with the Torts in Federal court. Judge Jones dismissed those, for the reasons stated in his opinions, on <u>December 12, 2018</u> and <u>January 24, 2019</u>. No case was filed before July 8, 2020 for Mr. Moon's actions in 2019.

This case here before us is an I.I.E.D case. The I.I.E.D case before us is not a claim of Defamation, nor of Publication of Private Facts, nor of False/Negative Light, nor of Appropriation (against Mr. Moon). This case here was filed on July 8, 2020. It is for actions done by Mr. Moon between July 9, 2018 and July 8, 2020. Specific details from 2018 and 2019 may have been included, but that is <u>not</u> barred because the 2 former cases were both dismissed "without prejudice," under 28 USC 1915(e)(2)(B)(ii). I went and looked up Judge Jones' Orders today to double check and yes, they were dismissed "without prejudice". I know what "without prejudice" means. It means I can re-file and bring the issue up again, should I perfect my claim in writing and re-file with more details and facts that I may have previously missed. So even if I would include in this 2020 case elements, facts and details included in my 2018 cases that were dismissed, I am well withing my rights to do so (because they were dismissed "without

prejudice"). Therefore, it wouldn't matter if this case was based upon the "same course of conduct" (an objection you raise in your first paragraph ("1.")).

I have never claimed to be a legal expert. I am actually a law school drop out. I attended law school, with a merit based scholarship, at Appalachian School of Law briefly in the Fall of 2017. This was *after* some of my cases were filed. I worked for an attorney for 6 months in 2004 while a freshman in college. I have a Bachelor's degree, but I do not have a JD. I have filed and successfully prevailed in a few cases in state court between 2011 and 2019. I have mentioned these state cases in some of my filings. I have legal knowledge, but I have had a huge learning curve attempting to represent myself in federal courts. All of my filings have legal merits, I have simply made technical errors along the way that have gotten my federal cases dismissed.

A few of my cases had no case law upon which I could rely. I simply had to break new ground in bringing the issue before a judge. For example, I sued a Mr. Carlson of Schenectady, NY for using my business logo in a YouTube video which I alleged was copyright infringement. The Fourth Circuit had no case law upon which I could rely for this issue (to consider using business logos as copyright protected "art"). It gave the court an opportunity to set a precedent. My case ended up being used as a precedent for another case[5]. Some of my other cases have also been the subject of legal news. For example, a website concerned with religious liberties discussed my case against VA DMAS[6]. Although you contend that I am embarrassed about my dismissals, I actually am not. I believe in using the courts, not violence, to protest the violation of one's general and constitutional rights. Even if technical errors result in the dismissal of the case, it is worth the effort of trying, because the approach is dignified.

My cases against Wise County DSS have nothing to do with "punishing" anyone. They did *as a matter of fact*, violate my constitutional rights. This is why their only defense was seeking 11th Amendment immunity. They couldn't deny what they did. Nevertheless, I was surprised that they were awarded 11th Amendment immunity when I made a strong case that they were their own "local governing body". Virginia actually has no definition of what a "local governing body" is under any Va Code section of "definitions". Neither is the term "local governing body" defined by Fourth Circuit case law. I looked. It is up to the discretion of the

---

[5] Hawkins v. Fishbeck, 301 F. Supp. 3d 650 - Dist. Court, WD Virginia 2017
[6] http://religionclause.blogspot.com/2018/10/11th-amendment-dismissal-avoids-ruling.html

court. I believe, in my heart of hearts, with good faith, that Wise County Dept. of Social Services should have been held accountable as a "local governing body". The Wise County Board of Supervisors does not list Wise County Department of Social Services under their government structure. You can take a look yourself[7]. The judge decided not to recognize Wise Co. DSS as their own "local governing body" and that was at his discretion. Now the judge decided, matter settled.

You also have failed to realize that the Fourth Circuit is lagging behind other Circuits when it comes to constitutional violations by child welfare agencies. Many states actually have written into their laws constitutional protections for caretakers by requiring child welfare agencies to show up with warrants. My lawsuit against Wise County DSS is breaking fresh ground. Other then the fact that the agency collectively was granted 11th Amendment immunity, there is no existing case law in the Fourth Circuit regulating these constitutional issues I brought up in my Complaint. The only other option I have is suing individuals directly in their official capacities and suing government officials in Richmond, VA. Both of those present their own complications, but this letter is not the place to discuss those.

Now I turn to your second paragraph ("2."). Mr. Moon publicly presented himself as a transient person moving around from town to town. I know this from watching the things he posts online, as well as what his "true and honest" fans state online. This would make personal service upon him at his place of abode problematic. Although I believe he has domicile in Florida that allows him to be a registered Republican (on "active" status), Mr. Moon's mother's involvement in KiwiFarms.net would make service there problematic. I would doubt her willingness to forward the Summons and Complaint to Mr. Moon. I had the option of serving him as a business, and that is what I elected to do, in order to meet the time deadlines required by federal rules.

In your third paragraph ("3.") you claim that I did not make inquiry into Mr. Moon's involvement into the affairs I describe in my Complaint. That is not correct. I also am aware that I am not legally obligated to disclose my exhibits to you at this time. I do not have to participate in interrogatories, requests for admission and discovery requests from you unless the Default is overturned. Should that time come, we can engage in an exchange of information of that nature.

---

[7] http://www.wisecounty.org/orgchart.pdf

I will also take the opportunity to say that making a malicious CPS call is a crime. The Virginia legislature has gone out of their way to remind the public that malicious CPS calls are not the purpose of child welfare agencies. Citizens of the Commonwealth of Virginia have several avenues in protecting themselves from malicious CPS calls. Likewise, reporting someone for owning a gun and fabricating false allegations like saying I said I would kill one of my children is something any reasonable person would act upon. I don't know any caretaker in the state of Virginia that would sit around idly in such a situation. Whatever your motive is for expecting me to not speak up or defend myself is irrelevant, but I will not sit down in silence. I am not a doormat and I will exhaust every legal option I have for holding Mr. Moon accountable for his actions. He is not above the law, even though he has made several statements alluding to the idea that he thinks he is.

In your fourth paragraph ("4.") you claim that I have re-filed despite "dismissals". I have addressed this in part in my statements above. I am well within my legal rights to re-file when cases have been dismissed "without prejudice". That doesn't make me a "vexatious litigant", just a persistent one. Every single one of my cases against Mr. Moon and others has been with merit, only not without technical errors. "Rule 11 expressly applies to pro se litigants, although the court may exercise "sufficient discretion to take account of the special circumstances that often arise in pro se situations." Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment (citing Haines v. Kerner, 404 U.S. 519 (1972))." (OWEN-WILLIAMS v. KWARCIANY, Dist. Court, D. Maryland 2018).

In your fifth paragraph ("5."), you allege that my litigation has been to harass, punish, cause unnecessary delay, or increased expense for Mr. Moon. I deny each of those accusations against me. We have civil laws set in place and when those are breached, our society has given people a way to right civil wrongs without violence. In the past, when people attacked another person's honor in society, people took to the streets and fields in sword combat. Duels, prompted by attacking another's honor, were common as late as the 1600s. Mr. Moon's website KiwiFarms.net is bad journalism aimed at attacking others' public honor.

The targets of Kiwi Farms are specifically hand picked to be people who defy their users' patriarchal, heterosexual, white supremacist world view. I am not saying this as a moral judgment upon *their* beliefs. They have a right to believe what they want. What they do not have

is a right to attack others in the ways that they do. Their motive is to *attack* me because I do not fit their patriarchal world view of what a feminine female should be like. I have an abundance of proof demonstrating that. I have an abundance of proof to establish that Mr. Moon has actual malice toward me.

You can even see the sexism in Mr. Moon's subtle comments. Firstly, in the way Mr. Moon has attacked the quality of my handwriting, because in his mind feminine females should have pretty handwriting (a common sexist belief in American (USA) society). You can see that in the way  Mr. Moon has tried to put in a negative light my larger forehead because his sexist ideal is that women should have small foreheads (a common sexist belief in American (USA) society). You can see the patriarchal sexism in the dozens and dozens of comments on KiwiFarms.net about my life choices as a woman and my sexuality as a woman. Their unbridled defamation, hostility, threats, malice, lies, and social abuse aimed at me are because they do not want a woman with matriarchal elements in her family to have a place in this world. Their behavior is barbaric, extreme, outrageous and indecent. It is like something out of the dark ages. While I do believe that many of the users are part of countries that have not made as much progress as the United States in granting women equality, it still is no excuse for their course of conduct, your client Mr. Moon included. I will not stand by idly and not speak up for my own gender in calling out their sexism and holding them accountable legally for their malicious, undignified attacks against me.

The nature of content on KiwiFarms.net is not just fun humor. Them calling me "smelly melly" is simple humor. Not a big deal. But that is not the full scope of content on that website. The content on the website is an aggressive attack against each person they have targeted as a "lolcow" to socially abuse and injure them in any way they can. I was given journalism links by another person showing that many of the users on KiwiFarms.net came out of a movement called "Iron March". The "Iron March" movement was (is?) a white supremacist movement. They are known for their misogyny.

I am not the only "lolcow" that has been injured by their course of conduct. I am not the only "lolcow", or person for that matter, that sees their conduct as indecent and inhumane. When someone attacks another person's public honor with the intent to injure, harass, or sabotage their well being, there are legal actions that a person can take to resolve the issue. I am aware of my

legal choices and have done nothing more than exercised those options, using the time and resources that I have. I have the right to hold Mr. Moon legally accountable for his actions, and that is what I have elected to do. You may have tried to forewarn me of monetary penalties and *your* belief that my complaint, motions and filings are "frivolous", but I simply don't agree with those beliefs. I think that you're trying to be a good lawyer to Mr. Moon by using every tool at your disposable, however, I still disagree with your legal conclusions.

Your sixth ("6.") paragraph are statements about costs incurred by Mr. Moon. As I mentioned before, and am emboldened to reiterate now, Mr. Moon had the option of removing my name and photo from his website to have a 0% chance of risking litigation. I am not punishing  Mr. Moon with attorney's fees. He simply is experiencing the consequences of his own actions. Additionally, Mr. Moon is getting substantial financial support from his users, so on some level, he is not feeling the effects of paying for attorney's fees. To avoid attorney's fees and litigation costs Mr. Moon could have removed my name and photo. He could have changed the platform of his website to be less socially abusive. He could have reached out to me with an email discussing in a civilized manner my objections to the use of my name and photo. He has a lot of potential to be a good journalist, but without ethics, one's talents are useless and a source of trouble.

I have also seen in your Motion that you are requesting for a pre-filing injunction. "In determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had à good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. See, e.g., Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir.1986); Green v. Warden, United States Penitentiary, 699 F.2d 364, 368-69, 370 n. 8 (7th Cir.1983); Pavilonis, 626 F.2d at 1078-79." (*Cromer v. Kraft Foods North America, Inc.* 390 F. 3d. 812 Court of Appeals, 4th Circuit 2004). The requirements of obtaining a pre-filing injunction do not apply to me.

My history of litigation at the state court level, which I can present as exhibits if needed, is about a 75% success rate. I had one case dismissed because I was 20 minutes late. I had another case dismissed because I didn't join in a second defendant (and didn't have time to

follow up). There are attorneys with average success rates as well. Even attorneys don't always get judgments in their favor. I can also demonstrate with exhibits before a judge, if needed, that my cases aren't frivolous, just an issue with technical errors.

I haven't filed any duplicate lawsuits. I have a good faith basis and merits for each and every lawsuit I have filed, and I can demonstrate that to a judge, if needed. My cases haven't been a burden on the court. On one count, I would think a judge would be flattered by the opportunity to correct and demonstrate law to a law school drop out with an interest in law. My cases have also set a precedent for other cases, to the advantage of judges and society. Some of my cases have been cited in legal news as cases of interests[8]. Government Defendants haven't had any burden of costs because their attorney fees are paid by the taxes I pay. If the judges had such an issue with my cases, I would think they would not dismiss them "without prejudice". They also could have barred me from filing *sua sponta*, but have chosen not to. That says a lot.

If your client is interested in minimizing his attorney fees and preventing further litigation, he is welcome to send me an offer of settlement in this case.

Sincerely,

*Melinda Scott*

Melinda Scott

---

[8] https://casetext.com/analysis/rhetorical-hyperbole-is-not-defamation 3.
https://blog.ericgoldman.org/archives/2018/12/two-pro-se-section-230-rulings-scott-v-carlson-watkins-vcarr.htm