IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
MAR 15 2021
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| MELINDA SCOTT, ) | |
| Plaintiff ) | |
| v. ) | Case No. 2:20cv14 |
| ) | |
| WISE COUNTY DEPT. ) | |
| of SOCIAL SERVICES, ) | |
| et al ) | |
| ) | |

PLAINTIFF'S REPLY

TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO RECUSE

COMES NOW, the Plaintiff, in accordance with Local Rule 11(c), which permits the moving party to file a rebuttal brief within 7 days of service, and responds to Defendant's "Opposition to Plaintiff's Motion to Recuse" (dkt. 59).

**Argument.** Federal law permits recusal when it can be demonstrated that a judge has a cognizable bias against a litigant. Plaintiff has no contention with the fact that recusal cannot be on the grounds of an unfavorable ruling. However, Plaintiff denies Defendant's allegations that her motion for recusal is on the basis of unfavorable rulings. 28 US Code §455 states that "[a]ny justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might *reasonably* be questioned" (emphasis added). Here, the Plaintiff has made a *reasonable* observation that Judge Jones might, as a matter of outlined *facts*[1], have a

---

[1] Facts presented in Plaintiff's Motion for Recusal dated 2.26.21 (dkt. 58)

bias against the Plaintiff. This outline of facts shows *how* the rulings demonstrate a bias, not that the rulings are negatively impacting the Plaintiff. The rulings are not the foundation of the recusal, despite what Defendant has stated (¶1)[2]. Not only has Defendant, by counsel, brought more false allegations against the Plaintiff, but he has also improperly used his reply to her motion to recusal to further his false allegations of the Plaintiff "abus[ing] the court process". Plaintiff denies those allegations and for the reasons already stated multiple times in filing and exhibits (dkt. 59, Exhibit A; 54, 43, 29, etc).

Defendant, by counsel, has pointed to a number of times Plaintiff has had to accurately highlight *facts* which demonstrate that his client, Defendant Moon[3], as well as other John Does demonstrated that they are sexist against the Plaintiff. The Plaintiff properly highlighting *facts* which show that these John Does, other Kiwi Farms users and Defendant Moon are actually sexist has nothing to do with the merit of whether or not a judge is gender biased. Sexism, discrimination on the basis of sex, and gender bias against women are a common occurrence in every nation, especially ones that have historically shown a pattern of gender discrimination against women. The Defendant, by counsel, is improperly blame shifting onto the Plaintiff. It doesn't matter *how many times* the Plaintiff has to point out sexism. The number of times is irrelevant. The *content* of what is being said is what needs to be examined.

In her Motion to Recuse dated February 26, 2021 (dkt. 58), the Plaintiff highlighted *a series of facts* that demonstrates that the legal standards of the Fourth Circuit[4] are not being applied with the same weight toward the Plaintiff and the Defendant. There are several reasons

---

[2] ¶1 of Defendant's Opposition (dkt. 59)
[3] Counsel for Defendant Moon has improperly stated that Plaintiff's correspondence of January 8, 2021 said that counsel for the Defendant was sexist.
[4] Plaintiff used the term "Fourth District" in her Motion, although it is properly "Fourth Circuit"

this could be: (1) the Plaintiff's socio-economic status (2) her family orientation (3) Mr. Hardin, Defendant Moon and Judge Jones are all Freemasons with brotherhood ties or (4) the Plaintiff's gender. Plaintiff has no proof that Judge Jones, Defendant Moon and Counsel Hardin are Freemasons acting in concert, which would pervert justice. Plaintiff has attached exhibits of John Doe 3 telling the Plaintiff that Defendant Moon has conspired with Judge Jones against the Plaintiff however, this is not enough to establish this as fact. Based on other facts, Plaintiff has no reason to believe that Judge Jones bias is due to her socio-economic status and family orientation. This leaves only one possibility.

Plaintiff incorrectly substituted the word "District" for "Circuit" in her Motion to Recuse (dkt. 58). This was an oversight and error on the part of the Plaintiff. The motion should be read to read "Fourth Circuit" in each place that Plaintiff typed "Fourth District". However, Plaintiff reasserts all of her claims about bias in the Motion to Recuse (dkt. 58). The legal standards of the Fourth Circuit are not being equally applied to Plaintiff Scott and Defendant Moon in this case.

PRIOR MOTION AFFIRMED,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87

Richmond, VA 23218

mscottw@gmu.edu

540-692-2342

### CERTIFICATE OF SERVICE

I hereby certify that I have both mailed a copy of this REPLY to the Defendant, by counsel, to Matthew D. Hardin, VSB #87482 1725 I Street NW, Suite 300 Washington, DC 20006 and at matthewdhardin@gmail.com on this ___11th____ day of MAR., 2021.

Melinda Scott, *pro-se*

PO BOX 1133-2014PMB87

Richmond, VA 23218

mscottw@gmu.edu

540-692-2342