## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP  DIVISION

| | | |
|---|---|---|
| **MELINDA SCOTT,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:20CV00014 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **WISE COUNTY DEPARTMENT OF** | ) | JUDGE JAMES P. JONES |
| **SOCIAL SERVICES, ET AL.,** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

*Melinda Scott, Pro Se Plaintiff; Matthew D. Hardin, Washington, D.C., for Defendant Joshua Moon.*

The defendant, sued for intentional inflection of emotional distress, has filed a Motion to Dismiss.   For the reasons set forth herein, I will grant the motion and dismiss this action with prejudice.

Melinda Scott, a frequent pro se litigant in this and other courts, filed this action in forma pauperis asserting two separate causes of action.  The first, against the Wise County Department of Social Services, was previously dismissed on the ground that it was immune from suit under 42 U.S.C. § 1983.  Op. & Order 6, Oct. 15, 2020, ECF No. 14.  The second claim, a pendent state cause of action, is against defendant Joshua Moon and four John or Jane Doe defendants.  Compl. 22, ECF No. 2.  It is asserted that Moon is the owner of a website in which the John or Jane Doe

defendants posted derogatory remarks about the plaintiff and that they and Moon "each are responsible for contributing to the malicious phone call made to Wise Co. DSS that resulted in a home visit to the Plaintiff's house on June 22, 2020." *Id.* at 24. The plaintiff alleges that as a result she "experienced extreme emotional distress, including anger and rage." *Id.* at 25.

The plaintiff has sought to sue Moon twice before in this court. In the earlier pro se actions she also complained of alleged defamatory web postings for which she asserted Moon was responsible, causing her emotional distress. *Scott v. Moon,* No. 2:19CV00005, 2019 WL 332415, at *3 (W.D. Va. Jan. 24, 2019) (dismissing action for failure to state a viable claim), *aff'd*, 773 F. App'x 138 (4th Cir.) (unpublished), c*ert. denied*, 140 S. Ct. 478 (2019); *Scott v. Carlson,* No. 2:18CV00047, 2018 WL 6537145, at *2–5 (W.D. Va. Dec. 12, 2018) (same), *aff'd*, 773 F. App'x 136 (4th Cir.) (unpublished), *cert. denied*, 140 S. Ct. 400 (2019). In the present case the plaintiff adds the allegation that Moon "contributed" to the phone call to DSS.

Under Virginia law, a plaintiff alleging intentional infliction of emotional distress must prove the following elements: "(i) the wrongdoer's conduct was intentional or reckless, (ii) the conduct was outrageous and intolerable, (iii) the alleged wrongful conduct and emotional distress are causally connected, and (iv) the distress is severe." *Ostolaza–Diaz v. Countrywide Bank, N.A.*, 360 F. App'x

504, 507 (4th Cir. 2010) (unpublished) (citing *Ogunde v. Prison Health Servs.*, 645 S.E.2d 520, 526 (Va. 2007)). The second element requires that the conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Russo v. White*, 400 S.E.2d 160, 162 (Va. 1991) (internal quotation marks and citation omitted).

The plaintiff's allegations do not meet the test of Virginia law.  Moreover, it is clear that she is speculating that Moon was involved in some way in the call to the local Department of Social Services.  I will grant the Motion to Dismiss as to defendant Moon.  Because the plaintiff's allegations are wholly insufficient, I will also dismiss the claims against the John and Jane Does pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Particularly in light of the plaintiff's repetitive meritless filings on this subject, I will dismiss this action with prejudice.

It is **ORDERED** that the Motion to Dismiss, ECF No. 26, is GRANTED.  A separate judgment will be entered herewith.

ENTER:   August 30, 2021

/s/  JAMES P. JONES
Senior United States District Judge