IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

SEP 13 2021

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

| | |
|---|---|
| MELINDA SCOTT, ) | |
| Plaintiff ) | |
| v. ) | Case No. 2:20-cv-00014 |
| ) | |
| WISE COUNTY DEPT. ) | |
| of SOCIAL SERVICES, ) | |
| et. Al. ) | |
| Defendants ) | |

### PLAINTIFF'S REPLY IN RESPONSE TO:

### (A) DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE DOCUMENT

### AND

### (B) DEFENDANT'S MOTION FOR AN APPEAL BOND

*COMES NOW*, the Plaintiff, Melinda Scott, and replies to Defendant's Motion for Extension of Time to file Document and Motion to Require an Appeal Bond. An accompanying Memorandum of Law is attached.

### I.   APPEAL A MATTER OF RIGHT

**(A) Plaintiff Scott maintains a Constitutional right to appeal without need to explain herself**

1. The Plaintiff does not need to defend her constitutional right to appeal. That is a right granted to the Plaintiff by the US Constitution and the Federal Rules of Civil Procedure.

2. It is an abuse of process and completely absurd for the Defendant's counsel to use pleadings to expect the Plaintiff to have to use up her time and the court's time defending her right to appeal, a right she holds by way of the US Constitution.
3. Defendant Moon, by counsel, cites no case law for his legal conclusion that a litigant "explain themselves" for exercising their right to appeal.

### (B) Defendant Moon's counsel seeks to interfere with Plaintiff Scott's constitutional rights

(1) Plaintiff Scott denies that the Notice of Appeal has anything to do with an "intention to continue to escalate Mr. Moon's costs" (¶4(c)). Plaintiff Scott has made no such statement anywhere indicating that.

(2) It's absurd for Defendant's counsel to even reach such a conclusion because he hasn't even seen the content's of Plaintiff Scott's appeal yet. It is another false accusation intended to stall her right to Appeal.

### (C) Abuse of Process by Defendant's Counsel

(1) Defendant, by counsel, makes an allegation that the Plaintiff is "burdening the judiciary" (Motion for an Appeal Bond, ¶4). The exercise of a taxpayer and person's constitutional rights cannot be construed as a "burden to the judiciary". As a taxpayer and citizen of the US, the Plaintiff has a constitutional right to file lawsuits. Defendant's counsel cites no case law to support his legal conclusion that the exercise of a taxpayer's rights is a "burden to the judiciary".

(2) Defendant Moon's repetitive Motions asking for extensions of time are the real burden to the judiciary. If he would exercise diligence to file pleadings and motions on time, there would be less paperwork for everyone here. In fact, every filing after the entry of the Default on November 16, 2020 has been stirred up by the simple *fact* that Defendant Moon, who had complete *constructive* notice of a lawsuit failed to act in accordance with his responsibilities. He knew there was a lawsuit 2 days after it was filed, he decided to do nothing, then when a Default was entered, he created a long string of paperwork for everyone involved, even unto this very day.

(3) Defendant Moon's Counsel had adequate time between August 31, 2021 and September 8, 2021 (the date of his Motion for an Extension of Time), to draft a Motion for anything else he wanted. His filing of the Motion for an Extension of Time, which came only *after* he was electronically emailed the Plaintiff's Notice of Appeal was *obviously* prompted by his discomfort with the Plaintiff's Notice of Appeal. He is attempting to use the Motion for an Extension of Time as a punitive strike against the Plaintiff exercising her right of appeal. This appears to be a violation of Federal Rule 11.

(4) It an abuse of process and completely absurd for the Defendant's counsel to try to stall, discourage and intimidate the Plaintiff into not appealing in this course of conduct and manner that he has behaved in filing these 2 recent Motions.

**(5) Defendant Moon's counsel projecting his own abuse of process onto the Plaintiff**

(6) Defendant Moon's counsel has repeatedly tried to accuse the Plaintiff of abusing the court process when it is him in fact doing that very thing to the Plaintiff to gaslight and intimidate her out of her rights. This has happened more than once in this case (docket #35, "Motion for a Protective Order").

II. RULE 24(a)(3)(A)
(Federal Rules of Appellate Procedure)

**(D) Legal standard of Rule 24(a)(3)(A)**

(1) Defendant Moon, by counsel, cites Rule 24(a)(3)(A) (Fed. R. Appel. Proc) in his Motion to Require an Appeal Bond as a basis for his Motion. However, his Motion does not comply with the legal standards of Rule(24)(a)(3)(A).

(2) An accompanying Memorandum of Law demonstrating that the Defendant has no legal basis for asserting Rule 24(a)(3)(A) is attached.

### III. MALICE OF DEFENDANT MOON

**(E) Defendant Moon's counsel projecting his own client's malice onto the Plaintiff**

(1) As noted in her Complaint (docket #2), and subsequent filings in this case, Defendant Moon runs a sadistic, malicious website called KiwiFarms.net in which he engages in a pattern of inflicting (a) social abuse and (b) group Cyberstalking to attack the people he is actively victimizing on his website.

(2) It is Defendant Moon who has the malicious behavior in this case, not Plaintiff Scott.

**(F) Defendant Moon's repetitive and meritless accusations against Plaintiff**

(1) In his Motion for an Extension of Time to File Document Defendant Moon, by counsel, states that "there is reason to believe that this litigation has been conducted in bad faith, and that the Plaintiff has acted in violation of Fed. R. Civ. P. 11(b)" (¶4(b)). His repetitive and meritless accusation, which has appeared in multiple of his pleadings, and is once again presented here, is devoid of any factual details to support his allegation.

(2) Further, the legal standard for evaluating a Plaintiff's Complaint is that "[i]n evaluating a complaint, the court accepts as true all well-pled facts and construes those facts in the light most favorable to the Plaintiff" (*Nemet Chevrolet, Ltd. V ConsumerAffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009)).

**(G) Defendant Moon is not a victim**

(1) Defendant Moon, by counsel, speaks of a "years-long crusade of litigation". Defendant Moon is not a victim. If he didn't want to be sued he could have not engaged in years-long

course of conduct aimed at socially abusing the Plaintiff through a sadistic, malicious and socially deviant behavior. Defendant Moon's behavior is outside of the bounds of a civilized society, common decency and well out of range of a person with well adjusted social skills.

## IV. DEFENDANT MOON'S FALSE CLAIMS OF VICTIMIZATION

### (H) Assumption of Risk by Defendant Moon

(1) There exists a legal principle in the legal world called "the assumption of risk". A person has a duty not to engage in a behavior that may result in certain consequences.

(2) In April 2017 Plaintiff Scott sent an email to Defendant Moon advising him that he did not have permission to use her name and photo for his business. If he had removed Plaintiff's name and photo from his for profit business website, there would be 0% chance of any litigation against him. When he chose to keep her name and photo up on his website, he took the risk of being sued. He assumed that risk himself and owns a personal responsibility for his actions.

### (I) Defendant Moon's predicament his own fault

(1) Defendant Moon, by counsel, gripes that "he will face an uphill battle to collect from the Plaintiff" (¶5 of Motion to Require an Appeal Bond). Defendant Moon purposely attacks members of society who are not able to afford to hire legal representation as part of his strategy to create a socially abusive website that continues to exist. He was banking on the Plaintiff not being able to defend herself in court. If the Defendant, Defendant Moon, wants to attack members of society that don't have the capacity to hire legal representation, then he gets all the consequences of his own actions.

(2) This repeated false idea of victimization by Defendant Moon, in which he seeks to not be accountable for his actions, is a repeated pattern of behavior displayed by Defendant Moon

in demonstrating he believes he should not be responsible for his own actions and is above the rules, including the rule to file pleadings and papers on time.

## V. DEFICIENCIES IN DEFENDANT MOON'S MOTIONS

### (J) Defendant Moon's counsel lacks standing

(1) Defendant Moon's counsel cites no case law supporting a legal foundation for an opposing counsel requesting a litigant pay an Appeal bond. There is no legal basis for his course of conduct. His Motions appear an unnecessary violation of Federal Rule 11 in the misuse of motions to delay, intimidate and stall the Plaintiff from exercising her constitutional right to Appeal.

### (K) Defendant Moon's allegations against the Plaintiff void of any factual content

(1) In his Motion for an Extension of Time to File Document Defendant Moon, by counsel, states that the Plaintiff "has occasionally admitted to questionable, extra-legal, or otherwise improper motives for this litigation" (¶4(b)), yet then proceeds to say that he doesn't have time to find the facts to support his allegation against the Plaintiff. This is not only absurd, it is also out of the bounds of the legal standards of the Federal Rules of Civil Procedure.
(2) Firstly, Plaintiff denies this allegation completely.
(3) Secondly, every litigant is required to support their allegations with facts in Motions. It is both improper process and absurd to expect a litigant to not have to comply with that legal standard simply because "they didn't have time".
(4) Despite the time constraints on her very busy schedule, the Plaintiff has been required to meet every legal standard required to participate in this case, and the Defendant and his counsel are not entitled to special treatment to not have to support their allegations with facts.

### (L) Defendant Moon's Motion lacking accurate facts

(1) Defendant Moon, by counsel, stated in his Motion for Extension of Time to file Document that "the Plaintiff previously appealed, unsuccessfully" (¶2).

(2) The Plaintiff only appealed a *portion* of 2 previously dismissed cases. The portions appealed by Plaintiff Scott were: (a) 4th Amendment violation (as a state actor) and (b) whether or not Plaintiff Scott adequately stated in her Complaint if Joshua Moon was immune under CDA 230.

**(M)    Defendant Moon's Motion fails to distinguish factors**

(1) Defendant Moon's Motion for an Extension of Time to File a Document and his Motion to Require an Appeal bond make sweeping statements about Plaintiff Scott's prior lawsuits being dismissed (¶2 of Motion for Extension of Time; and ¶2 of Motion to Require an Appeal Bond). Neither of these paragraphs distinguish between factors as to *why* those cases were dismissed.

(2) None of the previous two (2) cases filed by Plaintiff Scott against Joshua Moon were for IIED, so Defendant's counsel bringing up those dismissals are irrelevant to this case which is about IIED.

(3) The second appeal that was dismissed was solely on the basis that Plaintiff Scott did *not* include in her Complaint a clear and concise statement demonstrating *why* Defendant Moon was not immune under CDA Section 230. That is not an issue in this case, as Plaintiff Scott, clearly, and without fail, wrote a clear and concise paragraph demonstrating that Defendant Moon is *not* immune under CDA Section 230 (Complaint (docket #2), ¶76).

(4) Judge Jones' Opinion of 01/24/19, page 4, stated that a "court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" (*Weller v. Dept of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F. 2d. 1274, 1277 (4th Cir. 1985)). The court of appeals upheld this because the Complaint was not clear enough. With the Plaintiff's legal writing skills improving over the last few years, this isn't an issue in this case.

**(R) Prior dismissals irrelevant to this case**

(1) There is no 4th Amendment violation brought up in this case.

(2) Further, the Plaintiff has clearly demonstrated in her Complaint that Joshua Moon is not qualified for immunity under CDA Section 230 ((docket #2), ¶76)). So there is no way for the appeal's court to dismiss upon this issue.

**(S) Plaintiff has overcome pleading deficiencies**

(1) With the Plaintiff's legal writing skills improving over the last few years, deficiencies in prior Complaints which led to the appeal's court ruling that the writing was too vague, have not been an issue here. That is why Judge Jones' "after reviewing the record" Ordered a Default on the well written Complaint (docket #2), and that the Order of August 31, 2021 is void of any indication that the Complaint is vague or obscure.

**(T) Plaintiff has overcome CDA Section 230 immunity issue that resulted in her previous lawsuit being dismissed**

(1) The Plaintiff has clearly demonstrated in her Complaint that Joshua Moon is not qualified for immunity under CDA Section 230 ((docket #2), ¶76)). Therefore, there is no way for the appeal's court to dismiss upon this issue, which is the reason it was previously dismissed.

**(U) Refusal of Supreme Court to grant her Petition irrelevant**

(1) Defendant's Counsel brings up the fact that the Supreme Court did not grant her Petitions in prior cases. The Supreme Court only grants about 1% of cases and they do not grant or deny on the basis of merit, they grant or deny on the basis of time and ability to handle caseload. The website of the Supreme Court states that they cannot cure every social injustice, because they just don't have the time.

**(V) Refusal of Supreme Court to grant her Petition not a ruling in Defendant Moon's favor**

(1) Defendant Moon did not receive a ruling in his favor from the Supreme Court, the petition was simply denied.

**(W) Rule 54 does not entitle Defendant for another claim for Attorney's Fees**

(1) Rule 54 states that a claim can be brought "before the entry of judgment". That time has already passed. Defendant is not entitled to a new motion asking for attorney's fees *again*.

**(X) No evidence that Defendant Moon pays his attorney's fees**

(1) Defendant Moon has presented no evidence whatsoever that he even has paid attorney's fees. As mentioned in prior pleadings (docket #41)[1], the Plaintiff has adequately conveyed that Defendant Moon ran a fundraising campaign for his business in order to pay for his attorney fees by his subscribers.

(2) Defendant Moon has presented no evidence whatsoever to demonstrate that fees were paid from his bank account to an attorney.

## VI. DEFENDANT MOON LACKS FACTS TO COMPLY WITH THE LEGAL STANDARD OF "EXCUSABLE NEGLECT"

A Memorandum of Law citing the legal standard for requesting an extension of time is attached to this Response.

**(N) Defendant Moon's disappearance not "good cause"**

(1) Defendant Moon has frivolous reasons for requesting an extension of time.
(2) Defendant Moon, by counsel, claims that his client is difficult to reach. However, Joshua Moon posted online, on KiwiFarms.net, on August 31, 2021 his thoughts about the Order and Judgment of August 31, 2021. Then suddenly after filing her Notice of Appeal, the link disappeared. Joshua Moon had notice and knowledge that the Order and Judgment was entered. He has a personal responsibility to contact his attorney.
(3) The Plaintiff has had to multi-task and juggle all of her personal responsibilities and meet deadlines imposed on her by this court, time and again, which has held her strictly to the rules at every turn, and Defendant Moon is not entitled to special treatment.

---

[1] page 5, bullet III (e), footnote 13 cites the exact website URLs where Joshua Moon has publicly announced his fundraising campaign for attorney's fees

### (O) Defendant Moon's counsel has failed to demonstrate good cause for an extension of time

(1) Good cause for an extension of time is illness, death of a loved one, a natural disaster, hospitalization, and the like. Vacation, incompetence, laziness or discomfort with the situation are not valid reasons for extensions of time. Defendant Moon's counsel has presented no case law supporting "vacation" or "inability to reach one's client" as good cause for an extension of time.

### (P) Defendant Moon's counsel seeking special treatment

(1) Once again, just as Defendant Moon, wants to bend the rules for extra time to file pleadings (docket #32, #45) for frivolous reasons like wanting to go on vacation, which was the frivolous reason he stated in his prior Motions. Once again, Defendant Moon, by counsel, has no valid reason for asking for an extension of time. He has pointed to no circumstance beyond his control like an illness, death, or natural disaster for seeking an extension of time.

(2) Motions for an extension of time are only permissible for "excusable neglect" (Lujan v. National Wildlife Federation, 497 US 871 Supreme Court (1990). The Defendant has pointed to absolutely no factual reason demonstrating "excusable neglect".

(3) "Equitable tolling is appropriate when, but *only when*, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit" (*Rouse v.* Lee, 339 F. 3d. 238 Court of Appeals 4th Circuit (2003)) citing *Spencer v Sutton*, 239 F. 3d. 626, 630 (4th Circuit, 2001). Here the Defendant, by counsel, has demonstrated *no facts*, showing that his need for more time was for "extraordinary circumstances".

VII. ISSUES OF APPEAL

The fact remains that the Plaintiff does not need to defend her right to appeal just because the Defendant's counsel is not cognizant of procedural and legal issues at the trial court level. No attorney or judge has a legal right to ask the Appellant for a brief of what will be in their Appeal. There is not basis in law for Defendant's counsel to demand this from the Plaintiff.

*Notwithstanding*, in order to protect her Constitutional rights, the Plaintiff will demonstrate that there are plenty of issues on Appeal, given in concise language, as she is not even legally obligated to reveal the contents of her Appeal yet, and her Appeal will fully outline in depth the basis, laws and issues stated below

**(Y) Judge Jones' Duty to Recuse himself**

(1) Judge James P. Jones entered in an Order and Judgment on August 30, 2021. However, pursuant to federal law 28 USC §455, recusal is *mandatory* when impartiality might reasonably be questioned. "Any justice, judge or magistrate of the United States *shall* disqualify himself in any proceeding in which his impartiality might reasonably be questioned" (emphasis added). Under 455(b)(1) a judge shall disqualify himself "When he has a personal bias or prejudice concerning a party....". The Plaintiff filed a Motion to Recuse, and supporting reply, on March 1, 2021 (docket #58, docket #60). This recusal and further reply outlined the ways in which the Judge's impartiality could *reasonably* be questioned, based upon *facts*, and based upon gender bias.

(2) In the Motion to Recuse Plaintiff Scott brought up two (2) additional issues. She also attached exhibits from Defendant John Doe 3 telling the Plaintiff that Judge James P. Jones had conspired together with Plaintiff Wise County Department of Social Services (Exhibit A, docket #60; Exhibit B, docket #60).

(3) Judge James P. Jones had a judicial duty to deny that what John Doe 3 had told the Plaintiff was untrue, since harassing a Plaintiff during litigation is illegal. Canon 2(B) of The Judicial Code of Conduct requires that: "A judge should neither lend the prestige of the judicial office to advance the private interests of the judge, or other, *nor convey or permit others to convey*, the impression

that they are in a special position to influence the judge. ..." (emphasis added). John Doe 3 was permitted to convey that certain Defendants "are in a special position to influence the judge". This portion of the Motion to Recuse was not addressed.

(4) The third issue raised in the Motion to Recuse was whether or not there is a conflict of interest in the case because of a Freemason membership shared by Counsel Hardin and Judge Jones. Canon 2(B) of The Judicial Code of Conduct requires that "A judge should not allow family, social, political, financial or other relationships to influence judicial conduct or judgment.". He also had a judicial duty to deny or admit that there is a conflict of interest between Defendant's counsel, Mr. Hardin and himself, due to Freemason lodge connections. This portion of the Motion to Recuse was not addressed.

(5) Even these two additional issues aside, Judge James P. Jones had a judicial duty to step down from the case and recuse himself because the Plaintiff clearly demonstrated a reasonable question of his impartiality.

## (Z) Correction of bias

(1) The 4 main factual issues brought up in Plaintiff Scott's Motion to Recuse were: (a) not applying rules of service properly (b) not applying the legal standard of constructive notice properly toward the Defendant and (c) refusing discovery for the Plaintiff after permitting it, with no explanation of law to support a denial after permitting it.

(2) After the Motion to Recuse was filed, Judge Jones' then ruled on the case. His making an Opinion on the case demonstrates that he decided and upheld that service was valid. Even if this can be construed as a *correction* of Judge Jones' bias toward the Plaintiff, and certainly, anyone should be permitted opportunity to correct themselves, the Order and Judgment then resurfaced his bias once again with an abuse of discretion.

## (AA) Abuse of Discretion by Judge Jones in Order and Judgment dated August 31, 2021

(1) Judge James P. Jones' Order and Judgment dated August 31, 2021 which resulted in a dismissal is an abuse of discretion for ruling on a case without permitting a hearing for the Plaintiff to present testimony and evidentiary facts. This abuse of discretion appears to be

tied to the Plaintiff's Motion to Recuse. A judge has exercised an abuse of discretion when his (or her) decision is not based on law, is arbitrary, based on bias or is unconscionable.

### (BB) Procedural Issues on Appeal

(a) The appeals court should take note of the fact that Judge Jones negligently or intentionally sabotaged the Plaintiff's ability to serve John Does 1-3 and Jane Doe 2 because he did not respond to Plaintiff Scott's request for immediate discovery in her Complaint (docket #2) in order to serve John Does 1-3 and Jane Doe 1 in a timely manner

(b) In his Order and Judgment, Judge Jones dismissed the Plaintiff's case of IIED while weighing *only* the malicious CPS call as the reason for IIED. His Order and Judgment completely omits all other facts in paragraphs ¶65-80 describing actions by Defendant Joshua Moon, Defendants John Does 1-3 and Jane Does 1 which led Plaintiff Scott to file a case of IIED. Judge Jones' neglected to address these paragraphs.

(c) Civilized society does *not* tolerate malicious CPS calls, so much so that it is a *crime*. It is unconscionable that a judge would dismiss with indifference a *crime*.

(d) Civilized society does not tolerate social abuse through internet posting. The Plaintiff has plenty of evidentiary facts to present in a hearing to demonstrate that civilized society does not tolerate the type of content on KiwiFarms.net.

(e) Judge Jones' decision to rule on the merits of the Complaint (docket #2) uphold that the Default entered on November 16, 2020 was valid (docket #19,20). This would then entitle the Plaintiff to a hearing. The Plaintiff was not even heard in hearing to present evidentiary facts and testimony, as previously ordered in the Default Order (docket #19). Both the Federal Rules of Civil Procedure and the Judicial Code of Conduct require a fair opportunity for the Plaintiff to be heard. This ruling upon the merits of the Complaint without a hearing is a demonstration of bias against the Plaintiff, as well as a decision outside the confines of law and the Federal Rules of Civil Procedure.

(f) In deciding to rule upon the merits of Plaintiff Scott's Complaint, Judge Jones demonstrated that he upheld that service was valid, and that the Default was therefor, valid. This raises the issue of why the Plaintiff was then arbitrarily denied the opportunity to serve discovery requests for Joshua Moon.

(g) Dismissal "with prejudice" by Judge Jones' is a denial of the Plaintiff's Constitutional rights to file. The Plaintiff still maintains a Constitutional right to access to the courts, including, but not limited to a right to file an Appropriation case, as the statute of limitations has not expired. There is no legal basis for denying the Plaintiff's right to file.

(h) Without citing a single fact, Judge Jones' Order arbitrarily labeled the Plaintiff's filings as "meritless". The legal standard for federal courts is that a Plaintiff's pleadings and facts should be accepted as true on their face, therefore the Plaintiff's Complaints cannot be said to be "meritless". "In evaluating a complaint, the court accepts as true all well-pled facts and construes those facts in the light most favorable to the Plaintiff" (*Nemet Chevrolet, Ltd. V ConsumerAffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009)).

(i) The omission of a paragraph in prior lawsuits demonstrating that Defendant Moon is not immune under CDA Section 230 does *not* make a pleading "meritless".

(j) Without citing a single fact, the Order of August 31, 2021 arbitrarily labeled the Plaintiff's filings as "repetitive". This is arbitrary decision making, therefore an abuse of discretion. It's not even factual in the slightest bit. The Plaintiff filed for Defamation, False/Negative Light, and 4th Amendment violations in former suits. It had nothing to do with IIED. Further, Judge Jones' neglected to incorporate a fact stated in paragraph (¶)68 of the Plaintiff's Complaint (docket #2): that the information on KiwiFarms.net *evolved*. Clearly and obviously, if information on a website aimed at causing an injury toward the Plaintiff evolves, so to will be the action that the Plaintiff takes, including, but not limited to filing lawsuits.

(k) The Order of August 31, 2021 states that the Plaintiff is "speculating" that Defendant Moon contributed to the malicious CPS call when the paragraphs numbered 65 to 80 in Plaintiff's Complaint say otherwise, and lay out the factual basis for stating that Joshua Moon contributed to the malicious CPS call. The judge (James P. Jones) ignored those facts.

(l) The Order of August 31, 2021 did not address the constitutional violations by Defendant Moon addressed in other parts of the Plaintiff's Complaint.

### (CC) Contents of Plaintiff's Appeal

(1) As demonstrated above, there are plenty of issues to appeal. All of these issues presented here will be duly noted in Plaintiff Scott's Appeal.

## VIII.  NO LEGAL BASIS FOR REQUIRING AN APPEAL BOND

(1) There is no legal basis for retroactively removing a prior granted petition to proceed *in forma pauperis*. The Defendant, by counsel, has cited *no case law* supporting his conclusion that a district court can retroactively deny a petition to proceed *in forma pauperis*.

(2) Having been granted a petition to proceed *in forma pauperis* (docket #1, docket #3), the Plaintiff is granted by Federal Law the *absolute right* to proceed without paying an appeal bond.

**WHEREFORE, because the Defendant's Motion for an Extension of Time to File Document *and* his Motion to Require an Appeal bond have absolutely *no* basis in law, both Motions should be denied and dismissed.**

SIGNED,

Melinda Scott, *pro-se*

PO BOX 1133-2014PMB87

Richmond, VA 23218

mscottw@gmu.edu

540-692-2342

CERTIFICATE OF SERVICE

I hereby certify that I have both mailed a copy of this REPLY to the Defendant, by counsel, to Matthew D. Hardin, VSB #87482 1725 I Street NW, Suite 300 Washington, DC 20006 and at matthewdhardin@gmail.com on this _10th_ day of SEPT. 2021.

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
Richmond, VA 23218
mscottw@gmu.edu
540-692-2342