IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

SEP 13 2021

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| MELINDA SCOTT, | ) |
| PLAINTIFF | ) |
| v. | ) |
| | ) |
| WISE COUNTY DEPT. | ) |
| of SOCIAL SERVICES, | ) |
| et al, | ) |
| | ) |
| DEFENDANTS | ) |

Case No. 2:20cv14

## MEMORANDUM OF LAW

### IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS FOR EXTENSION OF TIME and TO REQUIRE APPEAL BOND

This Memorandum presented in support of Plaintiff's Response to Defendant's recent Motions for an Extension of Time and Motion to Require an Appeal Bond.

I. **Legal Standard of Rule 24(a)(3)(A)**

Defendant Moon, by counsel, cites Rule 24(a)(3)(A) (Fed. R. Appel. Proc) in his Motion to Require an Appeal Bond as a basis for his Motion. However, his Motion does not comply with the legal standards of Rule(24)(a)(3)(A). The legal standard for Rule 24(a)(3)(A) is that "It is not the burden of the Petitioner to show that his appeal has merit, in the sense that he is bound, or even, likely to prevail ultimately." (Coppedge v United States 369 US 438 Supreme Court (1962)). The Plaintiff has no duty to prove that her appeal has merit, because it is a matter of right after the entry of an Order and Judgment.

Further, it is the district court that must dismiss the claim as frivolous, *long before a Notice of Appeal*. This did not happen in this case. The dismissal of bad faith Complaints are "often made *sua sponte* prior to the issuance of process, so as to spare the prospective Defendants the inconvenience and expense of answering such complaints" (*Neitzke v Williams*, 490 US 319 US Sup. Court (1989) *citing Franklin v. Murphy*, 745 F. 2d. 1221, 1226 (CA9 1984)). Here in this case, the Plaintiff was permitted to serve Defendant Moon, and a Default was entered "based on the pleadings and after a review of the record" (docket #19).

A complaint is only considered frivolous under 1915(d) "where it lacks an arguable basis either in law or in fact" (Denton v. Hernandez, 504 US 25 (1992)). Additionally, the Supreme Court upheld that, "[A] complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) may nonetheless have an 'arguable basis in law'" (Denton v. Hernandez, 504 US 25 (1992)). Here the Plaintiff's Complaint, which was permitted to evolve into a Default (docket #19), had an arguable basis in law and in fact, even if it was dismissed. Neither can her petition to proceed *in forma pauperis* be retroactively denied, or remove later on down the process, as there is no basis in law or case law for such an action.

"In the absence of some *evident* improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous *Farley v United States*, 354 U.S. 521). The good-faith test *must not be converted into a requirement of a preliminary showing of any particular degree of merit*. Unless the issues raised are so frivolous that the appeal would be dismissed in the case of a nonidigent litigant…the request of an indignant for leave to appeal *in forma pauperis* **must** be allowed" (emphasis added) (Ellis v. United States 356 US 674 Supreme court (1958)). This court has *not* cited any *facts* which show that the Plaintiff has an improper motive.

The legal standard for a Plaintiff's Complaint is that "[i]n evaluating a complaint, the court accepts as true all well-pled facts and construes those facts in the light most favorable to the Plaintiff" (*Nemet Chevrolet, Ltd. V ConsumerAffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009)). Frivolous allegations are those which are "fanciful", "fantastic" or "delusional"

(Denton v. Hernandez, 504 US 25 (1992)).. The Order of August 31, 2021 makes no such statements regarding the Plaintiff's Complaint.

## II.     Legal Standard for requesting an extension of time

Motions for an extension of time are only permissible for "excusable neglect" (*Lujan v. National Wildlife Federation, 497 US 871 Supreme Court (1990)*. The Defendant has pointed to absolutely no factual reason demonstrating "excusable neglect". There is no case law supporting the notion that "inability to reach client" or "vacation" constitute "excusable neglect". "Equitable tolling is appropriate when, but *only when,* 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit" (*Rouse v.* Lee, 339 F. 3d. 238 Court of Appeals 4th Circuit (2003)) citing *Spencer v Sutton*, 239 F. 3d. 626, 630 (4th Circuit, 2001). Here the Defendant, by counsel, has demonstrated *no facts* showing that his need for more time was for "extraordinary circumstances". His client was aware of the Order and Judgment entered in August 31, 2021 and had a duty to contact his lawyer, as well as be available to his lawyer. The law does not permit a litigant to disappear in order to manipulate the court system to cause unnecessary delay.

## III.    Legal standard for Right to Appeal

Under Federal Rules of Civil Procedure, Rule 3 and 4, being derived from 28 USC 2107 other US Code, and the US Constitution, the Plaintiff maintains a legal right to appeal, as a matter of constitutional and statutory rights.

**WHEREFORE**, Plaintiff submits this Memorandum of law in support of her Response to Defendant's Motions. Plaintiff's request for relief is contained with her accompanying Response.

CERTIFICATE OF SERVICE

I hereby certify that I have both mailed a copy of this MEMORANDUM OF LAW to the Defendant, by counsel, Matthew D. Hardin, VSB #87482 1725 I Street NW, Suite 300 Washington, DC 20006 and at matthewdhardin@gmail.com on this _10th_ day of SEPT., 2021.

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
Richmond, VA 23218
mscottw@gmu.edu
540-692-2342