UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Big Stone Gap Division)

| | |
|---|---|
| MELINDA SCOTT,<br><br>       Plaintiff,<br><br>v.<br><br>WISE COUNTY DEPARTMENT OF SOCIAL SERVICES, *et al*.,<br><br>       Defendants. | Case No. 2:20-cv-00014-JPJ-PMS |

**REPLY IN FURTHER SUPPORT OF
MOTION TO REQUIRE AN APPEAL BOND**

NOW COMES Defendant Joshua Moon, by counsel, and submits this Reply in further support of his Motion to require the Plaintiff to post an appeal bond.

**I.  Introduction**

On September 10, this Court ordered the Plaintiff to respond to Defendant Moon's Motion to Require an Appeal Bond. ECF No. 66. That Motion referenced Fed. R. App. 7 and Fed. R. App. P. 24 (a)(3)(A) as Defendant Moon's basis for the relief requested.

Later that same day, the Plaintiff served upon undersigned counsel two documents. The first, titled "PLAINTIFF'S REPLY IN RESPONSE TO: (A) DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE DOCUMENT AND (B) DEFENDANT'S MOTION FOR AN APPEAL BOND," has now been docketed at ECF No. 68. The second, titled "MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS FOR EXTENSION OF TIME and TO REQUIRE APPEAL BOND," has now been docketed at ECF No. 69.

To the extent that the Plaintiff's filings relate to the Motion for an Extension of Time granted at ECF No. 64, the Plaintiff's filings appear to be moot. To the extent that the Plaintiff's filings relate to arguments about the now-vacated entry of default, to service of process, or to the previously-granted Motion to Dismiss, the Plaintiff's filings are not properly before the Court. To the extent that the Plaintiff makes farfetched and ill-sourced allegations that undersigned counsel has not complied with Fed. R. Civ. P. 11, is a member of the Masonic brotherhood, or is "projecting his own abuse of process onto the Plaintiff," undersigned counsel will do the Plaintiff the courtesy of simply ignoring her filings and focusing on that matter at hand.

Defendant Moon filed a Motion pursuant to Fed. R. App. P. 24 (a)(3)(A). Defendant Moon will therefore address only the Plaintiff's arguments that relate to that rule and the Motion that was filed at ECF No. 65. Absent an order to address unrelated or extraneous issues, Defendant Moon will therefore decline the Plaintiff's invitation to venture into *ad hominems* and irrelevancies.

### II.     Standard

Contrary to Plaintiff's preferred narrative, Defendant Moon's Motion was based on, and expressly cited, the relevant provision that governs it: Fed. R. App. P. 24 (a)(3)(A). That rule states that an appeal bond may be required when a district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis."

 "The district court's certification that the appeal is taken in bad faith controls in the absence of some showing that the district court itself made such a determination in bad faith." *Harvey*, citing *Maloney v. E.I. Du Pont de Nemours & Co.*, 396 F.2d 939 (D.C. Cir. 1967), *cert. denied*, 396 U.S. 1030 (1970). "Where the district court certifies that the appeal is not taken in good faith, it must show 'not merely that the appeal lacks merit, but that the issues raised are so

frivolous that the appeal would be dismissed in the case of a nonindigent litigant." *Harvey*, citing *Liles v. South Carolina Dep't of Corrections*, 414 F.2d 612, 614 n.1 (4th Cir. 1969).

"'Vexatious' conduct involves either subjective or objective bad faith." *Kotsilieris v. Chambers*, 966 F.2d 1181, 1184 (7th Cir. 1992), *Pacific Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 120 (7th Cir. 1994). "Objective bad faith does not require malice or ill will; 'reckless indifference to the law will qualify.'" *Stradtman v. Republic Servs.*, *Inc.*, 121 F. Supp. 3d 578, 582 (E.D. Va. 2015) (quoting *Collins v. Dollar Tree Stores, Inc*., No. 2:09cv486, 2010 U.S. Dist. LEXIS 144911, 2010 WL 9499078, at *3 (E.D. Va. May 28, 2010)). "In determining whether an action is frivolous, a plaintiff's subjective intent or bad faith is not an element as long as the claims are objectively frivolous. A claim is frivolous when, viewed objectively, it may be said to have no reasonable chance of success, and present no valid argument to modify present law." *United States ex rel. Wilson v. Graham Cnty. Soil & Water Conservation Dist.*, No. 2:01CV19, 2007 U.S. Dist. LEXIS 59703, at *6 (W.D.N.C. Aug. 14, 2007) (internal citations omitted).

### III.     Ms. Scott's Proposed Appeal is Bad Faith and Frivolous.

For ease of reference, and as stated in the introduction, this Reply will not address extraneous arguments raised by Ms. Scott. Instead, it will focus on the arguments Ms. Scott has stated she intends to raise on appeal. Those arguments are primarily found on pages 11 through 15 of the document titled "PLAINTIFF'S REPLY IN RESPONSE TO: (A) DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE DOCUMENT AND (B) DEFENDANT'S MOTION FOR AN APPEAL BOND."

### a) Judge Jones was not Required to Recuse Himself.

The Plaintiff has made it her hobby to accuse anyone in the Court system who does not bend to her will of bias. She filed two motions to recuse in this case. Both were unsupported by any valid legal or factual argument, and both were properly denied.

The Plaintiff's Motion at ECF No. 15 was filed before Mr. Moon had even entered an appearance in this case, and requested recusal on the grounds of gender bias.[1] Unsurprisingly, Plaintiff was unable to cite to any evidence of gender bias, and pointed only to perceived slights because the judge had not, *sua sponte*, ordered declaratory relief and unspecified "discovery" that would identify unserved and unidentified parties to this litigation. Equally unsurprising, Judge Jones declined the Plaintiff's Motion to Recuse at ECF No. 17, stating flatly that "The plaintiff states no proper grounds for recusal."

Undeterred, Plaintiff again moved to recuse Judge Jones at ECF No. 58. This time, she listed a series of judicial rulings she found fault with, and made the cavalier assertion that such rulings were evidence of gender bias. Defendant Moon opposed that Motion, pointing out that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994). ECF No. 59. Naturally, Ms. Scott then upped the *ante* on reply, retracting her previous allegations that the judge was biased against her due to socio-economic status and family orientation but replacing such allegations with the newfound assertion that "Mr. Hardin, Defendant Moon, and Judge Jones are all

---

[1] Remarkably, Ms. Scott now claims she only seeks to appeal as against Mr. Moon. She has not served counsel for the Wise County Department of Social Services and makes no reference to them in her Notice of Appeal or subsequent filings. Yet the first Motion to Recuse in this case was filed when the Wise County Department of Social Services was the only defendant participating in this case and the judge was therefore incapable of showing any favoritism to Mr. Moon.

Freemasons with brotherhood ties." ECF No. 60. Plaintiff never attempted to schedule a hearing on her motion, and Judge Jones did not dignify her second round of scurrilous accusations with a response.

Plaintiff now raises the recusal issue for a third time, making all manner of allegations that Judge Jones "conspired" with the Wise County Department of Social Services and with Defendant Moon. But Ms. Scott doesn't stop there. Instead, she has now added another wrinkle to the tapestry of her perceived slights. As Plaintiff now tells it, it was Judge Jones' *affirmative duty* "to deny that what John Doe 3 had told the Plaintiff" and "to deny or admit that there is a conflict of interest between Defendant's counsel, Mr. Hardin and himself, due to Freemason lodge connections." ECF No. 68. While Ms. Scott might wish that the judicial system permitted her to make outlandish, scandalous, and perhaps even criminal allegations against sitting judges and other court participants *and to force them to respond to her fantasies*, she cites no law that allows her such a privilege.

Ms. Scott's allegations against court participants in this matter are classic examples of bad faith, frivolous arguments that the Fourth Circuit has rejected before and will reject again. This Court should view her response in that light, and consider it further evidence of why her appeal is frivolous and an appeal bond is necessary to protect the victims of her legal "anger and rage."

### b) It is not Abuse of Discretion for this Court to Decline an Evidentiary Hearing at the Motion to Dismiss Stage.

Ms. Scott claims in various portions of her latest filings that it was error for this Court to deny her a hearing, either on the Motion to Dismiss, the Motion to Set Aside Default, the Motion to Recuse, or some combination of the foregoing. Although Ms. Scott's claims are not a model

of clarity, her arguments are incorrect regardless of what Motion she might believe she was entitled to a hearing on.

This Court's rules require a party to request and schedule a hearing on a Motion. Local Civ. R. 11(b). Neither Ms. Scott nor Mr. Moon sought any motions hearing in this matter. It is thus quite unsurprising that no motions hearing was scheduled on either the Plaintiff's motions or the defense motions in this matter. To the extent Ms. Scott might wish she had an *evidentiary hearing* on the merits of her claims, such a hearing cannot take place in the context of a Motion to Dismiss for failure to state a claim. Ms. Scott's pleaded *facts* were assumed to be true for purposes of Fed. R. Civ. P. 12 (b)(6), and no evidence needed to be adduced in support of such facts. Nonetheless, this Court determined that the allegations were legally insufficient.

### c) The Plaintiff's Most Recent Filings Only Underscore the Need for an Appeal Bond.

Defendant Moon is, quite frankly, at a loss to understand many of the claims that Ms. Scott has leveled in her most recent filings. Nonetheless, several points Ms. Scott herself has raised indicate her purpose in filing an appeal is to punish Mr. Moon by escalating costs, rather than to vindicate any cognizable legal rights or seek a valid legal remedy.

For example, at ECF No. 68, p. 5, Ms. Scott details in this Court how Mr. Moon could have avoided this litigation if he had acceded to Ms. Scott's unlawful and previously-dismissed demands that he remove content regarding her from his website. On that same page, Ms. Scott claims Mr. Moon *attacked her* and didn't expect her to *defend herself* in court, even though Ms. Scott is the Plaintiff in this case (and multiple others against Mr. Moon) and Mr. Moon, who has never countersued, is the only party who has been required to incur the costs of a defense in this matter. On page 3 of the same filing, Ms. Scott attacks counsel and accuses the undersigned of

"gaslighting" with respect to Motions that have already been fully and fairly adjudicated by this Court in favor of the defendant.

It is clear Ms. Scott would prefer to have won her case. The mere desire to re-litigate her claims, however, does not make such claims any less frivolous. Instead, it merely transfers the burden of this litigation to three more judges and imposes thousands of dollars in added costs upon Mr. Moon. This Court should require an appeal bond to ensure Mr. Moon is eventually made whole.

### IV. Conclusion

This case began because Ms. Scott sought redress not for legal wounds, but for her own "anger and rage." Ms. Scott's latest filings may be further evidence of that rage, but her ill-considered screeds do little to assure the Court of her good faith. Far from demonstrating that there is no legal basis for Mr. Moon's motion pursuant to Fed. R. App. P. 24 (a)(3)(A), Ms. Scott has demonstrated the opposite. All of her proposed grounds for appeal are "so frivolous that the appeal would be dismissed in the case of a nonindigent litigant." *Harvey*, citing *Liles v. South Carolina Dep't of Corrections*, 414 F.2d 612, 614 n.1 (4th Cir. 1969). Therefore, this Court must require her to pay the ordinary appeal bond if she wishes to appeal this Court's decision and subject Mr. Moon to her continued barrage of "repetitive meritless filings."

Respectfully submitted this the 14th day of September, 2021,

JOSHUA MOON

**By Counsel:**

/s/Matthew D. Hardin
Matthew D. Hardin, VSB #87482
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com

**Certificate of Service**

  I hereby certify that I will file a true and correct copy of the foregoing document with the Court's CM/ECF system, which will electronically serve counsel of record. I have also deposited a true and correct copy of the foregoing document into the U.S. Mail, with First Class postage prepaid, directed to:

    Melinda Scott
    2014PMB87
    Post Office Box 1133
    Richmond, VA 23218

  Dated: September 14, 2021

           /s/Matthew D. Hardin
           Matthew D. Hardin
           *Counsel for Joshua Moon*