# PRACTICES AND PROCEDURES

## Judge James P. Jones

The court's Local Rules should always be reviewed, in addition to the following practices and procedures.

## I. COMMUNICATIONS WITH CHAMBERS

Judge Jones' chambers' mailing and delivery address is 104 Federal Building & United States Courthouse, 180 West Main Street, Abingdon, VA 24210.

Judge Jones' judicial assistant is Sharon Callahan, 276/628-4080, email sharonc@vawd.uscourts.gov, fax 276/628-4597. His schedulers are Lottie Lunsford, 276/628-5116, email lottiel@vawd.uscourts.gov, fax 276/628-1028 (cases ending with an even terminal digit) and Felicia Clark 276/628-5116, email feliciac@vawd.uscourts.gov, fax 276/628-1028 (cases ending with an odd terminal digit).

To inquire about scheduling, counsel should contact Ms. Lunsford or Ms. Clark. Other inquiries should be directed to Ms. Callahan.

Proposed orders submitted for entry may be sent to Judge Jones by email attachment to jamesj@vawd.uscourts.gov, with a copy to opposing counsel. Proposed orders should be in word processing format and not .pdf.

## II. CRIMINAL CASES

### Scheduling

At the initial appearance and arraignment before the magistrate judge, a trial date within the time allowed by the Speedy Trial Act is normally set. A final pretrial conference date will also be scheduled before the magistrate judge, to be held approximately 10 days prior to trial. In most cases, pretrial motions must be filed prior to the final pretrial conference. All non-dispositive motions, including motions for continuances, are normally referred to the magistrate judge for disposition.

Counsel is expected to report to the court no later than the final pretrial conference whether the case will be resolved by a guilty plea. If so, a plea hearing

under Fed. R. Crim. P. 11 will be promptly scheduled. Judge Jones has a standard guilty plea colloquy, which defense counsel is encouraged to review with the defendant prior to the plea hearing. Counsel should also review the provisions of the Bail Reform Act requiring detention pending sentencing for defendants who have pleaded guilty to an offense under the Controlled Substances Act for which there is a maximum term of imprisonment of 10 years or more. *See* 18 U.S.C. § 3143(a)(2).

A sentencing hearing will normally be scheduled approximately 70 days following the guilty plea.

**Motions to Suppress**

Motions to suppress may be heard by Judge Jones or may be referred to the magistrate judge for report and recommendation. Prior to any hearing on a motion to suppress, counsel for the defendant should file a brief setting forth the legal and factual basis for the motion.

**Presence of Defendant**

The defendant has a right to be present at all stages of the proceedings and there will be no hearings or conferences without the defendant's presence, unless the defendant knowingly waives such presence in person prior thereto. Counsel is responsible for assuring that no proceeding begins without the defendant being present.

**Jury Selection**

The jury is selected immediately prior to trial using the "struck jury" method and all members of the jury venire called for the trial — usually about forty persons — are normally subjected to voir dire. A list of the jurors to be called for the case is sent to counsel by the clerk approximately one week prior to trial. Potential jurors will be seated in alphabetical order in the jury box and in the first rows of the courtroom.

The attorneys are permitted to conduct voir dire after preliminary questions from the Judge. The Judge's voir dire will solicit any requests from jurors to be excused from jury duty on the ground of hardship, and the Judge will determine such requests before turning voir dire over to the attorneys. Counsel should keep in

mind that the purpose of voir dire is "to allow for the impaneling of a fair and impartial jury through questions which permit the intelligent exercise of challenges by counsel." *United States v. Brown,* 799 F.2d 134, 135 (4th Cir. 1986). Following voir dire, any party having any challenge for cause should make known to the court that a matter outside of the presence of the jury is to be taken up, in which case the jury panel will be excused and the challenges determined.

The final jury must be 12 persons. The criminal rules require that in non-capital felony cases the government receive at least six peremptory challenges (challenges for which no cause need be shown) and the defendant at least ten peremptory challenges. Fed. R. Crim. P. 24(b)(2). Where there is more than one defendant, the defendants share the peremptory challenges.

When two alternates are used (which is the usual situation), the rules require that each side receive an additional peremptory challenge. Fed. R. Crim. P. 24(c)(4)(A).

In the usual case, the parties will use their peremptory challenges by alternately striking names from the entire panel, using a single jury list. Depending on how many jury panel members are left, the Judge will grant additional peremptory challenges to both sides, keeping in mind the ratio set forth in the rules.

On some occasions, the "blind strike" method may be used, by which the strikes are made simultaneously by the parties on two lists, rather than alternately on one list. In this situation, the government is given 7 strikes and the defendants 11 strikes. The first 12 persons on the list not struck are the jurors and the next two persons on the list not struck are the alternates.

In misdemeanor cases, each side is entitled to only three strikes. Fed. R. Crim. P. 24(b)(3).

It will be assumed that the parties have no objection to the method of jury selection, unless such objection is made before jury selection begins. *See United States v. Love,* 134 F.3d 595, 600-603 (4th Cir. 1998).

Counsel is reminded that the Fourth Circuit has ruled that "reasonable doubt" should not be defined and counsel will not be permitted to advise the jury of any

such definition in voir dire, opening statements or argument. *See United States v. Adkins,* 937 F.2d 947, 950 (4th Cir. 1991).

After the jury is sworn, preliminary instructions are given by the Judge. Jurors are told that they will be permitted to take notes. Juror questioning is not permitted.

Counsel must limit opening statements to summarize the facts that counsel expects the evidence to show. In most cases, an opening statement should not take more than ten or fifteen minutes.

**Presentation of Evidence**

Counsel should familiarize themselves with the evidence display system in use in the courtroom prior to trial. If counsel desires instruction in this regard, please contact the Clerk's Office.

Questions to witnesses and argument to the court must be made from the lectern. Counsel may approach the witness to hand the witness a document or exhibit without permission of the Judge, but must promptly return to the lectern. Exhibits remain in the custody of the courtroom deputy clerk and should be returned to the deputy promptly after use by a witness or the jury.

All objections and other remarks to the court must be made while standing. Objections must be succinct, without argument or other comment. If argument is needed, the Judge will so indicate.

Side bar or bench conferences are not used by Judge Jones and argument outside of the presence of the jury will normally take place only during regular recesses or before or after court sessions. Accordingly, counsel should anticipate any evidentiary questions or disputes and bring them to the attention of the Judge ahead of time.

Normally witnesses will be ordered excluded from the courtroom so that they cannot hear the testimony of other witnesses. This order means that no excluded witness should be advised by anyone, of the testimony of any other witness who has already testified. Witnesses should be released from further attendance as soon as they are no longer needed. After testifying, a witness is deemed released by consent unless counsel or the court indicates that the witness should not be so

released. The witness should not be released if there is any likelihood that the witness may be later called to testify by any party.

**Multiple Defendant Cross Examination**

When there are multiple defendants, counsel are responsible for coordination of cross-examination. The Judge will not permit repetitive cross-examination.

**Trial Schedule**

Normally, trials begin promptly at 9:00 a.m. and end at approximately 4:00 p.m. each day, with an hour lunch break at noon and fifteen minute breaks in mid-morning and mid-afternoon. Matters to be taken up outside of the presence of the jury should be scheduled before or after the trial day or during the recesses. If there are such matters to be taken up, a request should be made to the clerk or the bailiff, and notice given to opposing counsel.

**Jury Instructions**

Judge Jones has standard preliminary criminal jury instructions, as well as standard final criminal jury instructions, and will normally supply counsel with a written copy of a proposed jury charge in the case prior to the charge conference. Counsel should be prepared to submit any other proposed jury instructions desired.

**Submission to Jury**

Prior to closing argument the Judge will conduct a charge conference at which objections to the proposed charge may be made. The charge is given after closing argument, and before the jury begins deliberations, counsel will be given another opportunity to make any objections to the charge on the record. In most cases, the Judge will send with the jury a written copy of his charge for the jury's reference during deliberations. The jury will be instructed that during deliberations it may request any or all of the exhibits.

Closing argument is normally limited to thirty minutes per side.

During jury deliberations, counsel will be expected to remain in the courthouse, unless excused by the Judge. Following the case, counsel may not discuss the case with jurors, without leave of court.

## III. CIVIL CASES

### Scheduling

As soon as a case has matured, a scheduling conference will normally be held, often by conference call with Judge Jones or the Magistrate Judge. Thereafter, a standard jury scheduling order will be entered, fixing the trial date and setting deadlines. If no jury has been demanded, a proposed standard non-jury scheduling order will be entered, fixing the date for a bench trial. Unless objection is made within 7 days, the proposed order will constitute the scheduling order in the case, and may not be changed without permission of the court.

The scheduling order will set forth the procedure for responding to motions. Motion hearings will be on the record in the courtroom. On occasion, Judge Jones will schedule hearings on the record by telephone conference.

The scheduling order will normally refer all discovery disputes to the magistrate judge for resolution. The chambers of the magistrate judge should be contacted in order to schedule hearings on discovery disputes.

### ERISA Cases

Judge Jones has a standard ERISA scheduling order which normally will be entered after an ERISA case matures.

### Pretrial Motions

Pretrial motions, including motions in limine, must be filed and scheduled for hearing or argument in advance of trial. Even if the scheduling order applicable to the case does not contain a deadline for such motions, it is understood that such motions will not ordinarily be received during trial.

### Jury Selection

The jury will normally consist of twelve persons, but may contain less. *See* Fed. R. Civ. P. 48 (jury must be not fewer than 6 nor more than 12). The jury is selected immediately prior to trial using the "struck jury" method and all members of the jury venire called for the trial — usually about twenty persons — are

subjected to voir dire.  A list of the jurors to be called for the case is sent to counsel by the clerk approximately one week prior to trial. Potential jurors will be seated in alphabetical order.

The attorneys are permitted to conduct voir dire after preliminary questions from the Judge.  The Judge's voir dire will solicit any requests from jurors to be excused from jury duty on the ground of hardship, and the Judge will determine such requests before turning voir dire over to the attorneys.  Attorneys' voir dire is expected to be limited to relevant questions and not consist of disguised argument on the merits of the case.  Following voir dire, any party having any challenge for cause should make known to the court that a matter outside of the presence of the jury is to be taken up, in which case the jury panel will be excused and the challenges determined.

Thereafter, the parties will take alternate written strikes on a single jury list, in a number depending on the remaining members of the panel, in order to reduce the jury to the proper number.  In the normal case, no alternates will be used.

In the usual case, jury selection is expected to take no more than one or two hours.

After the jury is sworn, preliminary instructions are given by the Judge. Jurors are told that they will be permitted to take notes.  Questions by the jurors are not permitted.

**Opening Statements**

Opening statements must summarize objectively the key facts, without argument.  In most cases, an opening statement should not exceed ten or fifteen minutes.  If there may be a dispute as to admissibility of any evidence or exhibit, omit it from the opening statement or advise opposing counsel of your intent to refer to such evidence or exhibit, so that opposing counsel may seek a ruling from the court.

**Presentation of Evidence**

Counsel should familiarize themselves with the evidence display system in use in the courtroom prior to trial. If counsel desires instruction in this regard, please contact the Clerk's Office.

It will be assumed that all exhibits have been previously disclosed and that there is no objection to an exhibit unless promptly made. Exhibits should be pre-marked by counsel in order to speed introduction. Counsel should provide a list of witnesses and exhibits to the court reporter and courtroom deputy clerk in order to reduce delay. Counsel should provide an extra copy of each exhibit for the Judge.

Questions to witnesses and argument to the court must be made from the lectern. Counsel may approach the witness without leave of court to hand the witness a document or exhibit, but must promptly return to the lectern.

Requests for exclusion of witnesses should be made before opening statements. Although the rule does not prevent talking with excluded witnesses during recesses about their expected testimony, counsel must not disclose courtroom testimony given by other witnesses or permit other witnesses to disclose their testimony.

Witnesses should be released from further attendance as soon as they are no longer needed. After testifying, a witness is deemed released unless counsel or the court promptly indicates that the witness is not so excused.

Cooperative witnesses not immediately needed may be placed "on call" but counsel remains responsible for having sufficiently available witnesses so that the trial may proceed without early adjournments or lengthy recesses. Plaintiff's counsel should keep defense counsel advised of the progress of the plaintiff's case so that the defense may be ready to proceed promptly following the conclusion of the plaintiff's case in chief.

Exhibits are in the custody of the courtroom deputy clerk and must be returned to the clerk once examination is completed.

**Objections**

All objections and other remarks to the court must be made while standing. Objections must be succinct, without argument or other comment. If argument is needed, Judge Jones will so indicate.

Side bar or bench conferences are not used by Judge Jones and argument outside of the presence of the jury will normally take place only during regular recesses or before or after court sessions. Accordingly, counsel should anticipate any evidentiary questions or disputes and bring them to the attention of the Judge ahead of time.

**Multiple Party Cross Examination**

When there are multiple parties, counsel are responsible for coordination of cross-examination. Judge Jones will not permit repetitive cross-examination.

**Scheduling**

Normally, trials begin promptly at 9:00 a.m. and end at approximately 4:00 p.m. each day, with an hour lunch break at noon and fifteen minute breaks in mid-morning and mid-afternoon. Matters to be taken up outside of the presence of the jury should be scheduled before or after the trial day or during the recesses. If there are such matters to be taken up, a request should be made to the courtroom deputy clerk or the bailiff, and notice given to opposing counsel.

**Closing Argument**

Closing arguments are normally limited to thirty minutes per side, unless unusual circumstances exist, and leave of court has been obtained.

**Jury Instructions**

Judge Jones has standard preliminary civil jury instructions, as well as standard final civil jury instructions. Counsel is responsible for submitting any other instructions desired. Such instructions must be filed and also submitted to the Judge by email in word processing form. The scheduling order will set forth the deadline for filing instructions.

**Submission to Jury**

Prior to closing argument the Judge will conduct a charge conference and advise counsel of the substance of the jury charge. The charge is given after closing argument, and before the jury begins deliberations. Counsel will be given an opportunity to make any objections to the charge on the record. In most cases, the Judge will send with the jury a written copy of his charge for the jury's reference during deliberations. The jury will be instructed that during deliberations it may request any or all of the exhibits.

During jury deliberations, counsel will be expected to remain in the courthouse, unless excused by the Judge. Following the case, counsel may not discuss the case with jurors, without leave of court.

If the court is advised that a case has been settled, the case will be immediately dismissed from the docket and if no agreed final order or judgment is thereafter submitted within 60 days, or if no party files a motion to reopen within such time, the case shall, without further order, stand dismissed with prejudice.

**Mediation**

At the request of any party, Judge Jones will refer a case to the magistrate judge for mediation. A request for mediation may be made on a confidential ex parte basis.