**EXHIBIT D**

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Big Stone Gap Division

| | |
|---|---|
| MELINDA SCOTT,<br><br>                          Plaintiff,<br><br>v.<br><br>WISE COUNTY DEPARTMENT OF SOCIAL SERVICES, *et al.*,<br><br>                        Defendants. | Case No. 2:20-cv-00014-JPJ-PMS |

## [PROPOSED] ORDER
## GRANTING MOTION TO REQUIRE APPEAL BOND

This matter comes before the Court on Defendant Joshua Moon's Motion to Require an Appeal Bond. ECF No. 65. Being fully advised, having reviewed the briefs of the parties and the entire record herein, the Court hereby GRANTS the Motion.

The Court certifies pursuant to Fed. R. App. P. 24 (a)(3)(A) that the Plaintiff's appeal in this matter is not taken in good faith. As set forth in this Court's Memorandum and Order of August 30, 2021:

> "Melinda Scott, a frequent *pro se* litigant in this and other courts, filed this action in forma pauperis asserting two separate causes of action... The plaintiff has sought to sue Moon twice before in this court. In the earlier *pro se* actions she also complained of alleged defamatory web postings for which she asserted Moon was responsible, causing her emotional distress. Scott v. Moon, No. 2:19CV00005, 2019 WL 332415, at *3 (W.D. Va. Jan.

24, 2019) (dismissing action for failure to state a viable claim), aff'd, 773 F. App'x 138 (4th Cir.) (unpublished), cert. denied, 140 S. Ct. 478 (2019); Scott v. Carlson, No. 2:18CV00047, 2018 WL 6537145, at *2–5 (W.D. Va. Dec. 12, 2018) (same), aff'd, 773 F. App'x 136 (4th Cir.) (unpublished), cert. denied, 140 S. Ct. 400 (2019)."

In the present case, the plaintiff largely repeats allegations that were raised in her previous cases against the same defendant. Her previous appeals have been rejected by both the Fourth Circuit and the U.S. Supreme Court and there is no reason to believe her current appeal will be more successful than previous appeals on the same subject.

The Fourth Circuit has also previously rejected an attempt by the Plaintiff to appeal without payment of an appeal bond. *In re Scott*, Case No. 18-1140 (April 17, 2018). Moreover, the Plaintiff's proposed appeal raises grounds that are unlikely to succeed as a matter of law. Having never requested any motions hearing in this matter, Plaintiff cannot appeal on the basis that no motions hearings were held. Plaintiff was not entitled to an evidentiary hearing on a 12 (b)(6) Motion. Lastly, Plaintiff's attempt to force recusal in this case is foreclosed by binding precedent. A judge need not recuse himself because of "unsupported, irrational, or highly tenuous speculation." *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998) (quotation marks omitted).

For the foregoing reasons, this Court hereby certifies pursuant to Fed. R. App. P. 24 (a)(3)(A) that the appeal is not taken in good faith. Pursuant to Fed. R.

App. 24 (a)(4)(B), the clerk shall send notice of this certification to the Fourth Circuit Court of Appeals, to counsel of record, and to the Plaintiff.

    IT IS SO ORDERED this the ____ day of September, 2021.


_____
MAGISTRATE JUDGE