IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

SEP 22 2021

JULIA C. DUDLEY, CLERK
BY: /s/ [signature]
DEPUTY CLERK

MELINDA SCOTT,        )
                      )
PLAINTIFF.            )
                      )
V.                    )          CL NO. 2:20cv14
                      )
WISE CO. DSS,         )
ET AL.,               )
                      )
DEFENDANTS.           )

## REPLY TO DEFENDANT'S MOTION FOR MISC. RELIEF
## AND
## DEFENDANT'S MOTION FOR LEAVE TO FILE DOCUMENT
## & SUPPLEMENT RECORD

Plaintiff has done nothing wrong in responding via email to Defendant's outrageously illegal Proposed Order. There is nothing in the rules stating that an opposing party cannot remark on a Proposed Order via email when the Proposed Order was sent via email and time is of the essence. Once again, Defendant Moon's attorney seeks to make a pony show out of the Plaintiff doing something as simple as protecting her legal rights.

As typical of Counsel Hardin's behavior in Defendant Moon's pleadings and motions is the expectation that Defendant Moon and his counsel should be permitted to act however they want and the Plaintiff should stay silent. The court should take note of this entitlement position long adopted by Defendant Moon and his counsel. No self respecting litigant would stay silent in a situation where an aggressive illegal attack as outrageous as Counsel Hardin's illegal Proposed

Order was thrust before the court with no respect for the Plaintiff's legal rights and with no legal precedent as the basis for the order. The federal district court was created in order to uphold the laws and something outrageous as an illegally crafted order peddled under "color of law" is not a situation in which any litigant should remain passive.

The legal standard is that *if* a District Court certifies an Appeal was made in bad faith, it does so based on "findings of frivolity" (*Anders v. California, 386 US 738 - Supreme Court 1967; Arnold v. Burger King Corp., 719 F. 2d 63 - Court of Appeals, 4th Circuit 1983*). "The one common strand running through all these cases is that assessment of frivolousness and attorneys' fees are best left to the sound discretion of the trial court after a thorough evaluation of the record and appropriate *factfinding* (emphasis added) (*Arnold v. Burger King Corp., 719 F. 2d 63 - Court of Appeals, 4th Circuit 1983* citing Hensley v. Eckerhart, 461 U.S. 424, ___, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40, 53 (1983); see also, Smith v. Josten's American Yearbook, 624 F.2d 125 (10th Cir.1980); Allen v. Burke, 690 F.2d 376, 379 (4th Cir.1982), cert. granted, ___ U.S. ___, 103 S.Ct. 1873, 76 L.Ed.2d 806 (1983))". These findings are to be made based on *findings of facts* by the District Court, not an Attorney's long winded and simultaneously fabricated stories in a proposed order peddled to the court (*Denton v. Hernandez, 504 US 25 - Supreme Court 1992; In re Frushour, 433 F. 3d 393 - Court of Appeals, 4th Circuit 2005*). Not a single thing included in Counsel Hardin's Proposed Order is an actual finding of fact. The entire Proposed Order is a string of conclusory statements and labels. Further, there is no legal precedent for an Attorney to have the authority to craft a certification on behalf of a District Court. Counsel Hardin is way out of bounds as an attorney.

Not only has Defendant Moon's counsel Mr. Hardin overstepped his position as an attorney, he has made a false statement to this court in his Proposed Order. As typical, he attempted

to cherry pick the Plaintiff's words out of context and submit only partial exhibits before this court. The Plaintiff has attached an additional exhibit to fill out the whole story.

The *fact* is, Counsel Hardin made a false statement to this court regarding the Plaintiff in violation of Federal Rule 11 in order to gain an advantage before the court. His exact words in the Proposed Order were that "The Fourth Circuit has also previously rejected an attempt by the Plaintiff to appeal without payment of an appeal bond. In re Scott, Case No. 18-1140 (April 17, 2018)". This is a false statement fabricated with the intent to appear that another federal court denied her federal appeal bond. The statement made by Counsel Hardin is intentionally deceitful in order to mislead the court.

The "Fourth Circuit" Mr. Hardin referenced is a Federal Court. The appeal bond issue was in a General District *state* court. Mr. Hardin wants to cherry pick words out of context to say the Plaintiff is wrong for saying "It had nothing to do with an Appeal Bond". The Federal Court was handling a Writ of Mandamus to order a General District Court that violated VA Code 16.1-107 (B). The General District *state* court violated the appeal bond law, not the Federal Appeal's court and therefore, Plaintiff is not wrong for saying, in *context* of her entire paragraph in the email, that "It had nothing to do with a[n] [federal] Appeal Bond" because the Federal Court was ruling on a Writ of Mandamus, not whether or not Plaintiff was going to pay an Appeal bond in a Federal Court. VA Code 16.1-107 (B) is a matter of right, it is not accomplished at the discretion of a court.

This is not the first time Defendant Moon's attorney Hardin has made a false statement in a pleading about the Plaintiff. Counsel Hardin blatantly lied to this court in his Motion for an Extension of Time to File Document (Docket #63, paragraph 4b) when he falsely stated, and without supporting evidence, that the Plaintiff has posted on the internet "questionable, extra-legal

or otherwise improper motives for this litigation". This is a blatant lie that was posted into a pleading to mislead this court in violation of Rule 11.

Once again, with this illegal and outrageous Proposed Order, Counsel Hardin is attempting to interfere with the Plaintiff's constitutional rights under "color of law", fabricating an Order that has no basis in law, no basis in case law, and no legal precedent. As an attorney, he is a frequent filer in this court and other courts, and therefore, is expected to know better how to conduct himself in line with the law and ethical standards of the Virginia Bar Association.

SIGNED RESPECTFULLY,

*(signature)*
Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87 (VA ACP address)
Richmond, VA 23218
540-692-2342
mscottw@gmu.edu

## CERTIFICATE OF SERVICE

I certify that I have mailed a copy of this REPLY to Counsel for the Defendant, Matthew D. Hardin, VSB #87482, 1725 I Street NW, Suite 300, Washington, D.C., 20006, and at matthewdhardin@gmail.com on this _20th_ day of SEPT., 2021.

SIGNED,

_/s/ Melinda Scott_
Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87 (VA ACP address)
Richmond, VA 23218
540-692-2342
mscottw@gmu.edu

### Re: Scott v. Wise Co. Dept. of Social Services et al. (Case No. 2:20-cv-00014-JPJ-PMS)

mscottw <mscottw@masonlive.gmu.edu>
Fri 9/17/2021 7:38 AM
To: Matt Hardin <matthewdhardin@gmail.com>; Pamela Sargent <pamelas@vawd.uscourts.gov>; robinb@vawd.uscourts.gov <robinb@vawd.uscourts.gov>
Cc: Whitney Thurman <whitneyt@guynnwaddell.com>; christopherd@guynnwaddell.com <christopherd@guynnwaddell.com>



Exhibit A

Since I have been put on an aggressive assault of Mr. Hardin electronic filing all over the place in the case without me having equal footing to respond as fast, because I cannot electronically file, I will state again, because time is of the essence, and I won't be lied about in order for another to gain advantage, Mr. Hardin did in fact make a false statement to this court in his Proposed Order stating that a Fourth Circuit Federal Appeal's Court denied my federal appeal bond.

There's nothing stating in the rules that I cannot remark on a Proposed Order that was crafted in order to sway a Judge, and my remarks here are relevant.

His exact words in the Proposed Order were that "The Fourth Circuit has also previously rejected an attempt by the Plaintiff to appeal without payment of an appeal bond. In re Scott, Case No. 18-1140 (April 17, 2018)". This is a false statement. The Fourth Circuit is a Federal Court. The appeal bond issue was in a General District STATE court. Mr. Hardin wants to cherry pick my words out of context to say I'm wrong for saying "It had nothing to do with an Appeal Bond". The Federal Court was handling a Writ of Mandamus to order a General District Court that violated VA Code 16.1-107 (B). The General District STATE court violated the appeal bond law, not the Federal Appeal's court and therefore, I'm not wrong for saying "it had nothing to do with an Appeal Bond" because the Federal Court was ruling on a Writ of Mandamus, not whether or not I was going to pay an Appeal bond in a Federal Court.

This is the second time Mr. Hardin has made a false statment (lie) about me in a pleading and I will file a paper snail mail response detailing it for Sanctions and I report this to the VA Bar Association. I emailed Counsel Hardin to give him an opportunity to correct himself under Rule 11 but he has refused.

I will send this twice to ensure delivery.

Sincerely,
Melinda Scott



Melinda Scott
PO BOX 1133-2014PMB87
Richmond, VA 23218
mscottw@gmu.edu
540-692-2342

---

From: mscottw <mscottw@masonlive.gmu.edu>
Sent: Thursday, September 16, 2021 5:01 PM
To: Matt Hardin <matthewdhardin@gmail.com>; Pamela Sargent <pamelas@vawd.uscourts.gov>; robinb@vawd.uscourts.gov <robinb@vawd.uscourts.gov>