UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Big Stone Gap Division

| | |
|---|---|
| MELINDA SCOTT,<br><br>                        Plaintiff,<br><br>v.<br><br>WISE COUNTY DEPARTMENT OF SOCIAL SERVICES, *et al.*,<br><br>                        Defendants. | **Case No. 2:20-cv-00014-JPJ-PMS** |

**ORDER**

This matter is before the court on the following motions, all filed by the defendant Joshua Moon:

1. Motion To Require An Appeal Bond, (Docket Item No. 65);
2. Motion To Supplement The Record, (Docket Item No. 73); and
3. Motion To Take Judicial Notice, (Docket Item No. 74).

Based on the arguments and representations contained in the motions, it is **ORDERED** as follows:

1. Motion To Supplement The Record, (Docket Item No. 73), is **DENIED** because the undersigned has not considered, and will not consider, any facts or legal arguments contained in the pro se plaintiff's emails that have not been properly filed with the court on the court's docket; and

1

  2.  Motion To Take Judicial Notice, (Docket Item No. 74), is **DENIED** because the Court of Appeal decision at issue is not relevant to the Motion To Require An Appeal Bond.

Regarding the Motion To Require An Appeal Bond, (Docket Item No. 65), being fully advised, having reviewed the briefs of the parties and the entire record herein, the court hereby **GRANTS** the Motion.

The court certifies, pursuant to Fed. R. App. P. 24 (a)(3)(A), that the plaintiff's appeal in this matter is not taken in good faith. As set forth in this court's Memorandum and Order of August 30, 2021, (Docket Item No. 61):

> Melinda Scott, a frequent pro se litigant in this and other courts, filed this action in forma pauperis asserting two separate causes of action. … The second claim, a pendent state cause of action, is against defendant Joshua Moon and four John or Jane Doe defendants. … It is asserted that Moon is the owner of a website in which the John or Jane Doe defendants posted derogatory remarks about the plaintiff and that they and Moon "each are responsible for contributing to [a] malicious phone call made  to Wise Co.[Department of Social Services] that resulted in a home visit to the Plaintiff's house on June 22, 2020." … The plaintiff alleges that as a result she "experienced extreme emotional distress including anger and rage." …
>  The plaintiff has sought to sue Moon twice before in this court. In the earlier pro se actions she also complained of alleged defamatory web postings for which she asserted Moon was responsible, causing her emotional distress. *Scott v. Moon*, No. 2:19CV00005, 2019 WL 332415, at *3 (W.D. Va. Jan. 24, 2019) (dismissing action for failure to state a viable claim), *aff'd,* 773 F. App'x 138 (4th Cir.) (unpublished), *cert. denied*, 140 S. Ct. 478 (2019); *Scott v. Carlson*, No. 2:18CV00047, 2018 WL 6537145, at *2–5 (W.D. Va. Dec. 12, 2018) (same), *aff'd*, 773 F. App'x 136 (4th Cir.) (unpublished), *cert. denied*, 140 S. Ct. 400 (2019). …
>  …

> The plaintiff's allegations do not meet the test of Virginia law [for a claim of intentional infliction of emotional distress]. Moreover, it is clear that she is speculating that Moon was involved in some way in the call to the local Department of Social Services. I will grant the Motion To Dismiss as to defendant Moon. Because the plaintiff's allegations are wholly insufficient, I will also dismiss the claims against the John and Jane Does pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Particularly in light of the plaintiff's repetitive meritless filings on this subject, I will dismiss the action with prejudice.

As found by Judge Jones as set out above, the plaintiff, in the present case, largely repeats allegations that were raised in her previous cases against the same defendant. As set out above, plaintiff's previous appeals have been rejected by both the Fourth Circuit and the U.S. Supreme Court, and there is no reason to believe her current appeal will be more successful than previous appeals on the same subject. Moreover, the plaintiff's proposed appeal raises grounds that are unlikely to succeed as a matter of law. *See* Docket Item No. 68 at 11-14. Having never requested any motions hearing in this matter, Plaintiff cannot appeal on the basis that no motions hearings were held. Plaintiff was not entitled to an evidentiary hearing on a 12(b)(6) motion. Lastly, Plaintiff's attempt to force recusal in this case is foreclosed by binding precedent. A judge need not recuse himself because of "unsupported, irrational, or highly tenuous speculation." *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998) (citations omitted).

For the foregoing reasons, this court hereby certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that the appeal is not taken in good faith. Pursuant to Fed. R. App. P. 24(a)(4)(B), the Clerk shall send notice of this certification to the Fourth Circuit Court of Appeals, to counsel of record and to the plaintiff.

**IT IS SO ORDERED** this 22nd day of September, 2021.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE