IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

OCT 04 2021

JULIA A DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

MELINDA SCOTT, )
)
PLAINTIFF. )
)
V. ) CL NO. 2:20cv14
)
WISE CO. DSS, )
ET AL., )
)
DEFENDANTS. )

## PLAINTIFF'S REPLY
## TO
## DEFENDANT'S "MOTION TO STRIKE OR RETURN UNFILED"

*COMES NOW*, the Plaintiff, Melinda Scott, and replies as follows:

**Background and Statement of Facts.**

(1) On September 23, 2021 the Plaintiff mailed to the district court a Notice of Appeal for two (2) Orders issued by the district court.

(2) The Plaintiff mailed her Notice of Appeal within the 30 day time limit.

(3) The Plaintiff served the Notice of Appeal to Counsel Hardin by postal mail and also by electronic mail on September 23, 2021.

(4) Defendant Moon, by counsel, electronically filed, on September 23, 2021, a "Motion to Strike or Return Unfiled" in opposition to Plaintiff's Notice of Appeal dated September 23, 2021.

(5) Defendant Moon, by counsel, has responded to the Notice of Appeal dated September 23, 2021 without the original yet having arrived by postal mail to the courthouse and being filed by the Clerk. This practice of responding and filing electronically to the Plaintiff's motions, replies and notices before they make it to the courthouse by postal mail is a repeated pattern for Counsel Hardin.

## Legal standard of Appeals

1. The Plaintiff maintains a legal right to file a Notice of Appeal for *any* Order issued by a district court. This right is maintained under Federal Rules of Appellate Procedure Rule 3 and 4, as an extension of 28 USC §2107.

2. Counsel Hardin fails to identify any case law or law which says that filing a Notice of Appeal is "an end run around" (¶2). This is another attempt by Counsel Hardin to peddle a course of action under "color or law" with no basis in law.

3. Counsel Hardin's "Motion to Strike or Return Unfiled" is completely void of any case law to support his legal conclusions contained within the motion.

4. Counsel Hardin believes he can pull a "fast one" on the Plaintiff because she is a pro-se litigant and not an attorney. He often seems to think he can somehow circumvent the law and trick the Plaintiff into believing she doesn't have legal rights.

5. As a matter of fact, the actual legal standards of the US Code make the Order of September 22, 2021 issued by this district court *not* the final conclusion of the matter. No order from a

district court is the final word and every litigant has a legal right to appeal any order, provided it is done in a timely manner.

6. A Notice of Appeal transfers jurisdiction to the Court of Appeals and puts a district court order in abeyance. The Plaintiff's Notice of Appeal puts the appeal bond Order of September 22, 2021 in abeyance.

7. Counsel Hardin's recent string of motions are simply a tactic to try to tire the Plaintiff out and distract her from deadlines imposed by the Court of Appeals. His motions are an abuse of process aimed at trying to throw a wrench into the Plaintiff's appeal plans. He has shown no regard for legal standards in these motoins, he simply wants to stop the Plaintiff from moving forward. He doesn't care how far fetched his motions are, he is willing to try anything to deter the Plaintiff from asserting and exercising her rights.

**Legal Standard of using Legal Definitions**

1. In Defendant Moon's "Motion to Strike or Return Unfiled" he makes a sweeping statement that the Notice of Appeal of September 23, 2021 was not taken in good faith "for all the same reasons the initial appeal was not taken in good faith". Counsel Hardin is grasping at straws. This over generalized, broad, sweeping statement lacks actual facts and lacks case law to support his legal conclusions.

2. Counsel Hardin has failed again to define the word "frivolous" according to the legal standards of the Fourth Circuit and US Supreme Court.

3. "Frivolous" was defined by the US Supreme Court as allegations that are "fanciful", "fantastic" or "delusional" (*Denton v Hernandez, 504 US 25 (1992)*. In his "Motion to Strike or Return Unfiled" the Defendant Moon, by counsel, has failed to demonstrate any

facts pointing to any issues of appeal in the Notice of Appeal dated September 23, 2021 that are "fanciful", "fantastic" or "delusional".

4. Every litigant is required to support their legal conclusions with definitions of words defined by case law. An appeal taken in "bad faith" must be supported by "findings of frivolity" (*Anders v. California, 386 US 738 - Supreme Court 1967; Arnold v. Burger King Corp., 719 F. 2d 63 - Court of Appeals, 4th Circuit 1983*). "The one common strand running through all these cases is that assessment of frivolousness ... are best left to the sound discretion of the trial court after a thorough evaluation of the record and appropriate *factfinding* (emphasis added) (*Arnold v. Burger King Corp., 719 F. 2d 63 - Court of Appeals, 4th Circuit 1983* citing Hensley v. Eckerhart, 461 U.S. 424, ___, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40, 53 (1983); see also, Smith v. Josten's American Yearbook, 624 F.2d 125 (10th Cir.1980); Allen v. Burke, 690 F.2d 376, 379 (4th Cir.1982), cert. granted, ___ U.S. ___, 103 S.Ct. 1873, 76 L.Ed.2d 806 (1983))". These findings are to be made based on *findings of facts* by the district court, not an attorney's long winded and simultaneously fabricated stories (*Denton v. Hernandez, 504 US 25 - Supreme Court 1992; In re Frushour, 433 F. 3d 393 - Court of Appeals, 4th Circuit 2005*).

5. Not a single thing included in Counsel Hardin's "Motion to Strike or Return Unfiled" is an actual "finding of fact". "For all the same reasons" (¶2) is a conclusory statement unsupported by facts.

**Legal Standard of Fed. R. App. P. 24(a)(5)**

1. A certification of "bad faith" issued under Fed. R. App. P. 24(a)(5) does not retroactively remove the Plaintiff's prior petition to proceed *in forma pauperis*, it only imposes an appeal bond.

2. Since the Plaintiff was granted leave to proceed *in forma pauperis* (docket #3), she is entitled to proceed without paying the filing fees for the Notice of Appeal dated September 23, 2021.

3. Defendant Moon, by counsel, points to no case law to support his legal conclusion that a certification of "bad faith" issued by a district court has the effect of permanently and retroactively removing a prior petition to proceed *in forma pauperis*. Again, Counsel Hardin seeks to operate under "color of law".

4. The Plaintiff has already responded to the Court of Appeals request for the Plaintiff to respond to the district court's order of September 22, 2021 and the Plaintiff has challenged the legality of the order requiring an appeal bond in the Court of Appeals.

**Order of September 22, 2021 lacking conformity with the law.**

On September 22, 2021, the district court of the Western District of Virginia docketed an order granting Appellee Joshua Moon's Motion for an Appeal Bond. This order was wholly lacking in conformity with the legal standards of the Fourth Circuit and the US Supreme Court. It also cited no legal basis for an adverse party to motion a court to enforce an appeal bond. The dismissal of bad faith Complaints are "often made *sua sponte* prior to the issuance of process…" (*Neitzke v Williams*, 490 US 319 US Sup. Court (1989) citing *Franklin v. Murphy*, 745 F. 2d. 1221, 1226 (CA 9 (1984)).

The US Supreme Court has ruled that in order to certify an appeal is made in "bad faith" it must do so based upon "findings of frivolity" (*Anders v. California, 386 US 738 - Supreme Court 1967*). This ruling was upheld by the Fourth Circuit in *Arnold v. Burger King Corp., 719 F. 2d 63 - Court of Appeals, 4th Circuit 1983*, and has been maintained as the standard ever since. Firstly, this legal standard of requiring a district court to set forth actual "findings of frivolity" requires the proper legal definition of the word "frivolous". The US Supreme Court has also supplied a definition for the word "frivolity" ("frivolous") in *Denton v. Hernandez, 504 US 25 - Supreme Court 1992*. In *Denton* the Court ruled that "frivolous" means an allegation that is "fanciful", "fantastical" or "delusional". The Court in *Denton* went on to say that a Complaint is only considered frivolous where it "lacks an arguable basis in law or fact" and that "a Complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) may nonetheless have 'an arguable basis in law'".

The judge's order of September 22, 2021 certifying a "bad faith" appeal from Plaintiff Scott did not point to a single fact which would qualify as a "finding of frivolity". Therefore, the order requiring an appeal bond and certifying "bad faith" does not conform with the rulings of the Supreme Court of the United States.

Not only does the district court's Order of September 22, 2021 lack conformity with the legal standards of the rulings of the US Supreme Court, it also lacks conformity with the legal standards of the rulings of the Fourth Circuit. "The one common strand running through all these cases is that assessment of frivolousness ...are best left to the sound discretion of the trial court after a thorough evaluation of the record and appropriate *factfinding* (emphasis added) (*Arnold v. Burger King Corp., 719 F. 2d 63 - Court of Appeals, 4th Circuit 1983* citing Hensley v. Eckerhart, 461

U.S. 424, ___, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40, 53 (1983); see also, Smith v. Josten's American Yearbook, 624 F.2d 125 (10th Cir.1980); Allen v. Burke, 690 F.2d 376, 379 (4th Cir.1982), cert. granted, ___ U.S. ___, 103 S.Ct. 1873, 76 L.Ed.2d 806 (1983))". The district court's order of September 22, 2021 is completely void of any fact finding. It is merely a strand of conclusory statements unsupported by facts.

The district court's order of September 22, 2021 does not conform with the legal standards of the rulings of the Supreme Court with regard to what constitutes "bad faith". The US Supreme Court has ruled that "[I]n the absence of some *evident* improper motive, the applicant's good faith is established by the presentation of *any* issue not plainly frivolous." (emphasis added) (*Farley v United States*, 354 US 521, 77 S. Ct. 1371, 1 L. Ed. 2d 1529 - Supreme Court, 1957). That has been the uniform legal standard across the US, unchanged since that ruling, cited by circuit courts everywhere. *Farley* is binding law upon the Fourth District. *Farley* also invokes the word "frivolous" and this requires going to the legal definition of "frivolous" given in *Denton*.

The US Supreme Court has ruled that "the good faith test must not be converted into a requirement of any preliminary showing of any degree of merit." (*Ellis v. United States 356 US 674 Sup. Ct. (1958)*). The district court's order, filed before the informal brief was submitted to the court of appeals was prematurely written. In *Ellis* the US Supreme Court has ruled that a litigant is not legally bound to present any information to the district court showing what the appeal will contain. It is the duty of the district court to inspect the appeal brief for findings of frivolity. "It is not the burden of the Petitioner to show that his appeal has merit, in the sense that that he is bound, or even, likely to prevail ultimately" (*Coppedge v United States 369 US 438 Sup. Ct. (1962)*). Defendant Moon's motions, filed by counsel in the district court, demanding that Plaintiff Scott

demonstrate prior to her informal and formal brief that her appeal has merit are completely out of bounds of the legal standards of the US Supreme Court.

**Legal Standard for Clerks to file papers.**

1. The Clerk of the Court is required to file the Plaintiff's papers under Federal Rule 5(d)(4) which states that "the clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice."

**WHEREFORE,** in consideration of US Federal law, the rules of the Federal Rules of Civil Procedure, the rules of the Federal Rules of Appellate Procedure, the rulings of the US Supreme Court and the rulings of the Fourth Circuit, which all govern the mandatory course of action here in the 4th district court, the Defendant's "Motion to Strike Or Return Unfiled" should be DENIED.

This court may also construe Defendant Moon's "Motion to Strike or Return Unfiled" moot. As of the date of this pleading the Clerk has already done her legal duty under Rule 5(d)(4), filed the Notice of Appeal and transmitted it to the Court of Appeals.

SIGNED RESPECTFULLY,

*/s/ Melinda Scott*, *pro-se*
PO BOX 1133-2014PMB87
(VA ACP address (VA Code 2.2-515.2))
Richmond, VA 23218
540-692-2342
mscottw@gmu.edu

## CERTIFICATE OF SERVICE

I certify that I have mailed a copy of this REPLY to Counsel for the Defendant, Matthew D. Hardin, VSB #87482, 1725 I Street NW, Suite 300, Washington, D.C., 20006, and at matthewdhardin@gmail.com on this 28th day of SEPT., 2021.

SIGNED,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
(VA ACP address (VA Code 2.2-515.2)
Richmond, VA 23218
540-692-2342
mscottw@gmu.edu