**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Big Stone Gap Division)**

MELINDA SCOTT,

                    Plaintiff,

v.

WISE COUNTY DEPARTMENT OF
SOCIAL SERVICES, *et al.*,

                    Defendants.

**Case No. 2:20-cv-00014-JPJ-PMS**

**MOTION TO SET THE AMOUNT
OF THE APPEAL BOND**

NOW COMES Defendant Joshua Moon, by counsel, and submits this Motion to Set the Amount of the Appeal Bond in this matter. In support of this Motion, Defendant Moon states as follows:

1) This Court granted Defendant Moon's Motion to Require an Appeal Bond and certified that the appeal in this matter is not being taken in good faith. ECF No. 79.

2) The Court did not, however, set the amount of the appeal bond. Fed. R. App. P. 7 previously contained an amount which presumptively applied to every appeal bond: $250. However, the amount was removed from the Rule in 1979 to give the district courts discretion to fashion appropriate bond amounts.

3) The Fourth Circuit held in *Schmidt v. FCI Enters. LLC*, Nos. 19-2384, 20-1076, 2021 U.S. App. LEXIS 18870, at *5-6 (4th Cir. June 24, 2021) that "Rule 7 expressly permits an appeal bond to cover only the appellees' 'costs on appeal.' We have no precedent discussing the meaning of 'costs on appeal,' but our sister circuits have found that such

costs must be related to the appeal and are the costs a 'successful appellate litigant can recover pursuant to a specific rule or statute.'"

4) In this case, Mr. Moon expects to recover on appeal under the following specific rules:

a. <u>The Bad Faith Exception to the American Rule</u>

"Under the bad faith exception to the American Rule, a court may award attorneys fees against a losing party or attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Blue v. United States Dep't of Army*, 914 F.2d 525, 533 (4th Cir. 1990) (internal citations omitted).

This Court has already determined that Ms. Scott's appeal in this matter was not taken in good faith, and Defendant Moon will not restate the reasons for that determination in this filing. Nevertheless, Defendant Moon notes that an appeal not taken in good faith is very likely an appeal to which the "bad faith exception" applies, both in this Court[1] and on appeal.

b. <u>Fed. R. App. P. 38</u>

"Under this Rule, 'damages are awarded by the court in its discretion in the case of a frivolous appeal as a matter of justice to the appellee and as a penalty against the appellant.'" *Burlington N. R. Co. v. Woods*, 480 U.S. 1, 4, 107 S. Ct. 967, 969 (1987), quoting Advisory Committee's Notes on Fed. Rule App. Proc. 38, 28 U. S. C. App., p. 492. This Court has already certified that Ms. Scott's appeal was not taken in good

---

[1] "Already-accrued attorneys' fees and costs are not 'costs on appeal' and therefore cannot be part of a Rule 7 bond." *Schmidt v. FCI Enters. LLC*, Nos. 19-2384, 20-1076, 2021 U.S. App. LEXIS 18870, at *8 (4th Cir. June 24, 2021). In this case, Defendant Moon will seek to recoup such "already-accrued" fees in a separate motion (which will be filed on or before October 13, 2021) pursuant to Fed. R. Civ. P. 54 (d). As such, this motion seeks only a bond to cover *future* fees that Mr.Moon expects to accrue on appeal.

faith. This court's certification necessarily entailed a finding that "the issues raised are so frivolous that the appeal would be dismissed..." *Harvey v. Taylor Country Farms, Ltd*., No. 91-1849, 1992 U.S. App. LEXIS 16835, at *4 (4th Cir., July 20, 1992) (Unpub.), citing *Liles v. South Carolina Dep't of Corrections*, 414 F.2d 612, 614 n.1 (4th Cir. 1969).

It is perhaps axiomatic that an appeal "so frivolous" that it "would be dismissed" and which is not taken in good faith is an appeal for which Rule 38 damages will lie. This Court's certification will become the basis for a Rule 38 Motion on appeal.

c.   Fed. R. App. P. 39 and 4th Circuit Rule 39

Fed. R. App. P. 39 and the Fourth Circuit's Local Rule 39 will entitle Defendant Moon to 15 cents per page for all briefs filed on appeal, plus the actual costs incurred. The accompanying affidavit estimates such costs. See Exhibit A.

5)   It is a fair estimate, based upon the accompanying declaration of counsel, that Mr. Moon's costs on appeal will equal or exceed $9250.30. See Exhibit A.

WHEREFORE Defendant Moon requests that the appeal bond be set at $9250.30, or at some other amount that the Court in its discretion deems appropriate pursuant to Fed. R. App. P. 7.

Respectfully submitted this the 5th day of October, 2021,

JOSHUA MOON

**By Counsel:**

/s/Matthew D. Hardin
Matthew D. Hardin, VSB #87482
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com

**<u>Certificate of Service</u>**

I hereby certify that I will file a true and correct copy of the foregoing document with the Court's CM/ECF system, which will electronically serve counsel of record. I will also deposit a true and correct copy of the foregoing document into the U.S. Mail, with First Class postage prepaid, directed to:

Melinda Scott
2014PMB87
Post Office Box 1133
Richmond, VA 23218

Dated: October 5th, 2021

<u>/s/Matthew D. Hardin</u>
Matthew D. Hardin
*Counsel for Joshua Moon*