UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Big Stone Gap Division)

MELINDA SCOTT,

        Plaintiff,

v.

WISE COUNTY DEPARTMENT OF
SOCIAL SERVICES, *et al.*,

        Defendants.

Case No. 2:20-cv-00014-JPJ-PMS

### JOSHUA MOON'S SECOND
### MOTION FOR AN EXTENSION OF TIME

NOW COMES Defendant Joshua Moon, by counsel, and submits this Motion for one further extension of time to file his Rule 54 (d) Motion in this matter:

1) This Court previously granted Defendant Moon's first Motion for an Extension of Time on September 9, 2021, allowing Defendant Moon until October 13, 2021 to file a Motion for fees and costs pursuant to Rule 54 (d). ECF No. 64. Mr. Moon regrets that extraordinary circumstances, as set forth below, now necessitate this request for an additional extension of 9 days (through and including October 22, 2021).

2) Defendant Moon's Motion for fees and costs is more complex than most Rule 54 (d) Motions, because it involves argument and fact-intensive discussion relating to Mr. Moon's entitlement to attorney's fees under the Bad Faith Exception to the American Rule and other theories, rather than a simple accounting of the ordinary costs of litigation.

3) Undersigned counsel has diligently requested, in preparation for argument relating to the Plaintiff's bad faith, certified copies of state court records which illustrate the pattern of

the Plaintiff's behavior towards Mr. Moon in recent years. For example, undersigned counsel has already obtained certified records from the Wise County Circuit Court which indicate that a trial was held and judgment entered for the Defendant in Plaintiff's previous claims against Mr. Moon. In spite of these records, Ms. Scott has corresponded with undersigned counsel in what can only be described as an extortionate attempt to "settle" *in the context of this lawsuit which she has repeatedly argued is unrelated to her prior claims*, the same claims that were already tried in state court and for which final judgment has been entered against Ms. Scott. Mr. Moon will argue, with supporting documentation, in his upcoming Rule 54 Motion, that this case arose out of quintessential bad faith on the part of Ms. Scott, in a transparent attempt to shake down Mr.Moon even after Ms. Scott was made aware by the judicial system that her claims had no merit.

4) During research for the forthcoming Motion, on October 6, 2021, undersigned counsel became aware that the Plaintiff has previously been sanctioned for bad faith litigation tactics in the state court system in Southwest Virginia, and that there is an unsatisfied judgment awarding sanctions against Ms. Scott in state court. Counsel was not previously aware of the Plaintiff's state court sanctions because those sanctions were apparently awarded in a case in which Mr. Moon was not a party. Nevertheless, undersigned counsel believes that Ms. Scott's voluminous and well-documented history of bad faith litigation against multiple individuals and entities, and the history of penalties imposed by sister courts which Ms. Scott has refused to satisfy, will be relevant for this Court to consider as it determines whether the Bad Faith Exception to the American Rule allows the shifting of attorney's fees in this case. Further, undersigned counsel is given to understand (although he has not yet seen the records that have been requested) that the state court

records illustrate what he believes to be Ms. Scott's history of disguising extortionate demands as attempts at "settlement," and will be relevant for purposes of establishing how other records Mr. Moon intends to introduce in support of his Motion are admissible despite the ordinary prohibition of such evidence by Fed. R. Evid. 408.

5) Immediately upon becoming aware of the records described in the foregoing paragraph, undersigned counsel requested certified copies of the state court records at issue by U.S. Mail. See Exhibit A. Undersigned counsel does not anticipate receiving such records prior to the October 13 deadline in this matter, however, and therefore requests an additional extension of 9 days to file Mr. Moon's Rule 54 motion, which will likely include such records as an exhibit.

WHEREFORE, Defendant Moon regretfully requests an additional extension of 9 days to file his forthcoming Rule 54 (d) Motion.

Respectfully submitted this the 7th day of October, 2021,

JOSHUA MOON

**By Counsel:**

/s/Matthew D. Hardin
Matthew D. Hardin, VSB #87482
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com

**Certificate of Service**

  I hereby certify that I will file a true and correct copy of the foregoing document with the Court's CM/ECF system, which will electronically serve counsel of record. I will also deposit a true and correct copy of the foregoing document into the U.S. Mail, with First Class postage prepaid, directed to:

    Melinda Scott
    2014PMB87
    Post Office Box 1133
    Richmond, VA 23218

Dated: October 7th, 2021

      /s/Matthew D. Hardin
      Matthew D. Hardin
      *Counsel for Joshua Moon*