IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
OCT 12 2021
JULIA C. DUDLEY, CLERK
BY: /s/ A. Meade
DEPUTY CLERK

| | |
|---|---|
| MELINDA SCOTT, ) | |
| ) | |
| PLAINTIFF. ) | |
| ) | |
| V. ) | CL NO. 2:20cv14 |
| ) | |
| WISE CO. DSS, ) | |
| ET AL., ) | |
| ) | |
| DEFENDANTS. ) | |

PLAINTIFF'S REPLY
AND
MOTION FOR SANCTIONS

COMES NOW, the Plaintiff, Melinda Scott, and responds to Defendant Moon's (second) Motion for Time to File Document:

(1) Counsel Hardin was apprised of the case in Buchanan County Circuit Court in a pleading filed before this court on December 12, 2020 (docket #29, page 8). So it is completely unfactual for Counsel Hardin to claim that he only recently became aware of the case in Buchanan County General District and Circuit Court (¶6).

(2) Counsel Hardin's failure to do his homework sooner is not an "extraordinary circumstance".

(3) Counsel Hardin's griping that he can't put his thoughts on paper fast enough (¶2) is not an "extraordinary circumstance".

(4) This court has repeatedly set exact dates for deadlines that the Plaintiff was *ordered* by the court to respond and the Plaintiff has repeatedly been required to meet those deadlines. To stretch the time for Defendant Moon and his counsel, while requiring the Plaintiff to respond according to traditional timelines is prejudicial to the Plaintiff. It's not equal treatment of both sides.

(5) Counsel Hardin has once again, in violation of Rule 11(b), lied to this court by making false statements about the Plaintiff in a pleading without first doing proper investigation. His most current false statements in violation of Rule 11(b) filed in his most recent motion are:

    (a) A false statement stating the Plaintiff was sanctioned for bad faith litigation in a state court (¶6)

    (b) A false statement stating that the Plaintiff has "corresponded with counsel in what can only be described as an extortionate attempt to "settle"" (¶3).

    (c) A false statement stating that there is a "voluminous ... history of bad faith litigation" on record from Plaintiff Scott (¶4)

    (d) A false statement stating that there are "penalties imposed by sister courts which Ms. Scott has refused to satisfy"

(6) Counsel Hardin admits in the same paragraph (¶6) that he "has not yet seen the records requested". In violation of Rule 11(b) he has made false statements before the court regarding the nature of the case without even firstly examining the paperwork. This is forbidden by Rule 11(b) which requires a litigant who signs any motion or pleading to conduct a proper inquiry before signing a motion or pleading certifying by their signature that there is evidentiary support for their claims.

(7) The actual facts of the Buch. Co. case: The case was regarding a Breach of Contract between Tenant Plaintiff Scott and Landlord Defendant ARS. The case in Buchanan County General District Court was ruled upon while the Plaintiff was not in the courtroom, due to arriving late 20 minutes. The judge called the Plaintiff's case within the first 20 minutes of opening court. When the Plaintiff asked the judge why they didn't wait for her, he responded that he wanted to call cases with attorney's first. Because of her absence in the courtroom, for reasons beyond her control (heavy rain and traveling from 2 hours away), Plaintiff's Scott's side of the story was never heard. A judgment was entered against the Plaintiff because the Defendant had presented a contract to the judge that the Plaintiff had signed. What the Defendant forgot to mention was that the contract was unenforceable due to the principle of coercion making a contract invalid. The Defendant coerced the Plaintiff to waive her rights in violation of Restatements coercion rules.

 (a) It was unfortunate that the Plaintiff was late to court, but naturally, she appealed the case to have an opportunity to be heard. The district court clerk, forgetting she had been granted leave to proceed in forma pauperis, asked her to pay an appeal bond. She then asked to see the Judge. Having come out of the pouring rain after driving 2 hours, flustered, soaking wet and pregnant, the Plaintiff stood in front of the judge but was not able to cite off the top of her head Va Code 16.1-107(B). She forgot the exact code at that moment. The judge was not himself aware of Va Code 16.1-107(B).

 (b) Plaintiff Scott, when out of the courtroom and able to access online resources, came back to the clerk with the exact citation of Va Code

Case 2:20-cv-00014-JPJ-PMS Document 89 Filed 10/12/21 Page 4 of 7 Pageid#: 570

16.1-107(B). After some discussion between the judge and clerks, a hearing was re-set for November 27, 2017.

 (c) Va Code 16.1-107(B) is a statutory right of a litigant. The Plaintiff filed for a Writ of Mandamus to order the Buch. Co. GDC to comply with Va Code 16.1-107(B). The Plaintiff accidentally sent it to the wrong courthouse (VA Court of Appeals). A letter from the clerk of the Buch. Co. Circuit Court then revealed that the Plaintiff had to re-file with the Circuit Court the writ of mandamus. She did not refile because the GDC instead scheduled a new hearing for November 27, 2017.

 (d) The hearing of November 27, 2017 mysteriously disappeared from the court docket after Plaintiff Scott filed a response in the case.

 (e) The disposition of the case, as recorded online in the Buch. Co. GDC online record, is "case dismissed".

 (f) Due to the fact that she was nearing the third trimester of a pregnancy, and 2 hours of travel to the Buch. Co. GDC was not practical while heavily pregnant, Plaintiff Scott did not pursue the case further at that time. Due to pregnancy, postpartum physical limitations and breastfeeding responsibilities she was not able to follow up with the case.

(8) Actual facts about out of court correspondence between Counsel Hardin and Plaintiff Scott: Counsel Hardin, by his own free will, *initiated* contact with Plaintiff Scott via email regarding the case. This occurred in November 2020 and September 2021. Both times he attempted to convince Plaintiff Scott to withdraw her Complaint and then, to attempt to convince her to withdraw her Appeal. His

REPLY AND MOTION
10.8.21
PAGE 4 of 7

correspondence included threats to pursue sanctions, attorney fees and post-judgment collection from Plaintiff Scott if she would not withdraw her case. Plaintiff Scott made it clear she would not withdraw her case and communicated to Counsel Hardin that if he was interested in saving on attorney's fees, now and in the future, Joshua Moon was welcome to comply with Appropriation laws and make an offer of settlement. No coercion was implied or stated in Plaintiff Scott's replies to Counsel Hardin's emails. His belief that his client was coerced or threatened to settle is delusional. When Counsel Hardi's threats did not work to deter Plaintiff Scott from her meritorious case, he attempted to go to the extreme length of lying about Plaintiff Scott in motions and pleadings before this district court.

(9) Counsel Hardin has lied to this court in violation of Rule 11(b) because there is no evidentiary support for every false statement made by Counsel Hardin listed above in 5(a)-5(d).

(10) This court should no longer permit Counsel Hardin to make false statements without proper inquiry nor allow him to sign pleadings without proper evidentiary support, both of which are violations of Rule 11(b). This court should place sanctions on him for a repeated pattern[1] of lying to this court about Plaintiff Scott. As an attorney, he knows better.

---

[1] The district court was apprised of Counsel Hardin's other intentional false statements in a prior pleading filed by Plaintiff Scott (docket #75, page 2 to 4)

**WHEREFORE**, because Counsel Hardin has (a) failed to demonstrate any actual "extraordinary circumstances" within the meaning of the law and (b) knew about the Buchanan County General District and Circuit Court case since December 12, 2020, and (c) had plenty of time before October 13, 2021 to request records, his motion for more time should be DENIED.

**ADDITIONALLY**, Plaintiff Scott motions this court for sanctions against Attorney Matthew Hardin for intentionally and recklessly making repeated false statements in pleadings and motions in violation of Rule 11(b). Namely, he has repeatedly lied to this court about Plaintiff Scott in order to gain an advantage in the case. This court should impose sanctions upon him with the goal of deterring such future behavior: it is not only a violation of Rule 11(b), but clearly also unethical.

SIGNED RESPECTFULLY,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87 (VA ACP address)
Richmond, VA 23218
540-692-2342
mscottw@gmu.edu

## CERTIFICATE OF SERVICE

I certify that I have mailed a copy of this REPLY and MOTION to Counsel for the Defendant, Matthew D. Hardin, VSB #87482, 1725 I Street NW, Suite 300, Washington, D.C., 20006, and at matthewdhardin@gmail.com on this __8th___ day of OCT., 2021.

SIGNED,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87 (VA ACP address)
Richmond, VA 23218
540-692-2342
mscottw@gmu.edu