IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

OCT 18 2021

JULIA C. DUDLEY, CLERK
BY: /s/ A. Meade
    DEPUTY CLERK

| | |
|---|---|
| MELINDA SCOTT, ) | |
| ) | |
| PLAINTIFF. ) | |
| ) | |
| V. ) | CL NO. 2:20cv14 |
| ) | |
| WISE CO. DSS, ) | |
| ET AL., ) | |
| ) | |
| DEFENDANTS. ) | |

## PLAINTIFF's REPLY
## IN SUPPORT OF MOTION FOR HEARING

COMES NOW, the Plaintiff, Melinda Scott and replies in further support of her Motion for Hearing the following:

1. Defendant Moon, by counsel, inaccurately claims that Plaintiff Scott has not complied with Local Rule 11(b). Local Rule 11(b) gives the Plaintiff sixty (60) days to request a date for a hearing. That time has not passed.

2. Defendant Moon's use of the quotation in *Rayfield v Lawrence* is taken out of context and is unavailing. *Rayfield* is not speaking of recovering attorney's fees. The case is about an injured party being able to recoup monetary compensation for personal injury even though their insurance company has also aided them. "All the Virginia cases on the subject of "collateral payments" involve insurance benefits for which the plaintiff has paid a premium" (*Rayfield v Lawrenece, 253 F. 2d. 209,*

REPLY FOR MOTION FOR HEARING
10.14.21
PAGE 1 of 4

*Court of Appeals, Fourth Circuit, 1958*). Here, the law defines "collateral source" as an insurance company, not Crowdfunding for paying for attorney's fees. Counsel Hardin's legal conclusion that a "collateral source" includes fundraising for attorney's fees is not in conformity with the legal standard of *Rayfield*.

3. In the most absurd fashion, Defendant Moon, by counsel, actually have presented to this court that they believe that the Plaintiff should reimburse the fundraised attorney fees paid by the same users on KiwiFarms.net who have Cyberstalked her, socially abused her, made illegal defamatory comments against her, and made illegal malicious CPS calls. The promotion of that idea is absurdly unethical and unconscionable. This court should not turn a blind eye to this absurdly sadistic and predatory behavior of Defendant Moon.

4. Defendant Moon believes he is above the rules and law. Defendant Moon, by counsel, absurdly believes that "the discretion of the court" for "application of the rules" means "selectively applying the rules and law". That is not what "direction of the court" with regard to rules references in *Michael v. Sentara Health Systems,* or any case for that matter, means. Firstly, *Michael v. Sentara Health Systems* does *not* actually include the quote that Defendant Moon, by counsel, put into his Reply. The quotation he pulled is a *footnote* of the case that says: "Moreover, the application of the local rules is within the discretion of the Court. The purpose of requiring the list of undisputed facts in Local Rule 10(F)(2) is to aid the Court and the parties...Such a list is unnecessary in this case, and it would belabor the process to require it at this late juncture". In *Michael v Sentara Health Systems* the court was saying that a list

of facts was unnecessary at that stage *not that it was unnecessary to follow the rules*. Counsel Hardin's twisting of this quote is unconscionable.

5. "Discretion of the court" for "application of the rules" means that the court has to apply oversight to see that the rules are followed. A court is legally bound to follow each of the Federal Rules of Civil Procedure and Local Rules, and to do so impartially. Counsel Hardin imagines a world in which rules are selectively applied and somehow he should reap special entitlement of the rules not applying to him. Not only is Counsel Hardin's legal conclusion unethical, it's pitiful that an attorney would resort to such a mentality.

6. There is nothing facially invalid in Plaintiff Scott's Motion for a Hearing on the merits of Defendant Moon's claims for attorney fees. He has presented no case law or facts to support his legal conclusion that Plaintiff Scott's Motion for a Hearing is facially invalid.

7. Defendant Moon, by counsel, makes a sweeping generalization and legal conclusion that the rest of Plaintiff Scott's Motion for a Hearing is "facially incorrect" but he cites no case law or facts in support of his legal conclusion.

8. Defendant Moon, by admission in his reply, admits that he did not pay the attorney's fees out of his own pocket, and instead used fundraising. This brings additional merit to Plaintiff Scott's Motion for a Hearing.

SIGNED,

*signature*

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87 (VA ACP address)
Richmond, VA 23218
540-692-2342
mscottw@gmu.edu

## CERTIFICATE OF SERVICE

I certify that I have mailed a copy of this FURTHER REPLY IN SUPPORT OF A MOTION FOR A HEARING to Counsel for the Defendant, Matthew D. Hardin, VSB #87482, 1725 I Street NW, Suite 300, Washington, D.C., 20006, and at matthewdhardin@gmail.com on this __15th____ day of OCT., 2021.

SIGNED,

*signature*

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87 (VA ACP address)
Richmond, VA 23218
540-692-2342
mscottw@gmu.edu