CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

OCT 18 2021

JULIA C. DUDLEY, CLERK
BY: *Meade*
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| MELINDA SCOTT, ) | |
| ) | |
| PLAINTIFF. ) | |
| ) | |
| V. ) | CL NO. 2:20cv14 |
| ) | |
| WISE CO. DSS, ) | |
| ET AL., ) | |
| ) | |
| DEFENDANTS. ) | |

### REPLY
### AND
### MOTION FOR A HEARING

COMES NOW, the Plaintiff, Melinda Scott and replies to Joshua Moon's Motion for Attorney's fee and all attachments he incorporated with the Motion (docket #89 and 90). A Memorandum of Law is attached in support of the Plaintiff's Reply:

I.  <u>Counsel Hardin's continues to lie in pleadings in repeated violation of Rule 11(b)</u>

1. Once again, Consel Hardin has lied in his motion and attachments by filing false statements about Plaintiff Scott in violation of Rule 11(b).

2. The Plaintiff has already filed for a Motion for Sanctions against Counsel Hardin for his repeated pattern of making false statements in pleadings (docket #89). This

court should not continue to permit Counsel Hardin to lie and make false statements in pleadings.

3. Counsel Hardin has lied to this court again and stated that Plaintiff Scott has "sued judges and clerks" (Docket #90-1, page 10, ¶4).

4. Counsel Hardin has lied to this court again and stated that Plaintiff Scott refused to obey court orders (Docket #90-1, page 17, ¶2).

5. Counsel Hardin lied to this court when he quoted the Plaintiff as saying "it's going to be hilarious when someone gets reported to the BAR association" (docket #90-1, page 7, bullet III). The Plaintiff denies ever saying this in her emails.

6. Counsel Hardin lied to this court and named Andrew Carlson as the Plaintiff's former "boyfriend" (docket 90-1, page 5, ¶2).

7. This court should note that Counsel Hardin is willing to lie in a court document to try to gain an advantage in a court of law.

8. Counsel Hardin makes mention of his time as a Commonwealth Attorney in Greene County but this does not avail to cushion him from his claims of not being unethical. Plaintiff Scott has adequately shown this court that Counsel Hardin has a propensity to lie in pleadings (docket #89). One can only feel sympathy for anyone he prosecuted as a Commonwealth Attorney because if he is willing to lie and make false statements in pleadings to try to prevail in this case, there is potential that he has done this to others as a Commonwealth's Attorney. His disregard for others' rights is apparent in his filings and this court should not be naive to believe that this is the first time Counsel Hardin has behaved in such an unethical manner to an

opposing litigant. Defendant's Counsel Hardin characterizes his behavior as "zealous" when in reality, his lying behavior is abusive toward opposing litigants.

9. Counsel Hardin has demonstrated repeatedly in this most recent motion, as he has in other motions filed, that he has no regard for the rights of *pro-se* litigants. He wants to over inflate the issue of a litigant filing a Motion to Recuse and identifying in appeals rulings of judges not in conformity with the law, when it is the right and privilege of any litigant to do so. His disregard for the rights of *pro-se* litigants is very telling of his attitude toward *pro-se* litigants and his grandiose feelings that people with legal credentials behind their name should be immune from being accountable for what they do. The court should take note of this entitlement mentally displayed by Counsel Hardin repeatedly in his writing, for himself, and on behalf of his client who he thinks is entitled to behave atrociously without accountability. Counsel Hardin believes he should be able to lie in court documents in violation of Rule 11(b) and no one should hold him accountable through a BAR complaint. He believes his client should be able to abuse others and commit the Tort of Appropriation and no one should bring him to accountability.

## II. Counsel Hardin's Motion does not conform with legal standards

10. As typical, Counsel Hardin's most recent motions and attachments attempt to operate under "color of law". His Motion and attachments are replete with statements that fail to to define legal words in accordance with their legal definitions. He has failed to demonstrate according to the proper legal definitions

and case law that Plaintiff Scott has acted in "bad faith", "vexatiously", wantonly", or "oppressively". Counsel Hardin likes to use legal jargon but fails to define words according to their legal definitions.

11. The fact that he thinks filing Appeals and a Writ of Mandamus make someone "vexatious" speaks volumes about his willingness to operate under "color of law" and fling words around with no respect for their actual legal meanings.

12. In keeping with that pattern Counsel Hardin tries to use the word "blackmail" aimed at an accusation at the Plaintiff without using it properly according to the actual legal definition. In true unethical fashion - which Counsel Hardin has already shown that he is unethical by lying in pleadings in violation of Rule 11(b) by making statements that cannot be supported by evidence, and failing to do proper evidentiary research prior to making statements in pleadings, - yes, in true unethical fashion, Counsel Hardin seeks to deceive this court about communications between Plaintiff Scott. Plaintiff Scott denies she ever made any attempt to blackmail Counsel Hardin or Defendant Joshua Moon.

13. It was Counsel Hardin that wrote the Plaintiff emails in an effort to intimidate her out of litigation. When that didn't work, he resorted to the extreme tactic of lying in pleadings about her.

### III. Defendant Moon's Motion seeks to deceive this court

14. The court should take note of the repeated manipulative tactic of Counsel Hardin, on behalf of Defendant Joshua Moon, of blame shifting improperly. Counsel

Hardin would like this court to believe that Joshua Moon is the victim when in fact he is the perpetrator of abuse against Plaintiff Scott.

15. Counsel Hardin would like to deceive this court into believing that his client did not commit the Tort of Appropriation against Plaintiff Scott, when in fact Joshua Moon did use Plaintiff Scott's name and photo without her consent for monetary gain through his business KiwiFarms.net. The fact that her Appropriation case was dismissed does *not* mean he was not guilty of that Tort. It just means that at that time Plaintiff Scott did not include enough details in her pleading to be able to prevail. There is a big difference in having a case dismissed because the defendant did not do the things described and the alternate, a case was dismissed because not enough details were included in the Complaint to sufficiently show the court. Counsel Hardin is unable to distinguish between the 2 and would like this court to believe that all dismissals are the same kind.

16. Plaintiff denies Defendant Moon's claim that she ever consented to her legal name being on Defendant Moon's website (docket #90-1, page 11). That is a false statement that Counsel Hardin has made before this court, yet again.

17. It is irrelevant if Plaintiff Scott has posted pictures she consented to on KiwiFarms.net. Appropriation is about using pictures for business that a person did *not* consent to. Consent is the distinguishing factor that Counsel Hardin is unable to recognize.

18. Counsel Hardin once again seeks to deceive this court with the idea that Plaintiff Scott's issue with any judge she has filed a Motion to Recuse against, or whose orders she has appealed is because of the disposition of any ruling. That is

inaccurate, as Plaintiff Scott has quite adequately stated in her Motion to Recuse dated March 1, 2021 and appeals to the Court of Appeals the case law, rules and laws on which her objections rely as a response to any judge's rulings. Counsel Hardin seeks to deceive this court about Plaintiff Scott's motives.

19. Not only does Counsel Hardin seek to deceive this court about Plaintiff Scott's motives, he also seeks to deceive this court about the chain of events that led to Plaintiff Scott filing whatever she has in court. The reality that Counsel Hardin's delusional filings seeks to deny is that Defendant Joshua Moon's actions do not exist at a stationary point in time. A series of lawsuits against him has been the product of a series of actions by Joshua Moon over the course of several years. New causes of action at different points of time necessitate new lawsuits.

20. There's a simply logical truth which Counsel Hardin, on behalf of Defendant Moon, seeks to absurdly deny: if a person does an action in 2017, they can be sued in 2017 and beyond, depending on the statute of limitations. If a person does a new action in 2018, they can be sued again in 2018 and beyond, depending on the statute of limitations. If a person does a new action in 2019, they can be sued against in 2019 and beyond, depending on the statute of limitations.

21. Likewise, as Defendant Joshua Moon has done new actions each year against the Plaintiff, he can be sued for new actions within the statute of limitations. That's so blatantly obvious that Defendant Moon's claims, by counsel, claiming that he was victimized be sequential litigation is delusional and frivolous.

22. Counsel Hardin also seeks to over-inflate the word "dismissal". While Counsel Hardin seeks to celebrate the dismissal of any of Plaintiff Scott's prior lawsuits, he

fails to distinguish the reasons *why* they were dismissed. Counsel Hardin seeks to deceive this court about the reasons for dismissal. This court should more carefully examine than Counsel Hardin has the reasons dismissals have occurred.

### IV. Joshua Moon's malicious conduct bars attorney feeds

23. Joshua Moon's malicious conduct precludes his ability to recover legal fees and attorney's fees. A malicious, sadistic and abusive defendant is not deserving of fee shifting, even if they prevail in court, according to the legal standards of the US Supreme Court and the Fourth Circuit. A memorandum of law citing relevant case law on this issue is attached.

24. In his declaration, Joshua Moon seeks to deceive this court by portraying his website as a plain ole "online discussion forum". His website, which he has admitted to owning on a pleading filed in the district court, is a uncivilized website which initiates, and encourages Appropriation, Cyberstalking, Cyberbullying, Internet Harassment, Social Abuse, Public Scapegoating, and Defamatory postings against targeted individuals.

25. Joshua Moon's website is by no means an innocent "online discussion forum" where users engage in civil discussion. It was created for the sadistic and abusive purpose of intentionally causing social harm and emotional distress to the targeted victims that they create threads about. KiwiFarms.net reflects the ideals and goals of an uncivilized society.

26. By his own admission, Joshua Moon stated in an (amended) attachment that "specific users may be 'verified'" (docket #91-1, ¶4). What Joshua Moon fails to expand on, because he wants to deceive this court, is that the "specific users" they go out of their way to "verify" are specifically targeted individuals on his website who have been specifically targeted for Appropriation, Cyberstalking, Cyberbullying, Internet Harassment, Social Abuse, Public Scapegoating, and Defamatory postings. Joshua Moon goes out of his way to verify these users because, as Joshua Moon admits in pleading, they can extract IP addresses (docket #91-1, ¶4). The Administrative staff of KiwiFarms.net, and its owner, Joshua Moon, tracks their targets with IPs so that they can stalk their victims, make illegal malicious CPS calls against their victims, and engage in any other behavior in which to try to sabotage the professional and social life of their targets by finding their location. Meanwhile, their administrative staff of KiwiFarms.net never reveal their identities and locations so that they can continue in their illegal course of conduct of Appropriation, Cyberstalking, Cyberbullying, Internet Harassment, Social Abuse, Public Scapegoating, and Defamatory postings against their targets. Joshua Moon also goes to great lengths to hide his whereabouts so he can continue in an illegal, socially abusive, uncivil and sadistic course of action against each person he uses his website to abuse. The court should not turn a blind eye to the fact that Joshua Moon encourages hiding the whereabouts of his staff and himself, while publicly posting the residential information of his target including that of the Plaintiff. This kind of malignant behavior with double standards displayed by Joshua Moon speaks volumes about his state of mind, malice and motives.

## V. Plaintiff's Statements on KiwiFarms.net

27. Firstly, the Plaintiff denies that any and every statement made under the profile "Tamar Yael BatYah" can be attributed to her. The Defendant Joshua Moon, and his administrative staff, have the ability to alter the content of her profile on KiwiFarms.net. Due to this fact, any statement under the name "Tamar Yael BatYah" has to be personally reviewed by Plaintiff Scott to confirm or deny whether it is her actual writing, and not a change made in their database by Joshua Moon or his employees.

28. Plaintiff Scott made a series of statements on KiwiFarms.net between January 5, 2020 and the present date. Some of the statements made by her on KiwiFarms.net were truthful and some were not. The non-truthful statements served a purpose, as the Plaintiff had a planned intent of using a mixture of truthful and non-truthful statements to users of KiwiFarms.net for the purpose of:
    a. eliciting responses to gather information of the identities, motives and affiliations of the users Cyberstalker her
    b. Extract IP addresses from users that were Cyberstalking her.

29. The Plaintiff is under no moral or legal obligation to tell the truth online to people Cyberstalking her. She has every legal right to protect herself from Cyberstalkers by any means necessary.

30. After a 3 year period of silence, the Plaintiff elected to respond on KiwiFarms.net for the overall purposes of:

    a. To confront Cyberstalkers stalking her

    b. To confront and correct those making public defamatory postings about her

    c. To rectify the larger issue of discriminatory misogyny so blatantly aimed at the Plaintiff publicly

    d. To eliciting responses to gather information of the identities, motives and affiliations of the users Cyberstalking and socially abusing her on the website

    e. To extract IP addresses from users through traffic to a third party site

31. The Plaintiff has every right to confront people Cyberstalking her.

32. She has every right to conduct an information operation on a website like KiwiFarms.net by any means necessary, even by lying to their users publicly online.

33. The Plaintiff's participation in posting on KiwiFarms.net in order to solicit information and correct defamatory statements from its users is not an endorsement of the site. Counsel Hardin's attempt to construe her participation in the site as an endorsement of the site is unfounded and absurd. It is not uncommon for the victims of Cyberharassment, Cyberstalking and Cyberbullying to confront their abusers in the very place where it occurs. Counsel Hardin shows a grave ignorance about what constitutes a common response of victims of Cyberstalking, Cyberharassment and Cyberbullying. He also believes that the Plaintiff has a duty to retreat in these situations, where no such moral or legal obligation exists.

34. Plaintiff Scott's invitations for Defendant Moon to engage in mutual combat are not illegal and quite irrelevant. Virginia law permits mutual combat. The fact that

neither Defendant Moon nor his counsel have any self awareness over why a person might make such an invitation to Joshua Moon shows that Joshua Moon and lacks the self awareness of the reality of Joshua Moon's behavior.

35. Here below the Plaintiff answers the absurd inclusion in Defendant Moon's motion and attachments of statements she has made on KiwiFarms.net:

   a. Statement #1 does not establish an "improper motive". In fact the opposite. Plaintiff Scott said clearly: "I'm not a Pacifist". Hence, Plaintiff Scott is of the mind to take legal action, not just act like nothing happened. A litigant also saying they reap the benefit of "legal education" in the process is not a showing of an "improper motive" either. The extensive amount of legal case research required of the Plaintiff to engage in the case, done on her own behalf, is a learning process. Counsel Hardin's conclusion that that constitutes an "improper motive" is absurd.

   b. Statement #2 is irrelevant and establishes nothing except the fact that a litigant sued someone.

   c. Statement #3 is irrelevant. A litigant suing someone because they believe in "eye for eye" doesn't insinuate an "improper motive". This court is not a Theological Monarchy. The court can't discriminate on a litigant because of their religious beliefs that coincide with their decisions to take legal action.

   d. Statement #4 needs to be put into its proper context. Counsel Hardin seeks to remove the Plaintiff's statement out of the context in which it was spoken. The Plaintiff was stating that *verbal abuse* did not bother her, not the entire actions of Joshua Moon. There is no contradiction or

inconsistency with her Complaint because the Plaintiff *never* alleged in her Complaint that *verbal abuse* of users of KiwiFarms.net bothered her. Defendant Moon, on his own, and by counsel seeks to deceive this court by removing a quotation of Plaintiff Scott out of the context in which it was said. A profile user on KiwiFarms.net asked the following question that preceded Plaintiff Scott's response:

    i. "Tamar Yael BatYah" (post# 6,147): "Your theory about verbally abusive threads falls a little short. Yes, I choose to be here to debate but I also said that **I'm not affected by your verbal abuse. So while I believe that the majority of you ARE verbally abusive it doesn't affect me emotionally or mentally because I'm not in Covenant with you**"

    ii. "Redcent" (post#6,148) (in direct response to the above quotation): "So why the big bold letters then? Why the lawsuits then? Why did you bother filing lawsuits if you're not bothered by anyone talking about you?"

    iii. "Tamar Yael BatYah" (post #6,149): "The reason I filed the lawsuits, even though I'm not bothered by what is said here, is because...."

e. Statement #6 does not establish an improper motive nor is it a contradiction to anything Plaintiff Scott stated in her Complaint. Plaintiff Scott *never* stated in her Complaint that she values KiwiFarms.net users' *opinions* concerning her online. She clearly said in her Complaint other's defamatory

remarks visible by *society*, their stalking, and other malicious behaviors described in paragraphs 65 through 80 in her Complaint where the issue at hand. Counsel Hardin fails to make this distinction between these facts.

f. Statement #7 is a neutral statement that the Plaintiff made to elicit information from Cyberstalkers on KiwiFarms.net. The Plaintiff never used any adjectives in that sentence describing whether that was good or bad for her.

g. Statement #8 was a non-truthful statement made by Plaintiff Scott to users of KiwiFarms.net to elicit certain information.

h. Statement #9 is irrelevant in that it establishes nothing other than the fact that Plaintiff Scott's interactions with users of KiwiFarms.net resulted in her taking the notes she made on what they were saying and turned it into a paper.

i. Statement #10 is irrelevant in that it establishes nothing other than the Plaintiff saying that KiwiFarms.net didn't injure her self-esteem. There is no contradiction with her Complaint.

j. Statement #11, like statement #4, has been taken out of its context by Defendant Moon and Counsel Hardin to make it appear the Plaintiff is saying something she is not. The Plaintiff was put on the defensive publicly by Defendant John Doe 2 ("Karl_der_Grosse") to answer to his accusation regarding her *financial credibility*. The Plaintiff *directly responded to* Defendant John Doe's claim that she was financially dishonest in matters of business to which the Plaintiff responded that her reputation <u>regarding her</u>

<u>financial honesty in business</u> was not a "cause for alarm". Nowhere did the Plaintiff state that her reputation *in society* was not a cause for alarm, therefore, there is no inconsistency between this statement on KiwiFarms.net and her Complaint. Further the Plaintiff stating that she isn't "losing anything from a bunch of uneducated pagans having a bonfire around my name" directly comes after, and therefore, sequentially refers to the fact that no one has told the Plaintiff they believe she is dishonest in business because of her name being on KiwiFarms.net. Defendant Moon, and his counsel, seek to lift the quotation out of its context in order to falsely deceive this court into believing the Plaintiff said something she didn't say. The quotation in context appears below:

    i.   "Karl_der_Grosse" (post #4,524): "See, when you grift in one situation...it's pretty likely that you're willing to be financially dishonest in other areas of your life, especially when it's in your clear financial interest to do so. It's called building a reputation and your reputation is pretty bad"

    ii.   (Posts#4,525, 4526, 4527 and 4528 were not "TamarYaelBatyah" nor John Doe 2)

    iii.   "Tamar Yael BatYah" (post#4,528 responding directly to post #4,524): "My reputation on Kiwi Farms is scarcely a cause for alarm. I'm not losing anything from a bunch of uneducated pagans having a bonfire around my name. Big deal, I could care less. I'm not a co-dependent. And I wouldn't even care if I was the only

       person in the world that loved and respected myself. It's called self-partnering. But I'm not sure a moral ingrate like yourself could even fathom that concept".

  k. Statement #12 is irrelevant because it establishes nothing other than the fact that the Plaintiff does not hide anonymously online to conduct illegal activities (in contrast to the Cyberstalkers she was addressing in that statement).

  l. Statement number (13) (docket #90-1) is about the impact of self-employment and homeschooling on the Plaintiff's financial status, no statement was made regarding the financial impact of Kiwi Farms. From a statement about homeschooling, Counsel Hardin has reached the delusional and false conclusion that "Mr. Moon's website has no impact on her financial status and has not caused her any injury".

36. Counsel Hardin's conclusions regarding the injuries and motives of Plaintiff Scott are delusional. The 13 statements he listed prove nothing except:

    1. The Plaintiff publicly declared she was not a Pacifist and inclined therefore, to take legal action

    2. The Plaintiff said she would be able to further her legal education while doing case law research for the cases

    3. The Plaintiff's self esteem was not injured by actions of Defendant Moon

    4. The Plaintiff is not bothered by verbal abuse aimed *directly* at her on KiwiFarms.net

    5. The Plaintiff does not value the personal opinions of users on KiwiFarms.net about her

    6. Plaintiff Scott used her interactions with users on KiwiFarms to lead them to click on links to capture IPs

    7. The Plaintiff does not hide anonymously online

37. There is no inconsistency in the statements Plaintiff Scott has made online on KiwiFarms.net and her Complaint.

38. There is no improper motive for filing the lawsuit listed in any of the statements Plaintiff Scott made online on KiwiFarms.net

39. Counsel Hardin's conclusions regarding the motives and injuries of Plaintiff Scott based on statements on KiwiFarms.net are not binding upon this court as actual "findings of fact". This court is only legally bound to what Plaintiff Scott says under Oath in any court document she files, or states under Oath in a hearing

40. It is for the court to listen to testimony and determine in hearings under oath the facts, injuries, and motives of Plaintiff Scott. KiwiFarms.net is not a court of law conducting hearings to issue court transcripts. What is said on KiwiFarms.net is not a legal record of statements made under oath.

41. Statements on public forums are not "admissions". "Admissions" are statements made under oath on court documents and testimony in a court of law sworn under oath.

42. The inclusion of statements that Plaintiff Scott has posted online on KiwiFarms.net are absurdly incorporated in Defendant Moon's Motion and attachments as if they

are statements made in a court of law. A public statement on a website is not part of a court transcript.. KiwiFarms.net is not a court of law.

### VI. No evidence Joshua Moon has actually paid Attorney's Fees

43. Neither Counsel Hardin nor Joshua Moon's declarations contain any evidence or exhibit that Joshua Moon has in fact paid anything to Counsel Hardin for his services from <u>his own pocket</u>. They have not presented any bank statements, checks, or other financial transaction documentation proving that Joshua Moon actually paid Counsel Hardin himself. As noted in many of the Plaintiff's prior pleadings before this court (docket #41, page 5, footnote 13; docket #87), Joshua Moon fundraised his attorney's fees from users of KiwiFarms.net. His administrative staff and "true and honest fans" finance the website and attorney's feed to keep it running, including financing legal fees.

44. Joshua Moon's statement that he can be made whole by receiving an award of attorney's fees is misleading. He hasn't anything to be made whole from when his users of his website have paid his legal fees to finance their sadistic and malicious operation called KiwiFarms.net.

**WHEREFORE**, this court should DENY Defendant Moon's Motion for attorney fees as it is precluded by binding case law of the US Supreme Court and Fourth Circuit, as presented in the Plaintiff's accomplaying Memorandum of Law.

*ALTERNATIVELY*, the Plaintiff motions for a hearing on Counsel Hardin and Joshua Moon's claim that he has paid attorney fees. Neither Counsel Hardin nor Joshua Moon have presented any evidence of financial statements demonstrating Joshua Moon has paid anything from his own pocket. Evidentiary discovery should be permitted within the context of a hearing to establish the facts regarding their claim for attorney fees.

SIGNED,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87 (VA ACP address)
Richmond, VA 23218
540-692-2342
mscottw@gmu.edu

## CERTIFICATE OF SERVICE

I certify that I have mailed a copy of this REPLY & MOTION to Counsel for the Defendant, Matthew D. Hardin, VSB #87482, 1725 I Street NW, Suite 300, Washington, D.C., 20006, and at matthewdhardin@gmail.com on this __15th____ day of OCT., 2021.

SIGNED,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87 (VA ACP address)
Richmond, VA 23218
540-692-2342
mscottw@gmu.edu