CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
OCT 18 2021
JULIA C. DUDLEY, CLERK
BY: /s/ A. Meade
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| MELINDA SCOTT, ) | |
| ) | |
| PLAINTIFF. ) | |
| ) | |
| V. ) | CL NO. 2:20cv14 |
| ) | |
| WISE CO. DSS, ) | |
| ET AL., ) | |
| ) | |
| DEFENDANTS. ) | |

## MEMORANDUM OF LAW
## IN SUPPORT OF PLAINTIFF'S REPLY
## AND
## MOTION FOR A HEARING

COMES NOW, the Plaintiff, Melinda Scott and submits this Memorandum of Law in support of her Reply and Motion to Defendant Moon's Motion for Attorney's Fees:

**Argument.** Defendant Joshua Moon and Counsel Hardin, who is counsel for Defendant Moon, would like to deceive this court into thinking that Defendant Moon is a victim of vexatious litigation. In an absurd twist, Counsel Hardin has tried to lift and "copy cat" the Plaintiff's statements in prior pleadings which state that Defendant Joshua Moon is abusive toward the Plaintiff. Counsel Hardin attempts to turn her words back on the Plaintiff and falsely project it back on Plaintiff Scott. He absurdly believes that a litigant filing to assert their rights in court equates to "abusing" the legal system and "legal community". These conclusions of Counsel Hardin are delusional. The legal community of the US is composed of millions of people. In no way can

Counsel Hardin present any evidence that Plaintiff Scott has been hostile to the entire legal community of the US. The reality is, the only abusers are Defendant Moon, who abuses his hand picked targets, like Plaintiff Scott, and his attorney, who has repeatedly gone to the extreme by employing the abusive tactic of pathologically lying in court pleadings about the Plaintiff in order to gain an advantage.

Joshua Moon is not a victim. He was warned he would be sued if he did not cease and desist the tort of Appropriation against Plaintiff Scott. He has been repeatedly sued by more than one targeted individual who has been victimized by his website KiwiFarms.net. He chose his course of action and took all the risks associated with using people's name and photos without their permission in order to socially abuse them by doxxing, Cyberstalking, Cyberbullying, Internet Harassment, Social Abuse, Public Defamatory comments on his website KiwiFarms.net. He chose, by his own free will, to become the owner of a website that encourages illegal defamatory content, social abuse, Cyberstalking, and Cyberbullying. His site has repeatedly been reported to the FBI and he has had to answer to the FBI before for content on his site.

Joshua Moon falsely claims that is website is "operating legally" (docket #91-1, ¶13). His website in fact, is not operating legally. The reality is he has evaded many legal consequences because he has strategically has targeted individuals who cannot afford legal representation. He has circumvented many legal consequences simply because those he targets on KiwiFarms.net have little to no ability to hire legal representation. This is why Joshua Moon will not target people with a lot of money that could afford legal representation: he would surely go bankrupt and his site would disappear because of the myriad of stalking, defamatory and abusive content that he hosts.

Anger and rage are reactions experienced by the victims of Cyberstalking, Cyberbullying, Internet harassment, and social abuse. Some of Joshua Moon's victims' anger has gone inward

because of their experience. Those particular victims have committed suicide because of his website. Some of his victims have been forced to shut down their small businesses because of his website's defamatory comments against them. Other victims (not Plaintiff Scott) have dealt with their anger and rage at Joshua Moon by putting a knife up to Joshua Moon's throat. Still others of Joshua Moon's victims, including Plaintiff Scott, have chosen to sue him. Plaintiff Scott is not alone as a targeted victim of KiwiFarms.net in her decision to take legal action against Joshua Moon. Defendant Moon and his counsel's lack of awareness of *why* people would feel anger and rage at Joshua Moon is very telling of their mindset of arrogance and lack of civility. Any self respecting person with the educational and financial means to do so would sue Joshua Moon for using his website to psychologically abuse them. The sheer fact that Joshua Moon wants to appear dumbfounded and victimized that Plaintiff Scott is suing him is a thin veil for his arrogance and entitlement that he is above others and above the law.

There's no right or wrong way for a victim to feel in these situations. There is no manual that guides the *adult* victims of Cyberbullying, Internet harassment and online social abuse. Defendant Moon, by counsel, seeks to invalidate the experience of Plaintiff Scott with curt accusations and gaslighting of her experience. They also wrongly believe that Plaintiff Scott using KiwiFarms.net to confront the people abusing her is somehow contradictory to her statements in her Complaint regarding the intentional orchestrated scheme by Joshua Moon to unleash a several years long abusive crusade against her by means of his website (KiwiFarms.net). There is no contradiction in Plaintiff Scott's Complaint and her posting on KiwiFarms.net. Her posting on KiwiFarms.net served the specific goal of: (a) confronting the Cyberstalkers stalking her (b) to confront and correct the users making defamatory comments about her (c) to confront the misogynistic public statements being spread around on KiwiFarms.net about her and (d) to use

truthful and non-truthful statements on KiwiFarms.net to solicit and elicit responses from these same users in order to identify them. Using the *website* for protective means does not mean that Plaintiff Scott consents or condones the existence of the socially abusive website known as KiwiFarms.net. It is not uncommon for victims of Cyberstalking, Cyberbullying, Internet Harassment, online Defamation, and online social abuse to confront their abusers in the very place where it is occuring. No one is legally or morally obligated to be silent in these situations.

If a person would be the victim of racism in which online users went to the extreme length of socially abusing them online by repeatedly making racially derogatory remarks, no one would expect them to stay silent. America no longer tolerates flagrant displays of racism. Despite the fact that misogyny is often tolerated as a "normative dysfunction" in American society, that does not mean that Plaintiff Scott must retreat into silence. She is not legally or morally obligated to retreat into silence and hide from those socially abusing her on KiwiFarms.net. Yet that is what abusers like Joshua Moon, his employees and his dedicated users want from their victims: a retreat into silence. They want their victims to hide in shame and fear. Abusers want to silence their victims and Joshua Moon is no exception. This is the core reason Defendant Moon does not want Plaintiff Scott to have access to courts to bring him to accountability for uncivilized and extreme behavior.

In his Declaration Joshua Moon admits that he wants to use attorney's fees as a deterrent to end Plaintiff Scott's access to the courts (docket #91-1, bullet 13). He falsely believes he is a victim. He laments that "Ms. Scott has repeatedly sued me since 2017". What he fails to also mention are the *actions that he did which led to being sued*. If a person does an action in 2017, they can be sued in 2017 and beyond, depending on the statute of limitations. If a person does a new action in 2018, they can be sued again for that action in 2018 and beyond, depending on the statute of limitations. If again a person does a new action in 2019, they can be sued again for that

action in 2019 and beyond, depending on the statute of limitations. A *pro-se* litigant's inability to prevail in court because of technical issues in their Complaint does not invalidate their right to access to the courts. There is on legal precedent for Joshua Moon's belief that prior dismissals equate to barring future access to the court for new claims.

"Failure to state a claim" does not mean a Complaint does not have an arguable basis in law and therefore, there is no legal precedent for the notion that the Plaintiff can be stripped of her access to the court simply because of technical defects in her past Complaints. "We therefore hold that a complaint filed *in forma pauperis* is not automatically frivolous within the meaning of § 1915(d) because it fails to state a claim" (*Neitzke v Williams, 490 US 319 Supreme Court 1989*). Further, a few years later the court affirmed again that "we determined that a complaint filed in forma pauperis 32*32 which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) may nonetheless have "an arguable basis in law" precluding dismissal under § 1915(d)" (*Denton v. Hernandez, 504 US 25, Supreme Court 1992)*. A litigant's struggle to articulate in Complaints their grievances does not invalidate the entire process of them filing to assert their rights.

Defendant Moon and his Counsel would like to deceive this court into believing that sequential lawsuits for new causes of action are not allowed in a court of law. This is a legal conclusion from Defendant Moon and his Counsel not founded on the legal standards of the US Supreme Court, Fourth Circuit and Rules of Civil Procedure. Joshua Moon's goal of ending the Plaintiff's rights of access to the courts by a punishment of attorney's fees is illegal. Stopping access to the courts is not the purpose of fee shifting of attorney's fees according to the legal standards of the US Supreme Court and the Fourth Circuit.

Joshua Moon's goal of also getting the Plaintiff to reimburse his users for paying his legal fees is also sadistic, twisted and unconscionable. After Joshua Moon and his website users socially

abused, harassed, made malicious CPS calls against the Plaintiff, Cyberstalked and Cyberbullied the Plaintiff, Defendant Moon and his counsel then have the audacity and incivility to ask this court to have Plaintiff Scott pay Joshua Moon's abusive users back for their legal fees they paid through fundraisers to support the illegally operated and socially abusive website KiwiFarms.nent. The court should not turn a blind eye to this sick and twisted mentality within Defendant Moon and his Counsel's pleadings. The very request that an abused victim should pay their opposing part an award of attorney's fees is absurd, unconscionable and the antithesis of a civilized society.

Undeterred by being at knife point and by several people suing him, Joshua Moon has continued to nurture the product of his abusive and malicious mind: KiwiFarms.net. He has done this by his own choice. He could have decided to exercise common decency and change the approach of his website. Despite a public outcry from journalists and concerned citizens against his abusive, sadistic and stalking website KiwiFarms.net[1] Joshua Moon has continued to keep KiwiFarms.net alive. He lacks empathy toward those he abuses and even has laughed and mocked multiple victims of his site who have written him personal letters asking him to relent and cease his abusive behavior because they were losing their customers for their business or because they were experiencing emotional distress. Joshua Moon sadistically feeds like a blood sucking leech off of the power and control he feels over his victims. He relishes in his ability to hide his whereabouts while trying to "doxx" others in order to make them public targets. This court should not turn a blind eye of that fact: that Joshua Moon happily "doxx"s others personal information, including their address, but gives himself the special treatment of hiding his whereabouts so he can be a fugitive from accountability. He is malignant and a burden on civilized society. Joshua Moon is a

---

[1] See Docket #43, page 9, footnotes 10, 11, and 12, for a list of journalist articles written about KiwiFarms.net.

socially deviant, abusive, sadistic and uncivilized person who lacks the basic skill of common decency, as evident by his ownership of KiwiFarms.net.

Common decency invites a person's mind to act civilly toward others in society. There is absolutely nothing civil about KiwiFarms.net. It encourages Appropriation, Cyberstalking, Cyberbullying, Internet harassment, Public Scapegoating, and social abuse. This case is not, as Counsel Hardin falsely puts it, a squabble over "defamatory postings". This case is not about criticism of a public figure or people simply expressing their religious and political views in respectful discourse. This case here before the court is not limited to the issue of "derogatory postings" on KiwiFarms.net, as noted in the Plaintiff's informal brief before the Court of Appeals. Joshua Moon's actions go far beyond the bounds of what a civilized society considers decent behavior. His abusive and sadistic behavior has shocked many decent people.

Counsel Hardin has repeatedly failed to use the words "bad faith", "vexatious" and "frivolous" within their proper legal meanings. The same lack of conscience which leads Counsel Hardin to repeatedly lie without remorse in his pleadings is the same lack of conscience Counsel Hardin displays when he tries to file his pleadings under "color of law". Defining words outside of their legal definition in an attempt to accuse the Plaintiff is "color of law" work. Counsel Hardin doesn't care about the legal meanings of words and the law. He only cares about an outcome he wants, and he'll use any means necessary to get there, even lying. Counsel Hardin should be severely sanctioned for now lying on more than three (3) pleadings before this court. The Plaintiff has filed a Motion for Sanctions against Counsel Hardin (docket #89). This court should not permit him to represent Joshua Moon any further.

The reality here is that there is no basis for Defendant Moon and his Counsel calling Plaintiff Scott's pleadings "meritless", "frivolous", "vexatious", "bad faith", "oppressive" or

"wanton". Neither has presented facts and case law to support his legal conclusion that the Plaintiff has acted as any of those adjectives. They both most assuredly failed in using any of these terms within their proper legal meanings in their motions and other attachments and pleadings before this court. The issue is not Plaintiff Scott's Complaint, motions, and previous lawsuits, all of which have an arguable basis in law. The issue is that Counsel Hardin does not *want* a *pro-se* litigant to prevail in court because it would challenge his feelings of grandiosity as a lawyer.

Throughout the entirety of the case, since his appearance, Counsel Hardin has made many statements trying to portray Plaintiff Scott as the "other" because she is a *pro-se* litigant. He has shown he believes the rules and law don't apply to him and that he deserves special treatment outside of legally binding precedents when asking for an extension of deadlines for himself. He has sought to evade accountability for lying in pleadings and believed he was entitled to lie in legal pleadings without consequence. This court should not turn a blind eye between the correlation between his own feelings of grandiosity and how he couches the same argument for his client. He has peddled this same course of conduct when trying to couch his client's position. He has tried to convince this court that Joshua Moon is above the rules and laws and deserves special treatment, consistently motioning for action in the case inconsistent with the rules and laws of the US Supreme Court and Fourth Circuit. His motions are highly void of case law to support the majority of his legal conclusions. He has tried to convince this court that his client Joshua Moon should be able to behave however he wants without accountability.

Joshua Moon is not entitled to attorney's fees because his intentional, reckless, abusive and sadistic course of conduct is an "exceptional circumstance" which bars an award of attorney fees. It would be <u>unjust</u> to reward a malicious defendant an award of attorney fees, even if the plaintiff does not prevail in court. The Plaintiff will share in detail below the binding case law which shows

that awards of attorney's fees are barred in situations with "exceptional circumstances" and in situations in which an award would be "unjust". This court will be briefed below on the correct legal definition of "exceptional circumstances".

**Unjust awards of attorney's fees barred by legal precedent.** There is no statutory law that mandates an award of attorney's fees for Defendant Moon. It is not "required" under *Teague v. Bakker* as Counsel Hardin falsely claims. If anything, *Teahue v Bakker* demonstrates Plaintiff Scott is not liable for Moon's attorney fees: "the trial judge refused to award attorney's fees to either because he considered it to have been a "relatively close and difficult" case as to their liability". Joshua Moon's intentional choices to maliciously target the Plaintiff make him liable for the legal consequences he risked. He assumed the risk of operating a website that endorses and promotes illegal activity.

The Supreme Court has consistently held that an award of attorney's fees is a matter of discretion placed in the hands of judges weighing "exceptional circumstances" and what would not be "unjust". Consequently, the decision is one left to the discretion of the court. Prior legal precedents show that Defendant Moon's willful malicious conduct toward the Plaintiff bars an award of attorney's fees . "...[B]ut we have held that Congress intended that the award should be made to the successful Plaintiff *absent exceptional circumstances [which would render such an award unjust]*" (*Alyeska Pipeline Service Co. v. Wilderness Society, et al., 421 US 240 (1975)* citing *Newman v. Piggie Park Enterprises, Inc., 390 US 400, Supreme Court, 1968:* "unless special circumstances would render such an award unjust"). In *Fairfax v CBS Corp.* the Fourth Circuit Court of Appeals upheld a district court's decision to deny a prevailing defendant's request for attorney's fees because the award of an attorney's fees would be unjust. "The D.C. Court of Appeals relied on this contrast between prevailing defendants and plaintiffs in deciding that a

prevailing defendant is presumptively entitled to fees *unless special circumstances render a fee award unjust*" (emphasis added) (*Fairfax v CBS Corp. 2 F. 4th 286, Court of Appeals, Fourth Circuit 2021).* Awarding a malicious defendant with attorney's fees would "render a fee award unjust". In this case here between Plaintiff Scott and a malicious Defendant like Joshua Moon, an award of attorney's fees would be unjust.

Defendant Moon has conducted a course of action against the Plaintiff that is malicious, sadistic, socially deviant and abusive. Nobody in their right mind would refrain from legal action against a defendant like Joshua Moon who encourages Cyberstalking on his website. Plaintiff Scott is not alone in her course of action in suing Joshua Moon. He has been sued in British courts (to the favor of the opposing party) and he has been sued in 2 other federal districts in the U.S.A because of his website KiwiFarms.net. He has been reported numerous times to the FBI from multiple people because of the Cyberstalking and death threats that his website has hosted. Plaintiff Scott is not alone in her observation that Defendant Moon is a malicious, sadistic, socially deviant and abusive person. His course of conduct toward the Plaintiff has not been dignified nor civilized. Multiple respected journalists have reported objectively on his character and the abusive nature of the website he owns (KiwiFarms.net). His website has been linked as part of the proximate cause of the suicide of other KiwiFarms.net victims. He and his users victimize other members of society using KiwiFarms.net as a platform to Cyberstalk, Cyberbully, harass, abuse and scapegoat. His website was partially responsible for the suicide of a young teenage girl. All of these facts were noted in Plaintiff Scott's prior pleadings before this court (docket #43, page 9 and 10).

The root of Defendant Moon's malicious behavior is misogyny. He has repeatedly made public comments about the Plaintiff trying to "slut shame" her for expressing her sexuality outside

of his Patriarchal worldview[2]. He has tried to use his socially abusive website KiwiFarms.net as the host of an attempt to socially abuse and publicly scapegoat the Plaintiff because her children have different biological fathers[3]. This behavior from Defendant Moon is a sexist, misogynistic crusade aimed at the Plaintiff in order to reinforce his and his fellow users' sexist Patriarchal worldview. This court has the opportunity to not turn back the hands of time on the struggle for women's rights and women's equality by denying an unjust request aimed at awarding attorney's fees to a malicious, sexist defendant. This court has the opportunity to demonstrate to society that the abuse of women on the basis of their gender and misogyny is wrong, even if the sexist defendant prevails in court. A malicious defendant does not deserve to be compensated under fee shifting of attorney's fees. Unjust awards of attorney's fees to malicious defendants is unconscionable and barred by binding legal precedent.

**Awards of attorney's fees against the poor for participation barred by legal precedent.** "But there are countervailing considerations as well. We have observed that 'one should not be penalized for merely defending or prosecuting a lawsuit, and that the poor might be *unjustly* discouraged from instituting actions to vindicate their rights if the penalty for losing included the fees of their opponents' counsel" (emphasis added) (*FD Rich Co. v United States ex. Rel. Industrial Lumber Co., 417 US 116 (1974)* citing *Fleishmann Distilling Corp. v. Maier*

---

[2] https://kiwifarms.net/threads/2018-12-12-melinda-leigh-scott-v-andrew-carlson-joshua-moon-sherod-degrippo.50975/ in which Joshua Moon says about the Plaintiff: "Section (e) just claims that Andrew Carlson lied about her being a SLUT WHORE even though her having like a dozen husbands by age 30 would make that statement a fact".

[3] https://kiwifarms.net/threads/melinda-leigh-scott-marshall-castersen.32118/page-56#post-5824616: "I think a lot of guys looks turn you on, which explains why you're a cum dumpster with 6 babby daddies".
https://kiwifarms.net/threads/2019-01-24-melinda-leigh-scott-scott-v-moon-mkv.52722/#post-4258391: "It was also funny to me that not once does she ever categorically deny having 8 husbands, 4 baby daddies, etc. It can't be libel if it's true".
https://kiwifarms.net/threads/melinda-leigh-scott-marshall-castersen.32118/page -331#post-6404876: "By the way, your crotch monkeys have, uh, 7 ½ adult caretakers? Or is it 9 now?"

*Brewing Co., 386 U.S. 714, 718 (1967).* The legal standard given in *FD Rich Co. v United States ex. Rel. Industrial Lumber Co.* is that a litigant cannot "be penalized for merely defending or prosecuting a lawsuit" nor can the poor "be unjustly discouraged from instituting actions to vindicate their rights". That is exactly what Counsel Hardin for Defendant Moon seeks to do: penalize an indigent litigant for asserting their rights. He has sent personal letters in November 2020 and September 2021 to the Plaintiff to try to intimidate her out of litigation by threat of attorney's fees and post-judgment collections. He has no facts to support his legal conclusions and allegations of "frivolity", "vexatious" and "bad faith", so it is clear his motive is to halt, freeze, stall and end the Plaintiff's rights. This course of action is barred by the legal precedents of the US Supreme Court and the Fourth Circuit, as cited above.

**Defendant Moon's repeated incorrect use of the words.** Defendant Moon, by counsel, uses the word "frivolous", "vexatious" and "bad faith" in his Motion and accompanying attachments. However, once again, as typical of his other motions, replies and pleadings, he has failed to define "frivolous", "vexatious" and "bad faith" in accordance with the definitions supplied by the Supreme Court of the US and the Fourth Circuit. The US Supreme Court has supplied the definition of "frivolous" in *Denton v Hernandez, 504 US 25 - Supreme Court 1992.* In *Denton* the Court ruled that "frivolous" means an allegation that is "fanciful", "fantastical" or "delusional". The Court in *Denton* went on to say that a Complaint is only considered frivolous where it "lacks an arguable basis in law or fact" and that "a Complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) may nonetheless have 'an arguable basis in law'". Under this legal standard, Plaintiff Scott's Complaint and Appeal do not qualify as "frivolous". Her Complaint was approved for filing in the district court and deemed sufficient for an entry of Default "based on the pleadings and review of the record" (docket #19). This

determination in the Order that her Complaint (a "pleading") should proceed to a Default and hearing demonstrates that her Complaint has "an arguable basis in law", otherwise it would have been dismissed long before Counsel Hardin's "Notice of Appearance".

Likewise, "bad faith", according to the legal precedents outlined in rulings by the US Supreme Court, is a complaint or appeal that is "frivolous", which requires going back to the ruling in *Denton*. "[I]n the absence of some *evident* improper motive, the applicant's good faith is established by the presentation of *any* issue not plainly frivolous." (emphasis added) (*Farley v United States*, 354 US 521, 77 S. Ct. 1371, 1 L. Ed. 2d 1529 - Supreme Court, 1957). *Farley* again uses the word "frivolous", which again requires going back to *Denton*. Counsel Hardin's Motion fails the test of these cases.

Vexatious litigants also are also not recognized as an impediment to judicial processes under Virginia state law. Virginia has no vexatious litigant clause in its laws. Virginia Code Section 8.01-271.1 mirrors Federal Rule 11 in that it gives courts discretion to declare someone a "vexatious litigant" under section "D" of the code as a form of "sanction". The sanction of declaring someone "vexatious" has been used very sparingly in the history of Virginia. It has also been used sparingly in the US Supreme Court and the Fourth Circuit. It is used most often in extreme cases, such as one person who filed 750 lawsuits in 14 years (*Judd v Sec. of State WV, et al Fourth Circuit 2011*). Or another, who re-filed a case that was dismissed with prejudice several times (*Kim v. Progressive Northern Insurance Company Dist. Court. D. South Carolina 2017*). Or one individual that filed more than 100 motions for relief in one case that the judges described as "imaginative" (*Whitehead v Paramount Pictures Corp, Dist. Court, ED Virginia 2009*). Or a woman who filed 200 civil complaints in 3 years (*Levy v. Extended Stay America, Dist. Court. WD*

*North Carolina 2013)*. These cases do not parallel the actions of Plaintiff Scott in this case. As such, there is no legal basis for Counsel Hardin accusing the Plaintiff of being "vexatious".

**Defendant Moon's Motion and Attachment do not comply with legal standards**. In his Motion and accompanying attachments Counsel Hardin tries to invoke the "American Rule". He arbitrarily selects a quote from *Blue v. United States Dep't of Army* referring to someone who has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons". Once again, this use of this quotation is inappropriately selected because he doesn't support his legal conclusion with any facts. He just plops the quotation into paper without drawing any correlation to any specific fact. He also fails to define these words according to the definitions given in the above cited case law. His quotation choice is just a cut and paste of a quotation with no supporting facts. Defendant Moon's counsel *cannot*, and repeatedly has *not*, cited any *findings of fact*, demonstrating that Plaintiff Scott has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons". He has *not* demonstrated any facts that demonstrate Plaintiff Scott has acted *according to the legal definitions of* "bad faith", "vexatious", "wanton" or "oppressive". He simply picked terms out of one case and slapped them on paper.

**Distinguishing factors of *Blue v United States Dep't of Army*.** Defendant Moon's Counsel's choice of *Blue v United States Dep't of Army* is inappropriately chosen for the case here. "This case is not one of a district court sanctioning attorneys and their clients for forwarding novel legal claims. Rather, it is a case in which a district court imposed sanctions because the parties and counsel *pressed on a massive scale insubstantial claims unsupported by any credible evidence*" (emphasis added). Here in this case, Plaintiff Scott has not "pressed on a massive scale insubstantial claims unsupported by any credible evidence". The Plaintiff's in *Blue* received sanctions after the district court laid out a series of findings of facts "over a substantial period of

time" which "mandated a finding of bad faith". "In March and April 1985, the court conducted extensive sanctions hearings to determine the reasons why plaintiffs had abandoned their claims and whether the claims were frivolous. It heard several weeks of testimony and argument by the parties" (*Blue v US Dept. of Army*). That is the legal threshold: an actual inquiry from a district court to collect findings of facts. "In an opinion dated December 28, 1987, the district court rejected as frivolous Blue's tried claims...." (*Blue v US Dept. of Army*). The findings of frivolity, required by the legal standards of the US Supreme Court, were laid out in an Opinion by the district court in *Blue*. Here, the district court in this case did not do any investigation into facts nor did it set forth any findings of facts pointing to anything that Plaintiff Scott has filed which demonstrates "frivolity" or "bad faith". This is why Defendant Moon's motion and accompanying attachment are completely void of any findings of fact. His sloppy use of *Blue v US Dept of Army*, which is completely different in the distinguishing factors than this case, does not avail as an argument.

This concludes the Plaintiff's Memorandum of Law.

SIGNED,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87 (VA ACP address)
Richmond, VA 23218
540-692-2342
mscottw@gmu.edu

## CERTIFICATE OF SERVICE

I certify that I have mailed a copy of this MEMORANDUM OF LAW to Counsel for the Defendant, Matthew D. Hardin, VSB #87482, 1725 I Street NW, Suite 300, Washington, D.C., 20006, and at matthewdhardin@gmail.com on this __15th____ day of OCT., 2021.

SIGNED,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87 (VA ACP address)
Richmond, VA 23218
540-692-2342
mscottw@gmu.edu

MEMORANDUM OF LAW
10.14.21
PAGE 16 of 16