**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**(Big Stone Gap Division)**

MELINDA SCOTT,

Plaintiff,

v.

WISE COUNTY DEPARTMENT OF
SOCIAL SERVICES, *et al*.,

Defendants.

**Case No. 2:20-cv-00014-JPJ-PMS**

**JOSHUA MOON'S REPLY**
**IN FURTHER SUPPORT OF**
**MOTION FOR ATTORNEY'S FEES**
**AND COSTS**

NOW COMES Joshua Moon, by and through undersigned counsel, and in further support of his motion for an award of attorney's fees and costs, and states as follows:

1) Plaintiff's response and accompanying brief illustrate her anger and rage at the defendant, but not the merits of her claims or her own good faith.[1] To the extent that this Court has already ruled, repeatedly, that Ms. Scott's claims have no legal merit, her repeated claims to the contrary and admissions that she "warned" Mr. Moon that he would be sued if he did not capitulate to her unlawful demands, are further evidence of Ms. Scott's bad faith. Indeed, the Plaintiff has even admitted that she sought to challenge Mr. Moon to a duel with her boyfriend or husband as a way to avoid attorney's fees brought about by her own malicious lawsuits.

---

[1] To the extent that the Plaintiff makes all manner of inadmissible, ill-sourced and scandalous accusations against the Defendant and kiwifarms.net in her brief, which accusations in many cases have no tie at all to the instant litigation, this Court should view such malicious statements as evidence of the Plaintiff's bad faith litigation behavior. To the extent that the Plaintiff continues to accuse undersigned counsel of all manner of impropriety without evidence or any articulable basis in fact or law, the Court should also consider the Plaintiff's behavior towards counsel as further evidence of Ms. Scott's bad faith.

2)  Defendant Moon does not oppose the Plaintiff's request for a hearing on the motion for

an award of attorney's fees and costs insofar as this Court might also wish to impose a

pre-filing injunction and the imposition of such an injunction is an extreme (yet

warranted) remedy.[2] Defendant Moon does, however, again note that various topics that

the Plaintiff proposes to explore at a hearing are off-limits to her or irrelevant. *See, e.g.*,

*Temme v. Bemis Co.*, 762 F.3d 544, 549 (7th Cir. 2014) ("[T]hird-party financing of

litigation is generally not a bar to an award of attorneys' fees."), *accord. Tidewater Patent*

*Development Co. v. Kitchen*, 421 F.2d 680 (4th Cir. 1970) and *ABC, Inc. v. PrimeTime*

*24, Joint Venture*, 67 F. Supp. 2d 558 (M.D.N.C. 1999).

3)  Updated declarations of Defendant Moon and undersigned counsel, detailing facts that

were not available at the time of the original motion in this matter and events that took

place after the declarations which were signed and affixed to the original motion, are

attached hereto as Exhibit 1 and Exhibit 2, respectively.

4)  Certified copies of documents obtained from the Buchanan County General District

Court are attached hereto as Exhibit 3. These records illustrate that Ms. Scott has

previously been sanctioned by a sister court for bad faith litigation tactics and that she has

not satisfied the judgment of sanctions[3] that was imposed on her by that Court. Defendant

---

[2] Should the Court decline to consider entering a pre-filing injunction, Defendant Moon would then oppose the Plaintiff's request for a hearing for the same reasons he stated in his reply to one of the Plaintiff's prior motions, filed at ECF No. 92. Defendant Moon notes that the Plaintiff's requests for hearings appear designed to increase litigation costs for no legitimate purpose and that the "evidence" the Plaintiff proposes to bring forth in an evidentiary hearing would be irrelevant and inadmissible.
[3] As set forth at ECF No. 85-1, undersigned counsel specifically requested any satisfaction of judgment from the Buchanan County General District Court. The absence of any satisfaction of judgment or release of judgment in the record indicates that the judgment is outstanding.

Moon respectfully submits that this Court should consider the Buchanan County

documents for the following purposes:

a.  The Buchanan County documents illustrate that Ms. Scott's behavior in this Court

    is not new, but is instead part of a years-long and escalating pattern of abuse of

    the legal system.

b.  The Buchanan County documents show that a sister court has specifically

    sanctioned Ms. Scott for "frivolous" litigation in the past and that she is aware of

    those sanctions and the penalties for filing frivolous litigation.

c.  The Buchanan County documents illustrate that Ms. Scott refuses to pay awards

    of attorney's fees which are entered against her, such that a pre-filing injunction is

    particularly appropriate to protect Mr. Moon and others from future vexatious

    suits.

d.  The Buchanan County documents, especially when viewed against the backdrop

    of Ms. Scott's own filings in this Court and in the Wise County Circuit Court in

    this and her several other matters filed against Mr. Moon, illustrate that Ms. Scott

    has played "fast and loose" with the factual representations she has made to this

    Court relating to her own litigation history. Further, Ms. Scott has made malicious

    and ill-founded accusations that undersigned counsel has engaged in sanctionable

    behavior, which representations are directly contradicted by the Buchanan County

    documents and this Court's own records from Ms. Scott's multiple cases against

    Mr. Moon and others (including the judges and clerks of Buchanan County).

e.  The Buchanan County documents also illustrate Ms. Scott's habitual abuse of the

    "settlement" process. In the Buchanan County matter, Ms. Scott obtained

payment from an opponent to "settle" various of her claims. After obtaining payment, Ms. Scott nevertheless sued on the basis of claims which she had expressly waived, and attempted to extort still further sums of money, all without even attempting to formally rescind her written and signed agreement and without returning funds she had received in consideration for signing such an agreement. Similarly, in this matter Ms. Scott has repeatedly attempted to coerce Mr. Moon into a "settlement" that grants her relief that she has been repeatedly denied in her numerous cases against Mr. Moon and which she is on notice she is not legally entitled to receive, by threatening to sue him again, repeatedly, if he does not accede.

WHEREFORE, Mr. Moon respectfully requests that this Court award attorney's fees and costs in this matter in an amount not less than $14,024.40 (which represents the amount requested in the original filing in this matter, in addition to costs contained in the updated declaration of counsel which is attached hereto).

Respectfully submitted this the 22nd day of October, 2021,

JOSHUA MOON

**By Counsel:**

/s/Matthew D. Hardin
Matthew D. Hardin, VSB #87482
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com

**<u>Certificate of Service</u>**

I hereby certify that I will file a true and correct copy of the foregoing document with the Court's CM/ECF system, which will electronically serve counsel of record. I have also deposited a true and correct copy of the foregoing document into the U.S. Mail, with First Class postage prepaid, directed to:

Melinda Scott
2014PMB87
Post Office Box 1133
Richmond, VA 23218

Dated: October 22, 2021

<u>/s/Matthew D. Hardin</u>
Matthew D. Hardin
*Counsel for Joshua Moon*