IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

OCT 27 2021

JULIA C. DUDLEY, CLERK
BY: _A. Meade_
DEPUTY CLERK

| | |
|---|---|
| MELINDA SCOTT, ) | |
| ) | |
| PLAINTIFF. ) | |
| ) | |
| V. ) | CL NO. 2:20cv14 |
| ) | |
| WISE CO. DSS, ) | |
| ET AL., ) | |
| ) | |
| DEFENDANTS. ) | |

## SUPPLEMENTAL EXHIBITS

COMES NOW, the Plaintiff, Melinda Scott and submits these supplemental exhibits in

further support of her Motion for Sanctions (docket #89 and #96). In her second response (docket

#96) she asked the court to act under Rule 11(3) and consolidate the issue, in the interest of

conserving judicial resources and eliminating the need to file sequential Motions for Sanctions:

## COUNSEL HARDIN CONTINUES TO LIE IN PLEADINGS

## IN VIOLATION OF RULE 11(B)

1. Counsel Hardin has once again made false statements and lied in a pleading filed before
   this court (docket #99)
2. Counsel Hardin has now also crafted pleadings in which he has had his client sign off
   which also contain false statements (lies) regarding the Plaintiff in violation of Fed. Rule
   Civil Rule 11(b) (docket #99-1)

3. The false statements (lies) made by Counsel Hardin in docket #99 are:

    a. "the Plaintiff has even admitted that she sought to challenge Mr. Moon to a duel with her boyfriend or husband as a way to avoid attorney's fees brought about by her own malicious lawsuits" (docket #99, ¶1). The Plaintiff made no such statement anywhere whatsoever indicating that an offer of mutual combat had anything to do with withdrawing litigation in which Plaintiff Scott was involved. Further, Counsel Hardin has presented zero evidence demonstrating that the Plaintiff's lawsuit, which has an arguable basis in law, was done for "malicious" reasons. He is making false statements to project his own client's *actual* malice onto the Plaintiff.

    b. "These records illustrate that Ms. Scott has previously been sanctioned by a sister court for bad faith litigation tactics and that she has not satisfied the judgment of sanctions that was imposed on her by that Court." (docket #99, ¶4). The Defendant's own exhibits show that the Plaintiff did not appear in court on time and her side never heard, so it can't be said that the Plaintiff acted "frivolously". In the absence of the Plaintiff to defend herself[1] and present her side of the story, the Defendant was awarded attorney's fees, the court did not sanction the Plaintiff. Further, the word "Sanction" never appears once on the Defendant's exhibits. The Plaintiff has attached exhibits showing that the Buch. Co. GDC that the disposition of the case was "case dismissed", and that no outstanding judgment exists in the court's database.

    c. "The Buchanan County documents show that a sister court has specifically sanctioned Ms. Scott for "frivolous" litigation in the past and that she is aware of those sanctions and the penalties for filing frivolous litigation." (docket #99, ¶4b). This is a false statement. This court was apprised of Plaintiff Scott's position on the Buch. Co. GDC case in Docket #89. Plaintiff denies it was a sanction and has stated clearly it was nothing more than a mis-trial because the Plaintiff was late for court. Further, the Plaintiff has attached exhibits demonstrating that she appealed the

---

[1] The court's initial decision, which Counsel Hardin submitted as an exhibit, establishes as fact that the Plaintiff was late to court that morning (although they couched the argument as "failure to appear").

case and was unlawfully denied an appeal under "color of law" by the Clerks and Judges of Buchanan Co. GDC.

d. "The Buchanan County documents illustrate that Ms. Scott refuses to pay awards of attorney's fees which are entered against her" (docket #99, ¶4c). The Plaintiff has attached an exhibit showing the disposition of the case was "case dismissed", and that no judgment exists in the court's database. The Plaintiff denies that there is any outstanding judgment against her. When the Buch. Co. GDC officials learned of Plaintiff Scott's petitions to a Federal Court for an injunction against them to comply with the law (VA Code 16.01-107(B), the courthouse withdrew their order because they unlawfully denied Plaintiff Scott's rights to appeal in the Circuit Court. They knew it would be unlawful for them to try to pursue a judgment at that point because they acted in a manner inconsistent with *due process.* "A void judgment is a legal nullity. See Black's Law Dictionary 1822 (3d ed.1933)... it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. See Restatement (Second) of Judgments 22 (1980)" (*United Student Aid Funds, Inc. v. Espinosa, 559 US 260 - Supreme Court 2010*).

e. "Ms. Scott nevertheless sued on the basis of claims which she had expressly waived, and attempted to extort still further sums of money" (docket #99, ¶4e). This is a false statement for which Counsel Hardin produced no evidence of the Plaintiff committing extortion. Plaintiff Scott has attached exhibits demonstrating that she was coerced into signing a waiver of claims.

f. "Ms. Scott has repeatedly attempted to coerce Mr. Moon into a "settlement"...by threatening to sue him again, repeatedly, if he does not accede." (docket #99, ¶4e). This is another one of Counsel Hardin's pathological lies and a blatantly false statement. Here is another attempt by Counsel Hardin to "copy cat" the Plaintiff's words and project others' actions back on her. The Plaintiff has attached email exhibits demonstrating that it was Counsel Hardin who initiated contact with Plaintiff Scott in an effort to talk her out of litigation. The Plaintiff merely responded that Defendant Moon always had the option to settle and it was his

choice. There was absolutely no coercion presented on the part of Plaintiff in any of the letters.

## COUNSEL HARDIN HAS SUBMITTED DOCUMENTS ON BEHALF OF HIS CLIENT MAKING FALSE STATEMENTS IN VIOLATION OF RULE 11(B)

4. Despite signing under "penalty of perjury", Defendant Moon has signed his name to false statements on his "Supplemental Declaration" (docket #99-1). The false statements (lies) made by Defendant Joshua Moon, in violation of Rule 11(b), and submitted by Counsel Hardin are:

    a. "Ms. Scott has threatened to shoot me if I collect a judgment from her".

    b. Plaintiff Scott has never once made a death threat against Joshua Moon. He is lying and trying to project back the death threats that his website made against Plaintiff Scott and which are documented in this court's records (docket #42, Exhibit B).

    c. Plaintiff Scott has attached exhibits demonstrating that: (1) what the Plaintiff Scott said was that *because* (a) Joshua Moon threatened publicly on a YouTube video to use random people he would hire to trespass on the Plaintiff's property, harass her and cause her bodily injury[2] and because (b) of KiwiFarms.net history of making

---

[2] Joshua Moon owns a YouTube channel called "MATI Archive". In a YouTube video published on his channel, which was entitled "The Fungus Among Us" and published September 10, 2021, Joshua Moon stated he had: (a) the intent to harass the Plaintiff via third parties he planned to hire and send to her house (b) the intent to cause the Plaintiff bodily injury through a third party he planned to hire and send to her house, (c) the intent to send drunkards, intimidating strangers and trouble makers who bring crime to the Plaintiff's house to take her money and property. The hyperlink to the video is https://www.youtube.com/watch?v=2BCenYWoLw0./// His statements appear on the following at timestamps: (1) Intent to send a harassing drunkard: 1:05:50: "I need aggravating white trash in the state of Virginia willing to visit this house and demand property...I need the most lickerish man that has ever lived to wear a GoPro and record himself..." (2) Intent to cause bodily injury by a third party: 1:06:34: "I need someone...who can handle himself in a physical confrontation" (3) Intent to harass the Plaintiff via a third party: 1:06:58: "My thought is, if she's currently being harassed by white trash incarnate, she cannot sue me anymore...". (4) Intent to engage in phone harassment 1:07:10: "being called at random hours of the day" (5) Intent to send strangers to the Plaintiff's residence: 1:07:15 "and being visited by a strange man..." (6) Intent to use video footage for Internet Harassment: (a) 1:07:34: "You can stream the footage" and (b) 1:07:37 "As long as I can also do whatever I want with the footage.(7) Intent to send a troublemaker who brings crime along with him to Plaintiff's house: "Ice Poseidon needs money, right?". "Ice Poseidon" (Pau Denino) is another toxic website owner whose followers commit crimes against people featured on his show

death threats to her, threats to do bodily injury, and a pattern of Cyberstalking exhibited against her, she would use deadly force, if necessary, within the confines of VA law, against anyone coming on behalf of KiwiFarms.net trespassing upon her property who threatens her physical safety.

## EXHIBITS ATTACHED

5. In an effort to try to deceive this court, Counsel Hardin has only selectively attached exhibits regarding the Buchanan County GDC case.

6. The Plaintiff has attached exhibits demonstrating:

   a. That there is no outstanding judgment against her and that as it stands, the current disposition of the Buch. Co. GDC case is "Case Dismissed". There is no outstanding judgment listed in the Buchanan County GDC records. (Exhibit 𝐴 )

   b. That the Plaintiff pursued relief in higher courts because the Clerks and Judges of Buchanan County General District Court acted under "color of law" by denying her an Appeal Bond, in violation of her statutory rights under VA Code §16.1-107(B).

   c. Although this case is not the place to argue *Scott v ARS*, exhibits have been attached demonstrating that if the Plaintiff had been granted her lawful right to present her case on appeal in the Circuit Court she would have had ample evidence demonstrating that she was *coerced*, in violation of *Restatements* rules of Contracts, into signing the waiver of August 25, 2017.

      i. This court should take notice that:

         1. On August 23, 2017 the Defendant ARS showed their intent to refund the Plaintiff's money at 4:30 pm on August 25, 2017 and no mention of a claims release was made when they signaled their intent to refund the money via check.

---

(See https://dotesports.com/streaming/news/ice-poseidon-releases-open-letter-to-twitch-apologizes-for-past-behavior)

2. The Claims release was drafted on August 24, 2017 in the office of the Defendant ARS. The Plaintiff (Plaintiff Scott) was not notified of its existence.

3. On August 25, 2017 Defendant ARS refused to hand over the Plaintiff's refund without her signing the claims form. This is an unlawful contract practice called *coercion*.

4. Plaintiff Scott previously alerted this court of this in Docket #89, page 3, bullet 7, so Counsel Hardin has no reason to continue to lie and tell this court that the litigation was "frivolous" since the Plaintiff was never heard in court, as documented in his own exhibits. It can't be said that someone's case is "frivolous" when they didn't have a chance to speak for themselves and their appeal rights were unlawfully denied.

d. Counsel Hardin initiated contact with the Plaintiff, the Plaintiff in no way coerced Defendant Moon to settle in her response.

e. The Plaintiff never stated that any future claims for Appropriation was a threat if Defendant Moon refused her offer to settle. What the Plaintiff stated was that if Defendant Moon chose to settle with the Plaintiff, and remove her legal name and references to her business from his website, there would be no need to file a future Appropriation case.

f. Exhibits showing that the Plaintiff stated online (via KiwiFarms.net) she would use deadly force, if necessary, on anyone *trespassing* (within the meaning of Va Code 18.2-199), on her property who threatened her physical safety. This was stated in the context of a history of repeated threats made by KiwiFarms.net users to (a) kill the Plaintiff (see docket #42, Exhibit B) (b) cause her bodily injury (see footnote 2 above) (c) track her whereabouts (see docket #38) and (d) exploit her address for harm (see docket #42, Exhibit A for a KiwiFarms.net user's harassing email to the Plaintiff stating her address would be exploited to harm her). These threats also came from the mouth of Joshua Moon, as cited above in this Supplement Exhibit filing.

SIGNED,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87 (VA ACP address)
Richmond, VA 23218
540-692-2342
mscottw@gmu.edu

CERTIFICATE OF SERVICE

I certify that I have mailed a copy of this SUPPLEMENTAL EXHIBITS to Counsel for the

Defendant, Matthew D. Hardin, VSB #87482, 1725 I Street NW, Suite 300, Washington, D.C.,

20006, and at matthewdhardin@gmail.com on this 25th day of OCT., 2021.

SIGNED,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87 (VA ACP address)
Richmond, VA 23218
540-692-2342
mscottw@gmu.edu

SUPPLEMENTAL EXHIBITS
10.25.21
PAGE 7 of 7