Exhibit F
7 pages

## Re: Notice/Filing

Matt Hardin <matthewdhardin@gmail.com>
Thu 9/23/2021 1:22 PM
To: mscottw <mscottw@masonlive.gmu.edu>

▌ 1 attachments (118 KB)
Sept23Letter.pdf;

Good afternoon,

My client has asked that I send you the attached letter.

**Matthew D. Hardin**
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com


Received from mscottw < mscottw@masonlive.gmu.edu > on Sep 23, 2021 at 12:31 PM:

Find enclosed.

Melinda Scott
PO BOX 1133-2014PMB87
Richmond, VA 23218
mscottw@gmu.edu
540-692-2342

Matthew D. Hardin
# Hardin Law Office
1725 I Street NW, Suite 300 · Washington, DC 20006
Phone: (202) 802-1948 · Email: MatthewDHardin@protonmail.com

September 23, 2021

Melinda Scott
2014 PMB 87
P.O. Box 1133
Richmond, VA
*Via Email to*: mscottw@masonlive.gmu.edu

      Re: *Scott v. Wise Co. Dept. of Social Services et al.*
          Va. W.D. Case No.: 2:20-cv-00014-JPJ-PMS
          4th Cir. Case No.: 21-2006

Ms. Scott:

      I am writing at the express request of my client, Joshua Moon, who has asked me to give you one final opportunity to de-escalate your pattern of litigation before we are forced to seek fees and costs against you in both the District Court and the Fourth Circuit.

      As you are aware, the District Court has already determined that your initial Notice of Appeal was not filed in good faith. As you may know, "Under the bad faith exception to the American Rule, a court may award attorneys fees against a losing party or attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Blue v. United States Dep't of Army*, 914 F.2d 525, 533 (4th Cir. 1990) (internal citations omitted). Should we be required to defend the District Court judgment on appeal, we will also move for damages and the costs of appeal pursuant to Fed. R. App. P. 38.

      Our Motion for fees and costs in the District Court is not due until October 13. Our brief in the 4th Circuit is also not yet due. As such, there is still time for you to reconsider your course of conduct before we expend further sums litigating what the District Court has already determined are meritless claims. Please be advised that if we are forced to litigate and obtain a judgment against you for costs, fees, or both, we will pursue post-judgment collection efforts. You will be required to answer discovery requests related to your assets, to include publishing contracts, web-based and intellectual property interests, and any other assets you have, whether tangible or intangible. Your failure to pay a judgment arising from the instant case may also have a bearing on future applications for *in forma pauperis* status and may ultimately lead to the courts entering pre-filing injunctions against you.

      Despite your behavior to date, my client takes no pleasure in the prospect of seeking judgment against you or collecting such a judgment in the years to come. He is asking that you take one final opportunity to reconsider your course of conduct.

                                                            Regards,

                                                            Matthew D. Hardin

1

## Response to letter of 9.23.21

**mscottw <mscottw@masonlive.gmu.edu>**
Fri 9/24/2021 10:26 AM
To: matthewdhardin@gmail.com <matthewdhardin@gmail.com>
Cc: Matthew D. Hardin <MatthewDHardin@protonmail.com>

Find enclosed a signed letter from me in response to your letter you emailed yesterday. I have addressed the letter to you, but it is for your client, Joshua Moon, as well.

Note: For convenience, I have signed the letter using a pdf squiggly tool, so it may look slightly different than my usual pen signature.

Melinda Scott
PO BOX 1133-2014PMB87
Richmond, VA 23218
mscottw@gmu.edu
540-692-2342

Melinda Scott
PO BOX 1133
Richmond, VA 23218
Friday, September 24, 2021

Matthew Hardin
1725 I St. NW, Ste. 300
Washington, D.C., 20006
*Sent via email to matthewhardin@gmail.com*

      RE:    Joshua Moon
              Letter of Sept. 23
              4th District Case: 2:20cv14
              4th Circuit Case: 21-2006

Mr. Hardin,

      I am writing this letter in response to your letter of September 23, 2021 which was written on behalf of your client Joshua Moon. I recall at one time, on April 2, 2017, I sent a letter to your client Joshua Moon with a similar "reconsider your course of conduct or I will take legal action". I was met with obscenities and vulgarities coming from the other end of the email. See Exhibit A and B attached to this letter. It seems that the tables have turned, except I will omit vulgarities and obscenities from my response.

      I am aware of the 4th District Court's decision to grant the Motion for an Appeal Bond, which included a "bad faith" opinion being signed off by a magistrate Judge. However, the District Court is not the final say on any Order. The legality of any Order can certainly be challenged, and considering the Order of September 22, 2021 was wholly lacking in conformity with the legal standards of the Fourth Circuit and the Supreme Court of the U.S., there is much to say to the Court of Appeals regarding that Order. I could write several paragraphs discussing further details and assessing the motives of such an Order, but I don't think it's necessary to do that in this letter. I will just say that I am prepared to point out to the Court of Appeals that the Order of September 22, 2021 was another abuse of discretion by the 4th District Court.

      You have yet to prove under the legal standards of the Fourth Circuit and the US Supreme Court that any of my complaints or pleadings fall under the *legal definitions* of "frivolous", "vexatious", "bad faith", "wantonly" or "oppressive". It's easy to throw words around in motions and pleadings, but just as a Plaintiff cannot plead merely legal conclusions and general statements in their Complaint, and instead must also plead *facts*, every motion and pleading asking for relief must state the *facts* upon which it relies. The plain *fact* here is, you will not be able to demonstrate any evidence nor facts which point to any behavior I have done which fall under the *legal definitions* of "frivolous", "vexatious", "bad faith", "wantonly" or "oppressive". Further, if the judges of the Fourth District Court continue to sign off on Opinions and Orders which wholly lack *facts* to support their Opinions and Orders, I will certainly continue

to appeal any abuse of discretion which is the result of a lack of *facts*. This is precisely what a Court of Appeals looks for: an error on the part of the district court when collecting facts, or their failure to adequately identify facts.

Take note, that my prior Appeal (19-1123) to the Court of Appeals[1] was solely revolving on the issue of CDA [47 U.S.C] Section 230 immunity and was dismissed on the following grounds:

> *"We agree with the district court that Scott's complaint contained insufficient allegations that the Defendants provided illegal content about her or encouraged such content to be posted online."*

The reason my case was dismissed before was for no other reason than my Complaint lacking sufficient allegations to clearly state that Joshua Moon did not qualify for immunity under CDA [47 U.S.C] Section 230. This is no longer an issue here in this case, as I was sure to put a nice long paragraph in my Complaint (docket #2, paragraph 76). My other prior Appeal to the Court of Appeals (19-1011) was revolving the issue of whether or not there were sufficient allegations in the Complaint indicating that Joshua Moon was a state actor[2]. The case was dismissed solely on the grounds that the Complaint did not contain sufficient allegations to qualify him as a state actor.

The point is here, that I do not expect the Court of Appeals to dismiss this current Appeal on the grounds that I have not sufficiently included allegations regarding Joshua Moon's (lack of) immunity under CDA [47 U.S.C] Section 230. There is a nice long paragraph about that in my complaint (docket #2, paragraph 76). Nor do I expect them to dismiss it for lacking sufficient allegations regarding IIED. Even Judge Jones, prior to him being offended, ruled that my allegations were sufficient. He only changed his mind after being offended. I also have plenty of case law in my Appeal to support my assertion that I have met the legal standard for pleading all four elements of an IIED case against Joshua Moon. My case law is long and very reliable.

If the district court awards you attorney fees, without (once again) asserting facts and case law upon which their opinion and order rests, I will appeal it to the 4th Circuit Court of Appeals. Even if after all is "said and done" there is a judgment for which you could collect, I don't think it's in your best interest to go through that painstaking process because there isn't much of anything for you to take from me. Be advised, I'm not saying this to boast about being "judgment proof", I'm just stating these are the circumstances, *as a matter of fact*. As a matter of fact, I fall into a particular financial category. The Virginia Homestead Exemption Act[3], which includes the "Poor Debtor's Exemption"[4], protects the basic assets I have. There's also limits on my wages that you can take[5]. All of my other assets, which mostly is a life insurance policy,

---

[1] https://law.justia.com/cases/federal/appellate-courts/ca4/19-1123/19-1123-2019-07-02.html
[2] https://law.justia.com/cases/federal/appellate-courts/ca4/19-1011/19-1011-2019-07-02.html
[3] https://law.lis.virginia.gov/vacode/title34/chapter2/section34-4/
[4] https://law.lis.virginia.gov/vacode/34-26/
[5] https://law.lis.virginia.gov/vacode/34-29/

exist in a Trust for my children. This Trust pre-dates your request for Attorney fees and was constructed because I need to be realistically prepared for leaving my dependents with provisions if I have an untimely passing. I also had to build the Trust to ensure that my dependents end up with more of a fair share outside of Virginia law's requirement to leave a portion of anything I own to my legal spouse (should I pass away untimely). These assets in the Trust I have created for my children's well being can't be touched by any judgment against the person "Melinda Scott".

The other reality here is that your client had other options than what you perceive to be an "escalated pattern of litigation". Your client could have: (a) removed prior to the litigation my legal name, photo and business name from his website, as legally requested on April 2, 2017[6] (b) responded sooner to the lawsuit that he had constructive notice[7] of, on July 10, 2020 (c) been as courteous as he attempts to be now and offered me a settlement earlier in the process. It also perplexes me *why*, if you believe that my case is so meritless, and will ultimately fail, that you both choose to even respond.

Even if this case is dismissed, I still will pursue an Appropriation claim against Joshua Moon either in State or Federal court. The only reason I didn't include it in my 2020 Complaint was because my best chance at prevailing was to let all the violations accrue within the statute of limitations. No disgruntled judge, no matter how offended, can remove my constitutional right to file. With me including adequate allegations about the (lack of) immunity under CDA [47 U.S.C] Section 230, the case will likely prevail. I am also considering bringing a case against Joshua Moon for: (a) Tortious Interference with Contract or Business Expectancy and (b) the Tort of (Civil) Conspiracy. The point being, as I have stated before, I will exhaust all legal remedies available to me to both prevent additional damages and recover for past injuries and damages. I will continue to be persistent.

Absent in your letter, written on behalf of your client, is any mention of *his* behavior. Of course you are hired to seek the interests of your client, but if you're going to write me a letter at the request of your client seeking to mitigate what you deem to be an "escalation of litigation", with no acknowledgment on the part of your client about *his* behavior, it is sure to result in me questioning your client's intentions. I read the judge's opinion in Russell Greer's case. Of particular note is the judge's statements in the conclusion: "The court sympathizes with Mr. Greer's plight". Your client could do well in taking heed to this particular judge's reasonable and more humane approach to litigation.

There is a very simple solution to halt and end litigation between your client and I and consequently, stop any further lawsuits, costs and fees for him. It is a solution that has been

---

[6] In a prior pleading you asserted that your client was not guilty of Appropriation however, the Tort of Appropriation in *Restatements* and VA law is very straightforward. You can't use someone's name and photo for a business without their permission.
[7] For a briefing of the Fourth Circuit's legal standards of "constructive notice" requiring a Defendant to act, see docket#42, Memorandum of Law, bullet II. Note: it states "Fourth District". That is an error on my part, it should read "Fourth Circuit". See also *Krupski v. Costa Crociere SpA, 560 US 538 - Supreme Court 2010* and *Neale v. Liberty Mutual Insurance Company, Dist. Court, WD Virginia 2020*

available all along: your client remove my legal name, references to my business, and photos I don't consent to from his website. If your client would like to sign a legally binding settlement agreement that we mutually agree on, with the following terms listed below included, I will: (a) withdraw my current Appeal (b) end all litigation in the Fourth District and Fourth Circuit (c) mutually notify the court that we have reached a settlement (d) not file any further cases for Appropriation (e) waive any other rights to claims or damages for any action taken by your client prior to the signed settlement agreement:

1. Your client removes all references, tags and SEO searches to my name such as "Melinda Scott", "Melinda L. Scott", "Melinda Leigh Scott", and "mscottw@gmu.edu" from his website KiwiFarms.net, and any offshoots of his website that he controls.
2. Your client removes all references, tags, photos and SEO searches to my Copyrighted work, "Juvenescence Outdoors" (both the 4th and 5th edition) from his website, KiwiFarms.net, and any offshoots of his website that he controls.
3. Your client agrees to prohibit any publication of my legal name, in any form, or reference to my copyrighted works, in any form, in the future on his website KiwiFarms.net, and any offshoots of his website that he controls, at any time.
4. Your client agrees to prohibit any publication of my residential address or county of residence on his website, from 02/01/2021 onward, at any time.
5. Your client adopt an anti-stalking measure on his website to prohibit any member of his website from engaging in surveillance of the Plaintiff, including intentional interference with her work and leisure activities, with the intent to harass, intimidate, or injure the Plaintiff, including maintaining a sufficient reporting system in place; and your client agrees to take action for such reports of activity that constitutes Cyberstalking.
6. Your client makes at least some offer for restitution for engaging in and inciting malicious behavior, outside of the normal conduct of business, toward me.

I would be pleased with an end to litigation as well, as it can become tiring at times. However, if I do not hear from you or a Settlement Agreement is not signed soon, all 3 of my Appeals will go in the mail soon to the Court of Appeals. A prompt reply to this letter from your side would be appropriate and appreciated. I did see your Motion to Strike this morning, and will reply to that as well through a filing with the district court. However, even if the district court grants your Motion, I will appeal that to the Court of Appeals as well, citing the appropriate case law and facts to support my legal conclusions.

Sincerely,

*/s/ Melinda Scott*

Melinda Scott
mscottw@gmu.edu