CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

NOV - 1 2021

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| MELINDA SCOTT, ) | |
| ) | |
| PLAINTIFF. ) | |
| ) | |
| V. ) | CL NO. 2:20cv14 |
| ) | |
| WISE CO. DSS, ) | |
| ET AL., ) | |
| ) | |
| DEFENDANTS. ) | |

## REPLY TO DEFENDANT'S OBJECTIONS

COMES NOW, the Plaintiff, Melinda Scott, and states as follows:

1. The Plaintiff's "Supplemental Exhibits" are permitted by Rule 15(a)(1)(A), which needs no permission of the court to be filed.

2. The Plaintiff's "Supplemental Exhibits" are permitted by Rule 11(c)(3). Plaintiff made a prior request for the court to act *sua sponte* under Rule 11(c)(3) in Plaintiff's Motion for Sanctions (docket #96, bullet 11).

3. Defendant's claim that the Plaintiff's "Supplemental Exhibits" are a "brief" is unfounded as a matter of law, and unfounded otherwise, and his objections were filed with the improper motive of suppressing evidence that he lied by *omission* of details regarding the Buchanan County case, lied about other new matters brought up in the "Supplemental Exhibits", *and* that his client lied while signing under "penalty of perjury".

4. As typical of Counsel Hardin, his "objections" filed fail to state any case law which support his legal conclusion that an order can be enforced without the *due process* of law. It is Counsel Hardin that has no respect for the law, as his many motions and pleadings are replete with legal conclusions unsupported by case law or statutory laws. On the other hand, Plaintiff has fully cited the *legal* reasons the initial order in the Buchanan County General District Court cannot be enforced (docket #101, ¶d). "A void judgment is a legal nullity. See Black's Law Dictionary 1822 (3d ed.1933)... it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. See Restatement (Second) of Judgments 22 (1980)" (*United Student Aid Funds, Inc. v. Espinosa, 559 US 260 - Supreme Court 2010*). The infirmity with the Buch. Co. GDC order was the lack of *due process* when the Plaintiff was improperly denied her statutory rights under Va Code §16.1-107(B).

5. The Plaintiff has adequately shown that the Buchanan County General District Court shows no outstanding judgments (docket #101, exhibit A). When the clerks and judges became aware of their error in denying the Plaintiff her statutory rights under Va Code §16.1-107(B), through being served the Va Court of Appeals filings of the Plaintiff, they changed course.

6. The Plaintiff does not need to further hash out any details of the Buchanan County case because she has already presented it in her motions, pleadings, and exhibits before this court (docket #89, docket #101).

7. The Plaintiff showed the opposite of contempt for the Buch. Co. GDC, because she spared the judges and clerks from being named specifically in appeals pleadings

and spared them from being reported to the Department of Justice for "color of law". It's absolutely illegal to deny someone their statutory rights, and instead, Plaintiff elected to use simple communication with the staff of Buch. Co. GDC instead of escalating the situation into something more serious.

SIGNED RESPECTFULLY,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87 (VA ACP address)
Richmond, VA 23218
540-692-2342
mscottw@gmu.edu

CERTIFICATE OF SERVICE

I certify that I have mailed a copy of this REPLY TO OBJECTIONS to Counsel for the

Defendant, Matthew D. Hardin, VSB #87482, 1725 I Street NW, Suite 300, Washington, D.C.,

20006, and at matthewdhardin@gmail.com on this __29th____ day of OCT., 2021.

SIGNED,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87 (VA ACP address)
Richmond, VA 23218
540-692-2342
mscottw@gmu.edu

REPLY TO DEFENDANT'S OBJECTIONS
10.29.21
PAGE 4 of 4