UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Big Stone Gap Division)

| | |
|---|---|
| MELINDA SCOTT,<br><br>                       Plaintiff,<br><br>v.<br><br>WISE COUNTY DEPARTMENT OF<br>SOCIAL SERVICES, *et al*.,<br><br>                       Defendants. | Case No. 2:20-cv-00014-JPJ-PMS<br><br>JOSHUA MOON'S RESPONSE TO<br>MOTION TO SEAL |

NOW COMES Joshua Moon, by and through undersigned counsel, and responds to the Plaintiff's "Motion to Seal/For a Protective Order" (ECF No. 104). In response, Defendant Moon states as follows:

1) Plaintiff's Motion is based on faulty premises and assumptions. First, Ms. Scott states that a document (ECF No. 99-3) was "*not* normally available to the public." Second, she states that the exhibit had no relevance to the arguments being made by Defendant Moon and was filed as a "jab" at the Plaintiff. Neither assumption is correct.

2) Ms. Scott does not cite any rule or law which requires or authorizes sealing, and there is a presumption of public access to judicial records. See, e.g., *Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 3:09-cv-00058, 2010 U.S. Dist. LEXIS 29478, at *2 (W.D. Va. Mar. 26, 2010), citing *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2008) ("There is a right of public access to judicial records and documents that is grounded both in the common law and in the First Amendment.").

3) Ms. Scott's request for sealing is ironic insofar as she has repeatedly violated this Court's rules on sealing and redacting records in recent years. See ECF No. 51, p. 19, citing *Scott v. Carlson et al.* (Case No. 2:18-cv-00047-JPJ-PMS, Dkt. Nos. 5-6), *Scott v. Carlson* (Case No. 2:17-cv10011-JPJ-PMS, Dkt. Nos. 18-19), and *Scott v. Wise County Housing Authority* (Case No. 2:18- cv-00045-JPJ-PMS, Dkt. Nos. 3-4). Ms. Scott further filed the instant motion to seal publicly, drawing additional attention to the exact information that she seeks to seal.

4) The document at issue is a complete and authentic copy of a state court record. The document at issue was not filed under seal in the Buchanan County General District Court and has been available for inspection by the public for several years. The Plaintiff never sought to seal the document in state court and never voiced any objection to the filing of substantially similar documents from another state court (the Wise County Circuit Court). Nor was the document filed to "jab" at the Plaintiff. Had undersigned counsel edited or "left out" pages of the complete Buchanan County file when using that file as an exhibit in this Court, there can be little doubt Ms. Scott would have virulently objected that the "whole story" wasn't being told, as she has done on multiple occasions.

5) The full Buchanan County file is of enormous value to this Court as it seeks to rule on whether Mr. Moon is entitled to attorney's fees under the Bad Faith Exception to the American Rule. Ms. Scott's prior abuse of the *in forma pauperis* process in state court to file frivolous lawsuits resulting in sanctions is something this Court ought to consider in awarding sanctions here. Ms. Scott's decision to assert hundreds of thousands of dollars in damages in this and other federal suits

despite the absence of evidence of actual damages in her financial statements to various courts is also relevant to the Bad Faith Exception. Moreover, as Mr. Moon detailed in his most recent declaration, the Plaintiff has made statements online which indicate she believes it is lawful to transfer assets to trusts or other individuals to avoid paying a judgment. This Court may reasonably inquire into Ms. Scott's actual financial status, and there is reason to doubt the accuracy of statements made to this Court and others in support of requests for *in forma pauperis* status.

6) Ms. Scott appears to admit that the relevant document has been available online since October 23, 2017 (ECF No. 104, p. 2). Thus, her request to seal the document now (over four years later) is unlikely to have any impact on any cognizable legal interest of the Plaintiff. It is much more likely that sealing is being requested only as part of the Plaintiff's ongoing crusade to control content on the World Wide Web or to hide her own litigation misconduct from public view.

7) Ms. Scott's request essentially seeks to handcuff counsel for the defense in making arguments on behalf of his client. Ms. Scott seeks to seal all sorts of routine information, even her county of residence, which she herself has made an issue in various pleadings in this case. Ms. Scott also seeks to hide her employment information just as this Court considers whether a judgment should be awarded against her and as Mr. Moon is forced to contemplate his avenues to collect any judgment that may be awarded.

WHEREFORE, Mr. Moon requests that this Court deny the "Motion to Seal/Motion for a Protective Order." Alternatively, Mr. Moon moves that this Court require Ms. Scott to show cause why the documents should be sealed pursuant to any relevant Court Rule, Statute, or precedent, and to show cause what good faith basis she has for continuing to escalate the costs of this litigation or for making scandalous and inadmissible statements to impugn Mr. Moon.

Respectfully submitted this the 2nd day of November, 2021,

JOSHUA MOON

**By Counsel:**

/s/Matthew D. Hardin
Matthew D. Hardin, VSB #87482
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com

### Certificate of Service

I hereby certify that I will file a true and correct copy of the foregoing document with the Court's CM/ECF system, which will electronically serve counsel of record. I have also deposited a true and correct copy of the foregoing document into the U.S. Mail, with First Class postage prepaid, directed to:

Melinda Scott
2014PMB87
Post Office Box 1133
Richmond, VA 23218

Dated: November 2, 2021

/s/Matthew D. Hardin
Matthew D. Hardin
*Counsel for Joshua Moon*