UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Big Stone Gap Division)

MELINDA SCOTT,

                Plaintiff,

v.

WISE COUNTY DEPARTMENT OF
SOCIAL SERVICES, *et al.*,

                Defendants.

Case No. 2:20-cv-00014-JPJ-PMS

### JOSHUA MOON'S OBJECTION TO "AMENDED PLEADING" AT ECF NO. 106

NOW COMES Joshua Moon, by and through undersigned counsel, and submits this Objection to the "Amended Pleading" filed at ECF No. 106. In support of his objection, Mr. Moon states as follows:

1. The Plaintiff's "Amended Pleading" is neither an amendment nor a pleading. As set forth in an earlier brief filed by Mr. Moon in this same matter at ECF No. 30, p. 2 *et seq.*, the Fourth Circuit has distinguished between motions and pleadings. See also *Mellon Bank, N.A. v. Ternisky*, 999 F.2d 791, 795 (1993). Plaintiff is attempting to "amend" a motion, but Ms. Scott hasn't even filed an amended or proposed amended motion. Instead, she has filed two conclusory citations she wishes she had initially included in a motion and otherwise rested upon the earlier motion.

2. The Plaintiff did not seek leave of court to file an amendment, nor did she withdraw her original motion before filing an "amended" motion. The provisions of Fed. R. Civ. P. 15

which apply to amendments of *pleadings* as defined at Fed. R. Civ. P. 7(a) do not apply to *motions* as defined by Fed. R. Civ. P. 7 (b).

3. At best, Plaintiff's "Amended Pleading" is an attempt to file an unauthorized sur-reply brief in an attempt to correct deficiencies in her original, underlying motion. To the extent that the Court has not granted leave for a sur-reply, the Court should not consider Plaintiff's last-minute arguments.

4. The underlying "pleading" which Ms. Scott seeks to "amend" is a Motion to Seal, which Ms. Scott purports to clarify was filed pursuant to Fed. R. Civ. P 5.2 (e) and Fed. R. Civ. P. 5.2 (f). Rule 5.2 (e) requires a showing of "good cause." Rule 5.2 (f) permits a document which is filed in redacted form to also be filed in unredacted form.

5. Plaintiff has not shown "good cause" pursuant to Rule 5.2 (e), even if this Court were to assume that her argument was true and supported by competent and admissible evidence.[1] Further, Ms. Scott has made no comprehensible legal argument regarding the relevance of Rule 5.2 (f) to this case.

This Court should ignore the "Amended Pleading" filed at ECF No. 106.

Respectfully submitted this the 15th day of November, 2021,

JOSHUA MOON

**By Counsel:**
HARDIN LAW OFFICE

/s/Matthew D. Hardin
Matthew D. Hardin, VSB #87482
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com

---

[1] To be clear, Mr. Moon does not admit that any of Ms. Scott's argument is in any way correct as a matter of law or that her proffered "evidence" is true (or even admissible).

**Certificate of Service**

       I hereby certify that I will file a true and correct copy of the foregoing document with the Court's CM/ECF system, which will electronically serve counsel of record. I have also deposited a true and correct copy of the foregoing document into the U.S. Mail, with First Class postage prepaid, directed to:

            Melinda Scott
            2014PMB87
            Post Office Box 1133
            Richmond, VA 23218

Dated: November 15, 2021

            /s/Matthew D. Hardin
            Matthew D. Hardin
            *Counsel for Joshua Moon*