UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Big Stone Gap Division)

| | |
|---|---|
| MELINDA SCOTT,<br><br>                              Plaintiff,<br><br>v.<br><br>WISE COUNTY DEPARTMENT OF<br>SOCIAL SERVICES, *et al.*,<br><br>                              Defendants. | Case No. 2:20-cv-00014-JPJ-PMS |

**JOSHUA MOON'S
OBJECTION PURSUANT TO FED R. CIV. P. 72
AND ALTERNATIVE MOTION FOR RECONSIDERATION**

NOW COMES Joshua Moon, by and through undersigned counsel, and submits this Objection to the minute order entered by the Honorable Magistrate Judge Pamela Sargent at ECF No. 109, and alternative Motion for Reconsideration of that same minute order.

1. Fed. R. Civ. P.72 (a) provides that when a "matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

2. This Court has also previously expressed a willingness to re-examine its decisions relating to sealing documents in the context of a Motion for Reconsideration. See *Campbell v. Ethex Corp.*, 464 F. Supp. 2d 559 (W.D. Va. 2006). To the extent that this

Court declines to consider objections pursuant to Fed. R. Civ. P. 72 in the current post-judgment posture of this case, Mr. Moon requests that this Court grant him the relief sought herein in the form of a Motion for Reconsideration.

3. Plaintiff's underlying Motion to Seal, which was ultimately granted in part by the Magistrate Judge, was initially filed with no supporting authority in the way of citation to statutes, rules, or precedents. ECF No. 104. Defendant Moon was thus handicapped in his initial attempt to respond to the Plaintiff's Motion by an inability to understand what authority the Plaintiff was relying on. The Plaintiff later filed a purported "amended pleading" in which she cited to two sections of the Federal Rules of Civil Procedure. ECF No. 106. The "amended pleading" came after Mr. Moon had already responded to the underlying Motion, and briefing was closed.

4. Defendant Moon respectfully objects to the minute order entered at ECF No. 109, and alternatively moves that this Court reconsider that order, for the following reasons:

    a. The Plaintiff failed to articulate, and the Magistrate did not apply, the factors set forth in *Campbell v. Ethex Corp.*, 464 F. Supp. 2d 559 (W.D. Va. 2006). Specifically, the Plaintiff did not articulate, and the Magistrate did not find, that there exist "countervailing interests which heavily outweigh the presumption of public access." The Plaintiff did not articulate, and the Magistrate did not find, that "any alternatives to sealing were inadequate." The Plaintiff did not articulate, and the Magistrate did not find, that the provisions of W. D. Va. Standing Order 2005-3, P (c) (Mar. 14, 2005) or Local Rule 9 were complied with, such that the document in question should be sealed.

b. The order granting the Motion to Seal contained no factual findings. As the Sixth Circuit has held, "When a district court opts to seal court records, it must set forth specific findings and conclusions which justify nondisclosure to the public. A court's failure to set forth those reasons—as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary, is itself sufficient ground to vacate the seal." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016) (internal citations omitted). The Fourth Circuit has similarly emphasized the need for findings of fact in the analogous context of court closure orders. *In re State-Record Co.*, 917 F.2d 124, 129 (4th Cir. 1990) (internal citations omitted) ("we have required specific reasons and findings on the record, because without such findings, *de novo* review is difficult. We certainly sympathize with the case load of the district court and the many demands upon its time, but without specific findings of fact we cannot adequately review closure orders.").

c. The Magistrate failed to consider or grant appropriate weight to the fact that the document at issue is a public filing in a state court and is accessible regardless of whether this Court seals it or not. The Magistrate further failed to consider or grant appropriate weight to the fact that the relevant document has been publicly available in the Buchanan County General District Court for at least a period of several years, with no attempt by the Plaintiff to seal it.

d. The Magistrate failed to consider or address the Plaintiff's admission in her own Motion to Seal that the relevant document has also been available online for a

    period of several years. As the Fourth Circuit itself noted in a case involving the closure of a courtroom, sealing after information has already been released "would be similar to 'closing the barn door after the horse is gone.'" *In re Charlotte Observer*, 882 F.2d 850, 856 (4th Cir. 1989). To the extent that information has already been available for several years, by the Plaintiff's own admission, on the World Wide Web, continued disclosure of such information is inevitable and sealing of this Court's own records serves no purpose.

e. The Magistrate failed to address Defendant Moon's arguments at ECF No. 105 relating to his rights and those of the public under both the First Amendment and the Common Law Right of Access.

f. The Magistrate failed to address Fed. R. Civ. P. 5.2(b)(3)'s statement that official records of state court proceedings are ordinarily exempt from redaction. The record at issue is an official record of a state court proceeding in which the Plaintiff here was sanctioned for filing frivolous claims, which was not sealed in state court.

g. To the extent that the Plaintiff, who has repeatedly abused this Court's process in what this Court has already stated is not good faith (ECF No. 79), and who has herself resorted to repeat threats of violence in the guise of "mutual combat" against Mr. Moon (See generally ECF Nos. 91-1, 99-1, and ECF No. 97 at ¶ 34 et seq. ) purports to be fearful that an old address or other information from a 2017 pleading filed publicly in a state court appears on this Court's docket, the Plaintiff's ostensible fears are not credible.

5. Undersigned counsel proffers that less than one day after the Minute Order at ECF No. 109 was entered, Plaintiff again threatened undersigned counsel with a motion for sanctions for imagined violations of an order with which the Defendant had already complied. See Exhibit A. Such a Motion would represent a continuation of the Plaintiff's abusive attitude towards counsel and the litigation process. The Plaintiff is already, mere hours after the relevant order was entered, misusing and abusing the minute order entered at ECF No. 109 to continue and escalate her campaign to control content on the Internet, to escalate Mr. Moon's litigation costs, and to threaten an ever-growing avalanche of repeat motions for sanctions against undersigned counsel. The Plaintiff is also claiming that this Court's order to seal its own records somehow imposes an obligation on Mr. Moon or third parties to destroy or alter records lawfully obtained and already in their control, with Ms. Scott threatening to seek injunctions against such parties in a continued escalation of her years-long pattern of vexatious litigation tactics. In light of the Plaintiff's behavior, this Court ought to reconsider the grace it showed in partially granting Ms. Scott's earlier Motion to Seal. This Court should instead protect Mr. Moon and others from the Plaintiff's continued bad faith tactics by declining Ms. Scott's invitations to hide her past and present misconduct behind a federal court's seal.

WHEREFORE, Mr. Moon moves that this Court vacate the order entered at ECF No. 109.

Respectfully submitted this the 17th day of November, 2021,

JOSHUA MOON

**By Counsel:**

/s/Matthew D. Hardin
Matthew D. Hardin, VSB #87482
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com

## Certificate of Service

I hereby certify that I will file a true and correct copy of the foregoing document with the Court's CM/ECF system, which will electronically serve counsel of record. I have also deposited a true and correct copy of the foregoing document into the U.S. Mail, with First Class postage prepaid, directed to:

>Melinda Scott
>2014PMB87
>Post Office Box 1133
>Richmond, VA 23218

Dated: November 17, 2021

>/s/Matthew D. Hardin
>Matthew D. Hardin
>*Counsel for Joshua Moon*