CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

NOV 22 2021

JULIA C. DUDLEY, CLERK
BY: /s/ G. Meade
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| MELINDA SCOTT, ) | |
| ) | |
| PLAINTIFF. ) | |
| ) | |
| V. ) | CL NO. 2:20cv14 |
| ) | |
| WISE CO. DSS, ) | |
| ET AL., ) | |
| ) | |
| DEFENDANTS. ) | |

PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION FOR RECONSIDERATION

COMES NOW, the Plaintiff, Melinda Scott, and responds to Defendant Moon's Motion for Reconsideration.

Defendant Moon, by counsel, falsely claims that Plaintiff Scott did not cite any case law authority for her Motion to Seal. The facts show otherwise. Plaintiff's response in further support of her Motion to Seal (docket #107) cites case law authority in support of her Motion to Seal.

Notwithstanding, the Federal Rules do not require case law authority to support "good cause" requests under Rule 5. It's a matter of common sense and discretion of the court. If a litigant makes a request to seal solely under Rule 5.2(e) because of a particular circumstance, it's the right of the court to use its discretion to determine if "good cause" exists for sealing. Rule 5.2(e)

expressly uses the term "good cause": "For good cause, the court may by order in a case…". The district court has authority to order a redaction and sealing solely for "good cause".

Defendant Moon is not prejudiced in any way by the sealing of Plaintiff Scott's addresses and personal identifiers. The only inconvenience to him is that he can no longer enable his Cyberstalking website KiwiFarms.net, which is his end goal, malice and all.

Defendant Moon's objections to the sealing of personally identifying information which affects the Plaintiff's minor children is absurd and borderline psychosis.

It is irrelevant to what extent information is an old address or if personal identifiers have changed. Any information given which enables the Cyberstalking on KiwiFarms.net should not be accessible in any way. Further, Plaintiff has simultaneously filed a Motion for an Injunction with this Response to further address the 5 year pattern of history of the Cyberstalking on KiwiFarms.net that has been enabled in part by the misuse of court records.

Additionally, the Motion to Seal did not only address Docket #99-3. It was for documents and exhibits that may be filled in the future as well.

The Plaintiff's address and personal identifiers are not a matter of public interest nor historical importance. The Fourth Circuit Court of Appeals has given guidance to lower courts about sealing of court documents. "In making this sealing determination, we have suggested that the factors to be considered "include *whether the records are sought for improper purposes,* such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984); Nixon, 435 U.S. at 597-608, 98 S.Ct. 1306." (emphasis added) (Gonzalez v. Cuccinelli, 985 F. 3d 357 - Court of Appeals, 4th Circuit 2021). KiwiFarms.net users,

including Joshua Moon, seek the Plaintiff's court records for *improper purposes*: social abuse, sadism, internet harassment and Cyberstalking. No unfair business advantage would be promoted by sealing of the Plaintiff's records. The case here regarding the Plaintiff is not a matter of historical importance. The public does not already have access to the Plaintiff's residential information, the makes and models of her vehicles, information about her whereabouts or the whereabouts of her children, nor the Plaintiff's county of residence, SSN, or location of her place of employment. The Plaintiff is not a public official. There is no reason for the public to have identifying information about the Plaintiff.

Plaintiff has never made any threats of violence and Defendant Moon is trying to project his, and his website users repeated threats of violence. Defendant Moon couches his argument like a bully on a school playground with a childish "no, you did that!" denial. The facts do not match Defendant Moon's accusations because Plaintiff Scott never made any threats of violence toward Defendant Moon. He only wants to deflect from his own bad behavior with lying and manipulation.

It is Defendant Moon who has shown a repeated pattern of abusive psychosis in crafting a website like KiwiFarms.net and using it to abuse targets with Cyberstalking, specifically the Plaintiff, Melinda Scott. He has routinely harassed targets by doxxing as if it was sport. His mentality shows psychosis, sadism and malice. Mentally healthy people, who operate within the norms of a civilized society do not put up the residential address information and personally identifying information of strangers or the information of their minor children in order to cause them distress and social harm. To defend that behavior is absurd and psychosis as well. No one in their right mind defends such behavior. Defendant Moon's counsel is "off his rocker" for even

considering objecting to protecting minor children from Cyberstalking. It is completely absurd and unconscionable that he would even consider drafting an objection.

It is absolutely disgusting and unconscionable that anyone would defend "doxx"ing of strangers, even in defense of a client. The Plaintiff is completely disgusted and shocked that anyone would ever defend Cyberstalking and bodily threats of injury projected toward minor children as in the case of KiwiFarms.net toward the minor's children. Even in defense of a client, it is so ridiculously absurd.

Plaintiff says nothing further, the facts speak for themselves. This court is able to use its discretion to objectively observe the utter psychosis in the behavior of "doxxing" to the end goal of Cyberstalking aimed at targets and their minor children on KiwiFarms.net.

RESPECTFULLY SUBMITTED
~~I ASK FOR THIS~~,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87 (VA ACP address)
Richmond, VA 23218
540-692-2342
mscottw@gmu.edu

CERTIFICATE OF SERVICE

I certify that I have mailed a copy of this RESPONSE to Counsel for the Defendant, Matthew D. Hardin, VSB #87482, 1725 I Street NW, Suite 300, Washington, D.C., 20006, and at matthewdhardin@gmail.com on this /9th day of NOV., 2021.

SIGNED,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87 (VA ACP address)
Richmond, VA 23218
540-692-2342
mscottw@gmu.edu