IN THE WESTERN DISTRICT OF VA
FOURTH DISTRICT

CLERK'S OFFICE U.S. DISTRICT. COURT
AT ABINGDON, VA
FILED

**MAR 22 2023**

LAURA A AUSTIN, CLERK
BY: *V. Clark*
DEPUTY CLERK

MELINDA SCOTT,              )
                           )
PLAINTIFF.                 )
                           )
V.                         )          Case No. 2:20cv14
                           )
WISE CO. DSS,              )
ET AL.,                    )
                           )
DEFENDANTS.                )

## MOTION TO DISMISS

## DEFENDANT'S ADDITIONAL MOTION FOR ATTORNEY FEES

*COMES NOW*, Plaintiff, Melinda Scott, and replies to Defendant Moon's additional Motion for Attorney Fees filed March 10, 2023. Plaintiff Scott replies pursuant to Fed. Rule 12 within the 21 day time frame.

Plaintiff Melinda Scott states that this court should dismiss Defendant Moon's Motion for Attorney's fees for the following reasons:

## STATEMENT OF FACTS

1. On 11/22/21 this court ordered that no additional filings should be filed

   unless for good cause (ECF #112)

2. Defendant Moon did not request leave of this court to file an additional Motion for Attorney's fees

3. On 9/6/22 this court terminated Defendant Moon's prior Motion for Attorney fees pending the Appeal's Court decision (ECF #130)

4. The Fourth Circuit Appeals court, the end result, already denied Defendant Moon's Motion for Attorney's fees.

5. The Fourth Circuit Court of Appeals did not acknowledge any order from the magistrate judge as valid because all parties did not consent to magistrate jurisdiction – therefore, there is no factual or legal basis for claiming that Plaintiff Scott's Complaint was filed in "bad faith"

6. Defendant Moon and his website users have already publicly announced they intend to use the discovery process to identify the whereabouts of the Plaintiff and to cause death and bodily injury to the Plaintiff by the mis-use of residential address information obtained (ECF #104, Page 2)

7. Defendant Moon and his website users have already have publicly announced they intend to use discovery to bring bodily harm to her minor children (ECF #104, page 2)

# LEGAL STANDARD

1. Binding case law of the Fourth Circuit has set a precedent that a litigant with the status of *in forma pauperis* cannot be ordered to pay attorney's fees due to their inability to pay (*Couram v. South Carolina Dept. of Motor Vehicles*)

2. Binding case law in the Fourth Circuit has set a precedent that a litigant with the status of *in forma pauperis* cannot be penalized for asserting their rights in court (*FD Rich Co. v United States ex Rel. Industrial Lumber Co Fleishmann Distilling Corp. V Maier Brewing Co.*)

3. Binding case law prevents this court from issuing an award of attorney's fees in which special circumstances render a fee award unjust (*Fairfax v CBS Corp, Alyseka Pipeline Service Co.)*

4. Without a factual basis for establishing a litigant's "bad faith", the "American Rule" cannot be applied (*Blue v United States Dept. of Army*)

5. This court has a legal duty under federal law to prevent wrongful death and bodily injury to the Plaintiff and her minor children.

## LEGAL ARGUMENT

Defendant Moon was ordered not to file any further filings upon this court. On November 22, 2021 the court ordered all parties to cease filings unless for "good cause". Plaintiff Scott still maintains a right under Federal Rule 12 to respond to his improperly filed motion within the 21 day response time limit. Defendant Moon did not file this additional motion for attorney's fees with good cause. He has not cited any legal basis for requesting an award of attorney fees from Plaintiff Scott.

Defendant Moon has no factual or legal basis for (1) seeking an order for attorney's fees against litigant Plaintiff Scott who has been granted leave to proceed *in forma pauperis.* He has no factual or legal basis (2) for invoking the American Rule because (2b) he has no facts to establish his claim that Plaintiff Scott's case was filed in "bad faith". This court has not conducted any hearings as to the merits of Plaintiff Scott's Complaint according to case law precedent which requires "several weeks of testimony and argument by the parties" (*Blue v US Dept of Army)* to establish "bad faith". In fact, Plaintiff Scott was granted a Default judgment (ECF #19) in the case, after a "thorough review of the record", so it is implausible to render this Complaint as filed in "bad faith".

In his filing Defendant Moon has not cited any case law which allows him to request attorney's fees after the Appeals court, the end result of the district court, already denied his motions for attorney's fees. The Appeals court also denied his claims accusing Plaintiff Scott of filing in "bad faith". Defendant Moon has failed to establish that Plaintiff Scott has filed anything under "bad faith" because the Appeal's court did not acknowledge any filing of the district magistrate judge, since those orders were void due to the fact that all parties did *not* consent to magistrate judge jurisdiction. The Appeals court ruled that without consent of all parties all orders issued by a magistrate judge in the district court are not enforceable. Defendant Moon has no legal and no factual basis for claiming that the American Rule applies to Plaintiff Scott.

Defendant Moon's entire motion was filed without good cause and he should be fined with monetary sanctions, per the order of November 21, 2022 where Judge Jones stated that he would "consider the imposition of monetary sanctions in the event of further such pleadings filed without good cause" because "[s]uch pleadings needlessly distract the court from the consideration and determination of other litigants' rightful causes". Defendant Moon's additional motion for attorney's fees is superfluous and unnecessary.

Further, Defendant Moon has failed to present any case law demonstrating a requirement for a litigant filing *in forma pauperis* to pay attorney's fees. In *Couram v South Carolina Dept. of Motor Vehicles* the Fourth Circuit has already established that a litigant proceeding *in forma pauperis* who does not have the ability to pay cannot be ordered to pay. Under binding case law, Plaintiff Scott, a litigant proceeding *in forma pauperis*, who does not have the ability to pay, cannot be ordered to pay Defendant Moon's attorney fees. "To overcome the presumption favoring the prevailing party and to deny that party costs, the court must articulate some "good cause" for doing so" (Teague, 35 F 3d at 996; see also Oak Hall Cap & Gown Co. v Old Dominion Freight Line, Inc., 899 F. 2d 291, 296 (4th Cir. 1990). In this regard, 'only misconduct by the prevailing party worthy of a penalty...or the losing party's *inability to pay* will suffice to justify denying costs" (emphasis added) (*Couram v South Carolina Dept. of Motor Vehicles* citing *Cherry v Champion Intern. Corp., 186 F. 3d 442, 446 (4th Cir. 1999) and Smith v Se Pennsylvania Transp. Auth., 47 F. 3d 97,99 (3d Cir. 1995).* The Fourth Circuit has set a precedent that a litigant's inability to pay attorney's fees bars an award of attorney fees.

Additionally, Defendant Moon's conduct toward Plaintiff Scott warrants the penalty of denying him an award of attorney's fees. He established a website that Cyberstalks and lies about his targets through Appropriation. He posts regularly on

the site and is an active user. The website encourages its members to harass and
Cyberstalk their targets. They also post defamatory statements about the targets.
Defendant Moon has consistently targeted Plaintiff Scott in an indecent and uncivil
manner. Not only has he targeted Plaintiff Scott, but he also has targeted her through
her minor children and her late husband. His conduct toward Plaintiff Scott, through
targeting her, and targeting her through her family is egregious conduct that warrants
the penalty of denying an award of attorney's fees, per the precedent set in *Couram
v South Carolina Dept. of Motor Vehicles.*

Further, binding case law in the Fourth Circuit has also set the standard that
a litigant filing *in forma pauperis* cannot be punished for asserting their rights,
even if they do not prevail in court. "We have observed that one should not be
penalized for merely defending or prosecuting a lawsuit, and that the poor might be
unjustly discouraged from instituting actions to vindicate their rights if the penalty
for losing included the fees of their opponents' counsel" (*FD Rich Co. v United
States es. Rel. Industrial Labor Co., 417 US* 116 (1974) citing *Fleishmann
Distilling Corp. v Maier Brewing Co., 386 U.S. 714, 718 (1967).* The legal
standard in *FD Rich Co. v United States ex. Rel. Industrial Labor Co.* is that a
litigant cannot "be penalized for merely defending or prosecuting a lawsuit" nor
can the poor "be unjustly discouraged from instituting actions to vindicate their

rights". Plaintiff Scott cannot be penalized for merely prosecuting a lawsuit even if she did not prevail in obtaining the relief she sought.

The Fourth Circuit has also stated that an award of attorney's fees cannot be awarded when it would be unjust to do so. "The D.C. court of Appeals relied on this contrast between prevailing defendants and plaintiffs in deciding that a prevailing defendant is presumptively entitled to fees *unless special circumstances render a fee award unjust*" (emphasis added) (*Fairfax v CBS Corp. 2 F 4th 286, Court of Appeals, Fourth Circuit 2021*). Awarding a malicious defendant with attorney's fees would "render a fee award unjust". In this case here between Plaintiff Scott and a malicious Defendant like Joshua Moon, an award of attorney's fees would be unjust. Defendant Moon has conducted a course of action against Plaintiff Scott that is malicious, sadistic, socially deviant and abusive. He has established a Cyberstalking website that targets individuals, including Plaintiff Scott. No reasonable person would refrain from legal action against a defendant who encourages and engages in Cyberstalking, as Joshua Moon does. As a now widowed mother of 7 children, it would be unjust for this court to award attorney's fees to Defendant Moon who has consistently Cyberstalked, abused and been malicious toward Plaintiff Scott for years.

Federal law also determines that this court has a duty to protect the minor children of the Plaintiff. It is this court's obligation to prevent wrongful death and prevent bodily injury of the Plaintiff's minor children. Defendant Moon runs a website whose purpose is to Cyberstalk the families they target. Defendant Moon has a history of being involved in websites that promote child pedophilia (ECF #113, page 4). Defendant Moon's website users have already threatened to stalk and cause bodily injury to the minor children of the Plaintiff by the mis-use of documents that they could or would obtain from the discovery process (ECF #113, page 3). The real motive behind Defendant Moon's request for attorney fees is not to further justice, but to further his aims of harassing Plaintiff Scott's family. Defendant Moon did not pay from his own pocket any of the attorney's fees that he seeks to collect for. His website users, who are a members of extremist political groups and terrorists involved in mass shootings (ECF #113, page 4), paid for the attorney fees. They seek to mis-use the discovery process of the legal system to further their Cyberstalking activities.

This court also has a legal duty under federal law to prevent wrongful death of Plaintiff Scott. Defendant Moon, and his website users, have already threatened to use documents obtained by discovery and the legal system to cause bodily injury and death to Plaintiff Scott (ECF # 104, page 2).

**WHEREFORE**, in consideration of the binding case law of the Fourth

Circuit, and the above stated facts, this court should dismiss Defendant

Moon's Motion for Attorney's fees.


I ASK FOR THIS RESPECTFULLY,


Melinda Scott, *pro-se*

PO BOX 1133-2014PMB87

Richmond, VA 23218

mscottw@gmu.edu

540-692-2342


## CERTIFICATE OF SERVICE

I, Melinda Scott, Plaintiff, do hereby certify that I have mailed a copy of this Motion to Dismiss

to Counsel for Defendant, Joshua Moon, at Matthew Hardin, 1725 I St. NW, Ste. 300, Washington

D.C., 20006 on this 20th day of ___March_____, 2023.

SIGNED,

Melinda Scott, *pro-se*

PO BOX 1133-2014PMB87

Richmond, VA 23218

mscottw@gmu.edu

540-692-2342