# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **MELINDA SCOTT,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:20CV00014 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **WISE COUNTY DEPARTMENT OF** ) | Judge James P. Jones |
| **SOCIAL SERVICES, ET AL.,** ) | |
| ) | |
| ) | |
| Defendants. ) | |

*Melinda Scott, Pro Se Plaintiff; Matthew D. Hardin,* Hardin Law Office, *Washington, D.C., for Defendant Joshua Moon.*

The defendant seeks attorney's fees and costs against the unsuccessful pro se plaintiff, asserting that the plaintiff acted in bad faith in filing the action as well as in her conduct during the litigation. While I agree that the record indicates that the plaintiff was so motivated, I find that considering the relevant circumstances, attorney's fees are not warranted. Instead, I will consider a pre-filing injunction against the plaintiff.

I.

Melinda Scott, a frequent pro se litigant,[1] filed this action in forma pauperis asserting two separate causes of action.  The first, against the Wise County Department of Social Services, was dismissed on the ground that it was immune from suit under 42 U.S.C. § 1983.  *Scott v. Moon*, No. 2:20CV00014, 2020 WL 6081890 (W.D. Va. Oct. 15, 2020).  The second claim, a pendant state cause of action, was against defendant Joshua Moon and four John or Jane Doe defendants.  Compl. 22, ECF No. 2.  It was asserted that Mr. Moon is the owner of an internet forum in which the John or Jane Doe defendants posted derogatory remarks about the plaintiff and that they and Mr. Moon "each are responsible for contributing to the malicious phone call made to Wise Co. DSS that resulted in a home visit to the Plaintiff's house on June 22, 2020."  *Id.* at 24.  The plaintiff alleges that as a result she "experienced extreme emotional distress, including anger and rage."  *Id.* at 25. After briefing, the court granted the defendant's Motion to Dismiss and dismissed Ms. Scott's lawsuit with prejudice.  *Scott v. Wise Cnty. Dep't of Soc. Servs.*, No. 2:20CV00014, 2021 WL 3861603 (W.D. Va. Aug. 30, 2021).  The dismissal was affirmed on Ms. Scott's appeal.  *Scott v. Wise Cnty. Dep't of Soc. Servs.*, No. 21-2006, 2023 WL 2041609 (4th Cir. Feb. 16, 2023) (unpublished).

---

[1] Ms. Scott asserts that she is a "law school drop out [sic]" and worked for a lawyer for six months while in college.  Mem. in Supp. Mot., Decl. of Counsel Ex. D, Scott Letter 4, ECF No. 90-3 at p. 40.

Ms. Scott's gripes against Mr. Moon are based on her participation in an internet website forum that he operates called Kiwi Farms. The postings on the website frequently target other users, often in abusive language. Ms. Scott certainly appears to have held her own, according to certain of her postings supplied by the defendant's counsel.² In any event, Mr. Moon contends that the Ms. Scott's lawsuit against him were filed solely with a retaliatory motive, rather than being a good faith effort for legal relief. In response to the request for attorney's fees, Ms. Scott objects and asserts that (1) she acted in good faith; (2) she is a "widowed mother of 7 children" who was allowed by this court to proceed in forma pauperis; (3) the court of appeals denied a similar request for attorney's fees; and (4) the request is simply further harassment of her and her family. Resp. 1, 5, 7, 8, ECF No. 139.

Ms. Scott has sued Mr. Moon twice before in this court. In the earlier pro se actions she also complained of alleged defamatory postings on Kiwi Farms for which she asserted he was responsible, causing her emotional distress. *Scott v. Moon,* No.

---

² It is alleged that Ms. Scott has made over 2,700 posts on Kiwi Farms. Some examples of her posts are as follows:

"I clearly said I sued KF/Mr. Looney Mooney to further my legal education while I was out of law school." Mem. in Supp. Mot. 12, ECF No. 90-1 (page number supplied by electronic filing). "I'll give Mr. Joshua Moon his EYE FOR EYE as long as I can. F*** you Joshua Moon." *Id.* "The reason I filed the lawsuits, even though I'm not bothered by what is said here, is because I reason that it's better to try and be told 'no' than not try at all." *Id.* "Opening your mouth and standing against the dumb-masses is actually what has made many politicians, sales people, and book authors FAMOUS." *Id.* at 13. Ms. Scott does not dispute these posts, claiming only that she has a right to express her views on the forum.

2:19CV00005, 2019 WL 332415, at *3 (W.D. Va. Jan. 24, 2019) (dismissing without prejudice for failure to state a viable claim), *aff'd*, 773 F. App'x 138 (4th Cir.) (unpublished), c*ert. denied*, 140 S. Ct. 478 (2019); *Scott v. Carlson,* No. 2:18CV47, 2018 WL 6537145, at *2–5 (W.D. Va. Dec. 12, 2018) (same), *aff'd*, 773 F. App'x 136 (4th Cir.) (unpublished), *cert. denied*, 140 S. Ct. 400 (2019). She also earlier filed a related lawsuit against Mr. Moon in state court, which was dismissed. *Scott v. Moon*, No. CL17-827 (Cir. Ct. Wise Ctny., Va. Dec. 14, 2017) (seeking injunction to remove her personal information from Kiwi Farms).

## II.

Federal courts have the inherent power to issue sanctions for abusive litigation undertaken in bad faith. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-67 (1980). Such sanctions may include attorney's fees, *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.,* 417 U.S. 116, 129 (1974), and may be imposed upon counsel or parties, *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975).[3] However, "because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

---

[3] Before considering the use of this inherent power, the court should consider whether rule- or statute-based sanctions are more appropriate. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991). In the present case, the conduct complained of falls outside of any remedies under Rule 11 or 28 U.S.C. § 1927.

Based on my careful consideration of the record, I find that it has been shown that Ms. Scott has acted in bad faith. Her prior lawsuits, coupled with her correspondence with the defendant's counsel and her postings on Kiwi Farms, show plainly that her motive was to cause Mr. Moon as much pain as possible. Even with her rudimental legal knowledge, she reasonably knew that in light of her prior unsuccessful actions, she was unlikely to recover, but that it would cause him to incur substantial attorney's fees.

While I thus find that a sanction is warranted, I do not find that reimbursement of attorney's fees would be appropriate. In determining whether to impose a monetary sanction, the court "must take into consideration the financial circumstances of the party being sanctioned." *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1337 (11th Cir. 2002). The defendant seeks a total of $13,980 in attorney's fees, which amount is beyond the current capacity of the plaintiff to pay.[4] As the *Martin* court noted, "[S]anctions must never be hollow gestures; their bite must be real. For the bite to be real, it has to be a sum that the person might actually pay. A sanction which a party clearly cannot pay does not

---

[4] The defendant's attorney initially sought $11,010, Mot. for Att'y's Fees and Costs, Errata Ex. A, ECF No. 91-2, and later sought an additional amount of $2,970, Reply in Supp. of Mot. Ex. 2, Suppl. Decl. of Counsel, ECF No. 99-2. The defendant's initial motion for attorney's fees was filed before the appeals by the plaintiff were concluded and was thus terminated without prejudice. Order 2, ECF No. 130. The motion was renewed thereafter.

vindicate the court's authority because it neither punishes nor deters." *Id.* Moreover, while it is possible that after extensive efforts, some asset of the plaintiff might be found to be subject to payment of some portion of the attorney's fees awarded, the cost of those efforts would likely exceed the amount of recovery.

I will allow Mr. Moon to obtain his taxable costs other than attorney's fees. Fed. R. Civ. P. 54. Those costs are shown to be $44.40.

### III.

The defendant also sought a pre-filing injunction. Mem. Supp. Mot. 18–19, ECF No. 90-1. The Fourth Circuit has held that prior to the imposition of a prefiling injunction,

> [a] court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004). Considering the relevant circumstances, I find that these factors support a limited pre-filing injunction that would prevent Ms. Scott from filing any lawsuit in the future against Mr. Moon arising from the operation or use of Kiwi Farms.

### IV.

For the reasons stated, it is **ORDERED** as follows:

1. The Renewed Motion for Attorney's Fees and Costs, ECF No. 135, is GRANTED in part and DENIED in part;

2. Ms. Scott must pay to Mr. Moon's attorney the sum of $44.40 for taxable costs. The request for attorney's fees is DENIED; and

3. If Ms. Scott objects to the entry of a pre-filing injunction, she may file the grounds of her objection with this court, provided it is filed within 14 days of the date of entry of this Opinion and Order.

ENTER: August 11, 2023

/s/ JAMES P. JONES
Senior United States District Judge